UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION | Lead Case No.16-cv-05541-JST <br><br> (Consolidated with Nos. 16-cv-05592; 16-cv-05745; 16-cv-05817; 16-cv-05915; 16-cv-06262; 16-cv-06624; and 16-cv-06631) <br><br> **ORDER REGARDING MOTIONS TO CONSOLIDATE AND APPOINT LEAD PLAINTIFF AND COUNSEL** <br><br> Re: ECF Nos. 27, 30, 34, 36, 41 |

Before the Court are a motion to consolidate and two competing motions to appoint lead plaintiff and lead counsel. ECF Nos. 34, 41. For the reasons below, the Court consolidates the Chicago Teachers case with this consolidated action, appoints Fire and Police Pension Association of Colorado and The City of Birmingham Retirement and Relief System as Co-Lead Plaintiffs, and appoints Lieff Cabraser Heimann & Bernstein and Saxena White as Co-Lead Counsel.

**I. CONSOLIDATION**

**A. Legal Standard**

"When actions involving a common question of law or fact are pending before the court, it . . . may order all the actions consolidated." Fed. R. Civ. P. 42(a). The "district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. Dist. Court, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 806–807 (N.D. Cal. 1989)).

**B. Analysis**

The Court already consolidated eight related shareholder derivative cases in this action pursuant to the parties' stipulation.[1] ECF No. 39. All of the cases in the consolidated action, which is captioned In re Wells Fargo & Company Shareholder Derivative Litigation, are styled as shareholder derivative actions on behalf of Wells Fargo, and each asserts claims that arise out of Wells Fargo's alleged fraudulent cross-selling strategy.

On the same day the stipulated consolidation order was issued, the Public School Teachers' Pension and Retirement Fund of Chicago filed a similar shareholder derivative complaint against Wells Fargo in this district. Case No. 16-cv-07089 ("Chicago Teachers"), ECF No. 1. The Court has since related Chicago Teachers to the other Wells Fargo securities cases currently pending in this district. Id., ECF No. 9.

Chicago Teachers now moves to consolidate its case with In re Wells Fargo & Company Shareholder Derivative Litigation. ECF No. 41. No party has objected to this request for consolidation. In fact, all parties agreed in their stipulation that any similar shareholder derivative action brought on behalf of Wells Fargo would "automatically be consolidated for all purposes, if and when they are brought to the Court's attention, together with *In re Wells Fargo & Company Shareholder Derivative Litigation*." ECF No. 39 ¶ 3.

Like the other shareholder derivative complaints in the consolidated action, the Chicago Teachers complaint asserts claims against Wells Fargo's directors and officers based on their approval of the cross-selling initiative and failure to timely correct the company's fraudulent practices. Case No. 16-cv-07089, ECF No. 1. Given this factual and legal overlap, judicial convenience and a just resolution of the parties' claims would be best served through consolidation. Therefore, the Court grants the motion to consolidate Chicago Teachers with In re Wells Fargo & Company Shareholder Derivative Litigation.

---

[1] Those cases are Shaev v. Baker, et al., Case No. 16-cv-05541; Cook v. Loughlin, et al., Case No. 16-cv-05592; Sherman v. Stumpf, et al., Case No. 16-cv-05745; Elson, IRA v. Stumpf, et al., 16-cv-05817; The City of Birmingham Retirement and Relief System v. Baker, et al., 16-cv-05915; LeBendig v. Wells Fargo & Company, et al., Case No. 16-cv-6262; Hannon v. Loughlin, et al., Case No. 16-cv-06624; Fire and Police Pension Association of Colorado v. Stumpf, et al., Case No. 16-cv-06631.

## II. APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

### A. Legal Standard

Under Federal Rule of Civil Procedure 23.1, a district court has the inherent authority to appoint lead counsel and/or lead plaintiff as long as the plaintiff "fairly and adequately represent[s] the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." Berg v. Guthart, 2014 WL 3749780, at *2 (N.D.Cal., 2014) (quoting Fed. R. Civ. P. 23.1(a)). For purposes of Rule 23.1, "[a]n adequate representative must have the capacity to vigorously and conscientiously prosecute a derivative suit and be free from economic interests that are antagonistic to the interests of the class." Larson v. Dumke, 900 F.2d 1363, 1367 (9th Cir. 1990).

To assess a proposed plaintiff's adequacy, courts in this circuit consider the following factors: (1) indications that the plaintiff is not the true party in interest; (2) the plaintiff's unfamiliarity with the litigation and unwillingness to learn about the suit; (3) the degree of control exercised by the attorneys over the litigation; (4) the degree of support received by the plaintiff from other shareholders; (5) the lack of any personal commitment to the action on the party of the representative plaintiff; (6) the remedy sought by plaintiff in the derivative action; (7) the relative magnitude of plaintiff's personal interests as compared to his interest in the derivative action itself; and (8) plaintiff's vindictiveness toward the defendants. Nicolow v. Hewlett Packard Co., 2013 WL 792642, at *7 (N.D.Cal. 2013) (citing Larson, 900 F.2d at 1367)). Courts have also considered the factors found in the PSLRA and the Manual for Complex Litigation, "such as the quality of the plaintiff's pleadings, the vigorousness of the plaintiff's efforts, the size of the plaintiff's financial interest, and a general preference for institutional investors." Id.; accord Berg, 2014 WL 3749780 at *4.

