Richard M. Heimann (CA Bar No. 063607)
rheimann@lchb.com
Joy A. Kruse (CA Bar No. 142799)
jakruse@lchb.com
Katherine C. Lubin (CA Bar No. 259826)
kbenson@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for Plaintiff Fire & Police Pension Association of Colorado and Proposed Co-Lead Counsel*

Maya Saxena (admitted *pro hac vice*)
msaxena@saxenawhite.com
Joseph E. White, III (admitted *pro hac vice*)
jwhite@saxenawhite.com
Lester R. Hooker (CA Bar No. 241590)
lhooker@saxenawhite.com
Jorge A. Amador (CA Bar No. 237800)
jamador@saxenawhite.com
SAXENA WHITE P.A.
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
Telephone: (561) 394-3399
Facsimile: (561) 394-3382

*Attorneys for Plaintiff The City of Birmingham Retirement and Relief System and Co-Lead Counsel*
[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION | Lead Case No. 3:16-cv-05541-JST<br><br>**PLAINTIFFS' OPPOSITION TO WELLS FARGO'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date: May 4, 2017<br>Time: 9:30 a.m.<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 9, 19th Floor |

## I. INTRODUCTION

Lead Plaintiffs Fire and Police Pension Association of Colorado and The City of Birmingham Retirement and Relief System (together, "Plaintiffs") respectfully oppose the Request for Judicial Notice (the "RJN") (Dkt. 99-2) filed by Nominal Defendant Wells Fargo & Company ("Wells Fargo" or "Company" or "Nominal Defendant").  Wells Fargo requests that the Court take judicial notice of 20 documents in connection with its Motion to Dismiss the Consolidated Amended Verified Stockholder Derivative Complaint for Failure to Adequately Plead Demand Futility (the "Motion") (Dkt. 99).  For the reasons stated below, Wells Fargo's request should be denied.[1]

## II. LEGAL STANDARD

As a general rule, a district court "may not consider any material beyond the pleadings" in ruling on a motion to dismiss.  *United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).  A limited exception to this general rule is set forth in Federal Rule of Evidence 201(b), which allows courts to take judicial notice of undisputed matters of public record.  Fed. R. Evid. 201(b); *Lee*, 250 F. 3d at 690.  The Ninth Circuit instructs district courts to exercise caution in taking judicial notice of documents unless the "matter [is] beyond reasonable controversy."  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005).  In particular, a court may not "take judicial notice of facts favorable to Defendants that could reasonably be disputed."  *Corinthian Colls.*, 655 F.3d at 999 (internal citations omitted).

## III. ARGUMENT

Wells Fargo seeks judicial notice of 20 documents attached as exhibits to the Declaration of Brendan C. Cullen in support of the RJN, which it describes as falling into the following five categories: (1) documents referenced in the Complaint (Exhibits A, D-E); (2) Securities and Exchange Commission ("SEC") filings (Exhibits B, F-I, K-L, N-P); (3) documents from government websites (Exhibits C, Q-T); (4) a publicly available news release (Exhibit M); and (5)

---

[1] Defined terms herein have the same definition as used in the Plaintiffs' Opposition to Wells Fargo's Motion to Dismiss the Consolidated Stockholder Derivative Complaint for Failure to Adequately Plead Demand Futility.

court filings (Exhibits J, T).

### A.   Documents Referenced in the Complaint

Wells Fargo asks the Court to take judicial notice of three documents (Exhibits A, D, and E) based on its contention that "Plaintiffs repeatedly cite and quote from these documents in their Complaint."  RJN at 1.

Exhibit E is the sworn testimony of Wells Fargo's former Chairman and CEO John Stumpf before the U.S. Senate Committee on Banking, Housing and Urban Affairs on September 20, 2016.  In the Motion, Wells Fargo cites to portions of Stumpf's testimony related to purported "remedial actions taken by the Company."   Motion at 5, 16 n. 13.  The Company's intent in seeking judicial notice of these documents is clear: to counter Plaintiffs' allegations that the Wells Fargo board of directors (the "Board") has been inactive with respect to the widespread and long-running scheme at the Company of unlawfully creating customer accounts the ("illicit account-creation scheme") and has disregarded its responsibilities to oversee the Company's business and safeguard the Company against wrongdoing.  Because the alleged remedial actions taken by the Company are subject to reasonable dispute, judicial notice pursuant to Federal Rule of Evidence 201(b) is inappropriate.  *See* Fed. R. Evid. 201(b) (a judicially noticed fact must be one "*not subject to reasonable dispute* because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned") (emphasis added).  Nor can Wells Fargo seek judicial notice under the "incorporation by reference" doctrine.

