Richard M. Heimann (CA Bar No. 063607)
*rheimann@lchb.com*
Joy A. Kruse (CA Bar No. 142799)
*jakruse@lchb.com*
Katherine C. Lubin (CA Bar No. 259826)
*kbenson@lchb.com*
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Co-Lead Counsel and Attorneys for Plaintiff Fire & Police Pension Association of Colorado*

Maya Saxena (admitted *pro hac vice*)
*msaxena@saxenawhite.com*
Joseph E. White, III (admitted *pro hac vice*)
*jwhite@saxenawhite.com*
Lester R. Hooker (CA Bar No. 241590)
*lhooker@saxenawhite.com*
Jorge A. Amador (CA Bar No. 237800)
*jamador@saxenawhite.com*
SAXENA WHITE P.A.
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
Telephone: (561) 394-3399
Facsimile: (561) 394-3382

*Co-Lead Counsel and Attorneys for Plaintiff The City of Birmingham Retirement and Relief System*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION | Lead Case No. 3:16-cv-05541-JST<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY IN THE EVENT THE COURT CONSIDERS NEW ARGUMENT FIRST RAISED IN THE REPLY IN SUPPORT OF WELLS FARGO & COMPANY'S MOTION TO DISMISS**<br><br>Date: May 4, 2017<br>Time: 9:30 a.m.<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 9, 19th Floor |
|---|---|

Pursuant to Civil Local Rule 7-11, Lead Plaintiffs Fire and Police Pension Association of Colorado and The City of Birmingham Retirement and Relief System (together, "Plaintiffs") hereby respectfully move the Court for leave to file a surreply to respond to a new, and frivolous, argument first raised in the April 14, 2017 reply in support of Defendants' motion to dismiss the Consolidated Amended Verified Stockholder Derivative Complaint ("Complaint") for failure to sufficiently plead demand futility.[1]

**PRELIMINARY STATEMENT**

While opposing parties may reasonably disagree over the relevance of caselaw to specific factual scenarios or the application of legal principles in a given case, all should agree that fabricating legal standards—particularly for the first time on reply—lies outside the bounds of zealous advocacy. Yet that is precisely what Defendants have done here. In the Reply in support of their motion to dismiss for lack of a demand, Defendants claim, for the first time, "Plaintiffs' failure to make a pre-suit Section 220 [books-and-records] request denies them the numerous inferences they need to plead scienter." Reply at 1 (further contending Plaintiffs "are not just any litigant" and are not "entitled to the same sorts of inferences as any litigant pursuing a claim in federal court"). Indeed, Defendants ask not just that the Court decline to afford Plaintiffs reasonable inferences arising from their allegations, but also to accept as true facts from the April 10, 2017 "Sales Practices Investigation Report" by the "Independent Directors of the Board of Wells Fargo & Company" (attached as Exhibit C to the Declaration of Ryan J. McCauley (Dkt. 116-1)) (the "Report") and assume those are the facts Plaintiffs "would have" or "might have" learned had they made a Section 220 request.

That argument is unquestionably new, as Defendants' opening brief nowhere raises it. Indeed, the opening brief is silent on Section 220. Defendants have accordingly waived the argument. *See, e.g.*, *Avenando-Ruiz v. City of Sebastopol*, No. 15-cv-03371-RS, 2016 WL 3476098, at *2 (N.D. Cal. June 27, 2016) (defendants' introduction of new legal argument on

---

[1] As the so-called "Independent Directors" have joined Wells Fargo's motion, reply (Dkt. 116 (the "Reply")), and accompanying submissions, Plaintiffs refer to those materials as having been submitted by "Defendants." Additionally, unless otherwise indicated, all emphasis in this motion has been added and all internal citations and quotation marks have been omitted.

reply "was improper, and therefore defendants' motion would have been denied even had they raised a dispositive legal argument"). But if the Court is nonetheless inclined to entertain Defendants' new argument, Plaintiffs respectfully request that the Court grant them leave to file the six-page surreply attached to the Declaration of Katherine C. Lubin accompanying this motion, which details the argument's numerous infirmities.

