ISMAIL RAMSEY (Bar No. 189820)
izzy@ramsey-ehrlich.com
MILES EHRLICH (Bar No. 237954)
miles@ramsey-ehrlich.com
KATHARINE KATES (Bar No. 155534)
katharine@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

Attorneys for Defendant John R. Shrewsberry

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION** | Lead Case No. 3:16-cv-05541-JST<br><br>**DEFENDANT JOHN R. SHREWSBERRY'S REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Judge: Hon. Jon S. Tigar<br>Courtroom: 9, 19th Floor<br>Hearing: August 24, 2017 at 2:00 p.m. |

## I. Preliminary Statement

In their opposition brief, Plaintiffs argue that they have sufficiently stated federal claims for securities fraud and state claims for breach of fiduciary duty given the "myriad of red flags" they have alleged regarding the "pervasive creation of fraudulent accounts" at Wells Fargo. Yet, despite Plaintiffs' arguments, Plaintiffs' allegations do not tie these purported red flags to Mr. Shrewsberry nor explain how they rendered misleading the specific public statements made by Mr. Shrewsberry to investors, in SEC filings, and the accompanying SOX certifications. Unlike with respect to the director defendants, Plaintiffs do not allege facts demonstrating that Mr. Shrewsberry was aware of the vast majority of these "red flags."

More specifically, Plaintiffs have pled facts demonstrating that Mr. Shrewsberry was aware that certain employees in the Community Bank had created unauthorized accounts after the filing of the L.A. City Attorney's lawsuit, but do not allege facts demonstrating that Mr. Shrewsberry *knew* the extent of the improper activity or the number of unauthorized accounts opened by employees in the Community Bank, that he *knew* the number of unauthorized accounts created would impact the cross-sell metric, that he *knew* the existing internal risk controls at Wells Fargo were not effectively or adequately addressing this sales integrity problem, or that he *knew* the disclosure controls surrounding these issues were inadequate. Because Plaintiffs fail to allege facts demonstrating that Mr. Shrewsberry knew this information at the time he made the statements at issue in the Complaint and at the time he purportedly abdicated his duty of care – that is, because Plaintiffs fail to plead scienter – their claims against Mr. Shrewsberry for breach of fiduciary duty under Delaware law based on failure of oversight and misrepresentation and their federal claim of violation of §10(b) must be dismissed.

Further, as set forth in his motion to dismiss, the remaining three claims against Mr. Shrewsberry also are inadequate. First, the unjust enrichment depends wholly on the inadequately pled breach-of-fiduciary claim; second, the claim for a violation of Section

29(b) of the Exchange Act fails to allege a primary violation of securities laws; and finally, the claim for contribution and indemnity is not yet ripe.

**II.  Plaintiffs fail to allege falsity, materiality, or scienter; therefore, their breach-of-fiduciary and fraud claims must fail.**

   **A.  Mr. Shrewsberry's liability for fraud can be based only on the statements attributable to him.**

Contrary to Plaintiffs' argument regarding the group pleading doctrine, as set forth in Ms. Tolstedt's motion to dismiss at 5:18-6:6, before a defendant may incur liability for a public statement, the defendant must be a "maker" of that statement—that is, the defendant must have ultimate authority over the statement. *See Janus Capital Group, Inc. v. First Derivative Trader,* 564 U.S. 135, 142 (2011). *See also Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming district court's dismissal of a 10(b) claim based on "everyone did everything" allegations that were not accompanied by specific allegations of which defendants made which fraudulent statements or engaged in which fraudulent conduct).

Here, Plaintiffs allege that Mr. Shrewsberry made three types of statements for which he is responsible:

- Investor statements: Two statements to investors concerning the success of the cross-sell efforts (CAC, ¶¶ 5, 136, 139, 349) and one statement to investors regarding the L.A. City Attorney's lawsuit (*Id*. at ¶193);
- Statements in SEC filings concerning the cross-sell metric and risk controls, *Id*. at ¶¶ 358, 362, 366, 367, 375, 376; and
- The Sarbanes-Oxley ("SOX") certifications, signed by Mr. Shrewsberry on Wells Fargo's Form 10-K for 2014 and 2015, that attested to the accuracy of the financial information and to the effectiveness of the internal disclosure controls. *Id*. at ¶¶ 379-380.

