CRISTINA C. ARGUEDAS (Bar No. 87787)
arguedas@achlaw.com
Ted W. Cassman (Bar No. 98932)
cassman@achlaw.com
Laurel L. Headley (Bar No. 152306)
headley@achlaw.com
ARGUEDAS, CASSMAN & HEADLEY, LLP
803 Hearst Avenue
Berkeley, CA  94710
(510) 845-3000 (Tel)
(510) 845-3003 (Fax)

Attorneys for Defendant Michael Loughlin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION** <br><br> This Document Relates To: <br> *Cook v. Loughlin et al., Case* No. 3:16-cv-05592-JST and *Hannon v. Loughlin et al.,* Case No. 3:16-cv-06624-JST | **Lead Case No. 3:16-cv-05541-JST** <br><br> **DEFENDANT MICHAEL LOUGHLIN'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** <br><br> (Consolidated with Nos. 3:16-cv-05592; 3:16-cv-05745; 3:16-cv-05817; 3:16-cv-05915; 3:16-cv-06262; 3:16-cv-06624; and 3:16-cv-06631) <br><br> Date:   August 24, 2017 at <br> Time:   2:00 p.m. <br> Dept.: Jon S. Tigar |

1
2

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................4

II.     ARGUMENT ..................................................................................................4

    A.      The Plaintiffs' Breach of Fiduciary Duty Claim Fails as to Mr. Loughlin ...........................................................................................5

    B.      The Unjust Enrichment Claim Fails as to Mr. Loughlin...........................6

    C.      The Plaintiffs' Section 10(b) Claims Fail as to Mr. Loughlin ..................6

    D.      Plaintiffs' Remaining Causes of Action Also Fail as to Mr. Loughlin ...........................................................................................8

III.    CONCLUSION..............................................................................................8

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**

**CASES**

*Fleer Corp. v. Topps Chewing Gum, Inc.,* 539 A.2d 1060 (Del. 1988) ........................... 6

*Guttman v. Jen-Hsun Huang*, 823 A.2d 492 (Del. Ch. 2003) ......................................... 6

*In re Caremark Int'l Inc. Derivative Litig.*, 698 A.2d 959 (Del. Ch. 1996) ...................... 6

*In re Hansen Natural Corp.*, 527 F. Supp. 2d 1142 (C.D. Cal. 2007) ............................. 7

*In re New Century*, 588 F. Supp. 2d 1206 (C.D. Cal. 2008) ........................................... 7

*In re Nextcard Sec. Litig.*, No. C 01-21029 JF (RS), 2006 U.S. Dist. LEXIS 16156, 2006
   WL 708663 (N.D. Cal. Mar. 20, 2006) ...................................................................... 7

*In re Tibco Software Secs. Litig.*, No. C 05-2146 SBA, 2006 U.S. Dist. LEXIS 36666,
   2006 WL 1469654 (N.D. Cal. May 25, 2006) ............................................................. 7

*In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694 (9th Cir. 2012) .......................... 8

*Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135 (2011) ................... 7

*Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 437 F.3d 588 (7th Cir. 2006) *overruled on
   other grounds*, 551 U.S. 308 (2007) ........................................................................ 7

*Palmer v. Reali*, 211 F. Supp. 3d 655 (D. Del. 2016) .................................................... 6

*Petrie v. Electronic Game Card Inc.*, No. SACV 10-00252 DOC (RNBx), 2011 U.S. Dist.
   LEXIS 6203, 2011 WL 165402, (C.D. Cal. Jan. 12, 2011) ........................................... 7

*Southland Secs. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353 (5th Cir. 2004) ....... 7

*Stone v. Ritter*, 911 A.2d 362 (Del. 2006) ..................................................................... 6

*Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029 (N.D. Cal. 2016) ... 7

*Winer Family Trust v. Queen*, 503 F.3d 319 (3rd Cir. 2007) .......................................... 7

**STATUTES**

Section 10(b) ...................................................................................................... 5, 6, 7

