Grant P. Fondo (SBN 181530)
*gfondo@goodwinlaw.com*
Lloyd Winawer (SBN 157823)
*lwinawer@goodwinlaw.com*
Nicholas A. Reider (SBN 296440)
*nreider@goodwinlaw.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Richard M. Strassberg (*pro hac vice*)
*rstrassberg@goodwinlaw.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Tel.: +1 212 813 8800
Fax.: +1 212 355 3333

Attorneys for Defendant
JOHN G. STUMPF

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION | Lead Case No. 3:16-cv-05541-JST |
| | (Consolidated with Nos. 3:16-cv-05592; 3:16-cv-05745; 3:16-cv-05817; 3:16-cv-05915; 3:16-cv-06262; 3:16-cv-06624; 3:16-cv-06631; and 3:16-cv-07089) |
| This Document Relates To: | |
| ALL ACTIONS. | **DEFENDANT JOHN G. STUMPF'S ANSWER TO CONSOLIDATED AMENDED VERIFIED STOCKHOLDER DERIVATIVE COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| | Judge: Hon. Jon S. Tigar |

Defendant John G. Stumpf ("Mr. Stumpf") hereby answers the Consolidated Amended

Verified Stockholder Derivative Complaint, ECF No. 83 ("Complaint"), filed by Plaintiff Fire &

Police Pension Association of Colorado and Plaintiff City of Birmingham Retirement and Relief

System (collectively, "Plaintiffs"), who are putative shareholders of Wells Fargo & Company

("Wells Fargo," the "Company," or the "Bank").  In responding to all of the allegations below,

1    Mr. Stumpf (i) denies all of the Complaint's allegations unless expressly admitted herein; and (ii)

2    denies any averments in the headings and subheadings of the Complaint.  Mr. Stumpf answers the

3    allegations of the like-numbered paragraphs and subparagraphs of the Complaint as follows:

4         Mr. Stumpf states that the unnumbered paragraph on page 1, including footnotes 1 and 2,

5    of the Complaint is a characterization of the Complaint to which no response is required.  To the

6    extent that the unnumbered paragraph on page 1 of the Complaint contains factual allegations to

7    which a response is required, Mr. Stumpf lacks knowledge or information sufficient to form a

8    belief as to the truth or falsity of the allegations of footnote 3 of the unnumbered paragraph on

9    page 1 of the Complaint.

10        1.    Mr. Stumpf denies the allegations paragraph 1 of the Complaint.

11        2.    Mr. Stumpf denies the allegations of the first, second, third, fourth, fifth, and sixth

12   sentences of paragraph 2 of the Complaint.  Mr. Stumpf  lacks knowledge or information

13   sufficient to form a belief as to the truth or falsity of the allegations of the seventh sentence of

14   paragraph 2 of the Complaint concerning the compensation of other banking industry CEOs and

15   states that his annual compensation is reported in Wells Fargo's public filings, and respectfully

16   refers the Court to those filings for their content.

17        3.    Mr. Stumpf denies the allegations of the paragraph 3 of the Complaint, except

18   admits that Plaintiffs purport to quote a portion of Wells Fargo's 2010 Annual Report to

19   shareholders, and respectfully refers the Court to that document for its content.  Mr. Stumpf states

20   that footnote 4 in paragraph 3 of the Complaint is a characterization of the Complaint to which no

21   response is required.

22        4.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

23   truth or falsity of the allegations of paragraph 4 of the Complaint, except admits that Ms. Tolstedt

24   was Wells Fargo's Senior Executive Vice President, Community Banking.  To the extent that

25   Plaintiffs purport to quote from a transcript of the alleged May 20, 2014 conference, Mr. Stumpf

26   respectfully refers the Court to the transcript of the conference for its content.

27        5.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

28   truth or falsity of the allegations of paragraph 5 of the Complaint, except admits that Mr.

Shrewsberry has served as Wells Fargo's Chief Financial Officer.  To the extent that Plaintiffs purport to quote from a transcript of the alleged May 20, 2014 conference, Mr. Stumpf respectfully refers the Court to the transcript of the conference for its content.

6.     Mr. Stumpf denies the allegations of paragraph 6 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

7.     Mr. Stumpf denies the allegations of paragraph 7 of the Complaint, except admits that Plaintiffs purport to quote portions of a September 9, 2016 CNN broadcast, a *Forbes* article dated September 13, 2016, and a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced CNN broadcast, *Forbes* article, and transcript for their content.

8.     Mr. Stumpf denies the allegations of paragraph 8 of the Complaint.

9.     Mr. Stumpf denies the allegations of paragraph 9 of the Complaint, except admits that on September 8, 2016, the L.A. City Attorney, the U.S. Consumer Financial Protection Bureau, and the Office of the Comptroller of the Currency issued press releases, and that the U.S. Consumer Financial Protection Bureau and the Office of the Comptroller of the Currency issued consent orders, and respectfully refers the Court to those documents for their content.

10.     Mr. Stumpf denies the allegations of paragraph 10 of the Complaint, except admits that Plaintiffs purport to quote from a consent order dated September 8, 2016, and respectfully refers the Court to that document for its content.

11.     Mr. Stumpf denies the allegations of paragraph 11 of the Complaint, except admits that Plaintiffs purport to quote from a consent order dated September 8, 2016, and respectfully refers the Court to that document for its content.

12.     Mr. Stumpf denies the allegations of paragraph 12 of the Complaint, except admits that Plaintiffs purport to quote from a consent order dated September 8, 2016, and respectfully refers the Court to that document for its content.

13.     Mr. Stumpf denies the allegations of paragraph 13 of the Complaint, except admits that Plaintiffs purport to quote from a consent order dated September 8, 2016, and respectfully refers the Court to that document for its content.

14.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 of the Complaint concerning the L.A. City Attorney's office's history.  Mr. Stumpf denies the remaining allegations of paragraph 14 of the Complaint, except admits that Plaintiffs purport to paraphrase a [Proposed] Stipulated Final Judgment entered into by and between Wells Fargo and the People of the State of California, and respectfully refers the Court to that document for its content.

15.     Mr. Stumpf denies the allegations of paragraph 15 of the Complaint, except admits that there was a Congressional investigation that included hearings related to Wells Fargo on September 20, 2016 and September 29, 2016, before the Senate Committee on Banking, Housing, and Urban Affairs and the House Financial Services Committee, respectively.

16.     Mr. Stumpf denies the allegations of paragraph 16 of the Complaint, except admits that he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016 and before the House Financial Services Committee on September 29, 2016, and that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

17.     Mr. Stumpf denies the allegations of paragraph 17 of the Complaint, except admits that Plaintiffs purport to quote from a September 28, 2016 Joint Letter of Senators Warren, Merkley, and Menendez, and respectfully refers the Court to that document for its content.

18.     Mr. Stumpf denies the allegations of paragraph 18 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

19.     Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with

4

the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 19 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

20.     Mr. Stumpf denies the allegations of paragraph 20 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

21.     Mr. Stumpf denies the allegations of paragraph 21 of the Complaint.

22.     Mr. Stumpf denies the allegations of paragraph 22 of the Complaint, except admits that Plaintiffs purport to quote from letters allegedly received in September 2007, and respectfully refers the Court to the letters for their content.

23.     Mr. Stumpf admits that Wells Fargo used an EthicsLine, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 23 of the Complaint.  To the extent Plaintiffs purport to quote from a Wells Fargo Store Manager Incentive Plan dated January 1, 2008, Mr. Stumpf  respectfully refers the Court to that document for its content.

24.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 of the Complaint.  To the extent Plaintiffs purport to quote from an order or other document issued by a division of the U.S. Department of Labor, Mr. Stumpf respectfully refers the Court to that document for its content.

25.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25 of the Complaint.  To the extent Plaintiffs purport to paraphrase a complaint filed in 2009, Mr. Stumpf respectfully refers the Court to the complaint for its content.

26.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26 of the Complaint.  To the extent Plaintiffs purport to paraphrase a complaint in the Northern District of California in 2010 and a *New York Times* article, Mr. Stumpf respectfully refers the Court to the complaint and article for their content.

27.     Mr. Stumpf denies the allegations of paragraph 27 of the Complaint, except admits that he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

28.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28 of the Complaint.  To the extent Plaintiffs purport to paraphrase alleged branch managers' emails, Mr. Stumpf respectfully refers the Court to those emails for their content.

29.     Mr. Stumpf denies the allegations of paragraph 29 of the Complaint, except admits that he testified before the House Financial Services Committee on September 29, 2016, and that Plaintiffs purport to quote from a transcript of a House Financial Services Committee hearing held on September 29, 2016, and respectfully refers the Court to the referenced transcript for its content.

30.     Mr. Stumpf denies the allegations of paragraph 30 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's written responses to the Senate Committee on Banking, Housing, and Urban Affairs, and respectfully refers the Court to the written responses for their content.

31.     Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Mr. Stumpf responds to the allegations of paragraph 31 of the Complaint, including footnote 23, by stating that he lacks knowledge or information sufficient to

6

1  form a belief as to the truth or falsity of the allegations of paragraph 31 of the Complaint,

2  including footnote 23.  To the extent Plaintiffs purport to paraphrase an OCC Supervisory Letter,

3  Mr. Stumpf respectfully refers the Court to the letter for its content.

4  32.  Mr. Stumpf understand that the OCC takes the position that its supervisory

5  communications with Wells Fargo are privileged and confidential supervisory information (with

6  the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.

7  Accordingly, Mr. Stumpf responds to the allegations of paragraph 32 of the Complaint by stating

8  that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

9  allegations of paragraph 32 of the Complaint.  To the extent Plaintiffs purport to quote from

10  written testimony to the Senate Committee on Banking, Housing, and Urban Affairs, and

11  respectfully refers the Court to the written testimony for its content.

12  33.  Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

13  truth or falsity of the allegations of paragraph 33 of the Complaint.  To the extent Plaintiffs

14  purport to summarize the allegations of a complaint filed in October 2012 by seven former alleged

15  Wells Fargo employees, Mr. Stumpf respectfully refers the Court to the complaint for its content.

16  34.  Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

17  truth or falsity of the allegations of paragraph 34 of the Complaint.

18  35.  Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

19  truth or falsity of the allegations of paragraph 35 of the Complaint.  To the extent Plaintiffs

20  purport to summarize the allegations of a complaint filed on October 3, 2013 by an alleged former

21  Wells Fargo employee, Mr. Stumpf respectfully refers the Court to the complaint for its content.

22  36.  Mr. Stumpf denies the allegations of paragraph 36 of the Complaint, except admits

23  that Plaintiffs purport to paraphrase Wells Fargo's written responses to the Senate Committee on

24  Banking, Housing, and Urban Affairs, and respectfully refers the Court to the written responses

25  for their content.

26  37.  Mr. Stumpf denies the allegations of paragraph 37 of the Complaint, except admits

27  that Plaintiffs purport to quote from a *Los Angeles Times* article dated December 21, 2013, and

28  respectfully refers the Court to that article for its content.

7

DEFENDANT JOHN G. STUMPF'S ANSWER TO CONSOLIDATED AMENDED VERIFIED STOCKHOLDER
DERIVATIVE COMPLAINT                                          LEAD CASE NO. 3:16-CV-05541-JST

38.    Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 38 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 38 of the Complaint.  To the extent Plaintiffs purport to paraphrase Mr. Curry's testimony before the Senate Committee on Banking, Housing, and Urban Affairs, Mr. Stumpf respectfully refers the Court to the testimony for its content.

39.    Mr. Stumpf admits the allegations of paragraph 39 of the Complaint.

40.    Mr. Stumpf denies the allegations of paragraph 40, except admits that he testified before the House Financial Services Committee on September 29, 2016, that the *L.A. Times* published an article in December 2013, and that Plaintiffs purport to paraphrase Mr. Stumpf's testimony before the House Financial Services Committee on September 29, 2016 and the *L.A. Times* article, and respectfully refers the Court to the transcript and article for their content.

41.    Mr. Stumpf denies the allegations of paragraph 41 of the Complaint, except admits that he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

42.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 42 of the Complaint, except admits that Plaintiffs purport to paraphrase a complaint filed on May 4, 2015 by the L.A. City Attorney and settlement documents dated September 2016, and respectfully refers the Court to the complaint and settlement documents for their content.

43.    Mr. Stumpf admits the allegations of paragraph 43 of the Complaint.

44.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44 of the Complaint, except admits that Plaintiffs

8

DEFENDANT JOHN G. STUMPF'S ANSWER TO CONSOLIDATED AMENDED VERIFIED STOCKHOLDER
DERIVATIVE COMPLAINT                                              LEAD CASE NO. 3:16-CV-05541-JST

1  purport to quote from alleged letters and emails from an alleged former Wells Fargo banker, and

2  respectfully refers the Court to those documents for their content.

3        45.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

4  truth or falsity of the allegations of paragraph 45 of the Complaint.  To the extent that Plaintiffs

5  purport to quote from a complaint filed on May 14, 2015, Mr. Stumpf respectfully refers the Court

6  to the complaint for its content.

7        46.    Mr. Stumpf understand that the OCC takes the position that its supervisory

8  communications with Wells Fargo are privileged and confidential supervisory information (with

9  the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.

10  Accordingly, Mr. Stumpf responds to the allegations of paragraph 46(a)-(b), and 46(d)-(i) of the

11  Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the

12  truth or falsity of the allegations of paragraph 46(a)-(b), and 46(d)-(i) of the Complaint.  Mr.

13  Stumpf otherwise denies the allegations of paragraph 46 of the Complaint, except admits that: (i)

14  Wells Fargo provided information to the CFPB in June and July 2015; and (ii) one independent

15  consultant presented findings to Wells Fargo regarding the Bank's sales practices, and another

16  independent consultant presented findings to Wells Fargo regarding potential consumer harm

17  related to potentially unauthorized accounts.  To the extent that Plaintiffs purport to quote from or

18  paraphrase letters from the OCC, the OCC's 2016 Report of Examination, the OCC's website, and

19  a consent order, Mr. Stumpf respectfully refers the Court to those documents for their content.

20        47.    Mr. Stumpf denies the allegations of paragraph 47 of the Complaint.

21        48.    Mr. Stumpf denies the allegations of paragraph 48 of the Complaint, except admits

22  that Plaintiffs purport to paraphrase a *Wall Street Journal* titled "*At Wells Fargo, Bank Branches*

23  *Were Tipped Off to Inspections*," and respectfully refers the Court to the article for its content.

24        49.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

25  truth or falsity of the allegations of paragraph 49 of the Complaint.  To the extent Plaintiffs

26  purport to quote from a letter dated February 1, 2017, Mr. Stumpf respectfully refers the Court to

27  the letter for its content.

28

9

Defendant John G. Stumpf's Answer to Consolidated Amended Verified Stockholder
Derivative Complaint                                              Lead Case No. 3:16-cv-05541-JST

1        50.     Mr. Stumpf denies the allegations of paragraph 50 of the Complaint, except admits

2   that certain employees were terminated during the alleged Relevant Period for engaging in

3   improper activity.

4        51.     Mr. Stumpf  states that paragraph 51 of the Complaint contains conclusions of law

5   to which no response is required.  To the extent that paragraph 51 of the Complaint contains

6   factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

7   51 of the Complaint.

8        52.     Mr. Stumpf  states that paragraph 52 of the Complaint contains conclusions of law

9   to which no response is required.  To the extent that paragraph 52 of the Complaint contains

10   factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

11   52 of the Complaint.

12        53.     Mr. Stumpf denies the allegations of paragraph 53 of the Complaint, except admits

13   that Plaintiffs purport to paraphrase or quote from a consent order dated July 20, 2011, a press

14   release dated July 20, 2011, and a CNN Money article dated July 20, 2011, and respectfully refers

15   the Court to the consent order, press release, and article for their content.

16        54.     Mr. Stumpf denies the allegations of paragraph 54 of the Complaint, except admits

17   that in or around August 2015, PricewaterhouseCoopers was engaged to analyze potentially

18   unauthorized accounts in consultation with regulators and the L.A. City Attorney's Office, that he

19   testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20,

20   2016, and that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking,

21   Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court

22   to the referenced transcript for its content.

23        55.     Mr. Stumpf  denies the allegations of paragraph 55 of the Complaint.  To the extent

24   Plaintiffs purport to paraphrase a Consumer Financial Protection Bureau consent order dated

25   September 8, 2016 and a Wells Fargo press release dated September 8, 2016, Mr. Stumpf

26   respectfully refers the Court to those documents for their content.

27        56.     Mr. Stumpf  states that paragraph 56 of the Complaint contains conclusions of law

28   to which no response is required.  To the extent that paragraph 56 of the Complaint contains

factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 56 of the Complaint.

57.     Mr. Stumpf states that paragraph 57 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 57 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 57 of the Complaint.

58.     Mr. Stumpf states that paragraph 58 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 58 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf admits that he is a resident of California, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 58 of the Complaint concerning other Defendants' residences or alleged "sufficient minimum contacts with California," and denies the remaining allegations of paragraph 58 of the Complaint.

59.     Mr. Stumpf states that paragraph 59 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 59 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf admits that he is a resident of California, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 59 of the Complaint concerning the residences of other Defendants or whether Wells Fargo maintains its principal place of business in this District, and denies the remaining allegations of paragraph 59 of the Complaint.

