ISMAIL RAMSEY (Bar No. 189820)
izzy@ramsey-ehrlich.com
MILES EHRLICH (Bar No. 237954)
miles@ramsey-ehrlich.com
KATHARINE KATES (Bar No. 155534)
katharine@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

Attorneys for Defendant John R. Shrewsberry

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION** | Lead Case No. 3:16-cv-05541-JST<br><br>**DEFENDANT JOHN R. SHREWSBERRY'S ANSWER TO CONSOLIDATED AMENDED VERIFIED STOCKHOLDER DERIVATIVE COMPLAINT** |

## I.     NATURE AND SUMMARY OF THE ACTION

1.     Shrewsberry denies the allegations of paragraph 1 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 concerning any Defendant other than himself, and on that basis denies those allegations.

2.     Shrewsberry denies the allegations of paragraph 2 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 concerning any Defendant other than himself, and on that basis denies those allegations.

3.     Shrewsberry admits that Wells Fargo's 2010 Annual Report contains the statement quoted in paragraph 3, the contents of which speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of this allegation, and therefore denies it.  Shrewsberry denies the remaining allegations of paragraph 3 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3 concerning any Defendant other than himself, and on that basis denies those allegations.

4.     Shrewsberry admits that the transcript of the May 20, 2014, Investor Day Conference reflects that Ms. Tolstedt made the quoted statement.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and therefore denies them.

5.     Shrewsberry admits that the transcript of the May 20, 2014, Investor Day Conference reflects that he stated: "Our relationship focus and cross-sell capability is hopefully legendary at this point. It's been our vision for decades."  Except as admitted, Shrewsberry denies the allegations in paragraph 5 to the extent alleged against him. Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5 concerning any Defendant other than himself, and on that basis denies those allegations.

6.      Shrewsberry admits that the transcript of the September 20, 2016, Senate Banking Committee Hearing contains the statement by Senator Toomey quoted in paragraph 6.  Except as admitted, Shrewsberry denies the allegations of paragraph 6 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 concerning any Defendant other than himself, and on that basis denies those allegations.

7.      Shrewsberry admits that the article by Maggie Smith at: https://www.forbes.com/sites/maggiemcgrath/2016/09/13/treasury-secretary-jack-lew-what-wells-fargo-did-was-unacceptable/#6a19f241383b, contains the statements by Senator Warren and Secretary Lew quoted in paragraph 7.  Shrewsberry further admits that the transcript of the September 20, 2016, Senate Banking Committee Hearing contains the statement by Mr. Curry, quoted in paragraph 7.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, and on that basis denies them.

8.      Shrewsberry denies the allegations of paragraph 8 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 nconcerning any Defendant other than himself, and on that basis denies those allegations.

9.      Shrewsberry admits that on September 8, 2016, the L.A. City Attorney, the U.S. Consumer Financial Protection Bureau ("CFPB"), and the Office of the Comptroller of the Currency ("OCC") issued separate press releases and consent orders regarding Wells Fargo, the contents of which speak for themselves.  Except as admitted, Shrewsberry denies the allegations in paragraph 9.

10.      Shrewsberry admits that the CFPB Consent Order, 2016-CFPB-0015, contains the statements quoted in paragraph 10. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and therefore denies them.

11.     Shrewsberry admits that the CFPB Consent Order, 2016-CFPB-0015, contains the statements quoted in paragraph 11. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11, and therefore denies them.

12.     Shrewsberry admits that the CFPB Consent Order, 2016-CFPB-0015, contains the statements quoted in paragraph 12. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and therefore denies them.

13.     Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 13 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them and refers the Court to the referenced document for its content.

14.     Shrewsberry admits that the Final Judgment Wells Fargo entered into with the L.A. City Attorney contains the terms as listed in paragraph 14. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and therefore denies them.

15.     Shrewsberry admits that a congressional investigation into Wells Fargo included hearings on September 20, 2016 and September 29, 2016, before the Senate Committee on Banking, Housing, and Urban Affairs and the House Financial Services Committee, respectively.  Shrewsberry admits that Mr. Stumpf resigned after his congressional testimony.  Shrewsberry denies the remaining allegations in paragraph 15.

16.     Shrewsberry admits that the transcript of the Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and the transcript of the House Financial Services Committee Hearing held on September 29, 2016, contain the statements by Mr. Stumpf quoted and paraphrased in paragraph 16.

Shrewsberry denies the remaining allegations of paragraph 16 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 concerning any Defendant other than himself, and on that basis denies those allegations.

17.     Shrewsberry admits that the September 28, 2016, letter from Senators Warren, Merkley, and Menendez to the SEC, available at https://www.warren.senate.gov/files/documents/2016-9-28_Letter_to_SEC_RE_Wells_Investigation.pdf, contains the statement quoted in paragraph 17.   Shrewsberry denies the remaining allegations of paragraph 17 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17 concerning any Defendant other than himself, and on that basis denies those allegations.

18.     Shrewsberry admits that the transcript of the September 20, 2016 hearing of the Senate Committee on Banking, Housing, and Urban Affairs contains the statement from Senator Toomey quoted and paraphrased in paragraph 18.  Except as admitted, Shrewsberry denies the allegations in paragraph 18.

19.     Shrewsberry admits that the transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, contains the statement from Mr. Curry quoted in paragraph 19.  Except as admitted, Shrewsberry denies the allegations in paragraph 19.

20.     Shrewsberry admits that the transcript of the September 20, 2016 hearing of the Senate Committee on Banking, Housing, and Urban Affairs contains the statement from Mr. Cordray quoted and paraphrased in paragraph 20.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of Mr. Cordray's statement and on that basis denies that portion of paragraph 20.  Shrewsberry denies the remaining allegations of paragraph 20 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in paragraph 20 concerning any Defendant other than himself, and on that basis denies those allegations.

21.     Shrewsberry denies the allegations of paragraph 21 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 concerning any Defendant other than himself, and on that basis denies those allegations.

22.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and on that basis denies those allegations.

23.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 and on that basis denies those allegations.

24.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 concerning the 2008 whistleblower lawsuit, and on that basis denies those allegations.  Shrewsberry denies the remaining allegations of paragraph 24 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 24 concerning any Defendant other than himself, and on that basis denies those allegations.

25.     Shrewsberry admits that six former Wells Fargo employees filed a lawsuit in the federal district court in Montana in 2009, in which they alleged they were wrongfully terminated.  See *Finstad et al vs. Wells Fargo Bank*, D.MT., 6:09-cv-00046-CCL.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and on that basis denies those allegations.

26.     Shrewsberry admits that Plaintiffs Yesenia Guitron and Judi Klosek filed suit in the Northern District of California that contained allegations of unethical business practices. Except as admitted, Shrewsberry lacks knowledge or information sufficient to

form a belief about the truth of the allegations in paragraph 26 and on that basis denies those allegations.

27.     Shrewsberry admits that the transcript of the September 20, 2016 hearing before the Senate Committee on Banking, Housing, and Urban Affairs contains the statement by Mr. Stumpf as quoted and paraphrased in paragraph 27.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and on that basis denies those allegations.

28.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and on that basis denies those allegations.

29.     Shrewsberry admits that the transcript of Mr. Stumpf's testimony before the House Financial Services Committee in September 2016 contains the statement quoted in paragraph 29.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and on that basis denies those allegations.

30.     Shrewsberry admits that Wells Fargo's written responses to questions posed by the Senate Banking Committee contain the statements quoted and paraphrased in paragraph 30. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and on that basis denies those allegations.

31.     Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 31 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them and refers the Court to the referenced document for its content.

32.     Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 32 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

33.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and on that basis denies those allegations.

34.     Shrewsberry admits that the transcript of the Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, contains the statement by CFPB Director Cordray paraphrased in paragraph 34.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and on that basis denies those allegations.

35.     Shrewsberry admits that on October 4, 2013, a former employee filed a Complaint against Wells Fargo in San Mateo Superior Court alleging wrongful termination and retaliation. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and on that basis denies those allegations.

36.     Shrewsberry admits that Wells Fargo's written responses to the Senate Banking Committee contains the statement attributed to Mr. Stumpf.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, and on that basis denies those allegations.

37.     Shrewsberry admits that on December 21, 2013, the *Los Angeles Times* ran an article that contained the statements quoted in paragraph 37.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and on that basis denies those allegations.

38.     Shrewsberry understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 38 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

39.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and on that basis denies those allegations.

40.     Shrewsberry admits that the transcript of Mr. Stumpf's testimony before the House Financial Services Committee reflects that he discussed the December 2013 L.A. Times article with the Board as set forth in the second sentence of paragraph 40.  Except as admitted, Shrewsberry denies the allegations of paragraph 40 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 concerning any Defendant other than himself, and on that basis denies those allegations.

41.     Shrewsberry admits that the transcript of Mr. Stumpf's testimony before the Senate Banking Committee on September 20, 2016, contains the statements quoted and paraphrased in the first four sentences of paragraph 41.  Except as admitted, Shrewsberry denies the allegations of paragraph 41 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 concerning any Defendant other than himself, and on that basis denies those allegations.

42.     Shrewsberry admits that on May 4, 2015, the L.A. City Attorney filed a civil enforcement action in the name of the People of the State of California. To the extent paragraph 42 purports to describe the Complaint or Final Judgment in that action, Shrewsberry responds that the documents speaks for themselves.  Except as admitted,

Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and on that basis denies those allegations.

43.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, and on that basis denies those allegations.

44.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, and on that basis denies those allegations.

45.     Shrewsberry admits that the Complaint filed in *Jabbari vs. Wells Fargo & Company and Wells Fargo Bank, N.A*., No. 4:15-cv-02159-DMR (N.D. Cal.) (the "Jabbari Complaint") (Dkt. No. 5), contains the quoted statement regarding sales goals – not quotas – from an alleged "Confidential Informant." To the extent Plaintiffs purport to describe that Complaint, Shrewsberry responds that the document speaks for itself. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, and on that basis denies them.

46.     Shrewsberry admits that one independent consultant presented findings to Wells Fargo regarding the Bank's sales practices, and another independent consultant presented findings to Wells Fargo regarding potential consumer harm related to potentially unauthorized accounts.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46(c) concerning the CFPB.  Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 46 that concern the OCC by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced documents for their content.

47.     Shrewsberry denies the allegations of paragraph 47 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 concerning any Defendant other than himself, and on that basis denies those allegations.

48.     Shrewsberry denies the allegations of paragraph 48 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 concerning any Defendant other than himself, and on that basis denies those allegations.

49.     Shrewsberry admits that a February 1, 2017, letter available at https://www.warren.senate.gov/?p=press_release&id=1423, contains the statements from certain Senators as quoted in paragraph 49; the contents of that letter speak for itself. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, and on that basis denies those allegations.

50.     Shrewsberry admits that Wells Fargo terminated certain employees for engaging in improper activities.  Except as admitted, Shrewsberry denies the remaining allegations of paragraph 50 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 50 concerning any Defendant other than himself, and on that basis denies those allegations.

51.     Shrewsberry denies the allegations of paragraph 51 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 concerning any Defendant other than himself, and on that basis denies those allegations.

52.     Shrewsberry denies the allegations of paragraph 52 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52concerning any Defendant other than himself, and on that basis denies those allegations.

53.     Shrewsberry admits that Wells Fargo entered a consent order with the Federal Reserve on July 20, 2011, and that the Federal Reserve issued a press release with the quoted language.  Shrewsberry further admits that CNN published the quoted statement attributed to Mr. Stumpf.   Except as admitted, Shrewsberry denies the allegations of paragraph 50 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 concerning any Defendant other than himself, and on that basis denies those allegations.

54.     Shrewsberry admits that Pricewaterhouse Coopers was engaged to review Wells Fargo records to identify accounts that may have been unauthorized.  Shrewsberry admits that the transcript of Mr. Stumpf's testimony before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, contains the statements from Mr. Stumpf quoted in paragraph 54. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 54, and on that basis denies those allegations.

55.     Shrewsberry admits that on September 8, 2016, Wells Fargo issued a press release and the Consumer Financial Protection Bureau entered a consent order with Wells Fargo, the contents of which speak for themselves.   Except as admitted, Shrewsberry denies the allegations of paragraph 55 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 55 concerning any Defendant other than himself, and on that basis denies those allegations.

56.     Shrewsberry denies the allegations of paragraph 56 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

## II.     JURISDICTION AND VENUE

57.     Paragraph 57 contains a legal conclusion to which no response in required. To the extent paragraph 57 includes factual allegations to which a response in required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57, and on that basis denies those allegations.

58.     Shrewsberry admits that he is a resident of California as alleged in paragraph 58.  Shrewsberry denies the remaining allegations of paragraph 58 as to him. Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

59.     Paragraph 59 contains legal conclusions to which no response is required. To the extent paragraph 59 contains factual allegations to which a response is required, Shrewsberry admits that he is a resident of California.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 59, and on that basis denies those allegations.

## III.     INTRADISTRICT ASSIGNMENT

60.     Paragraph 60 contains a legal conclusion to which no response is required. To the extent paragraph 60 contains factual allegations to which a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, and on that basis denies them.

## IV.     PARTIES

61.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61, and on that basis denies those allegations.

62.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62, and on that basis denies those allegations.

63.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63, and on that basis denies those allegations.

64.     Paragraph 64 contains legal conclusions to which no response is required.. Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 64, and on that basis denies those allegations.

65.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65, and on that basis denies those allegations.

66.     Paragraph 66 contains a legal conclusion regarding citizenship of Wells Fargo to which no response is required.  Shrewsberry admits the remaining allegations of paragraph 66.