### B. Analysis

There are currently two competing motions to appoint lead plaintiff and lead counsel in this consolidated action. ECF Nos. 34, 41. Plaintiffs Fire and Police Pension Association of Colorado and The City of Birmingham Retirement and Relief System (collectively "Colorado/Birmingham") jointly move to be appointed as co-lead plaintiffs and to appoint Lieff

Cabraser Heimann & Bernstein and Saxena White as co-lead counsel. ECF No. 34.[2] Plaintiffs Police & Fire Retirement System City of Detroit and Public School Teachers' Pension and Retirement Fund of Chicago (collectively "Detroit/Chicago") jointly move to be appointed as co-lead plaintiffs and to appoint Bernstein Litowitz Berger & Grossman and Bottini & Bottini as co-lead counsel. ECF No. 41.[3]

Each of the proposed pairs of co-lead plaintiffs and co-lead counsel would adequately represent the interests of shareholders as required by Rule 23.1. Notably, all of the proposed lead plaintiffs are sophisticated, institutional investors who have experience participating as lead plaintiffs in similar shareholder derivative actions. Horn v. Raines, 227 F.R.D. 1, 3 (D.D.C. 2005) (adopting Congress' reasoning underlying the PSLRA's preference for institutional investors in the context of a derivative action). And they all have a large financial interest in Wells Fargo: Birmingham holds 93,898 shares of Wells Fargo common stock; Colorado Fire and Police holds 87,178 shares of Wells Fargo common stock; Chicago Teachers holds approximately 850,000 shares of Wells Fargo stock; and Detroit Police & Fire holds 81,000 shares. See Hacker v. Peterschmidt, 2006 WL 2925683, at *5 (N.D.Cal. 2006) (finding that proposed co-lead plaintiffs who collectively held 5,500 shares had "demonstrated substantial financial interest in the outcome of these actions"). Both pairs of proposed co-lead counsel are similarly qualified in that each has significant experience obtaining favorable results as lead counsel in shareholder derivative litigation. Therefore, the Court concludes that both of the competing movants have the capacity to vigorously prosecute this derivative action.

However, the Court finds that Colorado/Birmingham and their counsel have "demonstrated a superior ability to move this litigation forward effectively and efficiently, and to otherwise best serve the interests of the plaintiffs." Nicolow, 2013 WL 7922642 at *8. Colorado/Birmingham's counsel played a key role in the effort to consolidate these cases pursuant to stipulation, which made the outset of this litigation more efficient for both the parties and this Court. ECF No. 45 at

---

[2] Colorado Fire and Police and the City of Birmingham originally filed separate motions. See ECF Nos. 27, 30.
[3] Detroit Police & Fire originally filed a joint motion with another plaintiff, George Hannon, but later requested, and was granted, leave to amend its motion. See ECF Nos. 36, 40, 50.

4

20.  Moreover, four other Plaintiffs in this action support Colorado/Birmingham's proposed leadership structure because of "their stated willingness to coordinate and work with plaintiffs' counsel in the related actions" and their "demonstrated dedication to vigorously pursuing the interest of those represented." ECF Nos. 43, 44.  This "widespread, vocal recognition of their inclusive approach to working with other plaintiffs and co-counsel in this case" weighs strongly in favor of their appointment.  Nicolow, 2013 WL 792642 at *8.  The Court concludes that this factor will be critical given the size and complexity of this consolidated action.

Other considerations do not disrupt the Court's conclusion.  Although Chicago/Detroit have a larger financial stake in Wells Fargo than Colorado/Birmingham—925,169 shares versus 181,076 shares—that factor is not dispositive in the context of a shareholder derivative action. See In re Foundry Networks, Inc. Derivative Litigation, 2007 WL 485974, at *1 (N.D. Cal. 2007). Given the significant financial stake of both pairs of proposed co-lead plaintiffs, the Court finds that this factor will translate into a marginal difference, if any, in the vigor of representation. Although the Chicago/Detroit complaints assert some claims that the Colorado/Birmingham complaints do not—insider trading claims, for example—all of the pleadings in this action are substantially similar and of high quality.  Moreover, "any unique information included, or cause of action asserted, in any one complaint can easily be incorporated into a consolidated amended complaint, regardless of who is appointed lead counsel."  Richey v. Ells, 2013 WL 179234, at *2 (D. Colo. 2013) (citing In re Bank of Am. Corp. Sec., Derivative & "ERISA" Litig., 258 F.R.D. 260, 273 (S.D.N.Y. 2009)).  In fact, counsel for all of the Plaintiffs have already agreed to a timeline for filing a consolidated amended complaint.  ECF No. 39 ¶ 11.

The Court therefore appoints Birmingham/Colorado as Co-Lead Plaintiffs and Lieff Cabraser Heimann & Bernstein and Saxena White as Co-Lead Counsel.

## CONCLUSION

The Court grants the motion to consolidate Chicago Teachers, Case No. 16-cv-07089, with In re Wells Fargo & Company Shareholder Derivative Litigation, Lead Case No. 16-cv-5541. The Court appoints Birmingham/Colorado as Co-Lead Plaintiffs and Lieff Cabraser Heimann & Bernstein and Saxena White as Co-Lead Counsel.  Pursuant to the parties' stipulation, Co-Lead

5

Plaintiffs and Co-Lead Counsel must serve and file a consolidated complaint, or designate a previously-filed complaint as the operative complaint, within sixty days of this Order.

IT IS SO ORDERED.

Dated: January 12, 2017



JON S. TIGAR
United States District Judge