As this Court noted in *Tsan v. Seventh Generation, Inc.,* "the incorporation by reference doctrine 'is a narrow exception aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment.'" No. 15-CV-00205-JST, 2015 WL 6694104, at *3 (N.D. Cal. Nov. 3, 2015) (Tigar, J.)  (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).  This case does not meet this narrow exception.

Wells Fargo's attempt to challenge Plaintiffs' factual allegations by introducing documents from outside of the Complaint, or asking the Court to accept non-pleaded facts

(whether taken from documents referenced in the Complaint or otherwise) as true is wholly inappropriate at this stage of the proceedings. Plaintiffs' factual allegations must be taken as true at the pleading stage, and Wells Fargo cannot obtain judicial notice of a fact that is purportedly contrary to the Complaint. As stated by the Ninth Circuit, "[W]e may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *Corinthian Colls.*, 655 F.3d at 999; *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (if a court takes judicial notice of records integral to a complaint, it does not do so for the truth of the matters asserted, but only to determine what the documents stated); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (declining to consider documents subject to judicial notice for the truth of the matters asserted therein). The Court should therefore decline to take judicial notice of Exhibit E.

The same is true with respect to Exhibits A and D. Wells Fargo cites Exhibit A, the *L.A. Times* article, to dispute Plaintiffs' allegation that Wells Fargo's response to the illicit account-creation scheme was inadequate, by highlighting the mere fact that the article mentions that certain employees were disciplined or dismissed in connection with the improper sales practices. Motion at 14-15. Wells Fargo uses Exhibit D, the Comptroller of the Currency's Consent Order, to dispute allegations in Plaintiffs' Complaint. MTD at 18-19. Both are improper uses of judicial notice. To the extent that the Court considers these Exhibits, it should not do so for the truth of the matters asserted.

**B.     SEC Filings**

Exhibits B, F-I, K-L, N-P, are Wells Fargo filings with the SEC. Documents filed with the SEC may only be judicially noticed for the purpose of establishing that certain statements were made, not for the truth of the matters stated in the filings. *Bare Escentuals*, 745 F. Supp. 2d at 1067 (granting judicial notice of SEC filings, press releases, and conference call transcripts cited in complaint, but not for the truth of the matters asserted therein); *Rowland v. Paris Las Vegas*, No. 3:13-CV-02630-GPC, 2014 WL 3867528, at *4 (S.D. Cal. Aug. 6, 2014)  ("[A]lthough the Court takes notice of the filing of the respective documents [SEC filings, opinions and a declaration], the Court declines to take judicial notice of the declaration, court filings, or public

1  records for the truth of the matters asserted therein.").

2  Here, Wells Fargo seeks to introduce the various SEC filings for an improper purpose: to
3  assert the truth of various statements made in the filings and use those statements to dispute
4  Plaintiffs' allegations.  For example, Exhibit F is a Form 8-K attaching a September 27, 2016
5  press release announcing that the independent members of the Board had purportedly "launched
6  an independent investigation into the Company's retail banking practices and related matters"
7  (after the September 8, 2016 disclosure of the settlements with the L.A. City Attorney, the OCC,
8  and the CFPB), and further announcing that Defendants John Stumpf and Carrie Tolstedt had
9  forfeited approximately $41 million and $19 million, respectively, in stock compensation.
10 Motion at 3.  The Motion states:

> Throughout the fourth quarter of 2016 and first quarter of 2017,
> Wells Fargo has filed disclosures with the SEC discussing its key
> actions with regards to sales practices, including the Board's
> investigation, the Board's termination of four Community Banking
> executives for cause in early 2017, and the Board's decision not to
> pay bonuses to several senior executives for 2016.  (*See* Decl. Exs.
> F, H at 3-12, I at 3-4, M, N, O at 56.)  Those filings contain in-
> depth reviews of the sales practices at issue and detail Wells
> Fargo's steps to identify unauthorized accounts and refund more
> than $3 million to potentially affected customers.