## BACKGROUND

Civil Local Rule 7-11 permits a party to file a motion for administrative relief "with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." Civ. L. R. 7-11. In accordance with Civil Local Rule 7-11(b), Plaintiffs' counsel contacted Wells Fargo's counsel on April 20, 2017 to request that they stipulate to allow Plaintiffs to file a surreply to respond to the new argument raised in the Reply. Lubin Decl. ¶ 1. The following day, Wells Fargo's counsel responded that they did not believe a surreply was warranted. *Id.* ¶ 3. Wells Fargo's counsel insisted that the subject argument was nothing more than a response to Plaintiffs' argument that they are entitled to reasonable inferences arising from their allegations, and was intended to "distinguish" this case from the Chancery Court's decision in *Louisiana Municipal Police Employees' Retirement System v. Pyott*, 46 A.3d 313 (Del. Ch. 2012) ("*LAMPERS*"), *rev'd*, 74 A.3d 612 (Del. 2013). Lubin Decl. ¶ 3. Wells Fargo's counsel further contended a surreply was not necessary because they "did not introduce new authority or a new legal argument" in the Reply. *Id.*

## ARGUMENT

### I. DEFENDANTS IMPROPERLY INTRODUCE NEW ARGUMENT ON REPLY

In declining to stipulate to allow Plaintiffs an opportunity to file a surreply, Wells Fargo contended it did not "introduce new legal authority or a new legal argument" in the Reply. Lubin Decl. ¶ 3. That is incorrect in both respects. The heading in the very first section of the Reply (at 1) makes an entirely new legal argument, asserting "Plaintiffs' failure to make a pre-suit Section 220 demands denies them the numerous inferences they need to plead scienter." Defendants' assertion centers on the (erroneous) theory that a plaintiff who does not make a Section 220

request cannot then receive reasonable inferences from the allegations in her complaint where those facts purportedly "would have" or "might have" been discovered through such a request. That argument is entirely absent from Defendants' opening brief, which does not mention books-and-records requests, or cite Section 220, at all. *See generally* Dkt. 99.

Despite their claim to the contrary, Defendants did in fact introduce new authority in support of their new argument on reply. They cite the Chancery Court's decision in *Beam v. Stewart*, 833 A.2d 961 (Del. Ch. 2003) ("*Beam I*"), from which they purport to divine a rule that "if a complaint is devoid of facts that could have been proved (if they existed) by use of [DGCL] § 220, it is not 'well-pleaded,' and to infer the existence of those facts, when they could easily have been provided by the use of § 220, is not 'reasonable.'" Reply at 2 (alteration in original) (quoting *Beam I*, 833 A.2d at 982 n.66). That dicta from the Chancery Court's decision in *Beam I* was cited neither in Defendants' opening brief nor in Plaintiffs' opposition—indeed, neither brief cites *Beam I* at all. Additionally, Defendants' attempt to introduce the Report as evidence of facts Plaintiffs' purportedly "would have" or "might have" learned through a Section 220 request is both new and, as explained in the surreply and in Plaintiffs' opposition to Defendants' request for judicial notice (Dkt. 118), improper on a motion to dismiss under Rules 12(b)(6) and 23.1.

Defendants were aware when filing their opening brief that Plaintiffs had not made a Section 220 request, yet Defendants did not then argue the lack of such a request deprived Plaintiffs of reasonable inferences. Defendants cannot now claim the lack of a Section 220 request affects the inferences to which Plaintiffs are entitled and at the same time deny Plaintiffs the opportunity to respond to that argument. Defendants' maneuver epitomizes the "obvious" unfairness of withholding arguments—particularly significant legal arguments—for reply, as "[o]pposing counsel is denied the opportunity to point to the record to show that the new theory lacks legal or factual support." *Sophanthavong v. Palmateer*, 365 F.3d 726, 737 (9th Cir. 2004). As Defendants failed to raise the Section 220 argument in their opening brief, the Court may decline to consider it. *Id.* at 736-37 (declining to reach legal argument first raised on reply); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (rejecting defendants' argument that the district court improperly failed to consider legal argument first raised on reply, as "[t]he

district court need not consider arguments raised for the first time in a reply brief"); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066, n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); *Pirozzi v. Apple, Inc.*, 966 F. Supp. 2d 909, 918 n.3 (N.D. Cal. 2013) (Tigar, J.) ("The Court does not address arguments raised for the first time in reply.").