As set forth in Mr. Shrewsberry's motion to dismiss and discussed below, these statements do not support a claim for fraud under applicable federal or state law.

### B. Plaintiffs fail to plead materiality and falsity of statements made by Mr. Shrewsberry.

As set forth in Mr. Shrewsberry's motion to dismiss, both a breach of fiduciary claim based on misrepresentations under Delaware law and a claim for violation of § 10(b) under federal law require Plaintiffs to plead specific facts demonstrating that the statement was material and that it was false. *See Pfeffer v. Redstone*, 965 A.2d 676, 685 (Del. 2009); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007). Under this standard, the statements Mr. Shrewsberry made to investors in 2014 are simply not actionable. For example, Mr. Shrewsberry stated: "Our relationship focus and cross-sell capability is hopefully legendary at this point. It has been our vision for decades. We've stuck to it." ¶ 349. Contrary to Plaintiffs' argument in its opposition brief, this is not a verifiable statement that a reasonable investor would rely on in making an investment decision. *See Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 606 (9th Cir. 2014). Because Plaintiffs fail to articulate how Mr. Shrewsberry's general statements to investors are materially false, they are not actionable statements under either Delaware or federal law. Likewise, because Plaintiffs do not articulate the specific reasons why the statements in the SEC filings and SOX certifications regarding the cross-sell metric and the internal risk and disclosure controls are false, these statements cannot form a basis for the claims for breach of fiduciary duty based on misrepresentation or violation of §10(b).

### C. Plaintiffs fail to plead that Mr. Shrewsberry acted with scienter

Plaintiffs' claims for breach of fiduciary duty based on misrepresentation under Delaware law and for a violation of section 10(b) under federal law both require factual allegations demonstrating that Mr. Shrewsberry acted with scienter. *See, e.g., In re infoUSA, Inc. S'holders Litig.,* 953 A.2d 963, 990 (Del. Ch. 2007); *Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 607 (9th Cir. 2014). But rather than pleading facts, Plaintiffs' allegations simply *assume* that Mr. Shrewsberry must have known of the opening of unauthorized accounts by employees in the Community Bank even prior to the filing of the L.A. City Attorney's lawsuit, that he must have known the

extent of this conduct, including the number of unauthorized accounts that were opened, and that he must have known the existing risk controls at Wells Fargo had not effectively addressed the sales integrity issues. Plaintiffs' assumptions fail to meet the particularity requirements for pleading a securities fraud claim in this Court. To survive a motion to dismiss under the PSLRA, Plaintiffs must plead particular facts establishing scienter on the part of Mr. Shrewsberry; generalized allegations that Mr. Shrewsberry "must have known" of malfeasance due to his position at Wells Fargo are not sufficient. *See, e.g. Oregon Pub. Emps. Ret. Fund*, 774 F.3d at 607 (plaintiffs must plead scienter with particularity as to each defendant); *Metzler Inv. GmbH v. Corinthian Colleges, Inc.*, 534 F.3d 1049, 1068 (9th Cir. 2008) ("corporate management's general awareness of the day-to-day workings of the company's business does not establish scienter"). Similarly, because the Delaware claim for breach of fiduciary duty based on misrepresentation is a species of fraud, Plaintiffs must meet the particularity requirements of Federal Rule of Civil Procedure 9(b). *Cf. Sparling v. Daou (In re Daou Sys.),* 411 F.3d 1006, 1014 (9th Cir. 2005) (holding that claims for security fraud must meet this standard).

     Plaintiffs claim in their opposition that they "sufficiently allege the Officer Defendants at least consciously disregarded information alerting them to the illicit account-creation scheme." Opp. at 27:5-6. In support of this allegation, Plaintiffs surmise that, because he was on the operating committee, Mr. Shrewsberry was apprised of the specific risk presented by the opening of unauthorized accounts. Opp. 28:21-29:3. Plaintiffs also argue that, given the totality of their allegations, it is "absurd" to suggest that Mr. Shrewsberry was without knowledge of the opening of unauthorized accounts. Opp. 32:9-16. They further point to purported "red flags," including meetings with regulators and a $1.5 million fine from FINRA. Opp. 42:1-12. Yet, other than the filing of the L.A. City Attorney's lawsuit, Plaintiffs do not allege facts indicating that Mr. Shrewsberry knew of these "red flags." Nowhere do Plaintiffs allege particular facts indicating that Mr. Shrewsberry consciously disregarded information in his possession

concerning the opening of unauthorized accounts when making the particular statements to investors, in SEC filings, or in SOX certifications