Section 20A...................................................................................................... 8

Section 29(a)................................................................................................... 8

**RULES**

Federal Rule of Civil Procedure 8 .................................................................. 6

Federal Rule of Civil Procedure 9 .................................................................. 7

DEFENDANT LOUGHLIN'S REPLY MEMORANDUM
RE: MOTION TO DISMISS, Lead Case No. 3:16-cv-05541

## I.      INTRODUCTION

The Plaintiffs' Omnibus Opposition to Defendants' Motions To Dismiss (Dkt. 151; hereafter, "Opposition Memorandum" or "Opp. Memo.") focuses very little of its fire on Defendant Michael Loughlin.  And for good reason:  there is very little to say about him. As explained in our moving papers, given Mr. Loughlin's position as Chief Risk Officer, he had no responsibility for or control over management policy or business operations and did not participate in the development or issuance of any of the allegedly offending public statements identified in the Complaint; and the Complaint does not allege otherwise.  The Plaintiffs nevertheless attempt to pull Mr. Loughlin within the scope of potential liability by lumping him into a group of Officer Defendants who were responsible for the issuance of public statements and by invoking a "group pleading doctrine" that has never been accepted by the Ninth Circuit and has been rejected by district courts in this Circuit.  For the reasons set forth below, these efforts fail.

## II.     ARGUMENT

The inadequacies of the Complaint as to Mr. Loughlin are perhaps best exemplified by the Plaintiffs' contention that they have adequately alleged that Mr. Loughlin was one of the officers "responsible for statements made in Wells Fargo's SEC filings, press releases, and similar group-published information."  Opp. Memo. at 6.  To support that assertion, the Plaintiffs cite to paragraphs 320 to 381 of the Complaint and assert that these paragraphs include allegations that Mr. Loughlin participated in the drafting of SEC filings, press releases, and other public documents; received copies of those documents before or shortly after their issuance, or otherwise had the ability or opportunity to control the issuance of those documents; and was able to and did control the content of those documents.  Opp. Memo. at 6.  But in fact, Mr. Loughlin's name does not appear in a single one of those paragraphs.  This only stands to reason:  given his position as Chief Risk Officer, there would be no reason to anticipate that he would or did exercise any responsibilities regarding the preparation or issuance of the company's public statements.  Thus, the Plaintiffs arguments that the Complaint

1  adequately states claims 10(b)5 claims against Mr. Loughlin for false or misleading

2  statements stands on a false premise.

3         Similar insufficiencies permeate the Complaint and each of its causes of action

4  as to Mr. Loughlin.

5  **A. The Plaintiffs' Breach of Fiduciary Duty Claim Fails as to Mr.**
       **Loughlin**

6

7         In our moving papers we noted that, as Chief Risk Officer, Mr. Loughlin "was not

8  responsible for the adoption and/or implementation of policy."  Dkt. 139 at 8.  Implicitly

9  acknowledging the truth of this assertion, and the fact that the Complaint includes no

10  allegations to the contrary, Plaintiffs' urge that the observation is irrelevant because Mr.

11  Loughlin sat on the Operations Committee (true) and sold shares of the Company's

12  stock in a pattern and in quantities that "support an inference that he knew about or

13  consciously disregarded" the illicit account creation scheme (false).  Opp. Memo. at 46.[1]

14  Although the Complaint includes Mr. Loughlin in the group of four so-called "Insider

15  Selling Defendants" who sold or otherwise disposed of over $629 million in Wells Fargo

16  shares during the Relevant Period (see Complaint ¶ 382; see also Opp. Memo. at 46),

17  less than 8% of those sales ($47.6 million) were attributed to Mr. Loughlin.  Complaint ¶

18  390.  Moreover, there was nothing suspicious about the pattern of Mr. Loughlin's

19  transactions, which included 33 transactions from February 2012 through July 2016,

20  averaging about 8 transactions a year and occurring on approximately a quarterly basis.