60.     Mr. Stumpf states that paragraph 60 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 60 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 60 of the Complaint.

61.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 61 of the Complaint.

62.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 62 of the Complaint.

63.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 63 of the Complaint.

64.     Mr. Stumpf states that paragraph 64 of the Complaint contains conclusions of law to which no response is required.  Mr. Stumpf further states that paragraph 64 of the Complaint is a characterization of the Complaint to which no response is required.  To the extent that paragraph 64 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 64 of the Complaint.

65.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 65 of the Complaint.

66.     Mr. Stumpf admits that the allegations of paragraph 66 of the Complaint were accurate when this action was filed, except that Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 66 of the Complaint concerning the alleged citizenship of Wells Fargo.

67.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 67 of the Complaint, except that Mr. Stumpf admits that Wells Fargo engaged in acquisitions and mergers in the late 1980s and 1990s, including a merger with Norwest Corporation in 1998, that in 2008, Wells Fargo announced that it would acquire Wachovia Corporation, and that Wells Fargo has focused on the U.S. retail customer market.

68.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 68, except admits that Plaintiffs purport to quote from a Wells Fargo Form 10-Q, and respectfully refers the Court to the Form 10-Q for its content.

69.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 69 of the Complaint, except admits that: (i) Wells Fargo's operating segments include Wholesale Banking, which provides financial solutions to businesses, Wealth and Investment Management, which provides personalized wealth management, investment and retirement products and services, including financial planning, private banking, credit, investment management and fiduciary services to high-net worth and ultra-

high-net worth individuals and families, and Community Banking, which provides financial products and services to customers and small businesses, including checking and savings accounts, credit and debit cards, auto, student, and small-business lending, investment, insurance, and trust services, and mortgage and home equity loans; and (ii) Community Banking earned approximately twice the annual revenue of Wholesale Banking and more than three times the revenue of Wealth and Investment Management during the alleged Relevant Period.

70.     Mr. Stumpf denies the allegations of paragraph 70 of the Complaint, except admits that: (i) Mr. Stumpf served as Wells Fargo's CEO from June 2007 until he retired on October 12, 2016; (ii) Mr. Stumpf served as a director on Wells Fargo's Board between June 2006 and October 2016, including as Chairman between January 2010 and October 2016; (iii) Mr. Stumpf earlier served as the Wells Fargo's President from August 2005 to November 2015, and as its Chief Operating Officer from August 2005 to June 2007; and (iv) Mr. Stumpf previously held various positions with Wells Fargo and its predecessors, since at least 1982, and held a variety of management positions, including Group Executive Vice President of Community Banking.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. Stumpf's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

71.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 71 of the Complaint, except admits that Mr. Sloan succeeded Mr. Stumpf as Wells Fargo's CEO, and that Mr. Sloan previously served as Wells Fargo's President and COO since November 2015.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. Sloan's positions, the dates during which Mr. Sloan served in such positions, and Mr. Sloan's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

72.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 72 of the Complaint, except admits that Ms. Tolstedt served as Wells Fargo's Senior Executive Vice President, Community Banking.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Ms. Tolstedt's positions,

the dates during which Ms. Tolstedt served in such positions, and Ms. Tolstedt's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

73.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 73 of the Complaint, except admits that Mr. Shrewsberry has served as Wells Fargo's Senior Executive Vice President and CFO.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. Shrewsberry's positions, the dates during which Mr. Shrewsberry served in such positions, and Mr. Shrewsberry's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

74.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 74 of the Complaint, except admits that Mr. Loughlin has served as Wells Fargo's Senior Executive Vice President and Chief Risk Officer.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. Loughlin's positions, the dates during which Mr. Loughlin served in such positions, and Mr. Loughlin's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

75.     Mr. Stumpf states that paragraph 75 of the Complaint is a characterization of the referenced terms "Officer Defendants" and "Insider Selling Defendants," to which no response is required.  To the extent that paragraph 75 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 75 of the Complaint.

76.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 76 of the Complaint, except admits that Mr. Baker has served on Wells Fargo's Board of Directors, and on the Audit and Examination, Credit, and Corporate Responsibility Committees thereof.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. Baker's positions, the dates during which Mr. Baker served in such positions, and Mr. Baker's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

77.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 77 of the Complaint, except admits that Ms. Chao

has served on Wells Fargo's Board of Directors, and on the Credit and Corporate Responsibility Committees thereof.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Ms. Chao's positions, the dates during which Ms. Chao served in such positions, and Ms. Chao's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

78.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 78 of the Complaint, except admits that Mr. Chen has served on Wells Fargo's Board of Directors, and on the Human Resources Committee thereof. To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. Chen's positions, the dates during which Mr. Chen served in such positions, and Mr. Chen's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

79.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 79 of the Complaint, except admits that Mr. Dean has served on Wells Fargo's Board of Directors, and on the Human Resources, Corporate Responsibility, and Risk, Credit, Audit and Examination, and Governance and Nominating Committees thereof.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. Dean's positions, the dates during which Mr. Dean served in such positions, and Mr. Dean's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

80.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 80 of the Complaint, except admits that Ms. Duke has served on Wells Fargo's Board of Directors, and on the Credit, Risk, and Finance Committees thereof.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Ms. Duke's positions, the dates during which Ms. Duke served in such positions, and Ms. Duke's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

81.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 81 of the Complaint, except admits that Ms. Engel has served on Wells Fargo's Board of Directors, and on the Credit, Human Resources, and

15

Finance Committees thereof.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Ms. Engel's positions, the dates during which Ms. Engel served in such positions, and Ms. Engel's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

82.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 82 of the Complaint, except admits that Mr. Hernandez has served on Wells Fargo's Board of Directors, and on the Risk, Corporate Responsibility, Finance, and Audit and Examination Committees thereof.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. Hernandez's positions, the dates during which Mr. Hernandez served in such positions, and Mr. Hernandez's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

83.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 83 of the Complaint, except admits that Mr. James has served on Wells Fargo's Board of Directors, and on the Human Resources and Finance Committees thereof.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. James's positions, the dates during which Mr. James served in such positions, and Mr. James's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

84.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 84 of the Complaint, except admits that Ms. Milligan has served on Wells Fargo's Board of Directors, and on the Credit, Corporate Responsibility, Risk, Governance and Nominating, and Audit and Examination Committees thereof.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Ms. Milligan's positions, the dates during which Ms. Milligan served in such positions, and Ms. Milligan's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

85.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 85 of the Complaint, except admits that Mr. Pena

has served on Wells Fargo's Board of Directors, and on the Corporate Responsibility, Audit and Examination, and Governance and Nominating Committees thereof.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. Pena's positions, the dates during which Mr. Pena served in such positions, and Mr. Pena's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

86.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 86 of the Complaint, except admits that Mr. Quigley has served on Wells Fargo's Board of Directors, and on the Audit and Examination, Risk, and Credit Committees thereof.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. Quigley's positions, the dates during which Mr. Quigley served in such positions, and Mr. Quigley's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

87.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 87 of the Complaint, except admits that Ms. Runstad has served on Wells Fargo's Board of Directors, and on the Corporate Responsibility, Risk, Finance, and Credit Committees thereof.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Ms. Runstad's positions, the dates during which Ms. Runstad served in such positions, and Ms. Runstad's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

88.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 88 of the Complaint, except admits that Mr. Sanger has served on Wells Fargo's Board of Directors, and on the Human Resources, Risk, and Governance and Nominating Committees thereof.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. Sanger's positions, the dates during which Mr. Sanger served in such positions, and Mr. Sanger's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

89.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 89 of the Complaint, except admits that Ms.

Swenson has served on Wells Fargo's Board of Directors, and on the Audit and Examination, and Governance and Nominating Committees thereof.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Ms. Swenson's positions, the dates during which Ms. Swenson served in such positions, and Ms. Swenson's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

90.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 90 of the Complaint, except admits that Ms. Vautrinot has served on Wells Fargo's Board of Directors, and on the Audit and Examination and Credit Committees thereof.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Ms. Vautrinot's positions, the dates during which Ms. Vautrinot served in such positions, and Ms. Vautrinot's compensation, Mr. Stumpf respectfully refers the Court to those filings for their content.

91.    Mr. Stumpf states that paragraph 91 of the Complaint is a characterization of the referenced term "Director Defendants," to which no response is required.  To the extent that paragraph 91 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 91 of the Complaint.

92.    Mr. Stumpf states that paragraph 92 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 92 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 92 of the Complaint.

93.    Mr. Stumpf states that paragraph 93 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 93 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 93 of the Complaint.

94.    Mr. Stumpf states that paragraph 94 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 94 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 94 of the Complaint.

95.     Mr. Stumpf states that paragraph 95 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 95 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 95 of the Complaint.

96.     Mr. Stumpf states that paragraph 96 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 96 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 96 of the Complaint concerning the alleged intentions that the federal government had in implementing the alleged regulations and guidance, and otherwise denies the allegations of paragraph 96 of the Complaint.

97.     Mr. Stumpf states that paragraph 97 states conclusions of law to which no response is required.  To the extent that paragraph 97 contains factual allegations to which a response is required, Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 97, except admits that Plaintiffs purport to quote from a letter dated December 3, 1992, and respectfully refers the Court to the letter for its content.

98.     Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 98 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the allegations of paragraph 98 of the Complaint.  To the extent that Plaintiffs purport to quote from Mr. Curry's written testimony before the House Financial Services Committee on June 19, 2012, Mr. Stumpf respectfully refers the Court to the referenced written testimony for its content.

99.     Mr. Stumpf states that paragraph 99 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 99 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

19

99 of the Complaint, except admits that Plaintiffs purport to paraphrase OCC Bulletin 2014-52, and respectfully refer the Court to the bulletin for its content.

100.    Mr. Stumpf denies the allegations of paragraph 100 of the Complaint, except admits that Plaintiffs purport to paraphrase or quote from Wells Fargo's 2012, 2013, 2014, and 2015 annual reports, and respectfully refers the Court to those documents for their content.

101.    Mr. Stumpf denies the allegations of paragraph 101 of the Complaint, except admits that Wells Fargo's Board has standing committees that have charters and monitor specific aspects of Wells Fargo's business, including the Audit and Examination Committee, the Risk Committee, the Corporate Responsibility Committee, the Human Resource Committee, and the Governance and Nominating Committee.

102.    Mr. Stumpf denies the allegations of paragraph 102 of the Complaint, except admits that the referenced Wells Fargo directors served on the referenced committees, as reflected in the chart in paragraph 102.

103.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 103 of the Complaint.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings identifying the Wells Fargo's Board of Directors' Audit and Examination Committee's current membership and quote from that Committee's charter, Mr. Stumpf respectfully refers the Court to those documents for their content.

104.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 104 of the Complaint.  To the extent Plaintiffs purport to paraphrase Wells Fargo's Charter, Mr. Stumpf respectfully refers the Court to that document for its content.

105.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 105 of the Complaint.  To the extent Plaintiffs purport to paraphrase Wells Fargo's Board of Directors' Audit and Examination Committee's Charter, Mr. Stumpf respectfully refers the Court to that document for its content.

DEFENDANT JOHN G. STUMPF'S ANSWER TO CONSOLIDATED AMENDED VERIFIED STOCKHOLDER DERIVATIVE COMPLAINT                                                          LEAD CASE NO. 3:16-CV-05541-JST

106.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 106 of the Complaint.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings identifying the Wells Fargo's Board of Directors' Risk Committee's current membership and quote from that Committee's charter and from Wells Fargo's 2012, 2013, 2014, and 2015 Annual Reports, Mr. Stumpf respectfully refers the Court to those documents for their content.

107.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 107 of the Complaint.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings identifying the Wells Fargo's Board of Directors' Human Resources Committee's current membership and quote from that Committee's charter, Mr. Stumpf respectfully refers the Court to those documents for their content.

108.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 108 of the Complaint.  To the extent Plaintiffs purport to paraphrase Wells Fargo's 2016 Proxy Statement, Mr. Stumpf respectfully refers the Court to that document for its content.

109.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 109 of the Complaint.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings identifying the Wells Fargo's Board of Directors' Corporate Responsibility Committee's current membership and quote from that Committee's charter, Mr. Stumpf respectfully refers the Court to those documents for their content.

110.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 110 of the Complaint.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings identifying the Wells Fargo's Board of Directors' Governance and Nominating Committee's current membership and quote from that Committee's charter, Mr. Stumpf respectfully refers the Court to those documents for their content.

111.    Mr. Stumpf denies the allegations of paragraph 111 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2014 Proxy Statement, and respectfully refers the Court to the Proxy Statement for its content.

112.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 112 of the Complaint, except admits that Defendants Dean, Milligan, Pena, and Sanger were members of the Board's Governance and Nominating Committee during the alleged Relevant Period.  To the extent Plaintiffs purport to quote Wells Fargo's public filings describing Wells Fargo's Board of Directors' Corporate Responsibility Committee's responsibilities, Mr. Stumpf respectfully refers the Court to those documents for their content.

113.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 113 of the Complaint.  To the extent Plaintiffs purport to quote from Wells Fargo's Corporate Governance Guidelines, Mr. Stumpf respectfully refers the Court to that document for its content.

114.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 114 of the Complaint.  To the extent Plaintiffs purport to quote from Wells Fargo's Corporate Governance Guidelines and Code of Ethics, Mr. Stumpf respectfully refers the Court to those documents for their content.

115.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 115 of the Complaint.  To the extent Plaintiffs purport to quote Wells Fargo's public filings describing Wells Fargo's Board of Directors' Governance and Nominating Committee's responsibilities, Mr. Stumpf respectfully refers the Court to those documents for their content

116.    Mr. Stumpf states that paragraph 116 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 116 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 116 of the Complaint, except admits that Wells Fargo issued proxy statements prior to each annual

1   and special shareholder meeting, and filed the information in such proxy statements prior to

2   shareholder votes on the election of directors and the approval of certain other actions.

3        117.    Mr. Stumpf denies the allegations of paragraph 117 of the Complaint, except

4   admits that Plaintiffs purport to quote from Wells Fargo's 2016 Proxy Statement, and respectfully

5   refers the Court to the Proxy Statement for its content.

6        118.    Mr. Stumpf denies the allegations of paragraph 118 of the Complaint, except

7   admits that Plaintiffs purport to quote from Wells Fargo's 2016 Proxy Statement, and paraphrase

8   Wells Fargo's other proxy statements and Code of Ethics, and respectfully refers the Court to

9   those documents for their content.

10        119.    Mr. Stumpf denies the allegations of paragraph 119 of the Complaint, except

11   admits that Plaintiffs purport to quote from Wells Fargo's 2015 Proxy Statement, and paraphrase

12   certain of Wells Fargo's other proxy statements, and respectfully refers the Court to those

13   documents for their content.

14        120.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

15   truth or falsity of the allegations of paragraph 120 of the Complaint.  To the extent Plaintiffs

16   purport to paraphrase Wells Fargo's 2014 Proxy Statement, Mr. Stumpf respectfully refers the

17   Court to that document for its content.

18        121.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

19   truth or falsity of the allegations of paragraph 121 of the Complaint.  To the extent Plaintiffs

20   purport to quote from Wells Fargo's 2015 Proxy Statement, Mr. Stumpf respectfully refers the

21   Court to that document for its content.

22        122.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

23   truth or falsity of the allegations of paragraph 122 of the Complaint.  To the extent Plaintiffs

24   purport to quote from Wells Fargo's 2016 Proxy Statement, Mr. Stumpf respectfully refers the

25   Court to that document for its content.

26        123.    Mr. Stumpf states that paragraph 123 of the Complaint contains conclusions of law

27   to which no response is required.  To the extent that paragraph 123 of the Complaint includes

28

1    factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

2    123 of the Complaint.

3        124.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

4    truth or falsity of the allegations of the first and third sentences of paragraph 124 of the Complaint,

5    except admits that Plaintiffs purport to quote from a December 2013 *L.A. Times* article, and

6    respectfully refer the Court to the article for its content.  Mr. Stumpf denies the allegations of the

7    second sentence of paragraph 124 of the Complaint.

8        125.    Mr. Stumpf denies the allegations of the of paragraph 125 of the Complaint, except

9    admits that Plaintiffs purport to quote from Wells Fargo's 1999 Annual Report, and respectfully

10   refers the Court to the Annual Report for its content.

11       126.    Mr. Stumpf denies the allegations of the of paragraph 126 of the Complaint, except

12   admits that Plaintiffs purport to quote from Wells Fargo's 2006 Annual Report, and respectfully

13   refers the Court to the Annual Report for its content.

14       127.    Mr. Stumpf denies the allegations of the of paragraph 127 of the Complaint, except

15   admits that Plaintiffs purport to quote from Wells Fargo's 2007 Annual Report, and respectfully

16   refers the Court to the Annual Report for its content.

17       128.    Mr. Stumpf denies the allegations of the of paragraph 128 of the Complaint, except

18   admits that Plaintiffs purport to quote alleged statements made at a 2010 Investor Conference held

19   on May 13, 2010, and respectfully refers the Court to the transcript of the conference for its

20   content.

21       129.    Mr. Stumpf denies the allegations of the of paragraph 129 of the Complaint, except

22   admits that Plaintiffs purport to quote alleged statements made at a 2010 Investor Conference held

23   on May 13, 2010, and respectfully refers the Court to the transcript of the conference for its

24   content.