67.     Shrewsberry lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint, except that Shrewsberry admits that i) Wells Fargo engaged in acquisitions and mergers in the late 1980s and 1990s, including a merger with Norwest Corporation in 1998; ii) in 2008, Wells Fargo announced that it would acquire Wachovia Corporation; and iii) Wells Fargo has focused on the U.S. retail customer market.

68.     Shrewsberry admits that the Q3 2016 Form 10-Q at page 3 contains the statements quoted and paraphrased in paragraph 68, the contents of which speak for itself.  Except as otherwise admitted, Shrewsberry denies the allegations in paragraph 68.

69.     Shrewsberry lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint, except that Shrewsberry admits that (i) Wells Fargo's operating segments include Wholesale Banking, which provides financial solutions to businesses, Wealth and Investment Management, which provides personalized wealth management, investment and retirement products and services, including financial planning, private banking, credit, investment management and fiduciary services to high-net worth and ultra-high-net worth individuals and

families, and Community Banking, which provides financial products and services to customers and small businesses, including checking and savings accounts, credit and debit cards, auto, student, and small-business lending, investment, insurance, and trust services, and mortgage and home equity loans; and (ii) Community Banking earned approximately twice the annual revenue of Wholesale Banking and more than three times the revenue of Wealth and Investment Management during the alleged Relevant Period.

70.     Shrewsberry admits that Shrewsberry John G. Stumpf held various positions at Wells Fargo, including CEO, and was a director on Wells Fargo's Board. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70, and on that basis denies those allegations.

71.     Shrewsberry admits that Mr. Sloan was elected chief executive officer of Wells Fargo in October 2016, and that prior to that time, he served in various positions at Wells Fargo, including president, chief financial officer, chief operating officer, and head of the wholesale banking business.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 71, and on that basis denies those allegations.

72.     Shrewsberry admits that Ms. Tolstedt held various positions at Wells Fargo, including as head of Community Banking.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72, and on that basis denies those allegations.

73.     Shrewsberry admits the first and second sentences of paragraph 73.  As to the third sentence, to the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning his compensation, Shrewsberry respectfully refers the Court to those filings for their content and further responds that his compensation was awarded under terms set forth in Wells Fargo's proxy statements. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72, and on that basis denies those allegations.

74.     Shrewsberry admits that Mr. Loughlin is currently a Senior Executive Vice President and Chief Risk Officer of Wells Fargo, and that he held various positions at Wells Fargo prior to that time.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74, and on that basis denies those allegations.

75.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75, and on that basis denies those allegations.

76.     Shrewsberry admits that Mr. Baker is a director of Wells Fargo and has served on various board committees.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76, and on that basis denies those allegations.

77.     Shrewsberry admits that Ms. Chao has served as a director of Wells Fargo and on various committees of the board.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77, and on that basis denies those allegations.

78.     Shrewsberry admits that Mr. Chen has served as a director of Wells Fargo and on various committees of the board.  Except as admitted, Mr. Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78, and on that basis denies those allegations.

79.     Shrewsberry admits that Mr. Dean has served as a director of Wells Fargo and on various committees of the board.  Except as admitted Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79, and on that basis denies those allegations.

80.     Shrewsberry admits that Ms. Duke has served as a director of Wells Fargo and on various committees of the board.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 80, and on that basis denies those allegations.

81.     Shrewsberry admits that Ms. Engel has served as a director of Wells Fargo and on various committees of the board.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81, and on that basis denies those allegations.

82.     Shrewsberry admits that Mr. Hernandez has served as a director of Wells Fargo and on various committees of the board.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82, and on that basis denies those allegations.

83.     Shrewsberry admits that Mr. James has served as a director of Wells Fargo and on various committees of the board.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83, and on that basis denies those allegations.

84.     Shrewsberry admits that Ms. Milligan has served as a director of Wells Fargo and on various committees of the board.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 84, and on that basis denies those allegations.

85.     Shrewsberry admits that Mr. Pena has served as a director of Wells Fargo and on various committees of the board.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85, and on that basis denies those allegations.

86.     Shrewsberry admits that Mr. Quigley has served as a director of Wells Fargo and on various committees of the board.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86, and on that basis denies those allegations.

87.     Shrewsberry admits that Ms. Runstad has served as a director of Wells Fargo and on various committees of the board.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87, and on that basis denies those allegations.

88.     Shrewsberry admits that Mr. Sanger has been Chairman of Wells Fargo's Board of Directors, has previously been a director and served on various committees of the board.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88, and on that basis denies those allegations.

89.     Shrewsberry admits that Ms. Swenson has served as a director of Wells Fargo and on various committees of the board.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89, and on that basis denies those allegations.

90.     Shrewsberry admits that Ms. Vautrinot has served as a director of Wells Fargo and on various committees of the board.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 90, and on that basis denies those allegations

91.     Paragraph 91 does not contain factual allegations that require a response. To the extent paragraph 91 contains factual allegations that require a response, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91, and on that basis denies those allegations.

## V.     DEFENDANTS WERE OBLIGATED TO SAFEGUARD THE COMPANY'S INTERESTS AND COMPLY WITH APPLICABLE LAWS

92.     The allegations of paragraph 92 call for a legal conclusion to which no response is required.  To the extent paragraph 92 contains factual allegations that require a response,  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of those allegations, and on that basis denies them.

93.     Shrewsberry denies the allegations of paragraph 93 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

94.     Paragraph 94 contains a legal conclusion to which no response is required. ; To the extent that paragraph 94 of the Complaint contains factual allegations to which a response is required, Shrewsberry denies the allegations of paragraph 94 of the Complaint to the extent alleged against him. Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

95.     Paragraph 95 contains a legal conclusion to which no response is required. To the extent that paragraph 95 contains factual allegations to which a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of those allegations, and on that basis denies them.

96.     Paragraph 96 contains a legal conclusion to which no response is required. To the extent that paragraph 96 contains factual allegations to which a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of those allegations, and on that basis denies them.

97.     Shrewsberry admits that the FDIC Laws, Regulations, Related Acts 5000, available at https://www.fdic.gov/regulations/laws/rules/5000-3300.html, contain the statement quoted and paraphrased in paragraph 97, without the added emphasis.   Except as expressly admitted, Shrewsberry denies the allegations in paragraph 97.

98.     Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 98 that concern the OCC by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced documents for their content.

99.     Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that

no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 99 that concern the OCC by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced documents for their content.

100.    Shrewsberry admits that paragraph 100 accurately quotes Wells Fargo's 2012 annual report, the contents of which speak for itself.  Shrewsberry denies that the 2013 annual report contains the quote as alleged in paragraph 100.  Except as expressly admitted, Shrewsberry denies the allegations in paragraph 100.

101.    Shrewsberry admits that the Board's several standing committees – including the Audit and Examination Committee, the Risk Committee, the Corporate Responsibility Committee, the Human Resource Committee, and the Governance and Nominating Committee – have their own charters setting forth certain responsibilities for their members, in addition to the responsibilities of Board members generally, and that these committees monitor specific aspects of the business.  Except as admitted, Shrewsberry denies the allegations in paragraph 101.

102.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102, and therefore denies them.

103.    Shrewsberry admits that the Audit and Examination Committee Charter contains the statements quoted with respect to the Audit Committee's oversight.  Shrewsberry admits that as of the filing of this Answer, the Board's Audit and Examination Committee is comprised of Quigley, Baker, Pena, Sargent, and Swenson.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103, and therefore denies them.

104.    Shrewsberry admits that the current Audit and Examination Committee Charter contains the statements paraphrased in  paragraph 104, without the added emphasis.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104, and therefore denies them.

105.     Shrewsberry admits that the current Audit and Examination Committee Charter contains the language quoted in paragraph 105.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105, and therefore denies them.

106.     Shrewsberry admits that the Risk Committee is currently comprised of Peetz (chair), Duke, Hernandez, Pujadas, Quigley, and Vautrinot. Shrewsberry admits that Wells Fargo's 2014 Annual Report contains the language quoted in the second sentence of paragraph 106, the contents of which speak for itself.  Shrewsberry further admits that paragraph 106 paraphrases the current Risk Committee Charter.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106, and therefore denies them.

107.     Shrewsberry admits that the Human Resources Committee is currently comprised of Dean (Chair), Chen, James, Peetz, and Sargent.  Shrewsberry admits that paragraph 107 paraphrases certain language in the current Human Resources Committee Charter.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107, and therefore denies them.

108.     Shrewsberry admits that Wells Fargo's 2016 Annual Proxy Statement contains the language quoted in paragraph 108, the contents of which speak for itself. Except as admitted, Shrewsberry denies the allegations in paragraph 108.

109.     Shrewsberry admits that the current Corporate Responsibility Committee Charter contains the language quoted in paragraph 109.  Shrewsberry admits the Corporate Responsibility Committee is currently comprised of Pena (Chair), Baker, Dean, Hernandez, Milligan, and Vautrinot.   Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109, and therefore denies them.

110.     Shrewsberry admits the current Governance and Nominating Committee Charter contains the language quoted in paragraph 110.  Shrewsberry admits that the

Governance and Nominating Committee is comprised of James (Chair), Dean, Duke, Pena, and Sargent.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110, and therefore denies them.

111.   Shrewsberry admits that Wells Fargo's 2014 Annual Proxy contains the language quoted in paragraph 111, the contents of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111, and on that basis denies them.

112.   Shrewsberry admits that the current Governance and Nominating Committee Charter contains the language quoted in paragraph 112. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112, and on that basis denies them.

113.   Shrewsberry admits that the current Wells Fargo Corporate Governance Guidelines contain the language quoted in paragraph 113. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113, and on that basis denies them.

114.   Shrewsberry admits that the Wells Fargo Corporate Governance Guidelines contains the language quoted in paragraph 114. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114, and on that basis denies them.

115.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115, and on that basis denies them.

116.   Shrewsberry admits that the information contained in proxy statements was filed with the SEC before soliciting a shareholder vote.  The remaining allegations of paragraph 116 contain conclusions of law, which do not require a response. Except as admitted, Shrewsberry acks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116, and on that basis denies them.

117.   Shrewsberry admits that Wells Fargo's 2016 Proxy Statement contains the language quoted in paragraph 117, the contents of which speak for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117, and on that basis denies them.

118.   Shrewsberry admits that Wells Fargo's 2016 Proxy Statement contains the language quoted and paraphrased in paragraph 118, the contents of which speak for itself. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118, and on that basis denies them.

119.   Shrewsberry admits that from 2012 through 2016, Wells Fargo's Annual Proxy Statements included a stockholder proposal to adopt a policy requiring an independent director and that also included certain Board recommendations, the contents of which speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119, and on that basis denies them.

120.   Shrewsberry admits that the 2014 Proxy Statement, filed on March 18, 2014, prior to the April 29, 2014 annual meeting of stockholders, contains the language quoted in paragraph 120, without the added emphasis, the contents of which speak for itself. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120, and on that basis denies them.

121.   Shrewsberry admits that the 2015 Proxy Statement, filed on March 17, 2015, prior to the annual stockholders meeting, contains the language quoted in paragraph 121, the contents of which speak for itself .  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121, and on that basis denies them.

122.   Shrewsberry admits that the 2016 Proxy Statement, published on March 16, 2016, contains certain Board recommendations, the contents of which speak for themselves. Except as admitted, Shrewsberry lacks knowledge or information sufficient

to form a belief about the truth of the allegations in paragraph 122, and on that basis denies them.

## VI.   ALLEGATIONS REGARDING THE CREATION OF UNAUTHORIZED ACCOUNTS

123.    Shrewsberry denies the allegations of paragraph 123 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

124.    Shrewsberry admits that Wells Fargo, at certain times during the relevant period, stated in public filings and elsewhere, that it had an initiative that set a goal of selling eight products per household.  Shrewsberry admits that the December 2013 Los Angeles Times article contained the statement quoted, without the bracketed material, and attributed the statement to Michael Moebs. Except as admitted, Shrewsberry denies the allegations in paragraph 124 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

125.    Shrewsberry admits that the 1999 Wells Fargo Annual Report contained the language quoted in paragraph 125, the contents of which speak for itself.  Shrewsberry admits that at certain points during the relevant period, Wells Fargo, and those representing Wells Fargo, made certain public statements indicating that its cross-sell program was a part of its growth strategy.  Except as admitted, Shrewsberry denies the allegations in paragraph 125 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

126.    Shrewsberry admits that the 2006 Wells Fargo Annual report contains the language quoted in paragraph 126, the content of which speak for itself. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126, and on that basis denies them.

127.    Shrewsberry admits that the 2007 Wells Fargo Annual report contains the language quoted in paragraph 126, except for the alterations in brackets and the added emphasis, the content of which speaks for itself. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127, and on that basis denies them

128.    Shrewsberry admits that at certain points during the relevant period, Wells Fargo, and those representing Wells Fargo, made certain public statements indicating that its cross-sell program was a part of its growth strategy.  Shrewsberry admits that at certain points during the relevant period, he made public statements regarding cross-sell and indicated that cross-selling was related to Wells Fargo's business model. Except as admitted, Shrewsberry denies the allegations in paragraph 128 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

129.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129, and on that basis denies those allegations.

130.    Shrewsberry admits that the 2010 Wells Fargo Annual report contains the language quoted in paragraph 130, except for the alterations in brackets, the content of which speaks for itself. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130, and on that basis denies them.

131.    Shrewsberry admits that the Q1 2011 10-Q filed with the SEC on May 6, 2011, contains the language quoted in paragraph131, except for the added emphasis, the contents of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131, and on that basis denies those allegations.

132.    Shrewsberry admits that the 2013 Wells Fargo Annual report contains the language quoted in paragraph 132, the contents of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132, and on that basis denies them.

133.    Shrewsberry admits that the 2013 Wells Fargo Annual report contains the language quoted in paragraph 133, except for the added emphasis, the contents of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133, and on that basis denies them.