Motion at 3.  Further, Exhibit L is an SEC filing announcing that the Company had amended the
Company's by-laws to require that the Chair and Vice Chair roles be held by outside directors.
Wells Fargo improperly asks the Court to accept as true the Company's statements in these SEC
filings, as part of Wells Fargo's challenge to Plaintiffs' allegations that the Board has been
inactive and has disregarded its responsibilities to oversee the Company's business and safeguard
the Company against wrongdoing.  *Rowland*, 2014 WL 3867528, at *4; *Bare Escentuals*, 745 F.
Supp. 2d at 1067.  For these reasons, the Court should deny Wells Fargo's request for judicial
notice as to Exhibits F, H, I, K, L, M, N, and O.  To the extent the Court takes judicial notice of
these exhibits, as well as Exhibits B, G, and P, Plaintiffs ask that it do so only for the fact that
certain disclosures were made, not the truth of those disclosures.

### C.    **Publicly Available News Release**

Wells Fargo seeks judicial notice of a document titled "Wells Fargo Announces Actions

1  Based on Retail Banking Sales Practices Investigation" (Exhibit M) to challenge Plaintiffs'
2  allegations that the Wells Fargo Board consciously disregarded the illicit account-creation
3  scheme.  This exhibit is essentially a Wells Fargo marketing piece, and judicial notice is
4  inappropriate for such matters, as the document is "subject to reasonable dispute," is not
5  "generally known within the territorial jurisdiction of the trial court," and is not "capable of
6  accurate and ready determination by sources whose accuracy cannot reasonably be questioned."
7  Fed. R. Evid. 201(b).
8      The issue of judicial notice of material from a corporate website was addressed by the
9  Third Circuit in *Victaulic Co. v. Tieman*, where the court stated that "a company's website is a
10 marketing tool" which often contains marketing material that "no one should take at face value."
11 499 F.3d 227, 236 (3d Cir. 2007).  The Third Circuit ruled that judicially noticing material from
12 the company's website was improper, stating, "private corporate websites, particularly when
13 describing their own business, generally are not the sorts of 'sources whose accuracy cannot
14 reasonably be questioned,' Fed. R. Evid. 201(b), that our judicial notice rule contemplates." *Id;*
15 *see Sherman v. Yahoo! Inc*., No. 13CV0041-GPC-WVG, 2015 WL 5604400, at *6 (S.D. Cal.
16 Sept. 23, 2015) (following *Victaulic*, declining request to take judicial notice of reports from
17 corporate websites); *Azco Biotech Inc. v. Qiagen, N.V*., No. 12-CV-2599-BEN DHB, 2013 WL
18 4500782, at *3 (S.D. Cal. Aug. 20, 2013) (same).
19     Wells Fargo's reliance on *Von Saher v. Norton Museum of Art at Pasadena* for the
20 proposition that "courts may take judicial notice of publications introduced to indicate what was
21 in the public realm at the time," (RJN at 2) is misplaced.  In *Von Saher*, the defendant sought
22 judicial notice "of the fact that various newspapers, magazines, and books have published" certain
23 information.  592 F.3d 954, 960 (9th Cir. 2010).  In holding that "these publications [i.e.
24 newspapers, magazines, and books] meet the standards for admissibility set forth in Federal Rule
25 of Evidence 201(b)," *id.,* the Ninth Circuit said nothing about the admissibility of corporate press
26 releases.  While Fed. R. Evid. 201(b) allows for judicial notice of facts "capable of accurate and
27 ready determination by resort to *sources whose accuracy cannot be reasonably questioned*"
28 (emphasis added), self-serving corporate press releases are a far cry from the kinds of

1  publications— newspapers, magazines, and books—judicially noticed by the court in *Von Saher*.
2  Because the Board's conduct is a fact in dispute in this action, the Court should decline to take
3  judicial notice of Exhibit M.  To the extent the Court considers the news release, it should only be
4  noticed for the fact that Wells Fargo made this public representation.