Finally, Defendants' attempt to cast their plainly new legal argument as an attempt to distinguish *LAMPERS*, *see* Lubin Decl. ¶ 3, is unavailing. *LAMPERS* does not come close to holding that a pre-suit Section 220 request is a prerequisite for affording plaintiffs inferences reasonably drawn from their allegations. The court there applied the well-established rule that to overcome a Rule 23.1 motion, "the plaintiffs need only plead particularized allegations that support a reasonable inference that their claims have 'some merit.'" 46 A.3d at 358 (quoting *Rales v. Blasband*, 634 A.2d 927, 934 (Del. 1993)). That plaintiffs in *LAMPERS* incorporated information obtained through a Section 220 request into their complaint does not stand for a requirement that to gain the benefit of reasonable inferences, a plaintiff *must* make such a request. The Delaware Supreme Court has expressly instructed otherwise—including in the very case on which Defendants rely for this purported rule. *See Beam v. Stewart*, 845 A.2d 1040, 1057 n.52 (Del. 2004) ("*Beam II*") ("Regardless of whether the plaintiff secured any facts alleged in her complaint through a Section 220 inspection, the court must draw all reasonable inferences in the plaintiff's favor and determine whether those facts create a reasonable doubt of the directors' independence.").

## II. IF THE COURT CONSIDERS DEFENDANTS' NEW ARGUMENT, IT SHOULD ALLOW PLAINTIFFS TO RESPOND BY SURREPLY

Alternatively, if the Court is inclined to consider Defendants' newly raised argument relating to the inferences to which Plaintiffs are entitled, Plaintiffs should be afforded the opportunity to respond through the proposed six-page surreply. *See, e.g., In re Clorox Consumer Litig.*, 301 F.R.D. 436, 439 n.1 (N.D. Cal. 2014) (granting motion for leave to file surreply, noting movant should have "an opportunity to respond" to new evidence and arguments contained in reply); *Toomey v. Nextel Commc'ns, Inc.*, No. C-03-2887 MMC, 2004 WL 5512967, at *1

(N.D. Cal. Sept. 23, 2004) (granting motion for leave to file surreply to address, in part, arguments "raised for the first time in [defendant]'s reply"). A surreply would be appropriate to mitigate the "obvious" unfairness wrought by Defendants' tactic of withholding for their Reply an argument they purport (wrongly) is "[c]ritical" (Reply at 2) to the disposition of their motion to dismiss. *See Sophanthavong*, 365 F.3d at 737.

Plaintiffs therefore submit a proposed surreply (*see* Lubin Decl. Ex. A) in the event the Court entertains Defendants' untimely argument. The surreply details why Defendants' new argument is contrary to well-established Delaware law and should be rejected.

## CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court decline to consider Defendants' new argument raised for the first time in the Reply or, in the alternative, permit Plaintiffs to file the proposed surreply attached as Exhibit A to the Lubin Declaration.

Dated: April 26, 2017

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

By: *<u>/s/ Richard M. Heimann</u>*

Richard M. Heimann (CA Bar No. 063607)
*rheimann@lchb.com*
Joy A. Kruse (CA Bar No. 142799)
*jakruse@lchb.com*
Katherine C. Lubin (CA Bar No. 259826)
*kbenson@lchb.com*
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Steven E. Fineman (CA Bar No. 140335)
*sfineman@lchb.com*
Daniel P. Chiplock (*pro hac vice* application to be filed)
*dchiplock@lchb.com*
Nicholas Diamand (admitted *pro hac vice*)
*ndiamand@lchb.com*
Michael J. Miarmi (admitted *pro hac vice*)
*mmiarmi@lchb.com*
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

*Co-Lead Counsel and Attorneys for Co-Lead Plaintiff Fire & Police Pension Association of Colorado*

**SAXENA WHITE P.A.**
Maya Saxena (admitted *pro hac vice*)
*msaxena@saxenawhite.com*
Joseph E. White, III (admitted *pro hac vice*)
*jwhite@saxenawhite.com*
Lester R. Hooker (CA Bar No. 241590)
*lhooker@saxenawhite.com*
Jorge A. Amador (CA Bar No. 237800)
*jamador@saxenawhite.com*
Adam D. Warden (*pro hac vice* application to be filed)
*awarden@saxenawhite.com*
Dianne M. Anderson (CA Bar No. 103670)
*danderson@saxenawhite.com*
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
Telephone: (561) 394-3399
Facsimile: (561) 394-3382

Steven B. Singer (*pro hac vice application to be filed*)
4 West Red Oak Lane, Suite 312
White Plains, New York 10604
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
*ssinger@saxenawhite.com*

*Co-Lead Counsel and Attorneys for Co-Lead Plaintiff The City of Birmingham Retirement and Relief System*