Rather, Plaintiffs point to the statement Mr. Shrewsberry made after the filing of the LA City Attorney's lawsuit in May 2015 that "none of our internal systems for getting feedback like that have been tripped until this came along," and "it's certainly not how we run our business." ¶ 193.  Even if this vague statement is actionable, Plaintiffs do not allege that Mr. Shrewsberry knew that it was false.  Plaintiffs do not allege facts indicating that Mr. Shrewsberry was aware of the other purported "red flags" listed at 42:7-12, but instead ask the Court to assume that he must have known of them, even though most occurred *after* this statement.  Further, as stated in the moving papers, even if Mr. Shrewsberry learned of the unauthorized accounts at the time of the filing of the L.A. City Attorneys' lawsuit, Plaintiffs point to no facts that show he was aware of the extent of improper conduct in the Community Bank or that the existing risk control processes at Wells Fargo were not effectively addressing the problem.  Absent such allegations, Plaintiffs fail to plead scienter in connection with this statement.

As to SEC filings, Plaintiffs point to purportedly misleading statements regarding the effectiveness of internal risk and disclosure controls.  ¶¶ 374-81. But Plaintiffs do not allege specific facts demonstrating that Mr. Shrewsberry knew that the risk and disclosure controls were inadequate or ineffective at the time he made these statements.  Instead, Plaintiffs' theory depends upon the Court inferring that, because it later became known that employees opened unauthorized accounts, the internal risk and disclosure controls must have been inadequate and that Mr. Shrewsberry knew of this inadequacy.  In fact, it is equally plausible that Mr. Shrewsberry believed that the existing risk controls were adequately addressing the sales integrity issues in the Community Bank. In addition, although Plaintiffs claim that statements in SEC filings and to investors regarding the cross-sell metric were false or inflated, they wholly fail to plead facts indicating that Mr. Shrewsberry knew the cross-sell metrics were inaccurate at the time he made the statement.  In their opposition brief, Plaintiffs claim that the cross-selling figure was

inflated by at least 1,534,280 unauthorized accounts.  Even accepting this figure as accurate, Plaintiffs do not allege facts demonstrating that at the time Mr. Shrewsberry made the statements in SEC filings or to investors, he was aware that some 1,534,280 accounts had been opened without authorization.

Further, as to the SOX disclosures, ¶¶ 379-380, Plaintiffs fail to allege facts indicating that Mr. Shrewsberry knew that the certifications he made regarding the accuracy of the SEC filings were false, or that the certification concerning the effectiveness and adequacy of the Wells Fargo disclosure controls and procedures were false.  As with other aspects of the SEC filings, even if the Court accepts Plaintiffs' argument that Mr. Shrewsberry "must have known" that some employees in the Community Bank opened accounts for customers without authorization, it does not follow that the SOX certifications were made with knowledge that cross-sell metric was inflated, or that internal disclosure controls were ineffective or inadequate.

### III. Plaintiffs' *Caremark* claim also fails for lack of scienter

As set forth in Mr. Shrewsberry's motion to dismiss, Plaintiffs' claim for breach of fiduciary duty based on failure of oversight, commonly referred to as a *Caremark* claim, requires a Plaintiffs to allege bad faith conduct or scienter . *See Stone v. Ritter*, 911 A.2d 362, 369 (Del. 2006) (citation omitted).  Moreover, bad faith requires Plaintiffs to allege facts demonstrating that Mr. Shrewsberry: 1) knew that the existing internal controls were inadequate; 2) knew that these inadequacies could leave room for illegal behavior; 3), and that he, personally, chose to do nothing about the control deficiencies that he knew existed.  *See Desimone v. Barrows*, 924 A.2d 908, 940 (Del. Ch. 2007).   As set forth above and in Mr. Shrewsberry's motion to dismiss, even if Mr. Shrewsberry learned of the unauthorized accounts at the time of the filing of the lawsuit, Plaintiffs point to no facts that show he was aware of the extent of improper conduct in the Community Bank or that the existing risk control processes at Wells Fargo were deficient in that they were not effectively addressing the sales integrity issues.  In addition, Plaintiffs do not allege

that he knew all these facts and still failed to act. In the absence of these allegations, Plaintiffs' breach of fiduciary claim based on the failure of oversight must fail.