21  Complaint ¶ 382.  Nor does the Complaint allege anything suspicious about the timing

22  of any specific transactions by Mr. Loughlin.  Thus, the Plaintiffs' attempt to conjure an

23  inference of scienter from Mr. Loughlin's stock sales is baseless.

24         With regard to Mr. Loughlin's membership on the Operating Committee and other

25  responsibilities as Chief Risk Officer, including his reporting obligations to the Board

26

27  [1] As we have already shown, to the extent that the Plaintiffs attempt to premise their
   claim against Mr. Loughlin for breach of fiduciary duty on his alleged responsibility for
   false or misleading statements as set forth in their 10(b)(5) claim, that premise lacks any
28  foundation in the Complaint.  Compare Opp. Memo. at 16-25.

DEFENDANT LOUGHLIN'S REPLY MEMORANDUM
RE: MOTION TO DISMISS, Lead Case No. 3:16-cv-05541

1   (*see* Opp. Memo. at 44 -46), these are exactly the type of imprecise, generalized

2   allegations that cannot satisfy the pleading requirements of Federal Rule of Civil

3   Procedure 8.  Devoid of specific allegations that Mr. Loughlin (1) learned of some

4   particular fact relating to the alleged illicit account opening scheme and (2) then did not

5   take appropriate action, the First Cause of Action does not present sufficient allegations

6   to show that Mr. Loughlin failed to "use that amount of care which ordinarily careful and

7   prudent people would use in similar circumstances, and to make business decisions by

8   considering all material information reasonably available."  *Palmer v. Reali*, 211 F. Supp.

9   3d 655, 666 (D. Del. 2016) (quotation marks omitted).

10      Finally, Plaintiffs have failed to state a claim against Mr. Loughlin under *In re*

11  *Caremark Int'l Inc. Derivative Litig.*, 698 A.2d 959 (Del. Ch. 1996).  A *Caremark* claim

12  requires specific allegations showing bad faith.  *See Stone v. Ritter*, 911 A.2d 362, 369

13  (Del. 2006) (citation omitted); *Guttman v. Jen-Hsun Huang*, 823 A.2d 492, 506 (Del. Ch.

14  2003).  As demonstrated above, the Complaint makes no such allegations against Mr.

15  Loughlin.  Accordingly, the First Cause of Action must be dismissed as to Mr. Loughlin.

16          **B.  The Unjust Enrichment Claim Fails as to Mr. Loughlin**

17      The Second Cause of Action alleges that Mr. Loughlin was unjustly enriched as a

18  result of his breaches of fiduciary duty.  But as set forth above, the allegations of breach

19  of fiduciary duty are insufficient as to Mr. Loughlin.  Additionally, as we pointed out in

20  our moving papers, Dkt. 139 at 9, the Complaint also fails adequately to allege that Mr.

21  Loughlin's compensation otherwise violated "fundamental principles of justice or equity

22  and good conscience."  *Fleer Corp. v. Topps Chewing Gum, Inc.,* 539 A.2d 1060, 1062

23  (Del. 1988) (quotation marks omitted)..  Thus, this claim also fails as to Mr. Loughlin.

24          **C.  The Plaintiffs' Section 10(b) Claims Fail as to Mr. Loughlin**

25      As discussed, the Complaint conspicuously fails to allege that Mr. Loughlin was

26  personally responsible for any false or misleading statements issued by Wells Fargo.

27  *Compare* Opp. Memo. at 16–18.  Plaintiffs therefore understandably retreat to the so-

28  called "group pleading doctrine."  Opp. Memo. at 22–23.  True, the Ninth Circuit has not

1    yet addressed the viability of that doctrine after adoption of the Private Securities

2    Litigation Reform Act ("PSLRA").  But application of the group pleading doctrine to

3    Securities claims is inconsistent with the Supreme Court's decision in *Janus Capital*

4    *Group, Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011).  *See, e.g., Thomas v.*

5    *Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1047-48 (N.D. Cal. 2016)

6    (holding that specific allegations that defendants signed SEC filings were sufficient

7    under *Janus*). So it is not surprising that the overwhelming majority of courts to address

8    the issue — including the Third, Fifth and Seventh Circuits, and at least four district

9    courts in this Circuit — have held that the doctrine did not survive the Act.  *See Winer*

10   *Family Trust v. Queen*, 503 F.3d 319, 337 (3rd Cir. 2007); *Makor Issues & Rights, Ltd. v.*

11   *Tellabs, Inc.*, 437 F.3d 588, 602-03 (7th Cir. 2006) *overruled on other grounds*, 551 U.S.