25       130.    Mr. Stumpf denies the allegations of the of paragraph 130 of the Complaint, except

26   admits that Plaintiffs purport to quote from Wells Fargo's 2010 Annual Report, and respectfully

27   refers the Court to the Annual Report for its content.

28

131.   Mr. Stumpf denies the allegations of the of paragraph 131 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's Q1 2011 Form 10-Q, and respectfully refers the Court to the Form 10-Q for its content

132.   Mr. Stumpf denies the allegations of the of paragraph 132 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2013 Annual Report, and respectfully refers the Court to the Annual Report for its content.

133.   Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 133 of the Complaint, and denies the remaining allegations of paragraph 133 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2013 Annual Report, and respectfully refers the Court to the Annual Report for its content.

134.   Mr. Stumpf denies the allegations of the of paragraph 134 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2013 Annual Report, and respectfully refers the Court to the Annual Report for its content.

135.   Mr. Stumpf denies the allegations of the of paragraph 135 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2013 Annual Report and 2013 Form 10-K, and respectfully refers the Court to the Annual Report for its content.

136.   Mr. Stumpf denies the allegations of paragraph 136 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a 2014 Investor Day Conference, and respectfully refers the Court to the referenced transcript for its content.

137.   Mr. Stumpf denies the allegations of paragraph 137 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a 2014 Investor Day Conference, and respectfully refers the Court to the referenced transcript for its content.

138.   Mr. Stumpf denies the allegations of paragraph 138 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a 2014 Investor Day Conference, and respectfully refers the Court to the referenced transcript for its content.

139.   Mr. Stumpf denies the allegations of paragraph 139 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a September 10, 2014 Barclays Capital

2014 Global Financial Services Conference, and respectfully refers the Court to the referenced transcript for its content.

140.    Mr. Stumpf denies the allegations of paragraph 140 of the Complaint.

141.    Mr. Stumpf denies the allegations of paragraph 141 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2014 Annual Report, and respectfully refers the Court to the Annual Report for its content.

142.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 142 of the Compliant.  To the extent Plaintiffs purport to quote from Wells Fargo's 2010 Annual Report, Mr. Stumpf respectfully refers the Court to the document for its content.

143.    Mr. Stumpf denies the allegations of paragraph 143 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's Q1 2011 Form 10-Q, and respectfully refers the Court to that Form 10-Q for its content.

144.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 144 of the Compliant.  To the extent Plaintiffs purport to quote from or paraphrase Wells Fargo's 2011, 2012, 2013, 2014, and 2015 Annual Reports, Mr. Stumpf respectfully refers the Court to the Annual Reports for their content.

145.    Mr. Stumpf denies the allegations of paragraph 145 of the Complaint, except admits that Plaintiffs purport to quote from statements allegedly made during Wells Fargo's Q2 2013 earnings call on July 12, 2013, and respectfully refers the Court to the transcript of the earnings call for its content.

146.    Mr. Stumpf  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 146 of the Complaint.  To the extent Plaintiffs purport to paraphrase the referenced complaint, Mr. Stumpf respectfully refers the Court to that complaint for its content.

147.    Mr. Stumpf  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 147 of the Complaint.  To the extent Plaintiffs

1  purport to quote from Wells Fargo's Store Manager Incentive Plan, Mr. Stumpf respectfully refers

2  the Court to that document for its content.

3      148.    Mr. Stumpf  lacks knowledge or information sufficient to form a belief as to the

4  truth or falsity of the allegations of paragraph 148 of the Complaint.  To the extent Plaintiffs

5  purport to paraphrase the referenced complaint, Mr. Stumpf respectfully refers the Court to that

6  complaint for its content.

7      149.    Mr. Stumpf  lacks knowledge or information sufficient to form a belief as to the

8  truth or falsity of the allegations of paragraph 149 of the Complaint.  To the extent Plaintiffs

9  purport to paraphrase the referenced declaration, Mr. Stumpf respectfully refers the Court to that

10 document for its content.

11     150.    Mr. Stumpf denies the allegations of paragraph 150 of the Complaint.

12     151.    Mr. Stumpf denies the allegations of paragraph 151 of the Complaint, except

13 admits that Wells Fargo used an EthicsLine, and that Plaintiffs purport to quote from or

14 paraphrase Wells Fargo's written responses to the Senate Committee on Banking, Housing, and

15 Urban Affairs and Wells Fargo's Team Member Handbook dated 2010, and respectfully refers the

16 Court to the written responses and handbook for their content.

17     152.    Mr. Stumpf denies the allegations of paragraph 152 of the Complaint, except

18 admits that Plaintiffs purport to quote from Wells Fargo's Team Member Handbook dated 2010,

19 and respectfully refers the Court to the handbook for its content.

20     153.    Mr. Stumpf denies the allegations of paragraph 153 of the Complaint, except

21 admits that Plaintiffs purport to quote from Wells Fargo's Code of Ethics and Business Conduct,

22 and respectfully refers the Court to that document for its content

23     154.    Mr. Stumpf denies the allegations of paragraph 154 of the Complaint, except

24 admits that he testified before House Financial Services Committee on September 29, 2016, and

25 that Plaintiffs purport to quote from a transcript of a House Financial Services Committee hearing

26 held on September 29, 2016, and respectfully refers the Court to the referenced transcript for its

27 content.

28

155.    Mr. Stumpf denies the allegations of paragraph 155 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's written responses to the Senate Committee on Banking, Housing, and Urban Affairs, and respectfully refers the Court to the written responses for their content.

156.    Mr. Stumpf denies the allegations of paragraph 156 of the Complaint, except admits that Plaintiff purports to quote from Wells Fargo's written responses to the Senate Committee on Banking, Housing, and Urban Affairs, and respectfully refers the Court to the written responses for their content.

157.    Mr. Stumpf denies the allegations of paragraph 157 of the Complaint, except admits that Plaintiff purports to quote from Wells Fargo's written responses to the Senate Committee on Banking, Housing, and Urban Affairs, and respectfully refers the Court to the written responses for their content.

158.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 158 of the Complaint.  To the extent Plaintiffs purport to quote from a Wells Fargo Store Manager Incentive Plan dated January 1, 2008 and an EthicsLine complaint, Mr. Stumpf  respectfully refers the Court to those documents for their content.

159.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 159 of the Complaint.  To the extent that Plaintiffs purport to paraphrase Wells Fargo's written responses to the Senate Committee on Banking, Housing, and Urban Affairs, Mr. Stumpf respectfully refers the Court to those written responses for their content.

160.    Mr. Stumpf denies the allegations of paragraph 160 of the Complaint, except admits that he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content

161.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 161 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's written responses to the Senate Committee on Banking, Housing, and Urban Affairs, and respectfully refers the Court to those written responses for their content.

162.    Mr. Stumpf denies the allegations of paragraph 162 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's written responses to the Senate Committee on Banking, Housing, and Urban Affairs, and the transcript of a hearing before the Senate Committee on Banking, Housing, and Urban Affairs held on September 20, 2016, and respectfully refers the Court to those written responses and referenced transcript for their content.

163.    Mr. Stumpf denies the allegations of paragraph 163 of the Complaint, except admits that Plaintiffs purport to quote from a *Los Angeles Times* article dated December 21, 2013, and respectfully refers the Court to the article for its content.

164.    Mr. Stumpf denies the allegations of paragraph 164 of the Complaint, except admits that Plaintiffs purport to quote from a *Los Angeles Times* article dated December 21, 2013, and respectfully refers the Court to the article for its content.

165.    Mr. Stumpf denies the allegations of paragraph 165 of the Complaint, except admits that Plaintiffs purport to quote from a *Los Angeles Times* article dated December 21, 2013, and respectfully refers the Court to the article for its content.

166.    Mr. Stumpf denies the allegations of paragraph 166 of the Complaint, except admits that Plaintiffs purport to quote from a *Los Angeles Times* article dated December 21, 2013, and respectfully refers the Court to the article for its content.

167.    Mr. Stumpf denies the allegations of paragraph 167 of the Complaint, except admits that Plaintiffs purport to quote from a *Los Angeles Times* article dated December 21, 2013, and respectfully refers the Court to the article for its content.

168.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 168 of the Complaint.  To the extent that Plaintiffs

purport to quote from a *Los Angeles Times* article dated December 21, 2013, Mr. Stumpf respectfully refers the Court to the article for its content.

169.   Mr. Stumpf denies the allegations of paragraph 169 of the Complaint, except admits that he testified before the House Financial Services Committee on September 29, 2016, and that Plaintiffs purport to paraphrase a transcript of a House Financial Services Committee hearing held on September 29, 2016 and Wells Fargo's written responses to the Senate Committee on Banking, Housing, and Urban Affairs, and respectfully refers the Court to those documents for their content.

170.   Mr. Stumpf admits the allegations of the first sentence of paragraph 170 of the Complaint, and denies the remaining allegations of paragraph 170 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's written responses to the Senate Committee on Banking, Housing, and Urban Affairs, and respectfully refers the Court to the written responses for their content.

171.   Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of Paragraph 171 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 171 of the Complaint, except admits that a complaint was filed on May 4, 2015 by the L.A. City Attorney.  To the extent that Plaintiffs purport to paraphrase that complaint and a complaint allegedly filed in an unidentified consumer class action lawsuit, Mr. Stumpf respectfully refers the Court to the complaints for their content.

172.   Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 172 of the Complaint.  To the extent Plaintiffs purport to quote from Michael Feuer's written testimony to the Senate Committee on Banking, Housing and Urban Affairs, Mr. Stumpf respectfully refers the Court to the written testimony for its content.

DEFENDANT JOHN G. STUMPF'S ANSWER TO CONSOLIDATED AMENDED VERIFIED STOCKHOLDER
DERIVATIVE COMPLAINT                                          LEAD CASE NO. 3:16-CV-05541-JST

173.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 173 of the Complaint.  To the extent Plaintiffs purport to paraphrase the referenced complaint, Mr. Stumpf respectfully refers the Court to the referenced complaint testimony for its content.

174.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 174 of the Complaint.  To the extent Plaintiffs purport to paraphrase and quote from the referenced complaint, Mr. Stumpf respectfully refers the Court to the referenced complaint for its content.

175.    Mr. Stumpf states that paragraph 175 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 175 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 175 of the Complaint.

176.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 176 concerning unidentified senior Wells Fargo personnel's awareness of the referenced sales tactics, and customers' reporting of unauthorized accounts to Wells Fargo branches, and denies the remaining allegations of paragraph 176 of the Complaint.  To the extent Plaintiffs purport to paraphrase the referenced complaint, Mr. Stumpf respectfully refers the Court to the referenced complaint for its content.

177.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 177 of the Complaint.  To the extent that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and from Michael Feuer's written testimony to the Senate Committee on Banking, Housing, and Urban Affairs, Mr. Stumpf respectfully refers the Court to the referenced transcript and written testimony for their content.

178.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 178 of the Complaint.

179.   Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 179 of the Complaint.  To the extent Plaintiffs purport to paraphrase a complaint filed on May 14, 2015, Mr. Stumpf respectfully refers the Court to the complaint for its content.

180.   Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 180 of the Complaint.  To the extent Plaintiffs purport to paraphrase the referenced complaint, Mr. Stumpf respectfully refers the Court to the complaint for its content.

181.   Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 181 of the Complaint.  To the extent Plaintiffs purport to paraphrase the referenced complaints, Mr. Stumpf respectfully refers the Court to the complaints for their content.

182.   Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 182 of the Complaint.  To the extent Plaintiffs purport to paraphrase the referenced complaint, Mr. Stumpf respectfully refers the Court to the complaint for its content.

183.   Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 183 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 183 of the Complaint.  To the extent that Plaintiffs purport to quote from written testimony to the Senate Committee on Banking, Housing, and Urban Affairs, Mr. Stumpf respectfully refers the Court to the written testimony for its content.

184.   Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 184 of the Complaint.  To the extent that Plaintiffs purport to paraphrase a transcript of a hearing held before the Senate Committee on Banking,

1  Housing, and Urban Affairs on September 20, 2016, Mr. Stumpf respectfully refers the Court to

2  the referenced transcript for its content.

3         185.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

4  truth or falsity of the allegations of paragraph 185 of the Complaint.  To the extent that Plaintiffs

5  purport to paraphrase a Financial Industry Regulatory Authority news release dated December 18,

6  2014, Mr. Stumpf respectfully refers the Court to the news release for its content.

7         186.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

8  truth or falsity of the allegations of paragraph 186 of the Complaint.

9         187.    Mr. Stumpf denies the allegations of paragraph 187 of the Complaint, except

10  admits that Plaintiffs purport to quote from the Charter of Wells Fargo's Board of Directors' Audit

11  and Examination Committee, and respectfully refers the Court to that document for its content.

12         188.    Mr. Stumpf understand that the OCC takes the position that its supervisory

13  communications with Wells Fargo are privileged and confidential supervisory information (with

14  the privilege owned and controlled by the OCC), and that no response is permitted or

15  appropriate.  Accordingly, Mr. Stumpf responds to the allegations of paragraph 188 of the

16  Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the

17  truth or falsity of the allegations of paragraph 188 of the Complaint.

18         189.    Mr. Stumpf denies the allegations of paragraph 189 of the Complaint, except

19  admits that Plaintiffs purport to quote from the Charter of Wells Fargo's Board of Directors'

20  Corporate Responsibility Committee, and respectfully refers the Court to that document for its

21  content.

22         190.    Mr. Stumpf understand that the OCC takes the position that its supervisory

23  communications with Wells Fargo are privileged and confidential supervisory information (with

24  the privilege owned and controlled by the OCC), and that no response is permitted or

25  appropriate.  Accordingly, Mr. Stumpf responds to the allegations of paragraph 190 of the

26  Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the

27  truth or falsity of the allegations of paragraph 190 of the Complaint.

28

191.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 191 of the Complaint.  To the extent Plaintiffs purport to paraphrase the Charter of Wells Fargo's Board of Directors' Corporate Responsibility Committee, and the Los Angeles City Attorney's complaint, Mr. Stumpf respectfully refers the Court to those documents for their content.

192.    Mr. Stumpf denies the allegations of paragraph 192 of the Complaint.  To the extent Plaintiffs purport to paraphrase Wells Fargo's SEC filings, Mr. Stumpf respectfully refers the Court to the filings for their content.

193.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 193 of the Complaint.  To the extent Plaintiffs purport to quote from a transcript of a May 19, 2015 Barclays Americas Select Conference, Mr. Stumpf respectfully refers the Court to the referenced transcript for its content.

194.    Mr. Stumpf states that paragraph 194 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 194 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 194 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a May 19, 2015 Barclays Americas Select Conference, and respectfully refers the Court to the referenced transcript for its content.

195.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 195 of the Complaint.  To the extent Plaintiffs purport to quote from a transcript of a November 18, 2015 Bank of America Merrill Lynch Banking and Financial Services Conference, Mr. Stumpf respectfully refers the Court to the referenced transcript for its content.

196.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 196 of the Complaint.  To the extent Plaintiffs purport to paraphrase emails allegedly sent to Mr. Stumpf, Mr. Stumpf respectfully refers the Court to those emails for their content.

197.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 197 of the Complaint.  To the extent that Plaintiffs purport to quote from a *New York Times* article dated September 16, 2016, Mr. Stumpf respectfully refers the Court to the article for its content.

198.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 198 of the Complaint.  To the extent that Plaintiffs purport to paraphrase a *CNN Money* article dated September 21, 2016, Mr. Stumpf respectfully refers the Court to the article for its content.

199.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 199 of the Complaint.  To the extent that Plaintiffs purport to quote from and paraphrase a *CNN Money* article dated September 21, 2016, Mr. Stumpf respectfully refers the Court to the article for its content.

200.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first and second sentences of paragraph 200 of the Complaint.  Mr. Stumpf denies the remaining allegations of paragraph 200 of the Complaint, except admits that he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

201.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 201 of the Complaint.  To the extent Plaintiffs purport to quote from a *New York Times* article dated September 16, 2016, Mr. Stumpf respectfully refers the Court to the *New York Times* article for its content.

202.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 202 of the Complaint.  To the extent Plaintiffs purport to quote from a *New York Times* article dated September 16, 2016, Mr. Stumpf respectfully refers the Court to the *New York Times* article for its content.

1    203.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

2    truth or falsity of the allegations of paragraph 203 of the Complaint.  To the extent Plaintiffs

3    purport to paraphrase a *New York Times* article dated September 16, 2016 and Wells Fargo press

4    release dated February 21, 2017, Mr. Stumpf respectfully refers the Court to the *New York Times*

5    article and press release for their content.

6    204.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

7    truth or falsity of the allegations of paragraph 204 of the Complaint.  To the extent Plaintiffs

8    purport to quote from a *CNN Money* article dated September 21, 2016, Mr. Stumpf respectfully

9    refers the Court to the *CNN Money* article for its content.

10   205.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

11   truth or falsity of the allegations of paragraph 205 of the Complaint.  To the extent Plaintiffs

12   purport to quote from an alleged email and letter from an alleged former Wells Fargo banker, Mr.

13   Stumpf respectfully refers the Court to that correspondence for its content.

14   206.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

15   truth or falsity of the allegations of paragraph 206 of the Complaint.  To the extent Plaintiffs

16   purport to quote from alleged correspondence, Mr. Stumpf respectfully refers the Court to that

17   correspondence for its content.