134.    Shrewsberry admits that the 2013 Wells Fargo Annual report contains the language quoted in paragraph 134, except for the added emphasis, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134, and on that basis denies them.

135.    Shrewsberry admits that the 2013 Wells Fargo Annual report contains the language quoted in paragraph 135, except for the added emphasis, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135, and on that basis denies them.

136.    Shrewsberry admits that the transcript of the May 20, 2014, Investor Day Conference contains the statement from Mr. Stumpf quoted in paragraph 136.  He further admits that the same transcript contains the quoted statement attributed to him, in which he stated: "Our relationship focus and cross-sell capability is hopefully legendary at this point. It's been our vision for decades."  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136, and on that basis denies them.

137.    Shrewsberry admits that the transcript of the May 20, 2014, Investor Day Conference contains statements from Ms. Tolstedt that are paraphrased in paragraph 137,

the transcript speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137, and on that basis denies them.

138.    Shrewsberry admits that the transcript of the May 20, 2014, Investor Day Conference contains a statement from Mr. Sloan that is paraphrased in paragraph 138, the transcript speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137, and on that basis denies them.

139.    Shrewsberry admits that the transcript of the Barclays Capital 2014 Global Financial Services Conference held on September 10, 2014 contains the statements attributed to him, the contents of which speaks for itself. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139, and on that basis denies them.

140.    Shrewsberry denies the allegations in paragraph 140 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies them.

141.    Shrewsberry admits that the 2014 Wells Fargo Annual report contains the language quoted in paragraph 141, the content of which speaks for itself. Except as admitted, Shrewsberry denies the allegations in paragraph 141.

142.    Shrewsberry admits that Wells Fargo reported cross-sell metrics in certain annual reports to shareholders, the content of which speaks for itself.  Shrewsberry admits that the 2010 Wells Fargo Annual report contains the language quoted in paragraph 142. Except as admitted, Shrewsberry denies the allegations in paragraph 142.

143.    Shrewsberry admits that the Q1 2011 10-Q contains the statement quoted in paragraph 143, the content of which speaks for itself.  Except as admitted, Shrewsberry denies the allegations in paragraph 143.

144.    Shrewsberry admits that the 2011-2015 annual reports contains the statements quoted in paragraph 144, the contents of which speak for themselves.  Except as admitted, Shrewsberry denies the allegations in paragraph 144.

145.    Shrewsberry admits that the transcript from the Wells Fargo Q2 2013 earnings call contains the quoted language from Mr. Stumpf.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 145, and on that basis denies them.

146.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 146, and on that basis denies those allegations.

147.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147, and on that basis denies those allegations.

148.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148, and on that basis denies those allegations.

149.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 149, and on that basis denies those allegations.

150.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150, and on that basis denies those allegations.

151.    Shrewsberry denies the allegations in paragraph 151 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations concerning any Defendant other than himself, and on that basis denies those allegations.

152.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 152, and on that basis denies them.

153.    Shrewsberry admits that the Wells Fargo Code of Ethics and Business Conduct contains the language quoted in paragraph 153, the content of which speaks for itself.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 153, and on that basis denies them.

154.    Shrewsberry admits that the transcript of the House Financial Services Committee Hearing reflecting Mr. Stumpf's testimony on September 29, 2016, contains the language quoted in paragraph 154, except for the bracketed additions.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154, and on that basis denies those allegations.

155.    Shrewsberry admits that the responses to questions posed by the Senate Banking Committee contained the statement quoted or paraphrased in paragraph 155, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 155, and on that basis denies those allegations.

156.    Shrewsberry admits that the responses to questions posed by the Senate Banking Committee contained the statements quoted or paraphrased in paragraph 156, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 156, and on that basis denies those allegations.

157.    Shrewsberry admits that the responses to questions posed by the Senate Banking Committee contained the statements quoted or paraphrased in paragraph 157, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 157.

158.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 158, and on that basis denies them.

159.    Shrewsberry admits that Wells Fargo provided a written response to the questions posed by the Senate Banking Committee, the contents of which speak for

themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 159, and on that basis denies them.

160.    Shrewsberry admits that the transcript of the Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, contains the following statement attributed to Mr. Stumpf: "In 2011, a dedicated team began to engage in proactive monitoring of data analytics, specifically for the purpose of rooting out sales practice violations." Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 160, and on that basis denies them.

161.    Shrewsberry admits that paragraph 161 contains a paraphrase of Wells Fargo's written response to questions posed by the Senate Banking Committee, the contents of which speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 161, and on that basis denies them.

162.    Shrewsberry admits that the transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, contains the statement from Mr. Stumpf quoted and paraphrased in paragraph 162.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162, and on that basis denies them.

163.    Shrewsberry admits that the December 21, 2013, Los Angeles Times Article contains the language quoted in paragraph 163.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 163, and on that basis denies them.

164.    Shrewsberry admits that the L.A. Times Article contains the language paraphrased and quoted in paragraph 164 and attributes these statements to Erik Estrada, except for the last sentence of paragraph 164, which is attributed to "Wells Fargo staffers."   Except as admitted, Shrewsberry lacks knowledge or information sufficient to

form a belief about the truth of the allegations in paragraph 164, and on that basis denies them.

165.    Shrewsberry admits that the L.A. Times article contains the language quoted in paragraph 165, and attributes these statements to Mr. Estrada.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 165, and on that basis denies them.

166.    Shrewsberry admits that the L.A. Times article reported that individuals made the statements quoted in paragraph 166.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 166, and on that basis denies them.

167.    Shrewsberry admits that the L.A. Times article reported the information alleged in paragraph 167.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 167, and on that basis denies them.

168.    Shrewsberry admits that the L.A. Times article contains the language quoted in paragraph 168, and attributes this statement to Mr. Sloan.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 168, and on that basis denies them.

169.    Shrewsberry admits that the transcript of Mr. Stumpf's testimony before the House Financial Service Committee reflects that he testified that he discussed the L.A. Times article with the board, and, when asked at the hearing whether he read the L.A. Times article when it came out in 2013, he replied: "I'm sure I did."  Shrewsberry admits that the transcript also reflects that Mr. Stumpf made the alleged statement concerning the increase in the number of reports as alleged in paragraph 169.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 169, and on that basis denies them.

170.    Shrewsberry admits that Wells Fargo's written responses to the Senate Banking Committee contain the information quoted and paraphrased in paragraph 170,

the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 170, and on that basis denies them.

171.    Shrewsberry admits that the  L.A. City Attorney filed a lawsuit on May 4, 2015, that contained certain allegations regarding the opening unauthorized accounts. Shrewsberry lacks knowledge of information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 171, and therefore denies them. Except as stated, Shrewsberry denies the allegations in paragraph 171 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

172.    Shrewsberry admits the written testimony to the U.S. Senate Committee on Banking, Housing and Urban Affairs by L.A. City Attorney Michael N. Feuer contains the statements quoted and paraphrased in paragraph 172.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172, and on that basis denies them

173.    Shrewsberry admits that the complaint filed by the L.A. City Attorney contained a cause of action under California's Unfair Competition Law ("UCL") (Business and Professions Code § 17200, et seq. ) that sought (a) to enjoin Wells Fargo from engaging in unlawful, unfair, and fraudulent business acts and practices; and (b) an order to restore to all persons in interest any money or property Wells Fargo acquired as a result of these acts and practices.   To the extent Plaintiffs attempt to describe the complaint, Shrewsberry responds that the contents of the complaint speak for themselves. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 173, and on that basis denies them.

174.    To the extent Plaintiffs attempt to describe the complaint filed by the L.A. City Attorney, Shrewsberry responds that the contents of the complaint speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient

to form a belief about the truth of the allegations in paragraph 174, and on that basis denies them.

175.   To the extent Plaintiffs attempt to describe the complaint filed by the L.A. City Attorney, Shrewsberry responds that the contents speak for themselves.   Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175, and on that basis denies them.

176.   To the extent Plaintiffs attempt to describe the complaint filed by the L.A. City Attorney, Shrewsberry responds that the contents speak for themselves.   Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176, and on that basis denies them.

177.   Shrewsberry admits the written testimony to the U.S. Senate Committee on Banking, Housing and Urban Affairs by L.A. City Attorney Michael N. Feuer, contains the statements quoted in paragraph 177.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 177, and on that basis denies them.

178.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 178, and on that basis denies them.

179.   Shrewsberry admits that the Complaint filed in *Jabbari vs. Wells Fargo & Company and Wells Fargo Bank*, N.A., No. 4:15-cv-02159-DMR (N.D. Cal.) (the "Jabbari Complaint"), contains the quoted statement regarding sales goals from an alleged "Confidential Informant."  To the extent Plaintiffs attempt to further describe the complaint, Shrewsberry responds that its contents speak for themselves.   Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 179, and on that basis denies them.

180.   To the extent Plaintiffs attempt to describe the Jabbari Complaint, Shrewsberry responds that the contents speak for themselves.   Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 180, and on that basis denies them.

181. To the extent Plaintiffs attempt to describe the Jabbari Complaint, Shrewsberry responds that the contents speak for themselves. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 181, and on that basis denies them.

182. To the extent Plaintiffs attempt to describe the Jabbari Complaint, Shrewsberry responds that the contents speak for themselves. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182, and on that basis denies them.

183. Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Accordingly, Shrewsberry responds to the allegations of paragraph 183 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

184. Shrewsberry admits that in his testimony before the Committee on Banking, Housing, and Urban Affairs of the United States Senate, on September 20, 2016, Mr. Cordray, Chairman of the CFPB, made the statements paraphrased in paragraph 184. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 184, and on that basis denies them.

185. Shrewsberry admits that paragraph 185 paraphrases the settlement with FINRA as described in its referenced news release. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 185, and on that basis denies them

186. Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 186, and on that basis denies them.

187.    Shrewsberry admits that paragraph 187 quotes and paraphrases the current Audit and Examination Committee Charter.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 187, and on that basis denies them.

188.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 188, and on that basis denies them.

189.    Shrewsberry admits that the current Corporate Responsibility Committee charter describes one of its purposes as to "monitor the Company's reputation generally, including with customers."  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 189, and on that basis denies them.

190.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 190, and on that basis denies them.

191.    Shrewsberry admits that on or about May 4, 2015, the L.A. City Attorney filed a complaint against Wells Fargo, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 191, and on that basis denies them.

192.    Shrewsberry denies the allegations in paragraph 192.

193.    Shrewsberry admits that the transcript of the May 19, 2015, Barclays Americas Select Conference contains the statement quoted and attributed to him, without the added emphasis, the content of which speaks for itself. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 193, and on that basis denies them.

194.    Shrewsberry denies the allegations in paragraph 194.

195.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 195, and on that basis denies them.

196.    Shrewsberry denies the allegations of paragraph 196 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief

about the truth of the allegations concerning any defendant other than himself, and on that basis denies those allegations.

197.    Shrewsberry admits that the article entitled "Wells Fargo Workers Claim Retaliation" published in the New York Times on September 16, 2016, contains the statements quoted and paraphrased in paragraph 197, attributed to Mr. Johnson.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 197, and on that basis denies them.

198.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 198, and on that basis denies them.

199.    Shrewsberry admits that the article entitled "I called the Wells Fargo ethics line and was fired" published in CNN Money on September 21, 2016, contained the statements quoted and paraphrased in paragraph 199, attributed to Mr. Baldo and others. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 199, and on that basis denies them.

200.    Shrewsberry admits that the transcript of the Senate Banking Committee hearing on September 20, 2016, reflects that Senator Menendez read the quoted language and that Mr. Stumpf responded as quoted. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 200, and on that basis denies them.

201.    Shrewsberry admits that the article entitled "At Wells Fargo, Complaints About Fraudulent Accounts Since 2005," published in the New York Times on October 11, 2016, contains the statements quoted and paraphrased in paragraph 201, attributed to Mr. Hansen.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 201, and on that basis denies them.

202.    Shrewsberry admits that the article entitled "At Wells Fargo, Complaints About Fraudulent Accounts Since 2005," published in the New York Times on October 11, 2016, contains the statements quoted and paraphrased in paragraph 202, attributed to

Mr. Hansen.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 202, and on that basis denies them.

203.    Shrewsberry admits that the article entitled "At Wells Fargo, Complaints About Fraudulent Accounts Since 2005," published in the New York Times on October 11, 2016, contains the statements quoted and paraphrased in paragraph 203, attributed to Mr. Hansen.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 203, and on that basis denies them.

204.    Shrewsberry admits that the article entitled "Wells Fargo workers: Fake accounts began years ago," published in CNN Money on September 26, 2016, contains the statements quoted and paraphrased in paragraph 204, attributed to Mr. Russo.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 204, and on that basis denies them.

205.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 205, and on that basis denies them.

206.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 206, and on that basis denies them.

207.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 207, and on that basis denies them.

208.    Shrewsberry denies the allegations of paragraph 208 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

209.    Shrewsberry admits that the transcript of the hearing before the House Financial Services Committee on September 20, 2016 contains the statement quoted in paragraph 209 by Mr. Stumpf, and that Wells Fargo's response to the Senate Banking Committee contains the statement paraphrased in paragraph 209, the content of which

speaks for itself..   Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 209, and on that basis denies them.

210.   Shrewsberry admits that the written response to the Senate Banking Committee contains the statements quoted and paraphrased in paragraph 210, the contents of which speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 210, and on that basis denies them.

211.   Shrewsberry admits that a document found at: https://www.documentcloud.org/documents/3143757-Wells-Fargo-Stumpf-Letter.html purports to be a 2007 letter to Mr. Stumpf that contains the language quoted and paraphrased in paragraph 211.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 211, and on that basis denies them.