**D.    Court Filings**

Wells Fargo asks the Court to take judicial notice of an order in *In re Wells Fargo & Company Derivative Litigation*, filed in the Superior Court of California, County of San Francisco (Exhibit J), as well as a table showing the results of a search in the PACER database (Exhibit T).  Should the Court take judicial notice of this information, the Court should limit its judicial notice of these exhibits to the contents of the documents, not the truth of the information or statements contained therein.  *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992) (permitting the court to take judicial notice of the existence of a judicial or administrative proceedings, but not the veracity or arguments or disputed facts contained therein); *Salas v. Gomez*, No. 14-CV-01676-JST, 2016 WL 3971206, at *5 (N.D. Cal. July 25, 2016) (Tigar, J.) (taking judicial notice of the existence of court documents from a different case, but not the truth of the matters asserted in the documents).

**E.    Documents From Government Websites**

Finally, Wells Fargo asks the Court to take judicial notice of information available on various government websites: the Bureau of Labor Statistics (Exhibit C); the FDIC (Exhibit Q); the U.S. Census Bureau (Exhibit R); the Center for Disease Control (Exhibit S); and PACER (Exhibit T).  To the extent that the Court takes judicial notice of these materials, the documents may not be considered for the truth of the matters asserted therein.  *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1104 (N.D. Cal. 2014); *Tal v. Hogan*, 453 F. 3d 1265 n. 24 (10th Cir. 2006) (citing *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002).

**IV.   CONCLUSION**

For the foregoing reasons, Wells Fargo's request for judicial notice should be denied with respect to Exhibits A, D, E, F, H, I, K, L, M, N, and O, because the Company improperly requests judicial notice of the documents in order to rely on the truth of the contents of those documents in

1    an attempt to dispute Plaintiffs' allegations in the Complaint.  With respect to Exhibits B, C, G, J,
2    P, Q, R, S, and T, judicial notice is proper only of the fact that the documents exist, not the factual
3    truth of the contents of those documents.  To the extent the Company seeks to use Exhibits B, C,
4    G, J, P, Q, R, S, and T, or any of the other exhibits listed in the RJN, in any manner other than for
5    the fact that the documents exist, the request should be denied.

Dated:  April 3, 2017                                **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

By:       */s/ Richard M. Heimann*

Richard M. Heimann (CA Bar No. 063607)
*rheimann@lchb.com*
Joy A. Kruse (CA Bar No. 142799)
*jakruse@lchb.com*
Katherine C. Lubin (CA Bar No. 259826)
*kbenson@lchb.com*
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008

Steven E. Fineman (CA Bar No. 140335)
*sfineman@lchb.com*
Daniel P. Chiplock (*Pro hac vice* application to be filed)
*dchiplock@lchb.com*
Nicholas Diamand (admitted *pro hac vice*)
*ndiamand@lchb.com*
Michael J. Miarmi (admitted *pro hac vice*)
*mmiarmi@lchb.com*
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile:  (212) 355-9592

*Attorneys for Co-Lead Plaintiff Fire & Police Pension Association of Colorado*

|   |   |
|---|---|
| 1 | **SAXENA WHITE P.A.** |
| 2 | Maya Saxena (admitted *pro hac vice*) |
|   | *msaxena@saxenawhite.com* |
| 3 | Joseph E. White, III (admitted *pro hac vice*) |
|   | *jwhite@saxenawhite.com* |
| 4 | Lester R. Hooker (CA Bar No. 241590) |
|   | *lhooker@saxenawhite.com* |
| 5 | Jorge A. Amador (CA Bar No. 237800) |
|   | *jamador@saxenawhite.com* |
| 6 | Adam D. Warden (*Pro hac vice* application to be filed) |
|   | *awarden@saxenawhite.com* |
| 7 | Dianne M. Anderson (CA Bar No. 103670) |
|   | *danderson@saxenawhite.com* |
| 8 | 5200 Town Center Circle, Suite 601 |
|   | Boca Raton, FL 33486 |
| 9 | Telephone: (561) 394-3399 |
|   | Facsimile: (561) 394-3382 |
| 10 |   |
|   | Steven B. Singer (*Pro hac vice* application to be filed) |
| 11 | 4 West Red Oak Lane, Suite 312 |
|   | White Plains, New York 10604 |
| 12 | Telephone: (914) 437-8551 |
|   | Facsimile:  (888) 631-3611 |
| 13 | ssinger@saxenawhite.com |
| 14 | *Attorneys for Co-Lead Plaintiff The City of Birmingham Retirement and Relief System* |