### IV. Because Plaintiffs fail to state a claim for Breach of Fiduciary Duty, their claim for Unjust Enrichment fails.

As set forth in his motion to dismiss, a claim based on unjust enrichment against Mr. Shrewsberry is dependent on Plaintiffs' establishing that the compensation received by Mr. Shrewsberry was paid without justification as a result of a breach of fiduciary duty by him. *See Taylor v. Kissner*, 893 F. Supp. 2d 659, 674 (D. Del. 2012) (Dismissing unjust enrichment claim because the complaint failed to allege "any breach of fiduciary duty or any other theory providing a factual basis to conclude that the compensation received by each Defendant was paid without justification.") Thus, the Plaintiff's entire unjust enrichment claim against Mr. Shrewsberry here relies upon the allegation that Mr. Shrewsberry acted in bad faith. ¶ ¶ 538-39. But, as set forth above, Plaintiffs do not allege facts sufficient to state bad faith conduct by Mr. Shrewsberry or that his compensation was paid without justification. Thus, this Court should dismiss Plaintiffs' unjust enrichment claim.

### V. Because Plaintiffs fail to allege a claim under Section 29(b), Count VII fails.

As set forth in Mr. Shrewsberry's motion to dismiss, Section 29(b) does not define a substantive violation of the securities laws; instead, it provides a vehicle through which a private party may rescind contracts that were made or performed in violation of other substantive provisions of the securities laws. *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 205 (3rd Cir. 2006), citing *National Union Fire Ins. Co. v. Turtur*, 892 F.2d 199, 206 n.4 (2d Cir. 1989). Because Plaintiffs have failed to demonstrate a violation of Section 10(b) by Mr. Shrewsberry, they cannot bring a claim under Section 29(b).

Moreover, "section 29(b) voids only those contracts which by their terms necessarily involve a violation of the Act in their making or performance." *Regional Properties, Inc. v. Financial and Real Estate Consulting Co.*, 678 F.2d 552, 560 (5th Cir.

1982). Although Plaintiffs cite contrary authority, *In re Asyst Techs., Inc. Derivative Litig.*, 2008 U.S. Dist. LEXIS 96834 at * 27-28, the better-reasoned approach is to limit the scope of the statute to contracts which by their terms require a violation of the Act in their making or performance. Mr. Shrewsberry's employment contract does not fall within this definition.

### VI. Plaintiffs' claim for contribution and indemnification in Count XI are not ripe and must be dismissed.

Plaintiffs allege a claim for contribution and indemnity from Mr. Shrewsberry "in the event the Company is found liable for violating the federal securities laws" in the "putative shareholder class action filed in this District on September 29, 2016, asserting claims under the securities laws." CAC ¶ 595. Thus, Plaintiffs claim for contribution and indemnity arises from the current action, not the other litigation and regulatory actions Plaintiffs now rely upon in their Opposition. *See* Opp. At 67:14-20. Because the current action has not yet resolved, the claims are not yet ripe. *See In re Brocade Communs. Sys. Derivative Litig.*, 615 F. Supp. 2d 1018, 1048-1049 (N.D.C.A. 2016) *citing Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 295-96 (9th Cir. 1996). The contrary authority cited by Plaintiffs involved counterclaims against a whistleblower in a False Claims Act suit, none of which were strictly for indemnity or contribution, but merely had that effect. *See Siebert v. Gene Sec. Network*, 2013 U.S. Dist. LEXIS 149145*6, *9-13 (NDCA 2013). Consequently, it is not directly on point to the present action.

///
///
///
///
///
///
///

## VII. Conclusion

For the foregoing reasons, and those set forth in his moving papers, the Court should grant Mr. Shrewsberry's motion to dismiss Counts I, II, V, VII, and XI against him.

Dated: July 26, 2017  	Respectfully Submitted,

RAMSEY & EHRLICH LLP

/s/ Ismail Ramsey
ISMAIL RAMSEY
MILES EHRLICH
KATHARINE KATES
*Attorneys for John R. Shrewsberry*