12   308 (2007); *Southland Secs. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 365

13   (5th Cir. 2004); *In re New Century*, 588 F. Supp. 2d 1206, 1223-24 (C.D. Cal. 2008); *In*

14   *re Hansen Natural Corp.*, 527 F. Supp. 2d 1142, 1153-54 (C.D. Cal. 2007); *Petrie v.*

15   *Electronic Game Card Inc.*, No. SACV 10-00252 DOC (RNBx), 2011 U.S. Dist. LEXIS

16   6203, 2011 WL 165402, *3 (C.D. Cal. Jan. 12, 2011); *In re Tibco Software Secs. Litig.*,

17   No. C 05-2146 SBA, 2006 U.S. Dist. LEXIS 36666, 2006 WL 1469654, *27 (N.D. Cal.

18   May 25, 2006); *In re Nextcard Sec. Litig.*, No. C 01-21029 JF (RS), 2006 U.S. Dist.

19   LEXIS 16156, 2006 WL 708663,*3 (N.D. Cal. Mar. 20, 2006).  Because the Complaint

20   does not attribute an allegedly actionable statement to Mr. Loughlin, the Section 10(b)

21   claim fails as to him.

22        Additionally, as emphasized in our moving papers and in the previous section,

23   the Complaint's allegations fail to make out a claim for scienter specifically as to Mr.

24   Loughlin sufficient to pass muster under the PSLRA.  In the absence of any allegations

25   regarding what Mr. Loughlin knew about the illicit account creation scheme and when

26   he knew it, the Plaintiffs ask the Court to infer both that he must have learned about the

27   scheme and must have failed to take appropriate action.  Opp. Memo. at 44-45.  But

28   neither inference is sufficient under Federal Rule of Civil Procedure 9 and the PSLRA to

1  survive scrutiny.  Accordingly, the Third and Fifth Causes of Action must be dismissed

2  as to Mr. Loughlin.

3  **D.  Plaintiffs' Remaining Causes of Action Also Fail as to Mr. Loughlin**

4  The Sixth and Seventh Causes of Action, alleging violations of sections 20A and

5  29(a), are derivative of the claims in the First, Third and Fifth Causes of Action — and

6  fail for the same reasons.  *See* Dkt. 139 at 10-11; *In re VeriFone Holdings, Inc. Sec.*

7  *Litig.*, 704 F.3d 694, 711 (9th Cir. 2012).

8  Finally, the state-law claims set forth in the Eighth Cause of Action cannot be

9  sustained, since the laws of Delaware, not California, govern this matter.  Alternatively,

10  after dismissal of the other causes of action, this Court should not exercise

11  supplemental jurisdiction over the state claims.

12  **III.    CONCLUSION**

13  For all of the reasons set forth above, Mr. Loughlin's motion to dismiss should be

14  granted as to Counts One, Two, Three, Five, Six, Seven and Eight; and those causes of action

15  should be dismissed with prejudice.

16  DATED:  July 26, 2017                          /s/

17                                                  Ted W. Cassman
                                                   ARGUEDAS, CASSMAN & HEADLEY LLP
18                                                 803 Hearst Avenue
                                                   Berkeley, CA 94710
19                                                 Telephone:  (510) 845-3000
                                                   Facsimile:  (510) 845-3003
20                                                 *Counsel for Defendant Michael J. Loughlin*

21

22

23

24

25

26

27

28