18   207.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

19   truth or falsity of the allegations of paragraph 207 of the Complaint.  To the extent Plaintiffs

20   purport to quote from alleged correspondence, Mr. Stumpf respectfully refers the Court to that

21   correspondence for its content.

22   208.    Mr. Stumpf denies the allegations of paragraph 208 of the Complaint, except

23   admits that Plaintiffs purport to paraphrase a *San Francisco Chronicle* article dated February 17,

24   2017, and respectfully refers the Court to the *San Francisco Chronicle* article for its content.

25   209.    Mr. Stumpf denies the allegations of paragraph 209 of the Complaint, except

26   admits that he testified before the House Financial Services Committee on September 29, 2016,

27   and that Plaintiffs purport to quote from a transcript of a House Financial Services Committee

28   hearing held on September 29, 2016 and Wells Fargo's written responses to the Senate Committee

1   on Banking, Housing, and Urban Affairs, and respectfully refers the Court to the referenced

2   transcript and written responses for their content.

3          210.    Mr. Stumpf denies the allegations of paragraph 210 of the Complaint, except

4   admits that when he received complaints about sales practice issues, the general practice was to

5   have those complaints forwarded to appropriate Wells Fargo personnel, and that Plaintiffs purport

6   to quote from Wells Fargo's written responses to the Senate Committee on Banking, Housing, and

7   Urban Affairs, and respectfully refers the Court to the written responses for their content.

8          211.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

9   truth or falsity of the allegations of paragraph 211 of the Complaint.  To the extent that Plaintiffs

10  purport to quote from an alleged letter, Mr. Stumpf respectfully refers the Court to the letter for its

11  content.

12         212.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

13  truth or falsity of the allegations of paragraph 212 of the Complaint.  To the extent Plaintiffs

14  purport to quote from an order or other document issued by a division of the U.S. Department of

15  Labor, Mr. Stumpf respectfully refers the Court to that document for its content.

16         213.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

17  truth or falsity of the allegations of paragraph 213 of the Complaint.  To the extent Plaintiffs

18  purport to paraphrase a complaint filed in 2009, Mr. Stumpf respectfully refers the Court to the

19  complaint for its content.

20         214.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

21  truth or falsity of the allegations of paragraph 214 of the Complaint.  To the extent Plaintiffs

22  purport to paraphrase a complaint filed in 2010, Mr. Stumpf respectfully refers the Court to the

23  complaint for its content.

24         215.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

25  truth or falsity of the allegations of paragraph 215 of the Complaint.  To the extent Plaintiffs

26  purport to quote from a court order dated July 6, 2012, Mr. Stumpf respectfully refers the Court to

27  the order for its content.

28

216.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 216 of the Complaint.  To the extent Plaintiffs purport to paraphrase a *New York Times* article, Mr. Stumpf respectfully refers the Court to the article for its content.

217.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 217 of the Complaint.  To the extent Plaintiffs purport to paraphrase a complaint filed in October 2012, Mr. Stumpf respectfully refers the Court to the complaint for its content.

218.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 218 of the Complaint.  To the extent Plaintiffs purport to paraphrase a complaint filed in October 2013, Mr. Stumpf respectfully refers the Court to the complaint for its content.

219.     Mr. Stumpf denies the allegations of paragraph 219 of the Complaint.

220.     Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 220 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 220 of the Complaint.

221.     Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 221 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 221 of the Complaint. To the extent Plaintiffs purport to paraphrase an OCC Supervisory Letter, Mr. Stumpf respectfully refers the Court to the letter for its content.

222.     Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with

38

the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 222 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 222 of the Complaint.   To the extent Plaintiffs purport to paraphrase correspondence from the OCC in early 2014, Mr. Stumpf respectfully refers the Court to that correspondence for its content.

223.    Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 223 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 223 of the Complaint.  To the extent Plaintiffs purport to paraphrase or quote from the OCC's April 2015 Supervisory Letter and the OCC's website, Mr. Stumpf respectfully refers the Court to the OCC's April 2015 Supervisory Letter and website for their content.

224.    Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 224 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 224 of the Complaint.

225.    Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 225 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 225 of the Complaint.  To the extent Plaintiffs purport to paraphrase the

OCC's June 2015 Supervisory Letter, Mr. Stumpf respectfully refers the Court to the OCC's June 2015 Supervisory Letter for its content.

226.    Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 226 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 226 of the Complaint.  To the extent Plaintiffs purport to paraphrase the OCC's June 2015 Supervisory Letter, Mr. Stumpf respectfully refers the Court to the OCC's June 2015 Supervisory Letter for its content.

227.    Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 227 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 227 of the Complaint.

228.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 228 of the Complaint.  To the extent Plaintiffs purport to quote from OCC Bulletin 2014-52, Mr. Stumpf respectfully refers the Court to OCC Bulletin 2014-52 for its content.

229.    Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 229 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 229 of the Complaint.  To the extent Plaintiffs purport to paraphrase the OCC's Report of Examination dated July 2015 and Notice of Deficiency dated July 28, 2015, Mr. Stumpf respectfully refers the Court to those documents for their content.

230.     Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 230 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 230 of the Complaint, except admits that one independent consultant presented findings to Wells Fargo regarding the Bank's sales practices, and another independent consultant presented findings to Wells Fargo regarding potential consumer harm related to potentially unauthorized accounts.

231.     Mr. Stumpf denies the allegations of paragraph 231 of the Complaint, except admits that Plaintiffs purport to quote from a consent order dated November 17, 2015, and respectfully refers the Court to the OCC Consent Order for its content.

232.     Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 232 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 232 of the Complaint, except admits that one independent consultant presented findings to Wells Fargo regarding the Bank's sales practices, and another independent consultant presented findings to Wells Fargo regarding potential consumer harm related to potentially unauthorized accounts.

233.     Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 233 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 233 of the Complaint.

1    234.    Mr. Stumpf understand that the OCC takes the position that its supervisory

2    communications with Wells Fargo are privileged and confidential supervisory information (with

3    the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.

4    Accordingly, Mr. Stumpf responds to the allegations of paragraph 234 of the Complaint by stating

5    that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

6    allegations of paragraph 234 of the Complaint.   To the extent Plaintiffs purport to paraphrase the

7    OCC's Report of Examination dated July 2016, Mr. Stumpf respectfully refers the Court to that

8    document for its content.

9    235.    Mr. Stumpf understand that the OCC takes the position that its supervisory

10   communications with Wells Fargo are privileged and confidential supervisory information (with

11   the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.

12   Accordingly, Mr. Stumpf responds to the allegations of paragraph 235 of the Complaint by stating

13   that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

14   allegations of paragraph 235 of the Complaint.  To the extent Plaintiffs purport to paraphrase the

15   OCC's Supervisory Letter dated July 18, 2016, Mr. Stumpf respectfully refers the Court to that

16   document for its content.

17   236.    Mr. Stumpf denies the allegations of paragraph 236 of the Complaint, except

18   admits that Wells Fargo and the OCC entered into a consent order on September 8, 2016, and that

19   Plaintiffs purport to quote from a press release dated September 8, 2016, and respectfully refers

20   the Court to the press release for its content.

21   237.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

22   truth or falsity of the allegations of paragraph 237 of the Complaint.  To the extent Plaintiffs

23   purport to paraphrase an OCC press release dated November 18, 2016 and a *CNN Money* article

24   dated November 21, 2016, Mr. Stumpf respectfully refers the Court to those documents for their

25   content.

26   238.    Mr. Stumpf denies the allegations of paragraph 238 of the Complaint, except

27   admits that Plaintiffs purport to quote from the Charter of Wells Fargo's Board of Directors'

28

DEFENDANT JOHN G. STUMPF'S ANSWER TO CONSOLIDATED AMENDED VERIFIED STOCKHOLDER
DERIVATIVE COMPLAINT                                                    LEAD CASE NO. 3:16-CV-05541-JST

Governance and Nominating Committee, and respectfully refer the Court to that document for its content.

239.    Mr. Stumpf denies the allegations of paragraph 239 of the Complaint.

240.    Mr. Stumpf denies the allegations of paragraph 119 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's Proxy Statements dating back to 2005, and respectfully refers the Court to those documents for their content.

241.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 241 of the Complaint, except admits that Plaintiffs purport to quote from  Wells Fargo's 2016 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

242.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 243 of the Complaint, except admits that Plaintiffs purport to quote from  Wells Fargo's 2016 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

243.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 243 of the Complaint.

244.    Mr. Stumpf denies the allegations of paragraph 244 of the Complaint, except admits that Wells Fargo conducted internal compliance inspections, and that Plaintiffs purport to quote from and paraphrase a *Wall Street Journal* article dated January 24, 2017 and a letter dated February 1, 2017, and respectfully refers the Court to the article and letter for their content.

245.    Mr. Stumpf denies the allegations of paragraph 245 of the Complaint, except admits that Plaintiffs purport to quote from letter to Mr. Sloan dated February 1, 2017, and respectfully refers the Court to the letter for its content.

246.    Mr. Stumpf denies the allegations of paragraph 246 of the Complaint, except admits that certain employees were terminated during the alleged Relevant Period for engaging in improper activity, and that Plaintiffs purport to paraphrase a CFPB Consent Order, and respectfully refers the Court to the CFPB Consent Order for its content.

247.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 247 of the Complaint, and denies the remaining allegations of paragraph 247 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

248.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 248 of the Complaint concerning whether terminated individuals were licensed under FINRA, or whether Wells Fargo filed notices for such employees, and denies the remaining allegations of paragraph 248 of the Complaint, except admits that Plaintiffs purport to paraphrase a November 3, 2016 letter to Mr. Sloan, and respectfully refers the Court to the letter for its content.

249.    Mr. Stumpf states that paragraph 249 of the Complaint contains legal conclusions to which no response is required.  To the extent that paragraph 249 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 249 of the Complaint, except admits that Plaintiffs purport to paraphrase a November 3, 2016 letter to Mr. Sloan, and respectfully refers the Court to the letter for its content.

250.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 250 of the Complaint, except admits that Plaintiffs purport to quote from and paraphrase a November 3, 2016 letter to Mr. Sloan, and respectfully refers the Court to the letter for its content.

251.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 251 of the Complaint, except admits that Plaintiffs purport to quote from and paraphrase a November 3, 2016 letter to Mr. Sloan, and respectfully refers the Court to the letter for its content.

252.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 252 of the Complaint, except admits that Plaintiffs

purport to quote from and paraphrase a November 3, 2016 letter to Mr. Sloan, and respectfully refers the Court to the letter for its content.

253.    Mr. Stumpf denies the allegations of paragraph 253 of the Complaint, except admits that in August 2015, Wells Fargo began working with PricewaterhouseCoopers to evaluate Wells Fargo's deposit products, unsecured credit cards, and other services to determine whether customers may have incurred financial harm from having been provided an account or service they may not have requested.

254.    Mr. Stumpf denies the allegations in paragraph 254 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

255.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 255 of the Complaint, except admits that PwC conducted an investigation of Wells Fargo accounts, and that Plaintiffs purport to paraphrase a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

256.    Mr. Stumpf denies the allegations of paragraph 256 of the Complaint.

257.    Mr. Stumpf denies the allegations of paragraph 257 of the Complaint, except admits that Wells Fargo has remediated affected customers, and that certain aspects of PwC's findings were publicized in September 2016.

258.    Mr. Stumpf denies the allegations of paragraph 258 of the Complaint, except admits that he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that Plaintiffs purport to quote from the transcript of a hearing before the Senate Committee on Banking, Housing, and Urban Affairs held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

259.    Mr. Stumpf denies the allegations of paragraph 259 of the Complaint.

260.    Mr. Stumpf denies the allegations of paragraph 260 of the Complaint, except admits that Mr. Stumpf testified before the House Financial Services Committee on September 29,

45

2016, and that Plaintiffs purport to paraphrase a transcript of a House Financial Services Committee hearing held on September 29, 2016, and respectfully refers the Court to the referenced transcript for its content.

261.   Mr. Stumpf denies the allegations of paragraph 261 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's written responses to the Senate Committee on Banking, Housing, and Urban Affairs, and respectfully refers the Court to those written responses for their content.

262.   Mr. Stumpf denies the allegations of paragraph 262 of the Complaint, except admits that he testified before the House Financial Services Committee on September 29, 2016, and that Plaintiffs purport to paraphrase a transcript of a House Financial Services Committee hearing held on September 29, 2016, and respectfully refers the Court to the referenced transcript for its content.

263.   Mr. Stumpf denies the allegations of paragraph 263 of the Complaint.

264.   Mr. Stumpf denies the allegations of paragraph 264 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2016 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

265.   Mr. Stumpf denies the allegations of paragraph 265 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2016 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

266.   Mr. Stumpf denies the allegations of paragraph 266 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2016 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

267.   Mr. Stumpf denies the allegations of paragraph 267 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2016 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

268.   Mr. Stumpf denies the allegations of paragraph 268 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2014 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2014 Proxy Statement for its content.

269.    Mr. Stumpf denies the allegations of paragraph 269 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2015 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2015 Proxy Statement for its content.

270.    Mr. Stumpf denies the allegations of paragraph 270 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2016 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

271.    Mr. Stumpf states that paragraph 271 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 271 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 271 of the Complaint.

272.    Mr. Stumpf states that paragraph 272 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 272 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 272 of the Complaint.

273.    Mr. Stumpf states that paragraph 273 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 273 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 273 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's 2014 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2014 Proxy Statement for its content.

274.    Mr. Stumpf denies the allegations of paragraph 274 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2014 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2014 Proxy Statement for its content.

275.    Mr. Stumpf denies the allegations of paragraph 275 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2014 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2014 Proxy Statement for its content.

276.     Mr. Stumpf denies the allegations of paragraph 276 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2014 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2014 Proxy Statement for its content.

277.     Mr. Stumpf denies the allegations of paragraph 277 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2014 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2014 Proxy Statement for its content.

278.     Mr. Stumpf denies the allegations of paragraph 278 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's 2014 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2014 Proxy Statement for its content.

279.     Mr. Stumpf states that paragraph 279 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 279 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 279 of the Complaint.

280.     Mr. Stumpf denies the allegations of paragraph 280 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2014 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2014 Proxy Statement for its content.

281.     Mr. Stumpf denies the allegations of paragraph 281 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's 2014 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2014 Proxy Statement for its content.

282.     Mr. Stumpf states that paragraph 282 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 282 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 282 of the Complaint.

283.     Mr. Stumpf denies the allegations of paragraph 283 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2014 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2014 Proxy Statement for its content.

1

284.   Mr. Stumpf denies the allegations of paragraph 284 of the Complaint, except

2   admits that Plaintiffs purport to quote from Wells Fargo's 2014 Proxy Statement, and respectfully

3   refers the Court to Wells Fargo's 2014 Proxy Statement for its content.

4

285.   Mr. Stumpf states that paragraph 285 of the Complaint contains conclusions of law

5   to which no response is required.  To the extent that paragraph 285 of the Complaint contains

6   factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

7   285 of the Complaint.

8

286.   Mr. Stumpf states that paragraph 286 of the Complaint contains conclusions of law

9   to which no response is required.  To the extent that paragraph 286 of the Complaint contains

10   factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

11   286 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's 2015

12   Proxy Statement, and respectfully refers the Court to Wells Fargo's 2015 Proxy Statement for its

13   content.

14

287.   Mr. Stumpf denies the allegations of paragraph 287 of the Complaint, except

15   admits that Plaintiffs purport to quote from Wells Fargo's 2015 Proxy Statement, and respectfully

16   refers the Court to Wells Fargo's 2015 Proxy Statement for its content.

17

288.   Mr. Stumpf denies the allegations of paragraph 288 of the Complaint, except

18   admits that Plaintiffs purport to quote from Wells Fargo's 2015 Proxy Statement, and respectfully

19   refers the Court to Wells Fargo's 2015 Proxy Statement for its content.

20

289.   Mr. Stumpf denies the allegations of paragraph 289 of the Complaint, except

21   admits that Plaintiffs purport to quote from Wells Fargo's 2015 Proxy Statement, and respectfully

22   refers the Court to Wells Fargo's 2015 Proxy Statement for its content.

23

290.   Mr. Stumpf denies the allegations of paragraph 290 of the Complaint, except

24   admits that Plaintiffs purport to paraphrase Wells Fargo's 2015 Proxy Statement, and respectfully

25   refers the Court to Wells Fargo's 2015 Proxy Statement for its content.

26

291.   Mr. Stumpf states that paragraph 291 of the Complaint contains conclusions of law

27   to which no response is required.  To the extent that paragraph 291 of the Complaint contains

28

49

factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 291 of the Complaint.

292.    Mr. Stumpf denies the allegations of paragraph 292 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2015 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2015 Proxy Statement for its content.

293.    Mr. Stumpf denies the allegations of paragraph 293 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's 2015 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2015 Proxy Statement for its content.

294.    Mr. Stumpf states that paragraph 294 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 294 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 294 of the Complaint.

295.    Mr. Stumpf denies the allegations of paragraph 295 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2015 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2015 Proxy Statement for its content.

296.    Mr. Stumpf denies the allegations of paragraph 296 of the Complaint, except admits that Plaintiffs purport to paraphrase and quote from Wells Fargo's 2015 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2015 Proxy Statement for its content.

297.    Mr. Stumpf states that paragraph 297 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 297 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 297 of the Complaint.