212.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 212, and on that basis denies them.

213.   Shrewsberry admits that the Amended Complaint in *Finstad et al. v. Wells Fargo Bank, N.A.*, No. 6:09-cv-00046-CCL (D. Mont.) contains allegations of wrongful termination, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 213, and on that basis denies them.

214.   Shrewsberry admits that the Court issued an Order Granting In Part And Denying In Part Motion For Summary Judgment in *Guitron v. Wells Fargo Bank, N.A.*, No. C 10-3461 CW, 2012 U.S. Dist. LEXIS 93883 (N.D. Cal. July 6, 2012), in the action filed by Plaintiffs Yesenia Guitron and Judi Klosek,  the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 214, and on that basis denies those allegations.

215.    Shrewsberry admits that the Court issued an Order Granting In Part And Denying In Part Motion For Summary Judgment in *Guitron v. Wells Fargo Bank*, N.A., No. C 10-3461 CW, 2012 U.S. Dist. LEXIS 93883 (N.D. Cal. July 6, 2012), the contents of which are quoted in paragraph 215.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 215, and on that basis denies those allegations.

216.    Shrewsberry admits that the article entitled "Wells Fargo Workers Claim Retaliation" published in the New York Times on September 16, 2016, contains the statements paraphrased in paragraph 216, attributed to Ms. Guitron.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 216, and on that basis denies those allegations.

217.    Shrewsberry admits that the complaint filed in *The City of Birmingham Retirement and Relief System v. Loughlin et al,* 3:16-cv-05592-JST, attaches what purports to be the Complaint in *Govan v. Wells Fargo & Co*., No. 2012-CP-07-03709 (Ct. Common Pleas Beaufort Cnty.) that reflects that certain former employees sued Wells Fargo.  The contents of these documents speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 217, and on that basis denies those allegations.

218.    Shrewsberry admits that a former Wells Fargo employee filed a complaint in *Zarandian v. Wells Fargo Bank, N.A.*, No. CVI 524564 (Cal. Super. Ct. San Mateo Cnty.), and that the content of that document speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 218 and on that basis denies those allegations.

219.    Shrewsberry denies the allegations of paragraph 219 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

220.     Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 220 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

221.     Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 221 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

222.     Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 222 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

223.     Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 223 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

224.   Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 224 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

225.   Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 225 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

226.   Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 226 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

227.   Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 227 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

228.    Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 228 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny them and refers the Court to the referenced document for its content.

229.    Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 229 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

230.    Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 230 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

231.    Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 231 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

232.    Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 232 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

233.    Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 233 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them and refers the Court to the referenced document for its content.

234.    Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 234 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

235.    Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 235 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

236.    Shrewsberry admits that on September 6, 2016, Wells Fargo entered a Consent Order with the OCC, No. 2016-079, under which Wells Fargo agreed to pay a civil monetary penalty of $35 million.  Shrewsberry understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the remaining allegations of paragraph 236 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

237.    Shrewsberry admits that on or about November 18, 2016, the OCC issued a press release titled "Statement Regarding Revocation of Relief to Wells Fargo Bank, N.A., from Certain Regulatory Consequences of Enforcement Actions," the content of which speaks for itself.  Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the remaining allegations of paragraph 237 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

238.    Shrewsberry denies the allegations of paragraph 238 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

239.    Shrewsberry denies the allegations of paragraph 239.

240.    Shrewsberry admits that from 2012 through 2016, the Annual Proxy Statements included a stockholder proposal to adopt a policy to require an independent director and certain Board recommendations, the contents of which speak for themselves.

Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 240, and on that basis denies them.

241.    Shrewsberry admits that the supporting statement accompanying the Stockholder Proposal to Adopt a Policy to Require an Independent Chairman in the 2016 Proxy Statement contains the statements paraphrased and quoted in paragraph 241. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 241 and on that basis denies those allegations.

242.    Shrewsberry admits that the supporting statement accompanying the Stockholder Proposal to Adopt a Policy to Require an Independent Chairman in the 2016 Proxy Statement contains the statements paraphrased and quoted in paragraph 242. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 242, and on that basis denies those allegations.

243.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 243, and on that basis denies those allegations.

244.    Shrewsberry admits that a letter available at: https://www.menendez.senate.gov/imo/media/doc/Letter-to-Wells-Fargo-CEO-re-Advanced-Notice-2017-02-01.pdf, states that "the bank's 'Branch Control Review' still provided 24-hour notice to branch managers of internal reviews."  Shrewsberry also admits that the Wall Street Journal published an article on January 24, 2017, entitled  "At Wells Fargo, Bank Branches Were Tipped Off to Inspections.".  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 244, and on that basis denies those allegations.

245.    Shrewsberry admits that the letter referenced above in response to paragraph 244 contains the statement quoted in paragraph 245.  Except as admitted,

Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 245, and on that basis denies those allegations.

246.     Shrewsberry admits that the CFPB Consent Order, 2016-CFPB-0015, references the termination of employees.  Except as admitted, Shrewsberry denies the allegations of paragraph 246 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

247.     Shrewsberry admits that paragraph 247 paraphrases testimony before the House Financial Services Committee on September 29, 2016.  Shrewsberry further admits that paragraph 247 quotes Senator Sherrod Brown's statements at a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016.  Except as admitted, Shrewsberry denies the allegations of paragraph 247 to the extent alleged against him.  Further, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

248.     Shrewsberry admits that Senators Warren, Menendez, and Wyden wrote a letter to Mr. Sloan dated November 3, 2016, which can be found at https://www.warren.senate.gov/files/documents/2016-11-03_Wells_Fargo_FINRA_Violations_Letter_Final.pdf,,  the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 248, and on that basis denies those allegations.

249.     Shrewsberry admits that the November 3, 2016 to Mr. Sloan contains the statements quoted and paraphrased in paragraph 249.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 249, and on that basis denies those allegations.

250.     Shrewsberry admits that the November 3, 2016 letter to Mr. Sloan contains the statements quoted and paraphrased in paragraph 250.  Except as admitted,

Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 250 and on that basis denies those allegations.

251.    Shrewsberry admits that the November 3, 2016 letter to Mr. Sloan contains the statements quoted and paraphrased in paragraph 251.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 251 and on that basis denies those allegations.

252.    Shrewsberry admits that the November 3, 2016 letter to Mr. Sloan contains the statements paraphrased in paragraph 252.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 252, and on that basis denies those allegations.

253.    Shrewsberry admits that in the latter half of 2015, Wells Fargo engaged PriceWaterhouseCoopers ("PwC") to conduct data analysis.  Shrewsberry denies the remaining allegations of paragraph 253 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

254.    Shrewsberry admits that the first sentence of paragraph 254 accurately quotes and paraphrases the transcript of the testimony of Mr. Stumpf before the Senate Banking Committee on September 20, 2016.  Shrewsberry further admits that in the latter half of 2015, Wells Fargo engaged PwC to conduct a large-scale data analysis.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 254 and on that basis denies those allegations.

255.    Shrewsberry admits that paragraph 255 accurately quotes and paraphrases the transcript of the testimony of Mr. Stumpf before the Senate Banking Committee on September 20, 2016.  Shrewsberry further admits and that in the latter half of 2015, Wells Fargo engaged PwC to conduct a large-scale data analysis.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 255, and on that basis denies those allegations.

256.    Shrewsberry denies the allegations of paragraph 256 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

257.    Shrewsberry admits Wells Fargo has remediated customers and that certain aspects of the PwC findings were publicized in September 2016. Except as admitted, Shrewsberry denies the allegations of paragraph 257 to the extent alleged against him. Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

258.    Shrewsberry admits that the transcript of Mr. Stumpf's testimony before the Senate Banking Committee contains the statements quoted in paragraph 258.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 258, and on that basis denies those allegations.

259.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 259, and on that basis denies those allegations.

260.    Shrewsberry admits that the transcript of Mr. Stumpf's testimony before the House Financial Services Committee contains the statements quoted in paragraph 260. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 260, and on that basis denies those allegations.

261.    Shrewsberry admits that Wells Fargo's  written response to the Senate Banking Committee contains the statements paraphrased and quoted in paragraph 261. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 261, and on that basis denies those allegations.

262.    Shrewsberry admits that the transcript of Mr. Stumpf's testimony before the House Financial Services Committee contains the statements quoted in paragraph 262. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 262, and on that basis denies those allegations.

263.    Shrewsberry denies the allegations of paragraph 263 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

264.    Shrewsberry admits that the 2016 Wells Fargo Annual Proxy Statement contains the language quoted in paragraph 264, except for the alterations in brackets and the added emphasis, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 264, and on that basis denies those allegations.

265.    Shrewsberry admits that the 2016 Wells Fargo Annual Proxy Statement contains the language quoted and paraphrased in paragraph 265, except for the alterations in brackets, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 265, and on that basis denies those allegations.

266.    Shrewsberry admits that the first sentence of paragraph 266 accurately quotes and paraphrases the 2016 Wells Fargo Annual Proxy Statement, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 266, and on that basis denies those allegations.

267.    Shrewsberry admits that paragraph 267 accurately quotes the 2016 Wells Fargo Annual Proxy Statement, the content of which speaks for itself.  Except as admitted, Shrewsberry denies the remaining allegations of paragraph 267 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations concerning any Defendant other than himself, and on that basis denies those allegations.

268.    Shrewsberry admits that paragraph 268 accurately quotes the 2014 Wells Fargo Annual Proxy Statement, the content of which speaks for itself.  Except as admitted, Shrewsberry denies the allegations of paragraph 268 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations concerning any Defendant other than himself, and on that basis denies those allegations.

269.    Shrewsberry admits that paragraph 269 accurately quotes and paraphrases the 2015 Wells Fargo Proxy Statement, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 269, and on that basis denies those allegations

270.    Shrewsberry admits that paragraph 270 accurately quotes and paraphrases the 2016 Wells Fargo Proxy Statement, the content of which speaks for itself. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 270, and on that basis denies those allegations.

271.    Paragraph 271 contains conclusions of law to which no response is required.  To the extent paragraph 271 contains factual allegations, which require a response, Shrewsberry denies the allegations of paragraph 270 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

## VII.    THE DIRECTOR DEFENDANTS VIOLATED SECTION 14(A) AND RULE 14A-9 AND BREACHED THEIR FIDUCIARY DUTIES BY CAUSING THE COMPANY TO FILE MATERIALLY MISLEADING PROXY STATEMENTS

272.    Paragraph 272 contains conclusions of law to which no response is required.  To the extent paragraph 272 contains factual allegations, which require a

response, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 272, and on that basis denies those allegations.

273.    Paragraph 273 contains conclusions of law to which no response is required. To the extent paragraph 273 purports to describe the 2014 Wells Fargo Proxy Statement, Shrewsberry responds that the contents of that document speak for itself. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 273.

274.    Shrewsberry admits that paragraph 274 accurately quotes the 2014 Wells Fargo Proxy Statement, except for the added emphasis, the contents of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 274, and on that basis denies those allegations.

275.    Shrewsberry admits that paragraph 275 accurately quotes the 2014 Wells Fargo Proxy Statement, except for the added emphasis, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 275, and on that basis denies those allegations

276.    Shrewsberry admits that paragraph 276 accurately quotes the 2014 Wells Fargo Proxy Statement, except for the added emphasis, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 276, and on that basis denies those allegations.

277.    Shrewsberry admits that paragraph 277 accurately quotes the 2014 Wells Fargo Proxy Statement, the content of which speaks for itself.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 277, and on that basis denies those allegations.

278.    To the extent paragraph 278 purports to paraphrase the 2014 Proxy statement, Shrewsberry responds that the document speaks for itself.  Shrewsberry denies

the allegations of paragraph 278 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

279.    Shrewsberry denies the allegations of paragraph 279 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

280.    Shrewsberry admits that the 2014 Wells Fargo Proxy Statement contains the language quoted in paragraph 280, except for the added emphasis, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 280, and on that basis denies those allegations.

281.    Shrewsberry denies the allegations of paragraph 281 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

282.    Shrewsberry denies the allegations of paragraph 282 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

283.    Shrewsberry admits that the 2014 Proxy Statement contains the statements quoted in paragraph 283, except for the added emphasis, the contents of which speak for themselves. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 283, and on that basis denies those allegations.

284.    Shrewsberry admits that the 2014 Proxy Statement contains the statements quoted in the first sentence of paragraph 284, the contents of which speak for themselves. Except as admitted, Shrewsberry denies the allegations of paragraph 284 to the extent

alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

285.   Paragraph 285 contains conclusions of law to which no response is required. To the extent paragraph 286 contains factual allegations, which require a response, Shrewsberry denies the allegations of paragraph 285 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

286.   Paragraph 286 contains conclusions of law to which no response is required.  To the extent paragraph 286 contains factual allegations, which require a response, Shrewsberry admits that Wells Fargo filed the 2015 Proxy statement on March 17, 2015, the contents of which speak for itself.   Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 286, and on that basis denies those allegations.

287.   Shrewsberry admits that the 2015 Wells Fargo Proxy Statement contains the statements quoted in paragraph 287, except for the added emphasis, the contents of which speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 287, and on that basis denies those allegations.

288.   Shrewsberry admits that the 2015 Wells Fargo Proxy Statement contains the statements quoted in paragraph 288, except for the added emphasis, the contents of which speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 288, and on that basis denies those allegations

289.   Shrewsberry admits that the 2015 Wells Fargo Proxy Statement contains the statements quoted in paragraph 289, the contents of which speak for themselves. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a

belief about the truth of the allegations in paragraph 289, and on that basis denies those allegations

290.    To the extent paragraph 290 purports to paraphrase the 2015 Proxy Statement, Shrewsberry responds that the document speaks for itself.  Shrewsberry denies the allegations of paragraph 290 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

291.    Shrewsberry denies the allegations of paragraph 291 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

292.    Shrewsberry admits that the 2015 Wells Fargo Proxy Statement contains the language quoted in paragraph 292, except the proxy does not contain the added emphasis, the contents of which speak for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 292, and on that basis denies those allegations.