298.    Mr. Stumpf denies the allegations of paragraph 298 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's 2014, 2015, and 2016 Proxy Statements, and respectfully refers the Court to Wells Fargo's 2014, 2015, and 2016 Proxy Statements for their content.

1    299.    Mr. Stumpf denies the allegations of paragraph 299 of the Complaint, except

2    admits that Plaintiffs purport to quote from Wells Fargo's 2016 Proxy Statement, and respectfully

3    refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

4    300.    Mr. Stumpf denies the allegations of paragraph 300 of the Complaint, except

5    admits that Plaintiffs purport to quote from Wells Fargo's 2016 Proxy Statement, and respectfully

6    refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

7    301.    Mr. Stumpf states that paragraph 301 of the Complaint contains conclusions of law

8    to which no response is required.  To the extent that paragraph 301 of the Complaint contains

9    factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

10   301 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2016

11   Proxy Statement, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement for its

12   content.

13   302.    Mr. Stumpf denies the allegations of paragraph 302 of the Complaint, except

14   admits that Plaintiffs purport to paraphrase Wells Fargo's 2016 Proxy Statement, and respectfully

15   refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

16   303.    Mr. Stumpf denies the allegations of paragraph 301 of the Complaint, except

17   admits that the L.A. City Attorney filed an action against Wells Fargo on May 4, 2015, and that

18   Plaintiffs purport to paraphrase Wells Fargo's 2016 Proxy Statement and the L.A. City Attorney's

19   complaint, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement and the

20   referenced complaint for their content.

21   304.    Mr. Stumpf states that paragraph 304 of the Complaint contains conclusions of law

22   to which no response is required.  To the extent that paragraph 304 of the Complaint contains

23   factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

24   304 of the Complaint.

25   305.    Mr. Stumpf states that paragraph 305 of the Complaint contains conclusions of law

26   to which no response is required.  To the extent that paragraph 305 of the Complaint contains

27   factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

28   305 of the Complaint.

306.   Mr. Stumpf denies the allegations of paragraph 306 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2016 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

307.   Mr. Stumpf states that paragraph 307 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 307 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 307 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's 2016 Proxy Statement, consent orders, and records of Senate hearings, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement, consent orders, and records of Senate hearings for their content.

308.   Mr. Stumpf states that paragraph 308 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 308 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 308 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's 2016 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

309.   Mr. Stumpf denies the allegations of paragraph 306 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's 2016 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

310.   Mr. Stumpf states that paragraph 310 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 310 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 310 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's 2016 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

311.   Mr. Stumpf states that paragraph 311 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 311 of the Complaint contains

factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 311 of the Complaint.

312.     Mr. Stumpf states that paragraph 312 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 312 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 312 of the Complaint.

313.     Mr. Stumpf states that paragraph 313 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 313 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 313 of the Complaint.

314.     Mr. Stumpf admits that Wells Fargo's Board periodically has authorized the Company to repurchase its own shares of common stock, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 314 of the Complaint.

315.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 315 of the Complaint.

316.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 316 of the Complaint.

317.     Mr. Stumpf denies the allegations of paragraph 317 of the Complaint.

318.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 318 of the Complaint, except admits that Ms. Chao, Ms. Engel, Mr. Hernandez, Mr. James, and Ms. Runstad served on Wells Fargo's Board of Directors' Finance Committee during the alleged Relevant Period.

319.     Mr. Stumpf denies the allegations of paragraph 319 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2016 Proxy Statement, and respectfully refers the Court to Wells Fargo's 2016 Proxy Statement for its content.

320.     Mr. Stumpf states that paragraph 320 of the Complaint contains conclusions of law to which no response is required.  To the extent that the paragraph 320 of the Complaint contains

factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 320 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

321.    Mr. Stumpf states that paragraph 321 of the Complaint contains conclusions of law to which no response is required.  To the extent that the paragraph 321 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 321 of the Complaint.

322.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 322 of the Complaint.  To the extent Plaintiffs purport to quote from Senators Warren, Merkley and Menendez's September 28, 2016 letter, Mr. Stumpf respectfully refers the Court to the letter for its content.

323.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 323 of the Complaint.  To the extent Plaintiffs purport to quote from Senators Warren, Merkley and Menendez's September 28, 2016 letter, Mr. Stumpf respectfully refers the Court to the letter for its content.

324.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 324 of the Complaint.  To the extent Plaintiffs purport to quote from Senators Warren, Merkley and Menendez's September 28, 2016 letter, Mr. Stumpf respectfully refers the Court to the letter for its content.

325.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 325 of the Complaint.  To the extent Plaintiffs purport to quote from Senators Warren, Merkley and Menendez's September 28, 2016 letter, Mr. Stumpf respectfully refers the Court to the letter for its content.

326.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 326 of the Complaint.  To the extent Plaintiffs purport to quote from Senators Warren, Merkley and Menendez's September 28, 2016 letter, Mr. Stumpf respectfully refers the Court to the letter for its content.

327.     Mr. Stumpf states that paragraph 327 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 327 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 327 of the Complaint.

328.     Mr. Stumpf denies the allegations of paragraph 328 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's third quarter 2011 Form 10-Q and unidentified Wells Fargo filings referenced in footnotes 165 and 166, and respectfully refers the Court to the those filings for their content.

329.     Mr. Stumpf denies the allegations of paragraph 329 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2011 Annual Report and Wells Fargo's earnings call transcripts, and respectfully refers the Court to the 2011 Annual Report and referenced transcripts for their content.

330.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 330 of the Complaint, except admits that Plaintiffs purport to quote from a January 10, 2012 Morningstar report, and respectfully refers the Court to the report for its content.

331.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 331 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a May 22, 2012 Wells Fargo Investor Day presentation, and respectfully refers the Court to the referenced transcript for its content.

332.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 332 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a May 22, 2012 Wells Fargo Investor Day presentation, and respectfully refers the Court to the referenced transcript for its content.

333.     Mr. Stumpf denies the allegations of paragraph 333 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2012 Form 10-K and other unidentified Wells Fargo filings, and respectfully refers the Court to those filings for their content.

334.    Mr. Stumpf denies the allegations of paragraph 334 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's Q3 2012 Form 10-Q, and respectfully refers the Court to that document for its content.

335.    Mr. Stumpf denies the allegations of paragraph 335 of the Complaint, except admits that Plaintiffs purport to quote from or paraphrase a CFPB consent order and a transcript of a February 13, 2013 Credit Suisse Financial Services Forum, and respectfully refers the Court to those documents for their content.

336.    Mr. Stumpf denies the allegations of paragraph 336, except admits that Plaintiffs purport to quote from transcripts of Wells Fargo's Q2 2012 and Q1 2013 earnings calls, and respectfully refers the Court to the referenced transcripts for their content.

337.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 337 of the Complaint, except admits that Plaintiffs purport to quote from an April 12, 2013 Morningstar report, and respectfully refers the Court to the report for its content.

338.    Mr. Stumpf denies the allegations of paragraph 338 of the Complaint, except admits that Plaintiffs purports to quote from transcripts of a May 21, 2013 Barclay's Americas Select Franchise Conference and a June 11, 2013 Morgan Stanley Financials Conference, and respectfully refers the Court to the referenced transcripts for their  content.

339.    Mr. Stumpf denies the allegations of paragraph 339 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of Wells Fargo's Q2 2013 earnings call, and respectfully refers the Court to the referenced transcript for its content.

340.    Mr. Stumpf denies the allegations of paragraph 340 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of Wells Fargo's Q3 2013 earnings call, and respectfully refers the Court to the referenced transcript for its content.

341.    Mr. Stumpf denies the allegations of paragraph 341 of the Complaint, except admits that Plaintiffs purport to quote from transcripts of Wells Fargo's Q4 2013 and Q1 2014 earnings calls, and respectfully refers the Court to the referenced transcripts for their content.

1    342.    Mr. Stumpf denies the allegations of paragraph 342 of the Complaint, except

2    admits that Mr. Stumpf presented at a December 10, 2013 Goldman Sachs Financial Services

3    Conference, and that Plaintiffs purport to quote from a transcript of the conference, and

4    respectfully refers the Court to the transcript of the conference for its content.

5    343.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

6    truth or falsity of the allegations of paragraph 343 of the Complaint.  To the extent Plaintiffs

7    purport to quote from a January 14, 2014 Morningstar report, Mr. Stumpf respectfully refers the

8    Court to the report for its content.

9    344.    Mr. Stumpf denies the allegations of paragraph 344 of the Complaint, except

10   admits that Plaintiffs purport to quote from Wells Fargo's 2013 Form 10-K, and respectfully refers

11   the Court to Wells Fargo's 2013 Form 10-K for its content.

12   345.    Mr. Stumpf denies the allegations of paragraph 345 of the Complaint, except

13   admits that Plaintiffs purport to quote from a Wells Fargo press release, and respectfully refers the

14   Court to press release for its content.

15   346.    Mr. Stumpf denies the allegations of paragraph 346 of the Complaint, except

16   admits that Plaintiffs purport to quote from a transcript of Wells Fargo's Q1 2014 earnings call,

17   and respectfully refers the Court to the transcript for its content.

18   347.    Mr. Stumpf denies the allegations of paragraph 347 of the Complaint, except

19   admits that Plaintiffs purport to quote from Wells Fargo's Q1 2014 Form 10-Q, and respectfully

20   refers the Court to Wells Fargo's Q1 2014 Form 10-Q 2013 for its content.

21   348.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

22   truth or falsity of the allegations of paragraph 348 of the Complaint.  To the extent Plaintiffs

23   purport to quote from a April 30, 2014 Morningstar report, Mr. Stumpf respectfully refers the

24   Court to the report for its content.

25   349.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the

26   truth or falsity of the allegations of paragraph 349 of the Complaint.  To the extent Plaintiffs

27   purport to quote from transcripts of a May 20, 2014 Investor Day conference and a September 10,

28

2014 Barclays Global Financial Services Conference, Mr. Stumpf respectfully refers the Court to the referenced transcripts for their content.

350.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 350 of the Complaint.  To the extent Plaintiffs purport to quote from a transcript of a May 20, 2014 Investor Day conference, Mr. Stumpf respectfully refers the Court to the referenced transcript for its content.

351.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 351 of the Complaint.  To the extent Plaintiffs purport to quote from a transcript of a May 20, 2014 Investor Day conference, Mr. Stumpf respectfully refers the Court to the referenced transcript for its content.

352.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 352 of the Complaint.  To the extent Plaintiffs purport to quote from a UBS report dated May 21, 2014, Mr. Stumpf respectfully refers the Court to the report for its content.

353.    Mr. Stumpf denies the allegations of paragraph 353 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's Q3 2014 Form 10-Q, and respectfully refers the Court to Wells Fargo's Q3 2014 Form 10-Q for its content.

354.    Mr. Stumpf denies the allegations of paragraph 354 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of Wells Fargo's Q3 2014 earnings call, and respectfully refers the Court to the transcript of the Q3 2014 earnings call for its content.

355.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 355 of the Complaint, except admits that Mr. Stumpf has met with representatives of RBC Capital Markets, and that Plaintiffs purport to quote from an RBC report dated November 5, 2014, and respectfully refers the Court to the RBC report for its content.

356.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 356 of the Complaint.  To the extent Plaintiffs

purport to quote from a January 14, 2015 Morningstar report, Mr. Stumpf respectfully refers the Court to the report for its content.

357.    Mr. Stumpf denies the allegations of paragraph 357 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of Wells Fargo's Q4 2014 earnings call, and respectfully refers the Court to the transcript of the Q4 2014 earnings call for its content.

358.    Mr. Stumpf denies the allegations of paragraph 358 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2014 Form 10-K, and respectfully refers the Court to the 2014 Form 10-K for its content.

359.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 359 of the Complaint.  To the extent Plaintiffs purport to quote from a April 15, 2015 Morningstar report, Mr. Stumpf respectfully refers the Court to the report for its content.

360.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 360 of the Complaint.  To the extent Plaintiffs purport to quote from a April 15, 2015 Morningstar report, Mr. Stumpf respectfully refers the Court to the report for its content.

361.    Mr. Stumpf denies the allegations of paragraph 361 of the Complaint, except admits that in or around August 2015, PricewaterhouseCoopers was engaged to analyze potentially unauthorized accounts in consultation with regulators and the L.A. City Attorney's Office, and that Plaintiffs purport to quote from a January 26, 2016 Wells Fargo press release, and respectfully refers the Court to the press release for its content.

362.    Mr. Stumpf denies the allegations of paragraph 362 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2015 Form 10-K, and respectfully refers the Court to the 2015 Form 10-K for its content.

363.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 363 of the Complaint.  To the extent Plaintiffs purport to quote from a transcript of a Wells Fargo conference held on May 24, 2016, Mr. Stumpf respectfully refers the Court to the transcript for its content.

364.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 364 of the Complaint.  To the extent Plaintiffs purport to quote from an Evercore report dated May 25, 2016, Mr. Stumpf respectfully refers the Court to the report for its content.

365.     Mr. Stumpf denies the allegations of paragraph 365 of the Complaint, except admits that he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that Plaintiffs purport to quote from and paraphrase a transcript of a July 15, 2016 Wells Fargo Q2 2016 conference call and a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcripts for their content.

366.     Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 366 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 366 of the Complaint.  To the extent Plaintiffs purport to paraphrase an OCC Supervisory Letter and quote from Wells Fargo's Q2 2016 Form 10-Q, Mr. Stumpf respectfully refers the Court to those documents for their content.

367.     Mr. Stumpf states that paragraph 367, including footnote 177, of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 367 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 367, except admits that Plaintiffs purport to quote from Wells Fargo's Q2 2016 Form 10-Q, and respectfully refers the Court to the Form 10-Q for its content.

368.     Mr. Stumpf states that paragraph 368 of the Complaint contains conclusions of law to which no response is required.  Mr. Stumpf further understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  To the extent that paragraph 368 of the Complaint contains factual

allegations to which a response is required, Mr. Stumpf responds to the allegations of paragraph 368 of the Complaint by stating that he lacks knowledge or information sufficient to form a believe as to the truth or falsity of the allegations of paragraph 368 of the Complaint.

369.   Mr. Stumpf states that paragraph 369 of the Complaint contains conclusions of law to which no response is required.  Additionally, Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, to the extent that paragraph 369 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of the first sentence of paragraph 369 of the Complaint, and states that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 369 of the Compliant.  To the extent Plaintiffs purport to quote from and paraphrase Thomas Curry's written testimony before the Senate Committee on Banking, Housing, and Urban Affairs, Mr. Stumpf respectfully refers the written testimony for its content.

370.   Mr. Stumpf denies the allegations of paragraph 370 of the Complaint, except admits that Plaintiffs purport to quote from or paraphrase Wells Fargo's 2012, 2013, 2014, and 2015 Annual Reports and 2013 Form 10-K, and respectfully refers the Court to the those documents for their content.

371.   Mr. Stumpf admits the allegations of paragraph 371 of the Complaint.

372.   Mr. Stumpf denies the allegations of paragraph 372 of the Complaint, except admits that Plaintiffs purport to quote from or paraphrase Wells Fargo's 2013 and 2014 Annual Reports, and respectfully refers the Court to those documents for their content.

373.   Mr. Stumpf denies the allegations of paragraph 373 of the Complaint, except admits that Plaintiffs purport to quote from or paraphrase Wells Fargo's 2013, 2014, and 2015 Annual Reports, and respectfully refers the Court to those documents for their content.

374.   Mr. Stumpf denies the allegations of paragraph 374 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's 2014 Annual Report and 2014 Form 10-K, and respectfully refers the Court to those documents for their content.

375.     Mr. Stumpf denies the allegations of paragraph 375 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2015 Annual Report, and respectfully refers the Court to that document for its content.

376.     Mr. Stumpf denies the allegations of paragraph 376 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's 2015 Annual Report, and respectfully refers the Court to that document for its content.

377.     Mr. Stumpf states that paragraph 377 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 377 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 377 of the Complaint concerning what regulators, journalists, and former Wells Fargo employees have found or detailed, and denies the remaining allegations of paragraph 377 of the Complaint, except admits that Plaintiffs purport to quote from OCC and CFPB consent orders and Wells Fargo's 2015 Annual Report, and respectfully refers the Court to those documents for their content.

378.     Mr. Stumpf states that paragraph 378 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 378 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies allegations of the first sentence of paragraph 378 of the Complaint, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 378 of the Complaint, except admits that Plaintiffs purport to quote from Senators Warren, Merkley and Menendez's September 28, 2016 letter, and respectfully refers the Court to the letter for its content.

379.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 379 of the Complaint, except admits that Plaintiffs purport to quote or paraphrase Wells Fargo's 2011, 2012, 2013, 2014, and 2015 Form 10-Ks and Form 10-Qs, and respectfully refers the Court to those documents for their content.

380.     Mr. Stumpf denies the allegations of paragraph 380 of the Complaint, except admits that Plaintiffs purport to quote from or paraphrase Wells Fargo's 2011, 2012, 2013, 2014, and 2015 Annual Reports, and respectfully refers the Court to those documents for their content.

381.     Mr. Stumpf states that paragraph 381 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 381 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 381 of the Complaint.

382.     Mr. Stumpf states that paragraph 382 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 382 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 382, including footnote 189, of the Complaint.