293.    Shrewsberry denies the allegations of paragraph 293 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

294.    Shrewsberry denies the allegations of paragraph 294 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

295.    Shrewsberry admits that the 2015 Wells Fargo Proxy Statement contains the language quoted in paragraph 292, except the proxy does not contain the added emphasis.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to

form a belief about the truth of the allegations in paragraph 295, and on that basis denies those allegations.

296.    Shrewsberry denies the allegations of paragraph 293 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

297.    Paragraph 297 contains conclusions of law to which no response is required.  To the extent paragraph 297 contains factual allegations, which require a response, Shrewsberry denies the allegations of paragraph 297 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and those allegations concerning any Defendant other than himself, and on that basis denies those allegations.

298.    Shrewsberry admits that on March 16, 2016, Wells Fargo issued the 2016 Proxy Statement.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 298, and on that basis denies those allegations

299.    Shrewsberry admits that the 2016 Wells Fargo Proxy Statement contains the language quoted in paragraph 299, except for the added emphasis, the contents of which speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 299, and on that basis denies those allegations.

300.    Shrewsberry admits that the 2016 Wells Fargo Proxy Statement contains the language quoted in paragraph 300, except for the added emphasis, the contents of which speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 300, and on that basis denies those allegations.

301.    Shrewsberry denies the allegations of paragraph 301 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief

about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

302. To the extent paragraph 302 attempts to paraphrase the 2016 Wells Fargo Proxy Statement, Shrewsberry responds that the contents of that document speak for themselves. Shrewsberry denies the allegations of paragraph 302 to the extent alleged against him. Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

303. To the extent paragraph 302 attempts to describe the 2016 Wells Fargo Proxy Statement, Shrewsberry responds that the contents of that document speak for themselves. Shrewsberry denies the allegations of paragraph 303 to the extent alleged against him. Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

304. Paragraph 304 contains conclusions of law to which no response is required. To the extent paragraph 304 contains factual allegations that require a response, Shrewsberry denies the allegations of paragraph 304 to the extent alleged against him. Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

305. Paragraph 305 contains conclusions of law to which no response is required. To the extent paragraph 305 contains factual allegations that require a response, Shrewsberry denies the allegations of paragraph 305 to the extent alleged against him. Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

306. Shrewsberry admits that the 2016 Proxy Statement contains the statements quoted in paragraph 306, except for the added emphasis, the contents of which speak for

themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 306.

307.    Shrewsberry denies the allegations of paragraph 307 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

308.    Shrewsberry denies the allegations of paragraph 308 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

309.    Shrewsberry admits that the 2016 Wells Fargo Proxy Statement contains the statements quoted in paragraph 309, except for the added emphasis, the contents of which speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 309.

310.    Paragraph 310 contains conclusions of law to which no response is required.  To the extent paragraph 310 contains factual allegations that require a response, Shrewsberry denies the allegations of paragraph 310 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

311.    Paragraph 311 contains conclusions of law to which no response is required.  To the extent paragraph 311 contains factual allegations that require a response, Shrewsberry denies the allegations of paragraph 311 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

## VIII.  DEFENDNTS VIOLATED SECTION (10)B AND RULE 10B-5 AND BREACHED THEIR FIDUCIARY DUTIES BY ISSUING MATERIALLY FALSE AND MISLEADING STATEMENTS

312.    Paragraph 312 contains conclusions of law to which no response is required.  To the extent paragraph 312 contains factual allegations that require a response, Shrewsberry denies the allegations of paragraph 312 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

313.    Paragraph 313 contains conclusions of law to which no response is required.  To the extent paragraph 313 contains factual allegations that require a response, Shrewsberry denies the allegations of paragraph 313 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

314.    Shrewsberry admits that Wells Fargo's Board periodically has authorized the company to repurchase its own shares of stock.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 314, and on that basis denies those allegations.

315.    Shrewsberry admits that Wells Fargo's Board periodically has authorized the company to repurchase its own shares of stock.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 315, and on that basis denies them.

316.    Shrewsberry admits that Wells Fargo's Board periodically has authorized the company to repurchase its own shares of stock.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 316, and on that basis denies them.

317.    Shrewsberry denies the allegations of paragraph 317 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief

about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

318.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 318, and on that basis denies those allegations.

319.   Shrewsberry admits that Wells Fargo issued a proxy statement in 2016, the content of which speaks for itself.  Except as admitted, Shrewsberry denies the allegations of paragraph 319 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

320.   Paragraph 320 contains conclusions of law to which no response is required.  To the extent paragraph 320 contains factual allegations that require a response, Shrewsberry denies the allegations of paragraph 320 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

321.   Shrewsberry denies the allegations of paragraph 321 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the  allegations concerning any Defendant other than himself, and on that basis denies those allegations.

322.   Shrewsberry admits that the September 28, 2016, letter from Senators Warren, Merkley, and Menendez to the SEC, available at https://www.warren.senate.gov/files/documents/2016-9-28_Letter_to_SEC_RE_Wells_Investigation.pdf,  requests that the SEC: "investigate whether Wells Fargo and its senior executives - including Chairman of the Board and CEO John Stumpf – violated federal securities laws."  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 322, and on that basis denies those allegations.

323.    Shrewsberry admits that the September 28, 2016, letter from Senators Warren, Merkley, and Menendez to the SEC,, contains the language quoted in paragraph 323.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 323, and on that basis denies those allegations.

324.    Shrewsberry admits that the September 28, 2016, letter from Senators Warren, Merkley, and Menendez to the SEC, contains the language quoted in paragraph 324.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 324, and on that basis denies those allegations.

325.    Shrewsberry admits that the September 28, 2016, letter, from Senators Warren, Merkley, and Menendez to the SEC,  contains the language quoted in paragraph 325.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 325, and on that basis denies those allegations.

326.    Shrewsberry admits that the September 28, 2016, letter, from Senators Warren, Merkley, and Menendez to the SEC, contains the language quoted in paragraph 326.  Except as admitted, lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 326, and on that basis denies those allegations.

327.    Paragraph 327 contains conclusions of law to which no response is required.  To the extent paragraph 327 contains factual allegations that require a response, Shrewsberry denies the allegations of paragraph 327 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the  allegations concerning any Defendant other than himself, and on that basis denies those allegations.

328.    Shrewsberry admits that the Q3 2011 10-Q filed on November 8, 2011 contains the language quoted in paragraph 328, the contents of which speak for

themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 328, and on that basis denies those allegations.

329.    Shrewsberry admits that the Wells Fargo 2011 Annual Report contains the language quoted in paragraph 329, the contents of which speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 328, and on that basis denies those allegations.

330.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 330, and on that basis denies those allegations.

331.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 331, and on that basis denies those allegations.

332.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 332, and on that basis denies those allegations.

333.    Shrewsberry admits that Exhibit 13 to the Wells Fargo 2012 Form 10-K contains the language quoted in paragraph 333, the content of which speaks for itself. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 333, and on that basis denies those allegations.

334.    Shrewsberry admits that the Q3 2012 Form 10-Q contains the language quoted and paraphrased in paragraph 334, except that the 10Q does not contain the added emphasis, the contents of which speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 334, and on that basis denies those allegations.

335.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 335, and on that basis denies those allegations.

336.    Shrewsberry admits that the transcript of the Q1 2013 earnings call contains the statements quoted in paragraph 336, without the added emphasis.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 336, and on that basis denies those allegations

337.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 337, and on that basis denies those allegations.

338.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 338, and on that basis denies those allegations.

339.    Shrewsberry admits that the transcript of the Q2 2013 earnings call contains the statements quoted in paragraph 339, without the added emphasis.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 339, and on that basis denies those allegations.

340.    Shrewsberry admits that the transcript of the Q3 2013 earnings call contains the statements quoted in paragraph 340, without the added emphasis.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 340, and on that basis denies those allegations

341.    Shrewsberry admits that the transcript of the Q4 2013 earnings call contains the statements quoted in paragraph 341, without the added emphasis.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 341, and on that basis denies those allegations.

342.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 342, and on that basis denies those allegations.

343.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 343, and on that basis denies those allegations.

344.    Shrewsberry admits that the 2013 Form 10-K contains the statements quoted in paragraph 344, the contents of which speak for themselves. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 344, and on that basis denies those allegations.

345.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 345, and on that basis denies those allegations.

346.    Shrewsberry admits the transcript of the Q1 2014 earnings call contains the statement quoted in paragraph 346.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 346, and on that basis denies those allegations.

347.    Shrewsberry admits that the Q1 2014 10Q contains the statements quoted in paragraph 347, without the added emphasis, the contents of which speak for themselves. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 344, and on that basis denies those allegations.

348.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 348, and on that basis denies those allegations.

349.    As to footnote 176, Shrewsberry admits that the transcript of the September 10, 2014, Barclay's Global Financial Services Conference contains the statement quoted in paragraph 349 and attributed to him.  Shrewsberry admits that the transcript of the May 20, 2014 Investor Day conference contains the statement quoted in paragraph 349 and attributed to him.  The contents of these statements speak for themselves. Except as

admitted, Shrewsberry lacks knowledge of information sufficient to form a belief about the truth of the allegations in paragraph 349.

350.   Shrewsberry admits that the transcript of the May 20, 2014 Investor Day conference contains the statement quoted in paragraph 350 and attributed to Ms. Tolstedt, without the added emphasis.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 350.

351.   Shrewsberry admits that the transcript of the May 20, 2014 Investor Day conference contains the statement quoted in paragraph 351 and attributed to Mr. Sloan. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 351.

352.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 352, and on that basis denies those allegations.

353.   Shrewsberry admits that the Q3 2014 10-Q contains the statement quoted in paragraph 353, the content of which speaks for itself.   Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 353, and on that basis denies those allegations.

354.   Shrewsberry admits the transcript of the Q3 2014 earnings call contains the statements quoted in paragraph 354, the contents of which speak for themselves. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 354, and on that basis denies those allegations.

355.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 355, and on that basis denies those allegations.

356.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 356, and on that basis denies those allegations.

357.    Shrewsberry admits that the transcript of the Q4 2014 earnings call contains the statement quoted in paragraph 357 attributed to Mr. Stumpf.  Except as admitted, lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 357, and on that basis denies those allegations.

358.    Shrewsberry admits that the 2014 10-K contains the statements quoted in paragraph 358, except the 10-K does not contain the added emphasis, the contents of which speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 358, and on that basis denies those allegations.

359.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 359, and on that basis denies those allegations.

360.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 360, and on that basis denies those allegations.

361.    Shrewsberry admits that the Wells Fargo January 26, 2016 press release stated that the Board of directors "increased the company's authority to repurchase common stock by an additional 350 million shares."  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 361, and on that basis denies those allegations.

362.    Shrewsberry admits that the 2015 10-K contains the statement quoted in paragraph 362, without the added emphasis, the content of which speaks for itself. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 362, and on that basis denies those allegations.

363.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 363, and on that basis denies those allegations.

364.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 364, and on that basis denies those allegations.

365.     Shrewsberry admits that  the July 15, 2016 earnings call transcript contains the language quoted and paraphrased in paragraph 365 and attributed to Mr. Stumpf. Shrewsberry further admits that the transcript of Mr. Stumpf's testimony before the Senate Banking Committee reflects that Mr. Stumpf stated that Ms. Tolstedt chose to retire.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 365, and on that basis denies those allegations.

366.     Shrewsberry admits that the Q2 2016 10Q contains the disclosure: "During second quarter 2016, we changed how we determine retail banking households within Community Banking to include only those households that maintain a retail checking account, which we believe provides the foundation for long-term retail banking relationships." Shrewsberry admits that the Q2 2016 10Q was filed approximately one month prior to the time Wells Fargo entered into consent orders with the OCC and CFPB and the Stipulated Final Judgment with the L.A. City Attorney's Office.  The contents of these documents speak for themselves.  As to the supervisory letter, Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 366, and on that basis denies those allegations.

367.     Paragraph 367 contains conclusions of law to which no response is required.  To the extent paragraph 367 contains factual allegations that require a response, Shrewsberry denies the allegations of paragraph 367 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief

about the truth of the  allegations concerning any Defendant other than himself, and on that basis denies those allegations.

368.    Paragraph 368 contains conclusions of law to which no response is required.  To the extent paragraph 368 contains factual allegations that require a response, Shrewsberry denies the allegations of paragraph 368 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

369.    Shrewsberry denies the allegations of the first sentence of paragraph 369 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of those allegations concerning any Defendant other than himself, and on that basis denies those allegations.  As to the second and third sentences of paragraph 369, Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 369 concerning the OCC by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

370.    Shrewsberry admits that the 2012 and 2013 Annual Reports contain the statements quoted in paragraph 370.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 370, and on that basis denies those allegations.

371.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 371, and on that basis denies those allegations.

372.    Shrewsberry admits that the 2013 Annual Report contains the statement quoted in paragraph 372, without the added emphasis.  Except as admitted, Shrewsberry

lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 372, and on that basis denies those allegations

373.   Shrewsberry admits that the 2014 and 2015 Annual Reports contain the statement quoted in paragraph 373, without the added emphasis, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 373, and on that basis denies those allegations.

374.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 374, and on that basis denies those allegations.

375.   Shrewsberry admits that the 2015 Annual Report contains the statement quoted in paragraph 375, without the added emphasis, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 375, and on that basis denies those allegations.

376.   Shrewsberry admits that the 2015 Annual Report contains the statement quoted in paragraph 376, the contents of which speak for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 376, and on that basis denies those allegations.