383.     Mr. Stumpf denies the allegations of paragraph 383 of the Complaint.

384.     Mr. Stumpf states that paragraph 384 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 384 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 384 of the Complaint, except admits that Wells Fargo's shares are listed on the New York Stock Exchange.  To the extent Plaintiffs purport to paraphrase Wells Fargo's Form 4s, Mr. Stumpf respectfully refers the Court to those Form 4s for their content.

385.     Mr. Stumpf states that paragraph 385 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 385 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 385 of the Complaint, except admits that Wells Fargo's settlements with the CFPB, OCC, and L.A. City Attorney's Office were publicly announced on September 8, 2016.  To the extent Plaintiffs purport to paraphrase Wells Fargo's Form 4s, Mr. Stumpf respectfully refers the Court to those Form 4s for their content.

386.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 386 of the Complaint.  To the extent Plaintiffs

purport to paraphrase Wells Fargo's Form 4s, Mr. Stumpf respectfully refers the Court to those Form 4s for their content.

387.   Mr. Stumpf states that paragraph 387 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 387 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies that Defendants made materially false or misleading statements, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 387 of the Complaint.  To the extent Plaintiffs purport to paraphrase Wells Fargo's Form 4s, Mr. Stumpf respectfully refers the Court to those Form 4s for their content.

388.   Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 388 of the Complaint.  To the extent Plaintiffs purport to paraphrase Wells Fargo's Form 4s, Mr. Stumpf respectfully refers the Court to those Form 4s for their content.

389.   Mr. Stumpf states that paragraph 389 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 389 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies that Defendants made materially false or misleading statements, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 389 of the Complaint.  To the extent Plaintiffs purport to paraphrase Wells Fargo's Form 4s, Mr. Stumpf respectfully refers the Court to those Form 4s for their content.

390.   Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 390 of the Complaint.  To the extent Plaintiffs purport to paraphrase Wells Fargo's Form 4s, Mr. Stumpf respectfully refers the Court to those Form 4s for their content.

391.   Mr. Stumpf states that paragraph 391 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 391 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies that Defendants made materially false or misleading statements, and lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations of paragraph 391 of the Complaint.  To the extent Plaintiffs purport to paraphrase Wells Fargo's Form 4s, Mr. Stumpf respectfully refers the Court to those Form 4s for their content.

392.    Mr. Stumpf states that paragraph 392 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 392 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 392 of the Complaint.

393.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 393 of the Complaint.  To the extent Plaintiffs purport to quote from a *Financial Times* article, Mr. Stumpf respectfully refers the Court to the *Financial Times* article for its content.

394.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 394 of the Complaint.  To the extent Plaintiffs purport to quote from *Financial Times* articles, Mr. Stumpf respectfully refers the Court to the *Financial Times* articles for their content.

395.    Mr. Stumpf states that paragraph 395 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 395 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 395 of the Complaint.

396.    Mr. Stumpf states that paragraph 396 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 396 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 396 of the Complaint.

397.    Mr. Stumpf states that paragraph 397 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 397 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 397 of the Complaint.

398.    Mr. Stumpf states that paragraph 398 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 398 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 398 of the Complaint, except admits that Wells Fargo's common stock was listed on the NYSE, that Wells Fargo filed periodic reports with the SEC and NYSE, and that Wells Fargo communicated with investors in compliance with applicable SEC regulations.

399.    Mr. Stumpf states that paragraph 399 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 399 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 399 of the Complaint.

400.    Mr. Stumpf states that paragraph 400 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 400 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 400 of the Complaint.

401.    Mr. Stumpf states that paragraph 401 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 401 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 401 of the Complaint.

402.    Mr. Stumpf states that paragraph 402 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 402 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 402 of the Complaint.

403.    Mr. Stumpf states that paragraph 403 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 403 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 403 of the Complaint.

404.    Mr. Stumpf states that paragraph 404 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 404 of the Complaint contains

DEFENDANT JOHN G. STUMPF'S ANSWER TO CONSOLIDATED AMENDED VERIFIED STOCKHOLDER
DERIVATIVE COMPLAINT                                                    LEAD CASE NO. 3:16-CV-05541-JST

factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 404 of the Complaint.

405.    Mr. Stumpf states that paragraph 405 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 405 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 405 of the Complaint.

406.    Mr. Stumpf states that paragraph 406 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 406 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 406 of the Complaint.

407.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 407 of the Complaint concerning Wells Fargo's stock prices, and denies the remaining allegations of paragraph 407 of the Complaint.

408.    Mr. Stumpf denies the allegations of paragraph 408 of the Complaint, except admits that Plaintiffs purport to paraphrase OCC and CFPB consent orders, press releases, and other communications and media coverage, and respectfully refers the Court to those documents for their content.

409.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 409 of the Complaint concerning Wells Fargo's stock prices, and denies the remaining allegations of paragraph 409 of the Complaint.

410.    Mr. Stumpf further states that paragraph 410 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 410 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 410 of the Complaint.

411.    Mr. Stumpf denies the allegations of paragraph 411 of the Complaint.

412.    Mr. Stumpf denies the allegations of paragraph 412 of the Complaint, except admits that Mr. Stumpf testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, that he retired from his position as Chairman of Wells Fargo's

Board of Directors and Chief Executive Officer of Wells Fargo on October 12, 2016, and that Plaintiffs purport to paraphrase an L.A. City Attorney press release dated September 8, 2016, as well as final judgments allegedly entered into with the OCC, CFPB, and L.A. City Attorney, and respectfully refers the Court to those documents for their content.

413.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 413 of the Complaint.  To the extent Plaintiffs purport to quote from a *New York Times* article dated September 8, 2016, Mr. Stumpf respectfully refers the Court to the referenced article for its content.

414.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 414 of the Complaint.  To the extent Plaintiffs purport to quote from a press release dated September 8, 2016, Mr. Stumpf respectfully refers the Court to the referenced press release for its content.

415.     Mr. Stumpf denies the allegations of paragraph 415 of the Complaint, except admits that Plaintiffs purport to paraphrase a final judgment allegedly entered into by and between Wells Fargo and the L.A. City Attorney, and respectfully refers the Court to the judgment for its content.

416.     Mr. Stumpf denies the allegations of paragraph 416 of the Complaint, except admits that Plaintiffs purport to paraphrase a final judgment allegedly entered into by and between Wells Fargo and the L.A. City Attorney, and respectfully refers the Court to the judgment for its content.

417.     Mr. Stumpf denies the allegations of paragraph 417 of the Complaint, except admits that Plaintiffs purport to paraphrase a final judgment allegedly entered into by and between Wells Fargo and the L.A. City Attorney, and respectfully refers the Court to the judgment for its content.

418.     Mr. Stumpf denies the allegations of paragraph 418 of the Complaint, except admits that Wells Fargo and the CFPB entered into a consent order on September 8, 2016 and that Plaintiffs purport to paraphrase the consent order, and respectfully refers the Court to the referenced consent order for its content.

419.    Mr. Stumpf denies the allegations of paragraph 419 of the Complaint, except admits that Plaintiffs purport to paraphrase a CFPB consent order, and respectfully refers the Court to the referenced consent order for its content.

420.    Mr. Stumpf denies the allegations of paragraph 420 of the Complaint, except admits that Plaintiffs purport to paraphrase a CFPB consent order, and respectfully refers the Court to the referenced consent order for its content.

421.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 421 of the Complaint.  To the extent Plaintiffs purport to quote from Mr. Cordray's written testimony to the Senate Committee on Banking, Housing and Urban Affairs, Mr. Stumpf respectfully refers the Court to the written testimony for its content.

422.    Mr. Stumpf denies the allegations of paragraph 422 of the Complaint, except admits that Wells Fargo and the OCC entered into a consent order on September 8, 2016 and that Plaintiffs purport to quote from the consent order, and respectfully refers the Court to the referenced consent order for its content.

423.    Mr. Stumpf denies the allegations of paragraph 423 of the Complaint, except admits that that Plaintiffs purport to quote from an OCC consent order, and respectfully refers the Court to the referenced consent order for its content.

424.    Mr. Stumpf denies the allegations of paragraph 424 of the Complaint, except admits that that Plaintiffs purport to paraphrase Wells Fargo press releases dated September 13, 2016 and January 13, 2017, and respectfully refers the Court to the referenced press releases for their content.

425.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations of paragraph 425 of the Complaint concerning the investing public's digestions of information and Wells Fargo's stock prices, and denies the remaining allegations of paragraph 425 of the Complaint.

426.    Mr. Stumpf states that paragraph 426 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 426 of the Complaint contains

69

factual allegations to which a response is required, Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 426 of the Complaint concerning the alleged investigations, and denies the remaining allegations of paragraph 426 of the Complaint.

427.   Mr. Stumpf denies the allegations of paragraph 427 of the Complaint, except admits that Plaintiffs purport to quote from a letter dated September 15, 2016, and respectfully refers the Court to the referenced letter for its content.

428.   Mr. Stumpf denies the allegations of paragraph 428 of the Complaint, except admits that he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

429.   Mr. Stumpf denies the allegations of paragraph 429 of the Complaint, except admits that he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

430.   Mr. Stumpf denies the allegations of paragraph 430 of the Complaint, except admits that he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

431.   Mr. Stumpf denies the allegations of paragraph 431 of the Complaint, except that admits he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016 and before the House Financial Services Committee on September 29, 2016. To the extent Plaintiffs purport to paraphrase a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, Mr. Stumpf respectfully refers the Court to the transcript for its content.

432.    Mr. Stumpf denies the allegations of paragraph 432 of the Complaint, except that admits he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016 and before the House Financial Services Committee on September 29, 2016. To the extent Plaintiffs purport to paraphrase a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, Mr. Stumpf respectfully refers the Court to the transcript for its content.

433.    Mr. Stumpf denies the allegations of paragraph 433 of the Complaint, except admits that he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

434.    Mr. Stumpf denies the allegations of paragraph 434 of the Complaint, except admits that he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

435.    Mr. Stumpf denies the allegations of paragraph 435 of the Complaint, except admits that he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

436.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 436 of the Complaint.  To the extent that Plaintiffs purport to quote from a *Los Angeles Times* article dated September 20, 2016, Mr. Stumpf respectfully refers the Court to the referenced article for its content.

437.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 437 of the Complaint.  To the extent that Plaintiffs

purport to quote from a letter dated September 22, 2016, Mr. Stumpf respectfully refers the Court to the referenced letter for its content.

438.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 438 of the Complaint.  To the extent that Plaintiffs purport to quote from a letter dated September 28, 2016, Mr. Stumpf respectfully refers the Court to the referenced letter for its content.

439.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 439 of the Complaint.  To the extent that Plaintiffs purport to quote from a letter from Mr. Chiang dated September 28, 2016, Mr. Stumpf respectfully refers the Court to the letter for its content.

440.    Mr. Stumpf denies the allegations of paragraph 440 of the Complaint, except admits that he testified before the House Financial Services Committee on September 29, 2016, and that Plaintiffs purport to quote from a transcript of the House Financial Services Committee hearing held on September 29, 2016, and respectfully refers the Court to the referenced transcript for its content.

441.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 441 of the Complaint.  To the extent that Plaintiffs purport to quote from a letter from Senators Merkley, Warren, and Menendez, Mr. Stumpf respectfully refers the Court to the letter for its content.

442.    Mr. Stumpf denies the allegations of paragraph 442 of the Complaint, except admits that he retired from his position as Chairman of Wells Fargo's Board of Directors and Chief Executive Officer of Wells Fargo on October 12, 2016, that prior to his retirement, Mr. Stumpf voluntarily waived his rights as to all of his outstanding unvested equity awards, that Mr. Sloan previously was Wells Fargo's President and COO, and succeeded Mr. Stumpf as CEO of Wells Fargo, and that Mr. Sanger succeeded Mr. Stumpf as Chairman of Wells Fargo's Board of Directors.

443.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 443 of the Complaint.  To the extent that Plaintiffs

72

purport to quote from a letter dated October 20, 2016, Mr. Stumpf respectfully refers the Court to the referenced letter for its content.

444.    Mr. Stumpf denies the allegations of paragraph 444 of the Complaint, except admits that Plaintiffs purport to quote from the Wells Fargo Code of Ethics and Business Conduct, and  respectfully refers the Court the Wells Fargo Code of Ethics and Business Conduct for its content.

445.    Mr. Stumpf denies the allegations of paragraph 445 of the Complaint.

446.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 446 of the Complaint.  To the extent that Plaintiffs purport to quote from a J.P. Morgan report, Mr. Stumpf respectfully refers the Court to the referenced report for its content,.

447.    Mr. Stumpf denies the allegations of paragraph 447 of the Complaint.

448.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 448 of the Complaint concerning unidentified initial reports, and denies the remaining allegations of paragraph 448 of the Complaint.

449.    Mr. Stumpf denies the allegations of paragraph 449 of the Complaint, except admits that Plaintiffs purport to quote from Wells Fargo's Q3 2016 Form 10-Q, and respectfully refers the Court to the Form 10-Q for its content.

450.    Mr. Stumpf denies the allegations of paragraph 450 of the Complaint, except admits that Plaintiffs purport to paraphrase a Wells Fargo press release dated November 17, 2016, and respectfully refers the Court to the referenced press release for its content.

451.    Mr. Stumpf denies the allegations of paragraph 451 of the Complaint, except admits that Plaintiffs purport to paraphrase a Wells Fargo press release dated December 16, 2016, and respectfully refers the Court to the referenced press release for its content.

452.    Mr. Stumpf denies the allegations of paragraph 452 of the Complaint, except admits that Plaintiffs purport to paraphrase a Wells Fargo press release dated February 17, 2017, and respectfully refers the Court to the referenced press release for its content.

453.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 453 of the Complaint.  To the extent Plaintiffs purport to quote from an October 2016 Mini-Study conducted by CG42, Mr. Stumpf respectfully refers the Court to the referenced document for its content.

454.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 454 of the Complaint.  To the extent Plaintiffs purport to paraphrase an October 2016 Mini-Study conducted by CG42, Mr. Stumpf respectfully refers the Court to the referenced document for its content.

455.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 455 of the Complaint.  To the extent Plaintiffs purport to quote from an October 2016 Mini-Study conducted by CG42, Mr. Stumpf respectfully refers the Court to the referenced document for its content.

456.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 456 of the Complaint.  To the extent Plaintiffs purport to quote from an October 2016 Mini-Study conducted by CG42, Mr. Stumpf respectfully refers the Court to the referenced document for its content.

457.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 457 of the Complaint.  To the extent Plaintiffs purport to quote from an October 2016 Mini-Study conducted by CG42, Mr. Stumpf respectfully refers the Court to the referenced document for its content.

458.     Mr. Stumpf  states that paragraph 458 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 458 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 458 of the Complaint concerning the considerations and actions of customers, current or potential investors, and states and cities, and denies the remaining allegations of paragraph 458 of the Complaint.

459.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 459 of the Complaint.  To the extent that Plaintiffs

purport to quote from a letter from Mr. Chiang dated September 28, 2016, Mr. Stumpf respectfully refers the Court to the letter for its content.

460.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 460 of the Complaint.  To the extent that Plaintiffs purport to quote from a letter from Mr. Chiang dated September 28, 2016, Mr. Stumpf respectfully refers the Court to the letter for its content.

461.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 461 of the Complaint.  To the extent that Plaintiffs purport to quote from documents issued by Mr. Frerichs, Mr. Stumpf respectfully refers the Court to those documents for their content.

462.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 462 of the Complaint.  To the extent that Plaintiffs purport to quote from a press release issued by Mr. Kasich dated October 14, 2016, Mr. Stumpf respectfully refers the Court to the press release for its content.

463.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 463 of the Complaint.  To the extent that Plaintiffs purport to quote from documents issued by Ms. Goldberg, Mr. Stumpf respectfully refers the Court to those documents for their content.

464.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 464 of the Complaint.  To the extent that Plaintiffs purport to quote from an announcement issued by Mr. Cuomo on October 11, 2016, Mr. Stumpf respectfully refers the Court to the announcement for its content.

465.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 465 of the Complaint.  To the extent that Plaintiffs purport to quote from an announcement issued by the Pennsylvania treasury on November 3, 2016, Mr. Stumpf respectfully refers the Court to the announcement for its content.

466.     Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 466 of the Complaint.  To the extent that Plaintiffs

purport to quote from a California State Senate Committee on Banking and Financial Institutions' Background Paper and document including Mr. Glazer's statements, Mr. respectfully refers the Court to those documents for their content.

467.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 467 of the Complaint.

468.    Mr. Stumpf states that paragraph 468 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 468 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 468 of the Complaint.

469.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 469 of the Complaint.  To the extent that Plaintiffs purport paraphrase a complaint filed on September 16, 2016, Mr. Stumpf respectfully refers the Court to the referenced complaint for its content.

470.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 470 of the Complaint.  To the extent that Plaintiffs purport paraphrase a complaint filed on September 29, 2016, Mr. Stumpf respectfully refers the Court to the referenced complaint for its content.

471.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 471 of the Complaint.  To the extent that Plaintiffs purport paraphrase a complaint filed in the District of Minnesota, Mr. Stumpf respectfully refers the Court to the referenced complaint for its content.

472.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 472 of the Complaint.  To the extent that Plaintiffs purport paraphrase a complaint "alleging violations of the Racketeer Included and Corrupt Organizations Act" allegedly filed in this District, Mr. Stumpf respectfully refers the Court to the referenced complaint for its content.