377.   Shrewsberry admits that the CFPB consent order contains the language quoted in paragraph 377(d).  As to the OCC order, Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate, and refers the Court to the referenced document for its content.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 377, and on that basis denies those allegations.

378.    Paragraph 378 contains conclusions of law to which no response is required.  To the extent paragraph 378 contains factual allegations that require a response, Shrewsberry admits that the September 28, 2016 letter to the SEC from Senators Warren, Merkley, and Menendez, referenced in paragraph 322, contains the statement quoted in paragraph 378, without the added emphasis.  Shrewsberry denies the remaining allegations in paragraph 378 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations concerning any Defendant other than himself, and on that basis denies those allegations.

379.    Shrewsberry admits that the Wells Fargo 2015 Form 10-K was filed with the certification quoted in paragraph 379 and signed by him, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 379, and on that basis denies those allegations.

380.    Shrewsberry admits that that the 2015 Annual Report contains the quoted statement, without the added emphasis, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 380, and on that basis denies those allegations.

381.    Paragraph 381 contains conclusions of law to which no response is required.  To the extent paragraph 381 contains factual allegations that require a response, Shrewsberry denies the allegations in paragraph 381 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

382.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 382, and on that basis denies those allegations.

383.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 383, and on that basis denies those allegations.

384.    As to the seventh sentence of this paragraph, Shrewsberry denies the allegation to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 384, and on that basis denies those allegations.

385.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 385, and on that basis denies those allegations.

386.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 386, and on that basis denies those allegations.

387.    As to the seventh sentence of this paragraph, Shrewsberry denies the allegation to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 387, and on that basis denies those allegations.

388.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 388 and on that basis denies those allegations.

389.    As to the seventh sentence of this paragraph, Shrewsberry denies the allegation to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 389, and on that basis denies those allegations.

390.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 390, and on that basis denies those allegations.

391.     As to the seventh sentence of this paragraph, Shrewsberry denies the allegation to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 391, and on that basis denies those allegations.

392.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 392, and on that basis denies those allegations.

393.     Shrewsberry admits that the referenced *Financial Times* article contains the statements quoted in paragraph 393.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 393 and on that basis denies those allegations.

394.     Shrewsberry admits that the referenced *Financial Times* article contains the statements quoted and paraphrased in paragraph 394.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 394 and on that basis denies those allegations.

395.     Paragraph 395 contains conclusions of law to which no response is required.  To the extent paragraph 395 contains factual allegations that require a response, Shrewsberry denies the allegations in paragraph 395 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

396.     Paragraph 395 contains conclusions of law to which no response is required.  To the extent paragraph 395 contains factual allegations that require a response, Shrewsberry denies the allegations in paragraph 396 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.  To the extent paragraph 396 contains additional

allegations, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 396 and on that basis denies those allegations.

397.   Paragraph 397 contains conclusions of law to which no response is required.  To the extent paragraph 397 contains factual allegations that require a response, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 397 and on that basis denies those allegations.

398.   Shrewsberry admits the allegations in paragraph 398(a), 398(b) and 398(d). Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 398 and on that basis denies those allegations.

399.   Paragraph 399 contains conclusions of law to which no response is required.  To the extent paragraph 399 contains factual allegations that require a response, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 399, and on that basis denies those allegations.

400.   Paragraph 400 contains conclusions of law to which no response is required.  To the extent paragraph 400 contains factual allegations that require a response,  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 400 and on that basis denies those allegations.

401.   Shrewsberry denies the allegations in paragraph 401 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

402.   Paragraph 402 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Shrewsberry denies the allegations in paragraph 402 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations

403.   Paragraph 403 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Shrewsberry denies the

allegations in paragraph 403 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

404.    Paragraph 404 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Shrewsberry denies the allegations in paragraph 404 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

405.    Paragraph 405 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Shrewsberry denies the allegations in paragraph 405 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

406.    Paragraph 406 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Shrewsberry denies the allegations in paragraph 406 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

407.    Shrewsberry admits that, according to Wells Fargo's historical stock information, on August 31, 2016, the stock closed at $50.80 and that on September 7, 2016, the stock closed at $49.77. Except as admitted, Shrewsberry denies the allegations of paragraph 407.

408.    Shrewsberry admits that on or about September 8, 2016, Wells Fargo entered into a final judgment with the L.A. City Attorney Shrewsberry further admits that on or about September 8, 2016, the CFPB and the OCC announced consent orders issued against Wells Fargo.  The contents of these documents speak for themselves. Except as admitted, Shrewsberry denies the allegations in paragraph 408 to the extent alleged

against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

409.    Shrewsberry admits that, according to Wells Fargo's historical stock information, on September 8, 2016, Wells Fargo share price closed at $49.90 and that on October 4, 2016, the Wells Fargo share price closed at $43.75.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 409, and on that basis denies those allegations.

410.    Shrewsberry denies the allegations in paragraph 410 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

## IX.    ALLEGATIONS REGARDING REVELATIONS BEGINNING SEPTEMBER 2016

411.    Shrewsberry denies the allegations in paragraph 411 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

412.    Shrewsberry admits that on or about September 8, 2016, Wells Fargo entered into a final judgment with the L.A. City Attorney, the content of which speaks for itself.  Shrewsberry further admits that on or about September 8, 2016, the CFPB and the OCC announced consent orders issued against Wells Fargo, the contents of which speak for themselves. In addition, Shrewsberry admits that Mr. Stumpf testified before the Senate Banking Committee on September 20, 2016, and that in or around October 2016, Mr. Stumpf retired from Wells Fargo.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 412, and on that basis denies those allegations.

413.    Shrewsberry admits that the referenced New York Times article and the September 20, 2016 written testimony of Mr. Cordray, Director of the CFPB, before the Senate Banking Committee contain the statements quoted in paragraph 413.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 413, and on that basis denies those allegations.

414.    Shrewsberry admits that in a press release available at https://www.lacityattorney.org/single-post/2016/09/08/Los-Angeles-City-Attorney-Mike-Feuer-Achieves-Historic-Result-in-Consumer-Action-Against-Wells-Fargo-Bank-to-Make-Restitution-to-Customers-Pay-50-million-in-Penalties-Unprecedented-Coordination-with-Federal-Regulators-to-Benefit-Consumers-Nationwide , Mr. Feuer made the statement quoted in paragraph 414.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 414, and on that basis denies those allegations.

415.    Shrewsberry admits that the final judgment with the L.A. City Attorney's office requires Wells Fargo to make restitution and pay a civil penalty, and that the content of this document speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 415, and on that basis denies those allegations.

416.    Shrewsberry admits that the final judgment with the Los Angeles City Attorney requires Wells Fargo to establish certain policies and procedures, and that the content of that document speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 416, and on that basis denies those allegations.

417.    Shrewsberry admits that the final judgment with the L.A. City Attorney's office requires Wells Fargo to establish procedures to address the claims by certain customers relating to unauthorized accounts, and that the content of this document speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to

form a belief about the truth of the allegations in paragraph 417, and on that basis denies those allegations.

418.    To the extent Plaintiffs purport to describe the CFPB Consent Order, 2016-CFPB-0015, Shrewsberry responds that the document speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 418, and on that basis denies those allegations.

419.    Shrewsberry admits that the CFPB Consent Order states: "Respondent's analysis concluded that its employees opened 1,534,280 deposit accounts that may not have been authorized and that may have been funded through simulated funding, or transferring funds from consumers' existing accounts without their knowledge or consent."  September 8, 2016 CFPB Consent Order at ¶ 16.  Additionally, Shrewsberry admits that the CFPB Consent Order states: "Respondent's analysis concluded that its employees submitted applications for 565,443 credit-card accounts that may not have been authorized by using consumers' information without their knowledge or consent."  Id. at ¶ 23.   Further, Shrewsberry admits that the CFPB Consent Order states: "Respondent's employees requested debit cards and created PINs to activate them without consumers' knowledge or consent," and "Respondent's employees used email addresses not belonging to consumers to enroll consumers in online-banking services without their knowledge or consent."  Id. at ¶¶ 30, 34.  Also, the CFPB Consent Order states: "During the Relevant Period, Respondent terminated roughly 5,300 employees for engaging in Improper Sales Practices."  Id. at ¶ 9.  Except as admitted, Shrewsberry denies the allegations in paragraph 419.

420.    To the extent Plaintiffs purport to paraphrase the CFPB Consent Order, 2016-CFPB-0015, Shrewsberry responds that the document speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 420, and on that basis denies those allegations.

421.    Shrewsberry admits Mr. Cordray's written testimony before the Senate Banking Committee dated September 20, 2016, contains the statement quoted in

paragraph 421.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 421, and on that basis denies those allegations.

422.   Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 422 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

423.   Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 423 by stating that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

424.   Shrewsberry admits that Wells Fargo issued press releases containing the statements quoted in paragraph 424. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 424, and on that basis denies those allegations.

425.   Shrewsberry admits that, according to Wells Fargo's historical stock information, on September 8, 2016, the closing price of the stock was $49.90 per share and on September 16, 2016, it was $45.43 per share.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 425, and on that basis denies those allegations.

426.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 426, and on that basis denies those allegations.

427.   Shrewsberry admits that in a letter available at https://www.warren.senate.gov/files/documents/2016-9-16_Letter_to_Wells_Fargo.pdf, Senator Warren, along with other senators, made the statements paraphrased and quoted in paragraph 427.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 427, and on that basis denies those allegations.

428.   Shrewsberry admits that the transcript of the September 20, 2016 Senate Banking Committee hearing reflects that Mr. Stumpf made the statements quoted and paraphrased in the second and third sentences of paragraph 428.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 428, and on that basis denies those allegations.

429.   Shrewsberry admits that the transcript of the September 20, 2016 Senate Banking Committee hearing reflects that Mr. Stumpf made the statements quoted in the paragraph 429.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 429, and on that basis denies those allegations.

430.   Shrewsberry admits that the transcript of the September 20, 2016 Senate Banking Committee hearing reflects that Mr. Stumpf made the statement quoted in paragraph 430.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 430, and on that basis denies those allegations.

431.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 431, and on that basis denies those allegations.

432.    Shrewsberry admits that the transcript of the September 20, 2016 Senate Banking Committee hearing reflects that Mr. Stumpf made the statement quoted in paragraph 432. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 432, and on that basis denies those allegations.

433.    Shrewsberry admits that the transcript of the September 20, 2016 Senate Banking Committee hearing reflects that Senators Warren, Toomey, and Brown, made the statements quoted in paragraph 433.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 433, and on that basis denies those allegations.

434.    Shrewsberry admits that the transcript of the September 20, 2016 Senate Banking Committee hearing reflects that Senator Brown made the statements quoted in paragraph 434.  Except as admitted, Shrewsberry denies the allegations in paragraph 434.

435.    Shrewsberry admits that the transcript of the September 20, 2016 Senate Banking Committee hearing reflects that Senator Brown and Mr. Stumpf made the statements quoted in paragraph 435.  Except as admitted, Shrewsberry denies the allegations in paragraph 435.

436.    Shrewsberry admits that the Los Angeles Times article cited in paragraph 436 contains the statements from Ed Mierzwinski quoted therein.  Except as admitted, Shrewsberry denies the allegations in paragraph 436.

437.    Shrewsberry admits that a letter available at https://www.warren.senate.gov/files/documents/2016-9-22WellsFLSALetter_OCR.pdf written by Senator Warren and others, contains the statement quoted in paragraph 437. Except as admitted, Shrewsberry denies the allegations in paragraph 437.

438.    Shrewsberry admits that a letter available at https://www.warren.senate.gov/files/documents/2016-9-28_Wells_Fargo_Comp_Letter_OCR.pdf,  written by Senator Warren and others to Steven Sanger, contains the statements quoted in paragraph 438.  Except as admitted,

Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 438, and on that basis denies those allegations.

439.    Shrewsberry admits that the Treasurer's Office of the State of California issued a statement that is accurately paraphrased and quoted in the first two sentences of paragraph 439. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 439, and on that basis denies those allegations.

440.    Shrewsberry admits that the transcript of the September 29, 2016 hearing before the House Financial Services Committee contains the statements quoted in paragraph 440. Except as admitted, Shrewsberry denies the allegations in paragraph 440.

441.    Shrewsberry admits that in a letter available at https://www.warren.senate.gov/files/documents/2016-9-28_Letter_to_SEC_RE_Wells_Investigation.pdf, Senator Warren and others made the statements quoted in paragraph 441. To the extent Plaintiffs purport to describe that letter, Shrewsberry responds that the document speaks for itself. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 441, and on that basis denies those allegations

442.    Shrewsberry admits that in or about October 2016, Mr. Stumpf retired from his position as Wells Fargo's CEO and Chairman of the Board of Directors. Shrewsberry further admits that, prior to his retirement, Mr. Stumpf voluntarily waived his rights to all of his outstanding unvested equity awards. Shrewsberry further admits that Mr. Sloan succeeded Mr. Stumpf as CEO of Wells Fargo, and that Mr. Sanger succeeded Mr. Stumpf as Chairman of Wells Fargo's Board of Directors. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 442, and on that basis denies those allegations.

443.    Shrewsberry admits that the letter from Senators Warren and Menendez to the Wells Fargo Board, dated October 20, 2016 contains the language quoted in paragraph 443, without the added emphasis. Except as admitted, Shrewsberry lacks

knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 443, and on that basis denies those allegations.