473.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 473 of the Complaint.

474.    Mr. Stumpf states that paragraph 474 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 474 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 474 of the Complaint.

475.    Mr. Stumpf denies the allegations of paragraph 475 of the Complaint, except admits that Mr. Stumpf testified before the House Financial Services Committee on September 29, 2016, and that Plaintiffs purport to paraphrase and quote from a Wells Fargo press release dated September 28, 2016 and *Bloomberg* article dated September 28, 2016, and respectfully refers the Court to the referenced documents for their content.

476.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 476 of the Complaint concerning the alleged "public reaction," and denies the remaining allegations of paragraph 476 of the Complaint, except admits that Plaintiffs purport to quote from a *Bloomberg* article dated September 28, 2016, and respectfully refers the Court to the referenced article for their content.

477.    Mr. Stumpf states that paragraph 477 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 477 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 477 of the Complaint, except admits that Plaintiffs concede that they did not made a demand on the Board to institute the current action.

478.    Mr. Stumpf states that paragraph 478 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 478 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 478 of the Complaint.

479.    Mr. Stumpf states that paragraph 479 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 479 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

479 of the Complaint, except admits that Plaintiffs concede that they did not made a demand on the Board to institute the current action.

480.    Mr. Stumpf states that paragraph 480 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 480 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 480 of the Complaint.

481.    Mr. Stumpf states that paragraph 481 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 481 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 481 of the Complaint.

482.    Mr. Stumpf states that paragraph 482 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 482 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 482 of the Complaint.

483.    Mr. Stumpf states that paragraph 483 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 483 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 483 of the Complaint.

484.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 484 of the Complaint concerning the alleged contents of the referenced letter from September 2007, and denies the remaining allegations of paragraph 484 of the Complaint, except admits that Plaintiffs purport to paraphrase or quote from the Charter of Wells Fargo's Board of Directors' Audit and Examination Committee and letter from September 2007, and Mr. Stumpf respectfully refers the Court to those documents for their content.

485.    Mr. Stumpf understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with

the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Mr. Stumpf otherwise denies the allegations of paragraph 485 of the Complaint.

486.    Mr. Stumpf states that paragraph 486 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 486 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 486 of the Complaint.

487.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 487 of the Complaint, except admits that Plaintiffs purport to paraphrase the Charter of Wells Fargo's Board of Directors' Audit and Examination Committee, and Mr. Stumpf respectfully refers the Court to that document for its content.

488.    Mr. Stumpf states that paragraph 488 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 488 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 488 of the Complaint.

489.    Mr. Stumpf states that paragraph 489 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 489 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 489 of the Complaint.

490.    Mr. Stumpf states that paragraph 490 of the Complaint contains conclusions of law to which no response is required.  Additionally, Mr. Stumpf understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  To the extent that paragraph 490 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf responds to the allegations of paragraph 490 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 490 of the Complaint concerning the OCC investigations and Supervisory Letters, and denies the remaining allegations of paragraph 490 of the Complaint, except admits that Plaintiffs purport to paraphrase or quote

79

from the Charter of Wells Fargo's Board of Directors' Risk Committee and Supervisory Letters, and Mr. Stumpf respectfully refers the Court to those documents for their content.

491.    Mr. Stumpf states that paragraph 491 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 491 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 491 of the Complaint concerning Mr. Cordray's prepared statements, and denies the remaining allegations of paragraph 491 of the Complaint.  To the extent Plaintiffs purport to paraphrase or quote from the Charter of Wells Fargo's Board of Directors' Corporate Responsibility Committee and Mr. Cordray's written testimony to the Senate Committee on Banking, Housing, and Urban Affairs, Mr. Stumpf respectfully refers the Court to those documents for their content.

492.    Mr. Stumpf states that paragraph 492 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 492 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 492 of the Complaint, except admits that Plaintiffs purport to paraphrase the Charter of Wells Fargo's Board of Directors' Human Resources Committee, and Mr. Stumpf respectfully refers the Court to that document for its content.

493.    Mr. Stumpf states that paragraph 493 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 493 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 493 of the Complaint, except admits that Plaintiffs purport to paraphrase the Charter of Wells Fargo's Board of Directors' Governance and Nominating Committee, and Mr. Stumpf respectfully refers the Court to that document for its content.

494.    Mr. Stumpf states that paragraph 494 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 494 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 494 of the Complaint.

495.    Mr. Stumpf states that paragraph 495 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 495 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 495 of the Complaint, except admits that Wells Fargo is a regulated banking institution.

496.    Mr. Stumpf states that paragraph 496 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 496 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 496 of the Complaint.

497.    Mr. Stumpf states that paragraph 497 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 497 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 497 of the Complaint.

498.    Mr. Stumpf denies the allegations of paragraph 498 of the Complaint.  To the extent Plaintiffs purport to quote from a transcript of a House Financial Services Committee hearing held on September 29, 2016, Mr. Stumpf respectfully refers the Court to the referenced transcript for its content.

499.    Mr. Stumpf denies the allegations of paragraph 499 of the Complaint, except admits that Plaintiffs purport to paraphrase the L.A. City Attorney's complaint filed in May 2015, and respectfully refers the Court to the complaint for its content.

500.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 500 of the Complaint.  To the extent Plaintiffs purport to paraphrase a consumer class action complaint filed in May 2015, Mr. Stumpf respectfully refers the Court to that complaint for its content.

501.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 501 of the Complaint.

502.    Mr. Stumpf understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.

81

Accordingly, Mr. Stumpf responds to the allegations of paragraph 502 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 502 of the Complaint.

503.    Mr. Stumpf understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Mr. Stumpf responds to the allegations of paragraph 503 of the Complaint by stating that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 503 of the Complaint. To the extent Plaintiffs purport to paraphrase a June 2015 Supervisory Letter, Mr. Stumpf respectfully refers the Court to the referenced letter for its content.

504.    Mr. Stumpf denies the allegations of paragraph 504 of the Complaint.

505.    Mr. Stumpf states that paragraph 505 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 505 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 505 of the Complaint.

506.    Mr. Stumpf states that paragraph 506 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 506 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 506 of the Complaint.

507.    Mr. Stumpf states that paragraph 507 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 507 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 507 the Complaint.

508.    Mr. Stumpf denies the allegations of paragraph 508 of the Complaint, except admits that he testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that Plaintiffs purport to paraphrase a transcript of a Senate Committee

on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refers the Court to the referenced transcript for its content.

509.    Mr. Stumpf states that paragraph 509 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 509 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 509 of the Complaint.

510.    Mr. Stumpf states that paragraph 510 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 510 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 510 of the Complaint.

511.    Mr. Stumpf states that paragraph 511 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 511 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 511 of the Complaint.

512.    Mr. Stumpf states that paragraph 512 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 512 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 512 of the Complaint.

513.    Mr. Stumpf denies the allegations of paragraph 513 of the Complaint, except admits that Defendants Chen, Dean, Engel, James, and Sanger served during the alleged Relevant Period on the Board's Human Resources Committee, and that Plaintiffs purport to paraphrase Wells Fargo's proxy statements and the Charter of Wells Fargo's Board of Directors' Human Resources' Committee, and respectfully refers the Court to those documents for their content.

514.    Mr. Stumpf states that paragraph 514 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 514 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 514 of the Complaint.

515.   Mr. Stumpf denies the allegations of paragraph 515 of the Complaint, except admits that Plaintiffs purport to paraphrase or quote from Wells Fargo's 2015 Proxy Statement and the Charter of Wells Fargo's Board of Directors' Human Resources' Committee, and respectfully refers the Court to those documents for their content.

516.   Mr. Stumpf states that paragraph 516 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 516 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 516 of the Complaint, except admits that Mr. Stumpf testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016 and before the House Financial Services Committee on September 29, 2016, and that Plaintiffs purport to quote from or paraphrase transcripts of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016 and a House Financial Services Committee hearing held on September 29, 2016, unidentified analyst notes, and a Wells Fargo press release dated September 28, 2016, and respectfully refers the Court to those documents for their content.

517.   Mr. Stumpf states that paragraph 517 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 517 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 517 of the Complaint.

518.   Mr. Stumpf denies the allegations of paragraph 518 of the Complaint.

519.   Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 519 of the Complaint.  To the extent Plaintiffs purport to quote from a transcript of a May 19, 2015 Barclays Americas Select Conference, Mr. Stumpf respectfully refers the Court to the transcript for its content.

520.   Mr. Stumpf denies the allegations of paragraph 520 of the Complaint, except admits that Plaintiffs purport to quote from a transcript of a May 29, 2015 presentation at the Sanford C. Bernstein Strategic Decisions Conference, and respectfully refers the Court to the transcript for its content.

521.     Mr. Stumpf states that paragraph 521 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 521 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 521 of the Complaint.

522.     Mr. Stumpf states that paragraph 522 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 522 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 522 of the Complaint.

523.     Mr. Stumpf states that paragraph 523 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 523 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 523 of the Complaint.

524.     Mr. Stumpf incorporates by reference each of the foregoing responses as through fully set forth in this paragraph.

525.     Mr. Stumpf states that paragraph 525 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 525 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 525 of the Complaint.

526.     Mr. Stumpf states that paragraph 526 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 526, including footnote 244, of the Complaint contains factual allegations to which a response is required, Mr. Stumpf admits that Delaware law does not recognize an independent cause of action for gross mismanagement or abuse of control, and otherwise denies the allegations of paragraph 526 of the Complaint.

527.     Mr. Stumpf states that paragraph 527 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 527 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 527 of the Complaint.

528.    Mr. Stumpf states that paragraph 528 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 528 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 528 of the Complaint.

529.    Mr. Stumpf states that paragraph 529 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 529 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 529 of the Complaint.

530.    Mr. Stumpf states that paragraph 530 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 530 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 530 of the Complaint.

531.    Mr. Stumpf states that paragraph 531 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 531 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 531 of the Complaint.

532.    Mr. Stumpf states that paragraph 532 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 532 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 532 of the Complaint.

533.    Mr. Stumpf denies the allegations of paragraph 533 of the Complaint, except admits that Wells Fargo's certificate of incorporation eliminates liability for certain breaches of duty, and that Plaintiffs purport to quote from Wells Fargo's certificate of incorporation, and respectfully refers the Court to that document for its content.

534.    Mr. Stumpf states that paragraph 534 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 534 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 534 of the Complaint.

535.    Mr. Stumpf states that paragraph 535 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 535 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 535 of the Complaint.

536.    Mr. Stumpf states that paragraph 536 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 536 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 536 of the Complaint.

537.    Mr. Stumpf states that paragraph 537 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 537 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 537 of the Complaint.

538.    Mr. Stumpf incorporates by reference each of the foregoing responses as through fully set forth in this paragraph.

539.    Mr. Stumpf states that paragraph 539 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 539 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 539 of the Complaint.

540.    Mr. Stumpf states that paragraph 540 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 540 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 540 of the Complaint.

541.    Mr. Stumpf incorporates by reference each of the foregoing responses as through fully set forth in this paragraph.

542.    Mr. Stumpf states that paragraph 542 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 542 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 542 of the Complaint.

543.   Mr. Stumpf states that paragraph 543 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 543 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 543 of the Complaint.

544.   Mr. Stumpf states that paragraph 544 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 544 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 544 of the Complaint.

545.   Mr. Stumpf states that paragraph 545 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 545 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 545 of the Complaint.

546.   Mr. Stumpf incorporates by reference each of the foregoing responses as through fully set forth in this paragraph.  Mr. Stumpf states that paragraph 546 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 546 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 546 of the Complaint.

547.   Mr. Stumpf denies the allegations of paragraph 547 of the Complaint, except admits that Plaintiffs purport to quote from SEC Rule 14a-9, and respectfully refers the Court to the rule for its content.

548.   Mr. Stumpf states that paragraph 548 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 548 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 548 of the Complaint, except admits that Plaintiffs purport to paraphrase Wells Fargo's 2014, 2015, and 2016 Proxy Statements, and respectfully refers the Court to those Proxy Statements for their content.

549.   Mr. Stumpf states that paragraph 549 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 549 of the Complaint contains

1   factual allegations to which a response is required, Mr. Stumpf denies the allegations paragraph

2   549 of the Complaint.

3        550.   Mr. Stumpf states that paragraph 550 of the Complaint contains conclusions of law

4   to which no response is required.  To the extent that paragraph 550 of the Complaint contains

5   factual allegations to which a response is required, Mr. Stumpf denies the allegations paragraph

6   550 of the Complaint.

7        551.   Mr. Stumpf states that paragraph 551 contains conclusions of law to which no

8   response is required.  To the extent that paragraph 551 of the Complaint contains factual

9   allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 551 of

10  the Complaint.

11       552.   Mr. Stumpf incorporates by reference the foregoing responses as though fully set

12  forth in this paragraph.

13       553.   Mr. Stumpf states that paragraph 553 of the Complaint contains conclusions of law

14  to which no response is required.  To the extent that paragraph 553 of the Complaint contains

15  factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

16  553 of the Complaint.

17       554.   Mr. Stumpf states that paragraph 554 of the Complaint contains conclusions of law

18  to which no response is required.  To the extent that paragraph 554 of the Complaint contains

19  factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

20  554 of the Complaint.

21       555.   Mr. Stumpf states that paragraph 555 of the Complaint contains conclusions of law

22  to which no response is required.  To the extent that paragraph 555 of the Complaint contains

23  factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

24  555 of the Complaint.

25       556.   Mr. Stumpf states that paragraph 556 of the Complaint contains conclusions of law

26  to which no response is required.  To the extent that paragraph 556 of the Complaint contains

27  factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

28  556 of the Complaint.

557.   Mr. Stumpf states that paragraph 557 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 557 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 557 of the Complaint.

558.   Mr. Stumpf states that paragraph 558 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 558 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 558 of the Complaint.

559.   Mr. Stumpf states that paragraph 559 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 559 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 559 of the Complaint.

560.   Mr. Stumpf states that paragraph 560 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 560 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 560 of the Complaint.

561.   Mr. Stumpf states that paragraph 561 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 561 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 561 of the Complaint.

562.   Mr. Stumpf states that paragraph 562 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 562 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 562 of the Complaint.

563.   Mr. Stumpf incorporates by reference the foregoing responses as though fully set forth in this paragraph.

564.   Mr. Stumpf states that paragraph 564 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 564 of the Complaint contains

1  factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph
2  564 of the Complaint.

3          565.    Mr. Stumpf states that paragraph 565 of the Complaint contains conclusions of law
4  to which no response is required.  To the extent that paragraph 565 of the Complaint contains
5  factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph
6  565 of the Complaint.

7          566.    Mr. Stumpf states that paragraph 566 of the Complaint contains conclusions of law
8  to which no response is required.  To the extent that paragraph 566 of the Complaint contains
9  factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph
10 566 of the Complaint.

11         567.    Mr. Stumpf states that paragraph 567 of the Complaint contains conclusions of law
12 to which no response is required.  To the extent that paragraph 567 of the Complaint contains
13 factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph
14 567 of the Complaint.

15         568.    Mr. Stumpf states that paragraph 568 of the Complaint contains conclusions of law
16 to which no response is required.  To the extent that paragraph 568 of the Complaint contains
17 factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph
18 568 of the Complaint.

19         569.    Mr. Stumpf incorporates by reference the foregoing responses as though fully set
20 forth in this paragraph.

21         570.    Mr. Stumpf states that paragraph 570 of the Complaint contains conclusions of law
22 to which no response is required.  To the extent that paragraph 570 of the Complaint contains
23 factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph
24 570 of the Complaint.

25         571.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the
26 truth or falsity of the allegations of paragraph 571 of the Complaint concerning the clawback
27 limitations of unidentified companies, and denies the remaining allegations of paragraph 571 of

28

the Complaint, except admits that Plaintiffs purport to characterize Wells Fargo's clawback policy, and respectfully refers the Court to the policy for its content.

572.    Mr. Stumpf lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 572 of the Complaint.

573.    Mr. Stumpf states that paragraph 573 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 573 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 573 of the Complaint, except admits that Plaintiffs purport to paraphrase Section 29(b) of the Exchange Act, and respectfully refer the Court to that provision for its content.

574.    Mr. Stumpf states that paragraph 574 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 574 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 574 of the Complaint.

575.    Mr. Stumpf states that paragraph 575 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 575 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 575 of the Complaint.

576.    Mr. Stumpf admits that Plaintiffs purport to seek on behalf of Wells Fargo rescission of the contracts between Defendants and Wells Fargo, but denies that Plaintiffs are entitled to any relief.

577.    Mr. Stumpf states that paragraph 577 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 577 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 577 of the Complaint.

578.    Mr. Stumpf admits that Plaintiffs seek declaratory, injunctive, and equitable relief, but denies that Plaintiffs are entitled to any relief.

579.    Mr. Stumpf incorporates by reference the foregoing responses as through fully set forth in this paragraph.

580.    Mr. Stumpf states that paragraph 580 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 580 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 580 of the Complaint.

581.    Mr. Stumpf states that paragraph 581 contains conclusions of law to which no response is required.  To the extent that paragraph 581 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 581 of the Complaint.