## X.    ADDITIONAL DAMAGES TO WELLS FARGO

444.    Shrewsberry admits that the Wells Fargo Code of Ethics and Business conduct states: "We have a responsibility to always act with honesty and integrity. When we do so, we earn the trust of our customers. We have to earn that trust every day by behaving ethically; rewarding open, honest communication; and holding ourselves accountable for the decisions we make and the actions we take."  Available at: https://www08.wellsfargomedia.com/assets/pdf/about/corporate/code-of-ethics.pdf Shrewsberry denies the remaining allegations in paragraph 444 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations concerning any Defendant other than himself, and on that basis denies those allegations.

445.    Shrewsberry denies the allegations in paragraph 445 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

446.    Shrewsberry admits that a J.P. Morgan report contains the statement quoted in paragraph 446 and attributed to Vivek Juneja's. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 446, and on that basis denies those allegations.

447.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 447, and on that basis denies those allegations.

448.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 448, and on that basis denies those allegations.

449.    Shrewsberry admits that Wells Fargo's Q3 2016 10-Q states: "The high end of the range of reasonably possible potential litigation losses in excess of the Company's liability for probable and estimable losses was approximately $1.7 billion as of September 30, 2016. The change in the high end of the range from June 30, 2016 related to a number of matters. It is inherently difficult to determine whether any loss is probable or even possible or to estimate the amount of any loss. Accordingly, there may be a range of possible losses in excess of the established liability or the range of reasonably possible loss. Wells Fargo is unable to determine whether the ultimate resolution of either the mortgage related regulatory investigations or the sales practices matters will have a material adverse effect on its consolidated financial condition."  Shrewsberry admits that the Q2 2016 10-Q states: "The high end of the range of reasonably possible potential litigation losses in excess of the Company's liability for probable and estimable losses was approximately $1.0 billion as of June 30, 2016."  The contents of these documents speak for themselves.  Except as admitted, Shrewsberry denies the allegations in paragraph 449.

450.    Shrewsberry admits that the first sentence of paragraph 450 paraphrases a November 17, 2016 Wells Fargo press release.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 450, and on that basis denies those allegations.

451.    Shrewsberry admits that on December 16, 2016, Wells Fargo issued a press release that reported Retail Banking activity data indicating that "Consumer checking account opens were down 9% LM [last month] and 41% YoY [year over year]."  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 451, and on that basis denies those allegations.

452.    Shrewsberry admits that on February 17, 2017, Wells Fargo issued a press release that contained data on new customer checking accounts,  the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information

sufficient to form a belief about the truth of the allegations in paragraph 452, and on that basis denies those allegations.

453.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 453, and on that basis denies those allegations.

454.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 454, and on that basis denies those allegations.

455.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 455, and on that basis denies those allegations.

456.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 456, and on that basis denies those allegations.

457.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 457, and on that basis denies those allegations.

458.    Shrewsberry denies the allegations in paragraph 458 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

459.    Shrewsberry admits that, in a letter available at: http://www.treasurer.ca.gov/news/releases/2016/20160928_letter.pdf, on September 28, 2016, the State of California Treasurer John Chiang informed Wells Fargo of certain actions his office would take against Wells Fargo. The content of that letter speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 459, and on that basis denies those allegations.

460.    Shrewsberry admits that Mr. Chiang made the statement quoted in paragraph 460.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 460, and on that basis denies those allegations.

461.    Shrewsberry admits that on October 3, 2016, Illinois State Treasurer Michael Frerichs issued a press release regarding Wells Fargo, available at: https://www.illinois.gov/IISNews/16-0755-TREAS_Wells_Fargo_Release.pdf, the content of which speaks for themselves.    Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 461, and on that basis denies those allegations.

462.    Shrewsberry admits that on October 14, 2016, Ohio Governor John Kasich issued a press release regarding Wells Fargo, available at: http://www.governor.ohio.gov/Media-Room/Press-Releases/ArticleId/538/kasich-opposes-wells-fargos-participation-in-state-financial-work. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 462, and on that basis denies those allegations.

463.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 463, and on that basis denies those allegations.

464.    Shrewsberry admits that on October 14, 2016, New York Governor Andrew Cuomo issued a press release regarding Wells Fargo, available at: http://www.dfs.ny.gov/about/press/pr1610111.htm,  the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 464, and on that basis denies those allegations.

465.    Shrewsberry admits that on November 3, 2016, the Pennsylvania treasury issued a press release regarding Wells Fargo, available at: https://www.prnewswire.com/news-releases/pa-treasury-announces-100-million-impact-

investing-initiative-300354945.html.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 465, and on that basis denies those allegations.

466.    Shrewsberry admits that the transcript of the November 28, 2016, California State Senate's Committee on Banking and Board Oversight hearing contains the statements quoted in paragraph 466.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 466, and on that basis denies those allegations.

467.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 467, and on that basis denies those allegations.

468.    Shrewsberry denies the allegations in paragraph 468 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

469.    Shrewsberry admits that a class action complaint was filed against Wells Fargo in the United States District Court for the District of Utah, entitled *Lawrence K. Mitchell et al., v. Wells Fargo Bank et al.*, Case No. 2:16-cv-00966.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 469, and on that basis denies those allegations.

470.    Shrewsberry admits that on or about September 29, 2016 a class-action complaint was filed against Wells Fargo in the United States District Court for the Northern District of California, entitled *Hefler v. Wells Fargo & Company*, Case No. 3:16-cv-05479-JST.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 470, and on that basis denies those allegations.

471.    Shrewsberry admits that on or about November 22, 2016, a class-action complaint was filed against Wells Fargo in the United States District Court for the

District of Minnesota, entitled *In re: Wells Fargo ERISA 401(k) Litigation*, Case No. 16-cv-03405-PJS-BRT.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 471, and on that basis denies those allegations.

472.    Shrewsberry admits that on or about December 27, 2016, a complaint was filed against Wells Fargo in the United States District Court for the Northern District of California, entitled *Hogan et al v. Wells Fargo & Company et al.*,  Case No. 4:16-cv-07360-DMR. Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 472, and on that basis denies those allegations.

473.    A response to paragraph 473 would require the disclosure of privileged information.  Shrewsberry therefore denies the allegations of paragraph 473.

474.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 474, and on that basis denies those allegations.

475.    Shrewsberry admits that on September 29, 2016, Wells Fargo announced that "Stumpf will forfeit all of his outstanding unvested equity awards, valued at approximately $41 million" and that Tolstedt "has forfeited all outstanding unvested equity awards valued at approximately $19 million." Shrewsberry admits that Stumpf testified before the House Financial Services Committee that day.  Shrewsberry also admits that a Bloomberg article quoted an analyst who purportedly said that the actions against executives were "more about optics than substance."  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 475, and on that basis denies those allegations.

476.    Shrewsberry admits that a Bloomberg news article quoted an analyst who made the statement in the last sentence of paragraph 476.  Except as admitted, Shrewsberry denies the allegations in paragraph 476to the extent alleged against him. Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of

the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

## XI.   DEMAND FUTILITY ALLEGATIONS

477.   Paragraph 477 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 477, and on that basis denies those allegations.

478.   Paragraph 478 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 478, and on that basis denies those allegations.

479.   Paragraph 479 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 479, and on that basis denies those allegations.

480.   Paragraph 480 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 480, and on that basis denies those allegations.

481.   Paragraph 481 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 481, and on that basis denies those allegations.

482.   Paragraph 482 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 482, and on that basis denies those allegations.

483.    Paragraph 483 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 483, and on that basis denies those allegations.

484.    Paragraph 484 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 484, and on that basis denies those allegations.

485.    Paragraph 485 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 485, and on that basis denies those allegations.

486.    Paragraph 486 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 486, and on that basis denies those allegations.

487.    Paragraph 487 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 487, and on that basis denies those allegations.

488.    Paragraph 488 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 488, and on that basis denies those allegations.

489.    Paragraph 489 of the Complaint, states a legal conclusion to which no response is required.  To the extent a response is required Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 489, and on that basis denies those allegations.

490.    Paragraph 490 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 490, and on that basis denies those allegations.

491.    Paragraph 491 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 491, and on that basis denies those allegations.

492.    Paragraph 492 of the Compliant states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 492, and on that basis denies those allegations.

493.    Paragraph 493 of the Compliant states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 493, and on that basis denies those allegations.

494.    Paragraph 494 of the Compliant states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 474, and on that basis denies those allegations.

495.    Paragraph 495 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 495, and on that basis denies those allegations.

496.    Paragraph 496 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 496, and on that basis denies those allegations.

497.     Paragraph 497 of the Compliant states a legal conclusion to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 497, and on that basis denies those allegations.

498.     Shrewsberry admits that the transcript of the House Financial Services Committee hearing on September 29, 2016 contains the statement from Mr. Stumpf quoted in paragraph 498.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 498, and on that basis denies those allegations

499.     Shrewsberry admits that the L.A. City Attorney filed a complaint in May 2015, the content of which speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 499, and on that basis denies those allegations.

500.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 500, and on that basis denies those allegations.

501.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 501, and on that basis denies those allegations.

502.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 502, and on that basis denies those allegations.

503.     Shrewsberry understands that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, Shrewsberry responds to the allegations of paragraph 503 by stating that he lacks knowledge or information sufficient

to form a belief as to the truth of the allegations, and on that basis denies them and refers the Court to the referenced document for its content.

504.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 504, and on that basis denies those allegations.

505.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 505, and on that basis denies those allegations.

506.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 506, and on that basis denies those allegations.

507.     Paragraph 507 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 507, and on that basis denies those allegations.

508.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 508, and on that basis denies those allegations.

509.     Paragraph 509 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 509, and on that basis denies those allegations.

510.     Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 510, and on that basis denies those allegations.

511.     Paragraph 511 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Shrewsberry lacks

knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 511, and on that basis denies those allegations.

512.    Paragraph 512 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 512, and on that basis denies those allegations.

513.    Shrewsberry admits that Defendants Chen, Dean, Engel, James, and Sanger served during the alleged Relevant Period on the Board's Human Resources Committee. To the extent that Plaintiffs purport to paraphrase Wells Fargo's proxy statements and the Charter of Wells Fargo's Board of Directors' Human Resources' Committee, Shrewsberry responds that the contents of those documents speak for themselves.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 513, and on that basis denies those allegations.

514.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 514, and on that basis denies those allegations.

515.    Shrewsberry admits that the 2015 Wells Fargo Proxy Statement, contains the language quoted in paragraph 515.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 515, and on that basis denies those allegations.

516.    Shrewsberry admits that on September 29, 2016, Wells Fargo announced that "Stumpf will forfeit all of his outstanding unvested equity awards, valued at approximately $41 million" and that Tolstedt "has forfeited all outstanding unvested equity awards valued at approximately $19 million." Shrewsberry admits that Stumpf testified before the House Financial Services Committee that day.  Shrewsberry also admits that a Bloomberg article quoted an analyst who purportedly said that the actions against executives were "more about optics than substance."  Except as admitted,

Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 516, and on that basis denies those allegations.

517.    Paragraph 517 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 517, and on that basis denies those allegations.

## XII.    TIMELINESS

518.    Shrewsberry denies the allegations in paragraph 518 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

519.    Shrewsberry admits that the transcript of the Barclays Americas Select Conference held on May 19, 2015 contains the statement quoted and attributed to him, without the added emphasis. The content of the document speaks for itself.  Except as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 519, and on that basis denies those allegations.

520.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 520, and on that basis denies those allegations.

521.    Shrewsberry denies the allegations in paragraph 521 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

522.    Paragraph 522 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Shrewsberry denies the allegations in paragraph 522 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

523.    Paragraph 523 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 523, and on that basis denies those allegations.

## XIII.   CLAIMS FOR RELIEF

### COUNT I
### Breach of Fiduciary Duty Against All Defendants

524.    Shrewsberry incorporates by reference each of the foregoing responses as though fully set forth in this paragraph.

525.    Paragraph 525 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 525, and on that basis denies those allegations.

526.    Shrewsberry denies the allegations in paragraph 521 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

527.    Shrewsberry denies the allegations in paragraph 527 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

528.    Shrewsberry denies the allegations in paragraph 528 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

529.    Shrewsberry denies the allegations in paragraph 529 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief

about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

530.   Shrewsberry denies the allegations in paragraph 530 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

531.   Paragraph 531 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 525, and on that basis denies those allegations.  To the extent paragraph 531 contains factual allegations, Shrewsberry denies the allegations in paragraph 531 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

532.   Shrewsberry denies the allegations in paragraph 532 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

533.   Paragraph 531 of the Complaint contains conclusions of law to which no response is required.  To the extent paragraph 533 contains factual allegations against Shrewsberry, he denies those allegations.  To the extent paragraph 533 contains allegations against other defendants, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

534.   Shrewsberry denies the allegations in paragraph 534 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

535.     Shrewsberry denies the allegations in paragraph 535 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

536.     Shrewsberry denies the allegations in paragraph 536 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

537.     Shrewsberry denies the allegations in paragraph 537 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

## COUNT II

### Unjust Enrichment against All Defendants

538.     Shrewsberry incorporates by reference each of the foregoing responses as though fully set forth in this paragraph.

539.     Paragraph 539 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 539 contains factual allegations, Shrewsberry denies the allegations in paragraph 539 to the extent alleged against him. Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

540.     Paragraph 540 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 540 contains factual allegations, Shrewsberry denies the allegations to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

## COUNT III

### Breach of Fiduciary Duty against Insider Selling Defendants

541.   Shrewsberry incorporates by reference each of the foregoing responses as though fully set forth in this paragraph.

542.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 542, and on that basis denies those allegations.

543.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 543, and on that basis denies those allegations.

544.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 544, and on that basis denies those allegations.

545.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 543, and on that basis denies those allegations.

## COUNT IV

### Violation of Section 14(A) against Director Defendants

546.   Shrewsberry incorporates by reference each of the foregoing responses as though fully set forth in this paragraph.  Paragraph 546 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 546 contains factual allegations, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

547.   Shrewsberry admits that paragraph 547 accurately quotes 17 CFR 240.14a-9(a).

548.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 548, and on that basis denies those allegations.