582.    Mr. Stumpf states that paragraph 582 contains conclusions of law to which no response is required.  To the extent that paragraph 582 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 582 of the Complaint.

583.    Mr. Stumpf states that paragraph 583 contains conclusions of law to which no response is required.  To the extent that paragraph 583 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 583 of the Complaint.

584.    Mr. Stumpf incorporates by reference the foregoing responses as through fully set forth in this paragraph.

585.    Mr. Stumpf states that paragraph 585 contains conclusions of law to which no response is required.  Mr. Stumpf further states that the Court dismissed this Count in its May 4, 2017 Order (Dkt. No 129), and therefore no response is required.  To the extent a response is required, Mr. Stumpf denies the allegations of paragraph 585 of the Complaint.

586.    Mr. Stumpf states that paragraph 586 contains conclusions of law to which no response is required.  Mr. Stumpf further states that the Court dismissed this Count in its May 4, 2017 Order (Dkt. No 129), and therefore no response is required.  To the extent a response is required, Mr. Stumpf denies the allegations of paragraph 586 of the Complaint.

587.    Mr. Stumpf states that paragraph 587 contains conclusions of law to which no response is required.  Mr. Stumpf further states that the Court dismissed this Count in its May 4,

93

1    2017 Order (Dkt. No 129), and therefore no response is required.  To the extent a response is

2    required, Mr. Stumpf denies the allegations of paragraph 587 of the Complaint.

3         588.    Mr. Stumpf states that paragraph 588 contains conclusions of law to which no

4    response is required.  Mr. Stumpf further states that the Court dismissed this Count in its May 4,

5    2017 Order (Dkt. No 129), and therefore no response is required.  To the extent a response is

6    required, Mr. Stumpf denies the allegations of paragraph 588 of the Complaint.

7         589.    Mr. Stumpf incorporates by reference the foregoing responses as through fully set

8    forth in this paragraph.

9         590.    Mr. Stumpf states that paragraph 590 of the Complaint contains conclusions of law

10   to which no response is required.  To the extent that paragraph 590 of the Complaint contains

11   factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

12   590 of the Complaint.

13        591.    Mr. Stumpf states that paragraph 591 of the Complaint contains conclusions of law

14   to which no response is required.  To the extent that paragraph 591 of the Complaint contains

15   factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

16   591 of the Complaint.

17        592.    Mr. Stumpf states that paragraph 592 of the Complaint contains conclusions of law

18   to which no response is required.  To the extent that paragraph 592 of the Complaint contains

19   factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

20   592 of the Complaint.

21        593.    Mr. Stumpf incorporates by reference the foregoing responses as through fully set

22   forth in this paragraph.

23        594.    Mr. Stumpf states that paragraph 594 of the Complaint contains conclusions of law

24   to which no response is required.  To the extent that paragraph 594 of the Complaint contains

25   factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph

26   594 of the Complaint.

27        595.    Mr. Stumpf states that paragraph 595 of the Complaint contains conclusions of law

28   to which no response is required.  To the extent that paragraph 595 of the Complaint contains

94

factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 595 of the Complaint, except admits that Plaintiffs purport to paraphrase a complaint filed on September 29, 2016, and respectfully refer the Court to the referenced complaint for its content.

596.    Mr. Stumpf states that paragraph 596 of the Complaint contains conclusions of law to which no response is required.  To the extent that paragraph 596 of the Complaint contains factual allegations to which a response is required, Mr. Stumpf denies the allegations of paragraph 596 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against Mr. Stumpf upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited, in whole or in part, because Mr. Stumpf acted in good faith at all relevant times.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited, in whole or in part, by Plaintiffs' failure to mitigate any alleged losses.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Mr. Stumpf satisfied and did not breach any legal duties.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Mr. Stumpf are barred, in whole or in part, by the doctrine of unclean hands, laches, waiver, ratification, acquiescence, equitable estoppel and/or other equitable defenses.

**SIXTH AFFIRMATIVE DEFENSE**

Any alleged injury suffered by Wells Fargo and/or Plaintiffs was caused by Plaintiffs or by the acts or omissions of third parties, and not by any act or omission of Mr. Stumpf.

1

## SEVENTH AFFIRMATIVE DEFENSE

2      Plaintiffs' claims are barred, in whole or in part, because any recovery by Plaintiffs and/or

3   Wells Fargo would constitute an unlawful double recovery or unjust enrichment.

4

## EIGHTH AFFIRMATIVE DEFENSE

5      This action is barred, in whole or in part, because Plaintiffs lack standing to assert the

6   claims alleged in this action.

7

## NINTH AFFIRMATIVE DEFENSE

8      This action is barred, in whole or in part, because the Complaint fails to meet the

9   requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform

10  Act, 14 U.S.C. § 78u-5 ("PSLRA").

11

## TENTH AFFIRMATIVE DEFENSE

12     This action is barred, in whole or in part, because Plaintiffs have failed to plead their

13  claims against Mr. Stumpf with particularity.

14

## ELEVENTH AFFIRMATIVE DEFENSE

15     This action is barred, in whole or in part, because it fails to allege any actionable

16  misstatement or misrepresentation by Mr. Stumpf.

17

## TWELFTH AFFIRMATIVE DEFENSE

18     This action is barred, in whole or in part, because Mr. Stumpf did not misrepresent any

19  alleged fact or omit any alleged fact that he was under a duty to disclose.  Any information that

20  Mr. Stumpf allegedly had a duty to disclose but supposedly did not disclose was in fact disclosed.

21

## THIRTEENTH AFFIRMATIVE DEFENSE

22     This action is barred, in whole or in part, because the statements alleged in the Complaint,

23  if any were in fact made, did not contain untrue material facts and all statements alleged to have

24  been made (if any) had a reasonable basis in fact and/or were immaterial as a matter of law.  At all

25  relevant times, Mr. Stumpf acted without intent to defraud and without recklessness, and Mr.

26  Stumpf believed, at the time the statements alleged in the Complaint were made (if at all), that

27  those statements were correct and not misleadingly incomplete.

28

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

The action is barred, in whole or in part, because the actual facts that Plaintiffs allege to

3

have been misrepresented or omitted were in fact known to and entered the securities market

4

through credible sources.

5

## FIFTEENTH AFFIRMATIVE DEFENSE

6

This action is barred, in whole or in part, because at all relevant times Wells Fargo and/or

7

Plaintiffs did not rely on any alleged misrepresentations or omissions.

8

## SIXTEENTH AFFIRMATIVE DEFENSE

9

This action is barred, in whole or in part, because of the absence of actual reliance by

10

Wells Fargo and/or Plaintiffs on the statements, acts, or omissions alleged in the Complaint to

11

have been made or, in the alternative, because any reliance (if proved) was unreasonable.

12

## SEVENTEENTH AFFIRMATIVE DEFENSE

13

This action is barred, in whole or in part, because Mr. Stumpf did not fraudulently,

14

recklessly, negligently or otherwise engage in any act of deceit, fraud or any other action, alleged

15

conduct, or alleged omission, which was a proximate cause of any injury to Wells Fargo and/or

16

Plaintiffs.

17

## EIGHTEENTH AFFIRMATIVE DEFENSE

18

This action is barred, in whole or in part, because Plaintiffs and/or Wells Fargo suffered no

19

injury or damages or loss, and Mr. Stumpf did not directly or indirectly cause any alleged injury or

20

damages or loss suffered by Plaintiffs and/or Wells Fargo.  Plaintiffs are not entitled to the

21

damages or other relief requested in the Complaint.

22

## NINETEENTH AFFIRMATIVE DEFENSE

23

This action is barred, in whole or in part, by the doctrines of contributory negligence,

24

comparative negligence, and/or assumption of risk.

25

## TWENTIETH AFFIRMATIVE DEFENSE

26

This action is barred, in whole or in part, because the alleged damages are speculative and

27

thus not recoverable.

28

97

1

**TWENTY FIRST AFFIRMATIVE DEFENSE**

2

3

4

5

Plaintiffs are not entitled to injunctive relief because, at a minimum, Plaintiffs have an adequate remedy at law and because Plaintiffs' claims otherwise fail to meet the requirements for injunctive relief, including at least that Plaintiffs and/or Wells Fargo will not suffer irreparable harm and that public policy does not favor the entry of an injunction.

6

**TWENTY SECOND AFFIRMATIVE DEFENSE**

7

8

9

This action is barred, in whole or in part, because the facts alleged to have been misrepresented or omitted were forward-looking and are rendered inactionable by the safe harbor provisions of the PSLRA.

10

**TWENTY THIRD AFFIRMATIVE DEFENSE**

11

12

The fraud on the market theory is not applicable and/or is not a basis of liability with respect to one or more of the claims asserted in this action.

13

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

14

15

16

17

18

19

This action is barred, in whole or in part, because Mr. Stumpf did not act with the requisite knowledge or scienter.  Mr. Stumpf did not make any of the alleged misrepresentations or omissions alleged in the Complaint with the intent to deceive and/or for the purpose of inducing the purchase or sale of Wells Fargo stock.  Mr. Stumpf did not know, and could not have known with the exercise of reasonable care, the untruth of any alleged misrepresentations or the fact of any material omission.

20

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

21

22

23

24

This action is barred, in whole or in part, because at all times mentioned in the Complaint and with respect to all matters therein contained, Mr. Stumpf acted in good faith and exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of any alleged misconduct, untruth, omission, or any other action alleged in the Complaint.

25

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

26

27

Every act or omission alleged against Mr. Stumpf was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission, and

28

98

1   therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for

2   any act or omission so alleged.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

4   Plaintiffs' claims, are barred, in whole or in part, because Plaintiffs and/or Wells Fargo and

5   the market were informed of the material information and risks in SEC filings and their

6   amendments, press releases, proxy statements, Registration Statements, advertisements and other

7   materials available to Plaintiffs and/or the market.

### TWENTY EIGHTH AFFIRMATIVE DEFENSE

9   This action is barred, in whole or in part, because Plaintiffs and/or Wells Fargo have not

10   suffered any legally cognizable injury or damage.

### TWENTY NINTH AFFIRMATIVE DEFENSE

12   Plaintiffs' claims are barred, in whole or in part, because of the absence of loss causation.

### THIRTIETH AFFIRMATIVE DEFENSE

14   Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations and/or

15   repose.

### THIRTY FIRST AFFIRMATIVE DEFENSE

17   This action is barred, in whole or in part, because, and to the extent that, the alleged

18   misrepresentations contained expressions of opinion, including expressions of opinions that

19   Plaintiffs have not alleged and cannot prove were not truly held.

### THIRTY SECOND AFFIRMATIVE DEFENSE

21   This action is barred, in whole or in part, because Mr. Stumpf justifiably and/or reasonably

22   relied on information provided to him by others.

### THIRTY THIRD AFFIRMATIVE DEFENSE

24   This action is barred, in whole or in part, because Mr. Stumpf is not liable for any portion

25   of Plaintiffs' and/or Wells Fargo's alleged loss or damage caused by factors other than Mr.

26   Stumpf's acts or omissions.

27

28

99

DEFENDANT JOHN G. STUMPF'S ANSWER TO CONSOLIDATED AMENDED VERIFIED STOCKHOLDER
DERIVATIVE COMPLAINT                                    LEAD CASE NO. 3:16-CV-05541-JST

1

### THIRTY FOURTH AFFIRMATIVE DEFENSE

2   Mr. Stumpf denies that Plaintiffs are entitled to recovery of attorneys' fees or any other

3 costs or expenses.

4

### THIRTY FIFTH AFFIRMATIVE DEFENSE

5   This action is barred, in whole or in part, by SEC Rule 10b5-l.

6

### THIRTY SIXTH AFFIRMATIVE DEFENSE

7   This action is barred, in whole or in part, by virtue of statutory defenses, including, but not

8 limited to, 15 U.S.C. § 78t(a), or the governing local laws of this jurisdiction.

9

### THIRTY SEVENTH AFFIRMATIVE DEFENSE

10   Each cause of action is barred in whole or in part by Delaware General Corporation Law §

11 102(b)(7), by California Corporations Code § 204(a)(10), by Wells Fargo's bylaws and certificate

12 of incorporation, and by other provisions of applicable law relating to the liabilities of directors

13 and officers of a Delaware corporation.

14

### THIRTY EIGHTH AFFIRMATIVE DEFENSE

15   Each cause of action is barred in whole or in part due to the absence of any breach of the

16 duties of care, loyalty, or any other fiduciary duty imposed by Delaware, California, or other law.

17

### THIRTY NINTH AFFIRMATIVE DEFENSE

18   Each cause of action is barred in whole or in part because Mr. Stumpf's actions were at all

19 times a valid exercise of business judgment.

20

### FORTIETH AFFIRMATIVE DEFENSE

21   Each cause of action is barred in whole or in part because Mr. Stumpf cannot be held

22 liable under the group pleading doctrine.

23

### FORTY FIRST AFFIRMATIVE DEFENSE

24   Each cause of action is barred in whole or in part because Mr. Stumpf was not a party to or

25 otherwise personally interested in any transaction that Defendants approved in their capacity as

26 directors of Wells Fargo.

27

28

DEFENDANT JOHN G. STUMPF'S ANSWER TO CONSOLIDATED AMENDED VERIFIED STOCKHOLDER
DERIVATIVE COMPLAINT       LEAD CASE NO. 3:16-CV-05541-JST

1    ### FORTY SECOND AFFIRMATIVE DEFENSE

2        Without conceding that Mr. Stumpf has acted wrongly or negligently, or that any act of

3    Defendant caused harm to Wells Fargo, each of the claims made by Plaintiffs against Mr. Stumpf

4    are barred, in whole or in part, by the doctrine of *in pari delicto*.

5    ### FORTY THIRD AFFIRMATIVE DEFENSE

6        Each cause of action is barred in whole or in part by Delaware General Corporation Law §

7    327, by California Corporations Code § 800(b)(l), and by other provisions of applicable law

8    relating to derivative actions.

9    ### FORTY FOURTH AFFIRMATIVE DEFENSE

10       Each cause of action is barred in whole or in part because Plaintiffs failed to make a pre-

11   suit demand on the Board of Directors and because such demand would not have been futile.

12   ### FORTY FIFTH AFFIRMATIVE DEFENSE

13       The amount of any alleged damages, if any, must be offset against the value of the benefits

14   that Defendants' alleged conduct conferred on Wells Fargo.

15   ### FORTY SIXTH AFFIRMATIVE DEFENSE

16       As to each cause of action, Plaintiffs and Plaintiffs' counsel are precluded from recovering

17   attorneys' fees, accountants' fees, consultants' fees, and/or experts' fees and/or expenses under

18   applicable provisions of law.

19   ### RESERVATION OF RIGHTS

20       Mr. Stumpf reserves the right to assert, and hereby gives notice that Mr. Stumpf intends to

21   rely upon, any other defense that may become available or appear during discovery or otherwise in

22   this case and hereby reserves the right to amend the Answer to assert such defenses.  Answers to

23   each paragraph of the Complaint are made by Mr. Stumpf without waiving, but expressly

24   reserving, all rights Mr. Stumpf may have to seek relief by appropriate motions directed to the

25   allegations in the Complaint.

26

27   ### JURY DEMAND

28       Mr. Stumpf demands a trial by jury of all issues so triable.

1

## **PRAYER FOR RELIEF**

2

WHEREFORE, having fully answered the Complaint, Mr. Stumpf respectfully requests

3

that this Court enter judgment in his favor, that the Court award Mr. Stumpf his costs reasonably

4

incurred in the defense of this action to the maximum extent allowable by law, and grant Mr.

5

Stumpf such other and further relief as this Court deems just and proper.

6

7

Dated: January 8, 2018.                                    Respectfully submitted,

8

9

By: /s/ Grant P. Fondo
Grant P. Fondo (SBN 181530)

10

*gfondo@goodwinlaw.com*
Lloyd Winawer (SBN 157823)

11

*lwinawer@goodwinlaw.com*
Nicholas A. Reider (SBN 296440)

12

*nreider@goodwinlaw.com*
**GOODWIN PROCTER** LLP

13

135 Commonwealth Drive
Menlo Park, California 94025-1105

14

Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

15

Richard M. Strassberg (*pro hac vice*)

16

*rstrassberg@goodwinlaw.com*
**GOODWIN PROCTER** LLP

17

The New York Times Building
620 Eighth Avenue

18

New York, New York 10018-1405
Tel.: +1 212 813 8800

19

Fax.: +1 212 355 3333

20

Attorneys for Defendant
JOHN G. STUMPF

21

22

23

24

25

26

27

28

DEFENDANT JOHN G. STUMPF'S ANSWER TO CONSOLIDATED AMENDED VERIFIED STOCKHOLDER
DERIVATIVE COMPLAINT                                    LEAD CASE NO. 3:16-CV-05541-JST

1

## <u>CERTIFICATE OF SERVICE</u>

2

        The undersigned hereby certifies that a true and correct copy of the above and foregoing

3

document has been served on January 8, 2018, to all counsel of record who are deemed to have

4

consented to electronic service via the Court's CM/ECF system.

5

6

                                    /s/ Grant P. Fondo

7

                                    Grant P. Fondo

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT JOHN G. STUMPF'S ANSWER TO CONSOLIDATED AMENDED VERIFIED STOCKHOLDER
DERIVATIVE COMPLAINT                                    LEAD CASE NO. 3:16-cv-05541-JST