549.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 549, and on that basis denies those allegations.

550.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 550, and on that basis denies those allegations.

551.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 551, and on that basis denies those allegations.

**COUNT V**

**Violation of Section 10(B) against All Defendants**

552.   Shrewsberry incorporates by reference each of the foregoing responses as though fully set forth in this paragraph.

553.   Shrewsberry denies the allegations in paragraph 553 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

554.   Shrewsberry denies the allegations in paragraph 554 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

555.   Shrewsberry denies the allegations in paragraph 555 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

556.   Shrewsberry denies the allegations in paragraph 556 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief

about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

557.    Shrewsberry denies the allegations in paragraph 557 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

558.    Shrewsberry denies the allegations in paragraph 558 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

559.    Shrewsberry denies the allegations in paragraph 559 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

560.    Shrewsberry denies the allegations in paragraph 560 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

561.    Shrewsberry denies the allegations in paragraph 561 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

562.    Paragraph 562 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 562, and on that basis denies those allegations.

## COUNT VI

### Violation Of Section 20a Against Insider Selling Defendants

563.   Shrewsberry incorporates by reference each of the foregoing responses as though fully set forth in this paragraph.

564.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 564, and on that basis denies those allegations.

565.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 565, and on that basis denies those allegations.

566.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 566, and on that basis denies those allegations.

567.   Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 567, and on that basis denies those allegations.

568.   Paragraph 568 of the Complaint contains conclusions of law to which no response is required.  To the extent paragraph 568 contains factual allegations, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

## COUNT VII

### Violation of Section 29(B) against All Defendants

569.   Shrewsberry incorporates by reference each of the foregoing responses as though fully set forth in this paragraph.

570.   Paragraph 570 of the Complaint contains conclusions of law to which no response is required.  To the extent paragraph 570 contains factual allegations, Shrewsberry denies the allegations to the extent alleged against him.  Shrewsberry lacks

knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

571.    Shrewsberry admits that Wells Fargo has a clawback policy, that is set forth in its proxy statements and that has varied over time.  Except to as admitted, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 571, and on that basis denies those allegations.

572.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 572, and on that basis denies those allegations.

573.    Paragraph 573 of the Complaint contains conclusions of law to which no response is required.  To the extent paragraph 573 contains factual allegations, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

574.    Shrewsberry denies the allegations of paragraph 574 to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

575.    Paragraph 575 of the Complaint contains conclusions of law to which no response is required.  To the extent paragraph 575 contains factual allegations, Shrewsberry denies the allegations to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

576.    Paragraph 576 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 576 and therefore denies them.

577.    Paragraph 577 of the Complaint contains conclusions of law to which no response is required. To the extent paragraph 570 contains factual allegations,

Shrewsberry denies the allegations to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

578.    Shrewsberry admits that Plaintiffs seek declaratory, injunctive, and equitable relief, but denies that Plaintiffs are entitled to any relief.

## COUNT VIII

### Violation of Section 25402

579.    Shrewsberry incorporates by reference each of the foregoing responses as though fully set forth in this paragraph.

580.    The Court has dismissed this count with prejudice.  No response is required.

581.    The Court has dismissed this count with prejudice.  No response is required.

582.    The Court has dismissed this count with prejudice.  No response is required.

583.    The Court has dismissed this count with prejudice.  No response is required.

## COUNT IX

### Violation of Section 15403 against The Director Defendants

584.    Shrewsberry incorporates by reference each of the foregoing responses as though fully set forth in this paragraph.

585.    The Court has dismissed this count with prejudice.  No response is required.

586.    The Court has dismissed this count with prejudice.  No response is required.

587.    The Court has dismissed this count with prejudice.  No response is required.

588.    The Court has dismissed this count with prejudice.  No response is required.

## COUNT X

### Corporate Waste against the Director Defendants

589.    Shrewsberry incorporates by reference each of the foregoing responses as though fully set forth in this paragraph.

590.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 590, and on that basis denies those allegations.

591.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 591, and on that basis denies those allegations.

592.    Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 592, and on that basis denies those allegations.

## COUNT XI

### Contribution and Indemnification against
### Stumpf, Shrewsberry, Sloan, and Tolstedt

593.    Shrewsberry incorporates by reference each of the foregoing responses as though fully set forth in this paragraph.

594.    Paragraph 594 of the Complaint contains conclusions of law to which no response is required.  To the extent paragraph 594 contains factual allegations, Shrewsberry denies the allegations to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

595.    Paragraph 595 of the Complaint contains conclusions of law to which no response is required.  Shrewsberry admits that a putative shareholder class action was filed in the Northern District of California in September 2016 that named Wells Fargo as

a Shrewsberry.  Except as admitted, Shrewsberry denies the allegations to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

596.    Paragraph 596 of the Complaint contains conclusions of law to which no response is required.  To the extent paragraph 596 contains factual allegations, Shrewsberry denies the allegations to the extent alleged against him.  Shrewsberry lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning any Defendant other than himself, and on that basis denies those allegations.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

As set forth above in response to the numbered paragraphs of the Complaint, it is denied that Plaintiffs are entitled to any of the relief prayed for in the Complaint or to any relief whatsoever.  It is further denied that Plaintiffs are entitled to any award of compensatory damages, any costs or expenses of this litigation, or any other relief of any kind.

## AFFIRMATIVE DEFENSES

Shrewsberry asserts the following affirmative defenses.  To the extent any of the defenses, in whole or in part, serve merely to negate an element of a cause of action, Shrewsberry in no way seeks to relieve Plaintiffs of their burden of proof or persuasion on that element.

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Cause of Action)

Each cause of action is barred because the Complaint fails to state facts sufficient to constitute a cause of action.

The Complaint fails to state facts sufficient to constitute a cause of action in light of the specific denials set forth above, which Shrewsberry incorporates herein by reference.

## SECOND AFFIRMATIVE DEFENSE

### (No Standing)

Each cause of action is barred in whole or in part because Plaintiffs lack standing to assert the claims alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Each cause of action is barred in whole or in part by the applicable statutes of limitation and other applicable periods of repose.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

Each cause of action is barred in whole or in part by the doctrine of laches.

On information and belief, Plaintiffs had full knowledge of the allegedly wrongful acts that they challenge in the Complaint at (or soon after) the times at which they purportedly occurred.  Plaintiffs then stood by for an unreasonable length of time without taking steps to set aside the acts or otherwise intervene on behalf of Wells Fargo, thereby intentionally relinquishing the right to do so.

## FIFTH AFFIRMATIVE DEFENSE

### (No Director or Officer Liability)

Each cause of action is barred in whole or in part by Delaware General Corporation Law § 102(b)(7), by California Corporations Code § 204(a)(10), by Wells Fargo's bylaws and certificate of incorporation, and by other provisions of applicable law relating to the liabilities of directors and officers of a Delaware corporation.

## SIXTH AFFIRMATIVE DEFENSE

### (No Breach of Duty)

Each cause of action is barred in whole or in part because Shrewsbury did not breach the duties of care, loyalty, or any other fiduciary duty imposed by Delaware, California, or other law.

### SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Knowledge and Scienter)

Each cause of action is barred in whole or in part because Shrewsberry did not know of the purported inaccuracy of any of the alleged misstatements and did not know of any material omissions from those statements, and could not have become aware of the alleged inaccuracy and/or omissions in the exercise of reasonable care.

As set forth above, there were no misstatements or omissions in any event, but even if one assumes for the sake of argument that such misstatements or omissions exist, there is no evidence to suggest that Shrewsberry acted with knowledge or scienter.  To the contrary, Shrewsberry acted at all times in the best interests of Wells Fargo.

### EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Each cause of action is barred in whole or in part because Shrewsberry acted at all times in good faith, with reasonable care, and with due diligence in carrying out his responsibilities.  Shrewsberry did not directly or indirectly control or induce any wrongful acts or omissions and did no unlawful act or thing directly or indirectly through or by means of any other person.  In addition, Shrewsberry acted in good faith in relying on the information, reports, or opinions of the Wells Fargo's officers and employees.

### NINTH AFFIRMATIVE DEFENSE
### (Business Judgment Rule)

Each cause of action is barred in whole or in part because Shrewsberry's actions were at all times a valid exercise of business judgment.

### TENTH AFFIRMATIVE DEFENSE
### (Group Pleading)

Each cause of action is barred in whole or in part because Shrewsberry cannot be held liable under the group pleading doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Personal Interest)

Each cause of action is barred in whole or in part because Shrewsberry was not a party to or otherwise personally interested in any transaction that the director defendants approved in their capacity as directors of Wells Fargo.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Causation)

Each cause of action is barred in whole or in part because Shrewsberry was not the cause of any alleged injury or loss suffered by Wells Fargo.  Wells Fargo's injuries or damages, to the extent they exist, were caused by supervening events unconnected to Shrewsberry.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Ratification, Acquiescence, Waiver, and Estoppel)

Each cause of action is barred in whole or in part by the doctrines of ratification, acquiescence, waiver, and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Inequitable Conduct and Unclean Hands)

Each cause of action is barred in whole or in part by the doctrines of inequitable conduct,  unclean hands and/or other equitable defenses.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

Without conceding that Shrewsberry has acted wrongly or negligently, or that any act of Shrewsberry caused harm to Wells Fargo, each of the claims made by Plaintiffs against Shrewsberry are barred, in whole or in part, by the doctrine of *in pari delicto*.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Pre-Arranged Trading Schedules)

Each cause of action is barred in whole or in part because Shrewsberry sold Wells Fargo stock according to pre-arranged trading plans under Rule 10b5-1 of the Securities and Exchange Act of 1934.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Lack of Ownership)

Each cause of action is barred in whole or in part by Delaware General Corporation Law § 327, by California Corporations Code § 800(b)(l), and by other provisions of applicable law relating to derivative actions.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Make Demand)

Each cause of action is barred in whole or in part because Plaintiffs failed to make a pre-suit demand on the Board of Directors and because such demand would not have been futile.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

As to each cause of action, without admitting that Wells Fargo was injured in any way or is entitled to any damages, the Complaint fails to allege facts that establish Wells Fargo mitigated its alleged injuries.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Speculative Damages)

As to each cause of action, the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of the alleged damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Setoff / Offsetting Benefit Doctrine)

To the extent that Shrewsberry's alleged conduct damaged Wells Fargo in any manner, that amount of damages, if any, must be offset against the value of the benefits Shrewsberry's alleged conduct conferred on Wells Fargo.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Attorneys', Accountants', Consultants', and Experts' Fees and Expenses Not Recoverable)

As to each cause of action, Plaintiffs and Plaintiffs' counsel are precluded from recovering attorneys' fees, accountants' fees, consultants' fees, and/or experts' fees and/or expenses under applicable provisions of law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Reliance/Transaction Causation)

The Complaint fails to adequately plead reliance/transaction causation and, in fact, Plaintiffs cannot prove reliance/transaction causation. Plaintiffs cannot establish reliance/transaction causation to the extent that the alleged misrepresentations and omissions did not affect the market price of Wells Fargo's stock, such that any fraud-on-the-market presumption of reliance is rebutted, either because market makers were privy to information that corrected any alleged misstatement or omission, because information that corrected any alleged misstatement or omission had credibly entered the market, and/or for any other reason that establishes that the alleged misstatements or omissions did not affect the market price of Wells Fargo's stock.

Plaintiffs cannot establish reliance/transaction causation to the extent that Plaintiffs either knew or had reason to know information that corrected the alleged misstatements or omissions or, even if they did not have such information, would have made their alleged purchase of Wells Fargo stock during the purported Relevant Period

even if they had possessed such information, such that any fraud-on-the-market presumption of reliance is rebutted.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Fraud-on-the-Market Presumption)

Plaintiffs are not entitled to the fraud-on-the-market presumption of reliance to the extent that they cannot prove the factual predicates for that presumption, including the predicates that Wells Fargo's stock traded on an open and efficient market and that the alleged misstatements or omissions on which Plaintiffs' claims are based were material.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (No Loss Causation)

The Complaint fails to adequately plead loss causation and, in fact, Plaintiffs cannot prove loss causation.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Reliance on Records, Management, and Experts)

Plaintiffs' claims are barred, in whole or in part, because the Shrewsberry reasonably and in good faith relied on the records of the Company; on information, opinions, reports, or statements presented by the Company's officers or other employees; and on advice of experts.

## TWENTHY-SEVENTH AFFIRMATIVE DEFENSE
### (Reliance on Existing System of Controls)

Plaintiffs' claims are barred, in whole or in part, because the Shrewsberry reasonably and in good faith relied on a system of controls that was audited and about which they received information from the Company's officers or other employees, and from experts.

**RIGHTS RESERVED**

Shrewsberry reserves the right to allege other defenses as they become known during the course of discovery, and specifically reserve the right to amend his Answer to allege such defenses as they become known.

**PRAYER FOR RELIEF**

That the relief sought by the Complaint be denied in its entirety;

That judgment be entered in favor of Shrewsberry and that this action be dismissed with prejudice;

That Shrewsberry be awarded costs to the maximum extent allowable by law; and

That Shrewsberry be granted such further relief as this Court may deem just and proper.

**JURY DEMAND**

Shrewsberry demands a trial by jury on all aspects of this case so triable.


Dated: January 8, 2018                    Respectfully Submitted,

                                          RAMSEY & EHRLICH LLP

                                          /s/Ismail Ramsey
                                          ISMAIL RAMSEY
                                          MILES EHRLICH
                                          KATHARINE KATES
                                          *Attorneys for John R. Shrewsberry*