Stuart J. Baskin (*pro hac vice*)
  *sbaskin@shearman.com*
Jaculin Aaron (SBN 133983)
  *jaaron@shearman.com*
**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, NY 10022-6069
Telephone: 212.848.4000
Facsimile: 212.848.7179

John F. Cove, Jr. (SBN 212213)
  *john.cove@shearman.com*
Emily V. Griffen (SBN 209162)
  *egriffen@shearman.com*
Lisa M. Valenti-Jordan (SBN 300161)
  *lisa.valenti-jordan@shearman.com*
**SHEARMAN & STERLING LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105-2997
Telephone: 415.616.1100
Facsimile: 415.616.1199

*Attorneys for Defendants John D. Baker II,*
*Elaine L. Chao, John S. Chen, Lloyd H. Dean,*
*Elizabeth A. Duke, Susan E. Engel, Enrique*
*Hernandez, Jr., Donald M. James, Cynthia H.*
*Milligan, Federico F. Peña, James H. Quigley,*
*Judith M. Runstad, Stephen W. Sanger, Susan*
*G. Swenson, and Suzanne M. Vautrinot*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:  All Actions. | Lead Case No. 3:16-cv-05541-JST<br><br>(Consolidated with Nos. 3:16-CV-05592; 3:16-CV-05745; 3:16-CV-05817; 3:16-CV-05915; 3:16-CV-06262; 3:16-CV-06624; AND 3:16-CV-06631)<br><br>**INDEPENDENT DIRECTOR DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendants John D. Baker II, Elaine L. Chao, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique Hernandez, Jr., Donald M. James, Cynthia H. Milligan, Federico F. Peña, James H. Quigley, Judith M. Runstad, Stephen W. Sanger, Susan G. Swenson, and Suzanne M. Vautrinot (the "Independent Directors"), hereby answer the Consolidated Amended Verified Stockholder Derivative Complaint ("Complaint") of lead plaintiffs Fire and Police Pension Association of Colorado ("Colorado Fire and Police") and The City of Birmingham Retirement and Relief System ("Birmingham") ("Plaintiffs") as follows.  Paragraph numbers in this Answer correspond to the paragraph numbers of the Complaint and respond to the allegations of that paragraph, up to the Affirmative Defenses section.  To the extent that the headings in the Complaint outside of the numbered allegations are intended to be allegations as opposed to mere argument, the Independent Directors deny them.  To the extent the Complaint refers to "Defendants" generally and does not specify that the allegations pertain to the Independent Directors, the denials of the Independent Directors set forth below are intended to refer to the Independent Directors alone.  The Independent Directors state that they are without knowledge or information sufficient to form a belief as to the truth of such allegations as they pertain to other defendants, and on that basis deny them.

1.       The Independent Directors deny the allegations of paragraph 1.

2.       The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the last sentence of paragraph 2, and on that basis deny that allegation and respectfully refer the Court to the public filings of Wells Fargo & Company ("Wells Fargo" or the "Company") for reports of former CEO John G. Stumpf's annual compensation.  The Independent Directors deny the remaining allegations of paragraph 2.

3.       The Independent Directors admit that the Company made certain statements that appear in the 2010 Annual Report to shareholders, but deny any characterizations of those statements, deny that paragraph 3 contains an accurate, complete, and unedited quotation of that document, deny the emphasis placed on certain portions of the quoted language in paragraph 3, and respectfully refer the Court to the Annual Report for its content.  The Independent Directors deny the remaining allegations of paragraph 3.

4.      The Independent Directors admit that Ms. Tolstedt made certain statements that appear at the May 20, 2014, Investor Day conference, but deny any characterizations of those statements, deny that paragraph 4 contains an accurate, complete, and unedited quotation of those statements, and respectfully refer the Court to the Investor Day transcript for its content.  The Independent Directors deny the remaining allegations of paragraph 4.

5.      The Independent Directors admit that Mr. Shrewsberry made certain statements that appear at the May 20, 2014, Investor Day conference, but deny any characterizations of those statements, deny that paragraph 5 contains an accurate, complete, and unedited quotation of those statements, and respectfully refer the Court to the Investor Day transcript for its content.  The Independent Directors deny the remaining allegations of paragraph 5.

6.      The Independent Directors admit that cross-selling is not inherently improper and that Senator Pat Toomey made certain statements during a September 20, 2016, hearing, but deny any characterizations of those statements, deny that paragraph 6 contains an accurate, complete, and unedited quotation of those statements, and respectfully refer the Court to the hearing transcript for its content.  The Independent Directors deny the remaining allegations of paragraph 6.

7.      The Independent Directors admit that Senator Elizabeth Warren, Treasury Secretary Jack Lew, and Comptroller of the Currency Thomas Curry have been publicly reported to have made certain statements, but deny any characterizations of those statements, deny that paragraph 7 contains an accurate, complete, and unedited quotation of those statements, and respectfully refer the Court to the cited documents for their content.  The Independent Directors deny the remaining allegations of paragraph 7.

8.      The Independent Directors deny the allegations of paragraph 8 of the Complaint.

9.      The Independent Directors admit that on September 8, 2016, the Los Angeles City Attorney, the U.S. Consumer Financial Protection Bureau ("CFPB"), and the Office of the Comptroller of the Currency ("OCC") issued press releases regarding settlements or consent orders, and respectfully refer the Court to those documents for their content.  The Independent Directors deny the remaining allegations of paragraph 9.

10.     The Independent Directors admit that Plaintiffs purport to quote from a consent order issued by the CFPB and dated on or about September 8, 2016, and consented to by the Board as it was constructed at the time, but deny any characterizations of that document, deny that paragraph 10 contains an accurate, complete, and unedited quotation of the statement, and respectfully refer the Court to that document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10, and on that basis deny them.

11.     The Independent Directors admit that Plaintiffs purport to quote from a consent order issued by the CFPB and dated on or about September 8, 2016, but deny any characterizations of that document, deny that paragraph 11 contains an accurate, complete, and unedited quotation of the statement, and respectfully refer the Court to that document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11, and on that basis deny them.

12.     The Independent Directors admit that Plaintiffs purport to quote from a consent order issued by the CFPB and dated on or about September 8, 2016, but deny any characterizations of that document, deny that paragraph 12 contains an accurate, complete, and unedited quotation of the statement, and respectfully refer the Court to that document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12, and on that basis deny them.

13.     The Independent Directors admit that Plaintiffs purport to quote from a consent order issued by the OCC and dated on or about September 8, 2016, and that Defendants Dean, Hernandez, Milligan, Pena, Quigley and Sanger signed the consent order, but deny any characterizations of that document, deny that paragraph 13 contains an accurate, complete, and unedited quotation of the statement, and respectfully refer the Court to that document for its content.  The Independent Directors deny the remaining allegations of paragraph 13.

14.     The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the history of the L.A. City Attorney's office and on that basis deny them.  The Independent Directors admit that Plaintiffs purport to

paraphrase a [Proposed] Stipulated Final Judgment entered into by and between Wells Fargo and the People of the State of California, and respectfully refer the Court to that document for its content. The Independent Directors deny the remaining allegations of paragraph 14.

15.     The Independent Directors admit that the Senate Committee on Banking, Housing, and Urban Affairs and the House Financial Services Committee held hearings related to Wells Fargo on September 20, 2016, and September 29, 2016, respectively, and that Plaintiffs in paragraph 15 purport to paraphrase the Senate Banking Committee's September 2016 hearing transcript, but deny any characterizations of that hearing or its transcript, and respectfully refer the Court to the transcript for its content. The Independent Directors deny the remaining allegations of paragraph 15.

16.     The Independent Directors admit that Defendant John G. Stumpf testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and before the House Financial Services Committee on September 29, 2016, and that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, but deny any characterizations of those documents, deny that paragraph 16 contains an accurate, complete, and unedited quotation of the statements, and respectfully refer the Court to those documents for their content. The Independent Directors deny the remaining allegations of paragraph 16.

17.     The Independent Directors admit that Plaintiffs purport to quote from a September 28, 2016, Joint Letter of Senators Warren, Merkley, and Menendez, but deny any characterizations of that document, deny that paragraph 17 contains an accurate, complete, and unedited quotation of the statement, deny the emphasis placed on certain portions of the quoted language in paragraph 17, and respectfully refer the Court to that document for its content. The Independent Directors deny the remaining allegations of paragraph 17.

18.     The Independent Directors admit that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, but deny any characterizations of that document, deny that paragraph 18 contains an accurate, complete, and unedited quotation of the transcript, and respectfully refer the Court to the

referenced transcript for its content.  The Independent Directors deny the remaining allegations of paragraph 18.

19.     The Independent Directors admit that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refer the Court to the referenced transcript for its content.  The Independent Directors deny the remaining allegations of paragraph 19.

20.     The Independent Directors admit that Plaintiffs purport to quote or paraphrase from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, but deny any characterizations of that document, deny that paragraph 20 contains an accurate, complete, and unedited quotation of the transcript, and respectfully refer the Court to the referenced transcript for its content.  The Independent Directors deny the remaining allegations of paragraph 20.

21.     To the extent the allegations contained in paragraph 21 constitute a legal conclusion, no responsive pleading is required.  The Independent Directors deny the allegations of paragraph 21.

22.     The Independent Directors admit that Plaintiffs purport to quote from letters addressed to the Board's Audit and Examination Committee and Mr. Stumpf in September 2007, and respectfully refer the Court to the letters for their content.  The Independent Directors deny that the Audit and Examination Committee received the letter, are without knowledge or information sufficient to form a belief as to whether Mr. Stumpf received it, and deny the remaining allegations of paragraph 22.

23.     The Independent Directors admit that by at least 2008 Wells Fargo had in place an EthicsLine that employees could call to report ethics and compliance concerns to a third-party, which provided information from the calls to Wells Fargo, and that certain of those reports related to gaming.  To the extent Plaintiffs purport to quote from a Wells Fargo Store Manager Incentive Plan dated January 1, 2008, the Independent Directors respectfully refer the Court to that document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny the remaining

allegations of paragraph 23.

24.     The Independent Directors admit that on November 26, 2008, the U.S. Department of Labor ("DOL") found that there was reasonable cause to believe that Wells Fargo violated SOX with respect to the transfer of a certain employee from one branch to another, and that a summary description of this action was included in certain reports summarizing whistleblower actions that were distributed to the Audit and Examination Committee.  To the extent Plaintiffs in paragraph 24 purport to allege generally about employee communications, the Independent Directors incorporate their responses in this Answer to paragraphs 44 and 205 through 207, and to any other specific allegations in the Complaint related to such communications, and are without knowledge or information sufficient to form a belief as to the truth of allegations about employee communications not identified  in the Complaint and unspecified direct contact with Defendant John G. Stumpf and on that basis deny the remaining allegations of paragraph 24.

25.     The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny the allegations of paragraph 25 of the Complaint.  To the extent Plaintiffs purport to paraphrase a complaint filed in 2009, the Independent Directors respectfully refer the Court to the complaint for its content.

26.     The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny the allegations of paragraph 26 of the Complaint.  To the extent Plaintiffs purport to paraphrase a complaint in the Northern District of California in 2010 and a *New York Times* article, the Independent Directors respectfully refer the Court to the complaint and article for their content.

27.     The Independent Directors admit that Defendant John G. Stumpf testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, and respectfully refer the Court to the referenced transcript for its content.  The Independent Directors deny the remaining allegations of paragraph 27.

28.     The Independent Directors admit that certain records of the Company indicate that

1   nearly 1,000 employees in the Company's retail banking sector were terminated for improper sales

2   practices in 2011.  The Independent Directors are without knowledge or information sufficient to

3   form a belief as to the truth of the allegations and on that basis deny the allegations of paragraph

4   28 of the Complaint.  To the extent Plaintiffs purport to paraphrase alleged branch managers'

5   emails, the Independent Directors respectfully refer the Court to those emails for their content.

6       29.     The Independent Directors admit that the Board's Audit and Examination

7   Committee received certain high-level information on EthicsLine between 2011 and 2013, and

8   that Plaintiffs purport to quote Defendant John G. Stumpf's testimony before the House Financial

9   Services Committee regarding the same, but deny any characterizations of those quotations and

10  deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to

11  the referenced testimony for its content.  The Independent Directors deny the remaining

12  allegations of paragraph 29.

13      30.     The Independent Directors admit that the Board's Audit and Examination

14  Committee received certain information pertaining to Wells Fargo's Internal Investigations group,

15  EthicsLine, and suspicious activity reporting from at least 2011, including that certain of the

16  reports discussed increases in sales integrity issues; that the Risk Committee received reports from

17  management regarding certain noteworthy risks, which later at certain times included sales

18  conduct and practice issues affecting customers and management's efforts to address those risks;

19  that the Human Resources Committee later at certain times received reports advising the

20  committee that management was monitoring the sales practices issues; and that the Board at some

21  point discussed sales integrity issues.  The Independent Directors further admit that Plaintiffs in

22  paragraph 30 purport to quote or paraphrase Defendant John G. Stumpf's and Wells Fargo's

23  written responses to questions posed by the Senate Banking Committee, but deny any

24  characterizations of that document, deny that the language quoted in paragraph 30 is accurate,

25  complete, and unedited, and respectfully refer the Court to the referenced document for its content.

26  The Independent Directors deny the remaining allegations of paragraph 30.

27      31.     The Independent Directors understand that the OCC takes the position that its

28  supervisory communications with Wells Fargo are privileged and confidential supervisory

1    information (with the privilege owned and controlled by the OCC), and that no response is

2    permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

3    paragraph 31 by stating that they lack knowledge or information sufficient to form a belief as to

4    the truth of the allegations related to the OCC and on that basis deny them and refer to the

5    referenced documents for their content.

6         32.    The Independent Directors admit that Plaintiffs purport to quote from written

7    testimony to the Senate Committee on Banking, Housing, and Urban Affairs, and respectfully

8    refer the Court to the written testimony for its content.  The Independent Directors are without

9    knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

10   paragraph 32 and on that basis deny them.

11        33.    The Independent Directors are without knowledge or information sufficient to form

12   a belief as to the truth of the allegations and on that basis deny the allegations of paragraph 33 of

13   the Complaint.  To the extent Plaintiffs purport to summarize the allegations of a complaint filed

14   in October 2012 by seven former alleged Wells Fargo employees, the Independent Directors

15   respectfully refer the Court to the complaint for its content.

16        34.    The Independent Directors are without knowledge or information sufficient to form

17   a belief as to the truth of the allegations and on that basis deny the allegations of paragraph 34 of

18   the Complaint.  To the extent Plaintiffs purport to characterize CFPB Director Cordray's

19   testimony to the Senate Banking Committee, the Independent Directors respectfully refer the

20   Court to the testimony for its content.

21        35.    The Independent Directors are without knowledge or information sufficient to form

22   a belief as to the truth of the allegations and on that basis deny the allegations of paragraph 35.  To

23   the extent Plaintiffs purport to summarize the allegations of a complaint filed on October 3, 2013,

24   by an alleged former Wells Fargo employee, the Independent Directors respectfully refer the Court

25   to the complaint for its content.

26        36.    The Independent Directors admit that Plaintiffs purport to paraphrase Wells

27   Fargo's written responses to the Senate Committee on Banking, Housing, and Urban Affairs, and

28   respectfully refer the Court to the written responses for their content.  The Independent Directors

1   are without knowledge or information sufficient to form a belief as to the truth of the remaining

2   allegations and on that basis deny the allegations of paragraph 36.

3        37.    The Independent Directors admit that Plaintiffs purport to paraphrase and quote

4   from a *Los Angeles Times* article dated December 21, 2013, but deny any characterizations of that

5   article, deny that the quotations are accurate, complete, and unedited, and respectfully refer the

6   Court to that article for its content.  The Independent Directors deny the remaining allegations of

7   paragraph 37.

8        38.    The Independent Directors understand that the OCC takes the position that its

9   supervisory communications with Wells Fargo are privileged and confidential supervisory

10  information (with the privilege owned and controlled by the OCC), and that no response is

11  permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

12  paragraph 38 by stating that they lack knowledge or information sufficient to form a belief as to

13  the truth of the allegations related to the OCC and on that basis deny them and refer to the

14  referenced documents for their content.

15       39.    The Independent Directors admit that Defendant John G. Stumpf addressed sales

16  practices issues during a town hall meeting in Hollywood, Florida following the December 2013

17  *Los Angeles Times* story.

18       40.    To the extent Plaintiffs purport to paraphrase a transcript of Defendant John G.

19  Stumpf's testimony before the House Financial Services Committee on September 29, 2016, and

20  the *L.A. Times* article published in December 2013, the Independent Directors deny any

21  characterizations of that transcript and article and respectfully refer the Court to the documents for

22  their content.  The Independent Directors deny the remaining allegations of paragraph 40.

23       41.    The Independent Directors admit that Defendant John G. Stumpf testified before

24  the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016, and that

25  Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and

26  Urban Affairs hearing held on September 20, 2016, but deny any characterizations of that

27  document, deny that paragraph 41 contains an accurate, complete, and unedited quotation of the

28  document, and respectfully refer the Court to the referenced transcript for its content.  The

---

INDEP. DIRECTORS' ANSWER TO              9              LEAD CASE NO.
CONSOLIDATED AMENDED COMPL.                             3:16-CV-05541-JST

1    Independent Directors deny the remaining allegations of paragraph 41.

2    42.    The Independent Directors are without knowledge or information sufficient to form

3    a belief as to the truth of the allegations and on that basis deny the allegations of paragraph 42,

4    except admit that Plaintiffs purport to paraphrase a complaint filed on May 4, 2015, by the L.A.

5    City Attorney and settlement documents dated September 2016, and respectfully refer the Court to

6    the complaint and settlement documents for their content.

7    43.    The Independent Directors admit the allegations of paragraph 43.

8    44.    The Independent Directors are without knowledge or information sufficient to form

9    a belief as to the truth of the allegations and on that basis deny the allegations of paragraph 44,

10    except admit that Plaintiffs purport to quote from alleged letters and emails from an alleged former

11    Wells Fargo banker and respectfully refer the Court to those documents for their content.

12    45.    The Independent Directors admit that a consumer class action was filed against

13    Wells Fargo in the Northern District of California on May 14, 2015.  To the extent that Plaintiffs

14    purport to quote from or characterize the complaint filed on that date, the Independent Directors

15    respectfully refer the Court to the complaint for its content.

16    46.    The Independent Directors admit that Wells Fargo provided information to the

17    CFPB in June and July 2015.  The Independent Directors understand that the OCC takes the

18    position that its supervisory communications with Wells Fargo are privileged and confidential

19    supervisory information (with the privilege owned and controlled by the OCC), and that no

20    response is permitted or appropriate.  Accordingly, the Independent Directors respond to the

21    allegations of paragraph 46 by stating that they lack knowledge or information sufficient to form a

22    belief as to the truth of the allegations related to the OCC and on that basis deny them and refer to

23    the referenced documents for their content.

24    47.    The Independent Directors deny the allegations of paragraph 47.

25    48.    The Independent Directors admit that Plaintiffs purport to paraphrase a *Wall Street

26    Journal* titled "*At Wells Fargo, Bank Branches Were Tipped Off to Inspections*," but deny any

27    characterizations of that document, and respectfully refer the Court to the article for its content.

28    The Independent Directors deny the remaining allegations of paragraph 48.

---

| INDEP. DIRECTORS' ANSWER TO | 10 | LEAD CASE NO. |
| CONSOLIDATED AMENDED COMPL. | | 3:16-CV-05541-JST |

49.     The Independent Directors admit that Plaintiffs purport to quote a February 1, 2017, letter from six Senate Banking Committee members, but deny any characterizations of that letter, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the letter for its content.  The Independent Directors deny the remaining allegations of paragraph 49.

50.     The Independent Directors admit that certain employees were terminated during the Relevant Period but deny the remaining allegations of paragraph 50.

51.     To the extent the allegations contained in paragraph 51 constitute a legal conclusion, no responsive pleading is required.  The Independent Directors deny the allegations of paragraph 51.

52.     To the extent the allegations contained in paragraph 52 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 52.

53.     The Independent Directors admit that Wells Fargo entered into a consent order with the Board of Governors of the Federal Reserve System, and that Plaintiffs purport to paraphrase or quote from a consent order dated July 20, 2011, a press release dated July 20, 2011, and a CNN Money article dated July 20, 2011, and to quote statements attributed to Defendant John G. Stumpf, but deny any characterizations of those sources, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the consent order, press release, and article for their content.  The Independent Directors deny the remaining allegations of paragraph 53.

54.     The Independent Directors admit that PricewaterhouseCoopers ("PwC") was engaged in or around August 2015 to analyze potential customer harm from potentially unauthorized accounts, and that Wells Fargo consulted with regulators concerning that engagement, and that Defendant John G. Stumpf testified before the Senate Committee on Banking, Housing, and Urban Affairs on September 20, 2016.  To the extent that Plaintiffs purport to quote from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on September 20, 2016, the Independent Directors respectfully refer the Court to the

1   referenced transcript for its content.  The Independent Directors deny the remaining allegations of

2   paragraph 54.

3         55.      The Independent Directors admit that PwC's findings were not publicly disclosed

4   before September 2016.  The Independent Directors deny the remaining allegations of paragraph

5   55.

6         56.      To the extent the allegations contained in paragraph 56 constitute a legal

7   conclusion, no responsive pleading is required.  The Independent Directors deny the allegations of

8   paragraph 56.

9         57.      To the extent the allegations contained in paragraph 57 constitute a legal

10  conclusion, no responsive pleading is required.  To the extent a response is required, the

11  Independent Directors deny the allegations of paragraph 57.

12        58.      To the extent the allegations contained in paragraph 58 constitute a legal

13  conclusion, no responsive pleading is required.  The Independent Directors admit that Defendants

14  John S. Chen, Lloyd H. Dean, Enrique Hernandez, Jr., and Susan G. Swenson are residents of

15  California and deny any remaining allegations of paragraph 58 that necessitate a response.

16        59.      To the extent the allegations contained in paragraph 59 constitute a legal

17  conclusion, no responsive pleading is required.  To the extent a response is required, the

18  Independent Directors admit that Defendants John S. Chen and Lloyd H. Dean are residents of this

19  district and, as to other defendants, the Independent Directors are without knowledge or

20  information sufficient to form a belief as to the truth of the allegations and on that basis deny such

21  allegations.  The Independent Directors deny any remaining allegations of paragraph 59 that

22  necessitate a response.

23        60.      To the extent the allegations contained in paragraph 60 constitute a legal

24  conclusion, no responsive pleading is required.  To the extent a response is required, the

25  Independent Directors deny the allegations of paragraph 60.

26        61.      The Independent Directors are without knowledge or information sufficient to form

27  a belief as to the truth of the allegations of paragraph 61, and on that basis deny them.

28        62.      The Independent Directors are without knowledge or information sufficient to form

1    a belief as to the truth of the allegations of paragraph 62, and on that basis deny them.

2          63.     The Independent Directors are without knowledge or information sufficient to form

3    a belief as to the truth of the allegations of paragraph 63, and on that basis deny them.

4          64.     To the extent the allegations contained in paragraph 64 constitute a legal

5    conclusion, no responsive pleading is required.  To the extent a response is required, the

6    Independent Directors deny the allegations of paragraph 64.

7          65.     The Independent Directors are without knowledge or information sufficient to form

8    a belief as to the truth of the allegations of paragraph 65, and on that basis deny them.

9          66.     To the extent the allegations contained in paragraph 66 constitute a legal

10   conclusion, no responsive pleading is required.  The Independent Directors admit that the

11   remaining allegations of paragraph 66 accurately reflect Wells Fargo's history and business as of

12   the date the action was filed.

13         67.     The Independent Directors admit that Wells Fargo merged with Norwest

14   Corporation of Minneapolis in 1998 and Wachovia Corporation in 2008, and that a focus of Wells

15   Fargo's business is the U.S. retail customer market.  The Independent Directors are without

16   knowledge or information sufficient to form a belief as to the truth of Plaintiffs' remaining

17   allegations concerning Wells Fargo's history, and on that basis deny them.

18         68.     The Independent Directors admit that Plaintiffs purport to quote from Wells

19   Fargo's 2016 Form 10-Q and respectfully refer the Court to the Form 10-Q for its content.  The

20   Independent Directors are without knowledge or information sufficient to form a belief as to the

21   truth of the remaining allegations of paragraph 68, and on that basis deny them.

22         69.     The Independent Directors admit that as of the date this action was filed Wells

23   Fargo's operating segments include Wholesale Banking, which provides financial solutions to

24   businesses, Wealth and Investment Management, which provides personalized wealth

25   management, investment and retirement products and services, including financial planning,

26   private banking, credit, investment management and fiduciary services to high-net worth and ultra-

27   high-net worth individuals and families, and Community Banking, which provides financial

28   products and services to customers and small businesses, including checking and savings

1   accounts, credit and debit cards, auto, student, and small-business lending, investment, insurance,

2   and trust services, and mortgage and home equity loans.  The Independent Directors further admit

3   that as of the date this action was filed Community Banking earned approximately twice the

4   annual revenue of Wholesale Banking and more than three times the revenue of Wealth and

5   Investment Management during the alleged Relevant Period.  The Independent Directors are

6   without knowledge or information sufficient to form a belief as to the truth of the remaining

7   allegations of paragraph 69, and on that basis deny them.

8        70.    The Independent Directors admit that Defendant John G. Stumpf served as Wells

9   Fargo's CEO from June 2007 until he retired on October 12, 2016; as a director on Wells Fargo's

10  Board between June 2006 and October 2016, including as Chairman between January 2010 and

11  October 2016; as Wells Fargo's President from August 2005 to November 2015; and as its Chief

12  Operating Officer from August 2005 to June 2007; and that Mr. Stumpf previously held various

13  positions with Wells Fargo and its predecessors since 1982.  To the extent Plaintiffs purport to

14  paraphrase Wells Fargo's public filings concerning Mr. Stumpf's compensation, the Independent

15  Directors respectfully refer the Court to those filings for their content.  The Independent Directors

16  are without knowledge or information sufficient to form a belief as to the truth of the remaining

17  allegations of paragraph 70, and on that basis deny them.

18       71.    The Independent Directors admit that Defendant Timothy J. Sloan has served as

19  CEO of Wells Fargo since Mr. Stumpf's resignation; as Wells Fargo's President and COO from

20  November 2015 to October 2016; as Senior Executive Vice President, Wholesale Banking from

21  May 2014 to November 2015; as Senior Executive Vice President and CFO from February 2011

22  to May 2014; and as Senior Executive Vice President and Chief Administrative Officer from

23  September 2010 to February 2011; and that he previously held various positions with Wells Fargo

24  or its predecessors.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings

25  concerning Mr. Sloan's compensation, the Independent Directors respectfully refer the Court to

26  those filings for their content.  The Independent Directors are without knowledge or information

27  sufficient to form a belief as to the truth of the remaining allegations of paragraph 71, and on that

28  basis deny them.

72.     The Independent Directors admit that Defendant Carrie L. Tolstedt served as Wells Fargo's Senior Executive Vice President, Community Banking from June 2007 to July 2016; and that she previously held various positions with the Company or its predecessors.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Ms. Tolstedt's compensation, the Independent Directors respectfully refer the Court to those filings for their content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ms. Tolstedt's state of citizenship and previous titles, and on that basis deny them.  The Independent Directors deny the remaining allegations of paragraph 72.

73.     The Independent Directors admit that Defendant John R. Shrewsberry served as Wells Fargo's Senior Executive Vice President and Chief Financial Officer from May 2014; and that he previously held various positions with the Company or its predecessors, including Head of Wells Fargo Securities.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. Shrewsberry's compensation, the Independent Directors respectfully refer the Court to those filings for their content.  The Independent Directors deny Plaintiffs' allegation regarding the length of Mr. Shrewsberry's employment at Wells Fargo Securities.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 73, and on that basis deny them.

74.     The Independent Directors admit that Defendant Michael J. Loughlin serves as Wells Fargo's Chief Risk Officer and Senior Executive Vice President; that, as such, he oversees credit, market, operational, and compliance-related risk-taking activities; that he is the leader of the Corporate Risk group; and that he is a member of Wells Fargo's Operating and Management Committees.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74, and on that basis deny them.

75.     The allegations contained in paragraph 75 constitute a characterization of certain defined terms in the Complaint, to which no responsive pleading is required.

76.     The Independent Directors admit that Defendant John D. Baker II is a citizen of Florida; has been a Wells Fargo director since January 2009; has served on the Audit and

1  Examination Committee and the Credit Committee since at least March 2010; and has served on

2  the Corporate Responsibility Committee since January 2011.  To the extent Plaintiffs purport to

3  paraphrase Wells Fargo's public filings concerning Mr. Baker's compensation, the Independent

4  Directors respectfully refer the Court to those filings for their content.

5         77.     The Independent Directors admit that Defendant Elaine L. Chao is a citizen of

6  Kentucky; was a Wells Fargo Director from July 2011 to January 2017; served on the Credit

7  Committee since March 2013 and served on the Corporate Responsibility Committee from July

8  2011 to at least March 2012; and was, on January 31, 2017, confirmed by the U.S. Senate to serve

9  as Secretary of Transportation.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public

10  filings concerning Ms. Chao's compensation, the Independent Directors respectfully refer the

11  Court to those filings for their content.

12         78.     The Independent Directors admit that Defendant John S. Chen is a citizen of

13  California; has been a Wells Fargo director since September 2006; and has served on the Human

14  Resources Committee since at least March 2010.  To the extent Plaintiffs purport to paraphrase

15  Wells Fargo's public filings concerning Mr. Chen's compensation, the Independent Directors

16  respectfully refer the Court to those filings for their content.

17         79.     The Independent Directors admit that Defendant Lloyd H. Dean is a citizen of

18  California; has been a Wells Fargo director since June 2005; has served as Chair of the Human

19  Resources Committee since at least March 2012 and on the Corporate Responsibility Committee,

20  including as Chair, from January 2011 to at least March 2011; served on the Risk Committee

21  beginning in January 2011; has served on the Credit Committee from at least March 2010 to at

22  least March 2012; and currently serves on the Governance and Nominating Committee.  The

23  Independent Directors deny that Mr. Dean served on the Governance and Nominating Committee

24  in 2012 and that he currently serves on the Risk Committee.  To the extent Plaintiffs purport to

25  paraphrase Wells Fargo's public filings concerning Mr. Dean's compensation, the Independent

26  Directors respectfully refer the Court to those filings for their content.

27         80.     The Independent Directors admit that Defendant Elizabeth A. Duke is a citizen of

28  Virginia; has been a Wells Fargo director since January 2015; has served on the Risk Committee

since January 2015; and has served on the Credit Committee and Finance Committee since January 2016. To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Ms. Duke's compensation, the Independent Directors respectfully refer the Court to those filings for their content.

81. The Independent Directors admit that Defendant Susan E. Engel is a citizen of New York; was a Wells Fargo director beginning in May 1998; and served on the Credit Committee, the Finance Committee, and the Human Resources Committee from at least March 2010. The Independent Directors deny that Ms. Engel is currently a Wells Fargo director, or that she currently serves on any Board committees. To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Ms. Engel's compensation, the Independent Directors respectfully refer the Court to those filings for their content.

82. The Independent Directors admit that Defendant Enrique Hernandez, Jr. is a citizen of California; has been a Wells Fargo director since January 2003; has served as a member of the Risk Committee since January 2011 and beginning in 2012 was Chair of that Committee; has served on the Corporate Responsibility Committee since January 2011; has served as Chair of the Finance Committee since at least January 2011; and served on the Audit and Examination Committee from at least March 2010 to March 2016. The Independent Directors deny that Mr. Hernandez is currently Chair of the Risk Committee. To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. Hernandez's compensation, the Independent Directors respectfully refer the Court to those filings for their content.

83. The Independent Directors admit that Defendant Donald M. James is a citizen of Alabama; has been a Wells Fargo director since January 2009; has served on the Human Resources Committee since at least March 2010; and has served on the Finance Committee since at least 2011. To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. James's compensation, the Independent Directors respectfully refer the Court to those filings for their content.

84. The Independent Directors admit that Defendant Cynthia H. Milligan is a citizen of Nebraska; was a Wells Fargo director since July 1992; served as Chair of the Credit Committee

1  since at least March 2010; served on the Corporate Responsibility Committee since January 2011;

2  served on the Risk Committee beginning in January 2011, including as Chairman of that

3  Committee from January 2011 to at least March 2011; served on the Governance and Nominating

4  Committee from at least 2005; and served on the Audit and Examination Committee from at least

5  March 2010 to at least March 2011.  The Independent Directors deny that Ms. Milligan is

6  currently a Wells Fargo director.  To the extent Plaintiffs purport to paraphrase Wells Fargo's

7  public filings concerning Ms. Milligan's compensation, the Independent Directors respectfully

8  refer the Court to those filings for their content.

9      85.    The Independent Directors admit that Defendant Federico F. Peña is a citizen of

10  Colorado; has been a Wells Fargo director since November 2011; has served as Chair of the

11  Corporate Responsibility Committee since at least March 2016 and as a member that Committee

12  since at least March 2014; has served on the Audit and Examination Committee since November

13  2011; served on the Risk Committee from March 2016; and has served on the Governance and

14  Nominating Committee.  The Independent Directors deny that Mr. Peña was a member of the

15  Governance and Nominating Committee in 2012 or that he is currently a member of the Risk

16  Committee.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning

17  Mr. Peña's compensation, the Independent Directors respectfully refer the Court to those filings

18  for their content.

19      86.    The Independent Directors admit that Defendant James H. Quigley is a citizen of

20  Utah; has been a Wells Fargo director since October 2013; has served as Chair of the Audit and

21  Examination Committee since January 2014; has served on the Risk Committee since at least

22  March 2014; and has served on the Credit Committee since at least March 2015.  To the extent

23  Plaintiffs purport to paraphrase Wells Fargo's public filings concerning Mr. Quigley's

24  compensation, the Independent Directors respectfully refer the Court to those filings for their

25  content.

26      87.    The Independent Directors admit that Defendant Judith M. Runstad is a citizen of

27  Washington; was a Wells Fargo director from May 1998 to April 2016; served on the Corporate

28  Responsibility Committee from January 2011 to April 2016, including as Chair from at least

1   March 2012 to at least March 2015; served on the Credit Committee from at least March 2010 to

2   April 2016; served on the Risk Committee from at least March 2012 to at least March 2015; and

3   served on the Finance Committee since at least March 2012.  To the extent Plaintiffs purport to

4   paraphrase Wells Fargo's public filings concerning Ms. Runstad's compensation, the Independent

5   Directors respectfully refer the Court to those filings for their content.

6           88.     The Independent Directors admit that Defendant Stephen W. Sanger is a citizen of

7   Minnesota; was Wells Fargo's Chairman of the Board from the time of Defendant John G.

8   Stumpf's resignation in October 2016, Lead Director from January 2012, and a director from July

9   2003; served on the Human Resources Committee since at least March 2010, including as

10  Chairman from at least March 2010 to March 2011; served on the Risk Committee from January

11  2011; and served on the Governance and Nominating Committee from 2011, including as

12  Chairman from 2012.  The Independent Directors deny that Mr. Sanger is currently a Wells Fargo

13  director.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings concerning

14  Mr. Sanger's compensation, the Independent Directors respectfully refer the Court to those filings

15  for their content.

16          89.     The Independent Directors admit that Defendant Susan G. Swenson is a citizen of

17  California; was a Wells Fargo director from November 1998; served on the Audit and

18  Examination Committee from at least March 2010; and served on the Governance and Nominating

19  Committee from at least 2006.  The Independent Directors deny that Ms. Swenson is currently a

20  Wells Fargo director.  To the extent Plaintiffs purport to paraphrase Wells Fargo's public filings

21  concerning Ms. Swenson's compensation, the Independent Directors respectfully refer the Court

22  to those filings for their content.

23          90.     The Independent Directors admit that Defendant Suzanne M. Vautrinot is a citizen

24  of Colorado; has been a Wells Fargo director since February 2015; served on the Audit and

25  Examination Committee from at least March 2015; and has served on the Credit Committee since

26  February 2016.  The Independent Directors deny that Ms. Vautrinot is currently a member of the

27  Audit and Examination Committee.  To the extent Plaintiffs purport to paraphrase Wells Fargo's

28  public filings concerning Ms. Vautrinot's compensation, the Independent Directors respectfully

refer the Court to those filings for their content.

91.    The allegations contained in paragraph 91 constitute a characterization of a defined term in the Complaint, to which no responsive pleading is required.

92.    To the extent the allegations contained in paragraph 92 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 92.

93.    To the extent the allegations contained in paragraph 93 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 93.

94.    To the extent the allegations contained in paragraph 94 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 94.

95.    To the extent the allegations contained in paragraph 95 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 95.

96.    To the extent the allegations contained in paragraph 96 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is otherwise required, the Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96, and on that basis deny them.

97.    To the extent the allegations contained in paragraph 97 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Plaintiffs purport to quote from a statement issued by the Federal Deposit Insurance Corporation but deny any characterizations of that statement, deny that paragraph 97 contains an accurate, complete, and unedited quotation of the statement, and deny the emphasis placed on certain portions of the quoted language in paragraph 97.  The Independent Directors respectfully refer the Court to the referenced published statement for its content.

98.    To the extent the allegations contained in paragraph 98 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the

Independent Directors admit that Plaintiffs purport to quote June 2012 testimony of Comptroller of the Currency Thomas J. Curry before the House Financial Services Committee but deny any characterizations of that statement, deny that paragraph 98 contains an accurate, complete, and unedited quotation of the statement, and deny the emphasis placed on certain portions of the quoted language in paragraph 98.  The Independent Directors respectfully refer the Court to the referenced written testimony for its content.  To the extent a response is otherwise required, the Independent Directors deny the allegations of paragraph 98.

99.     To the extent the allegations contained in paragraph 99 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Plaintiffs purport to paraphrase OCC Bulletin 2014-52 but deny any characterizations of that Bulletin in paragraph 99.  The Independent Directors respectfully refer the Court to the published Bulletin for its content.  To the extent a response is otherwise required, the Independent Directors deny the allegations of paragraph 99.

100.    To the extent the allegations contained in paragraph 100 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Plaintiffs in paragraph 100 purport to quote Wells Fargo's 2012–2015 Annual Reports but deny any characterizations of those quotations and deny that those quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to Wells Fargo's 2012–2015 Annual Reports for their content.  To the extent a response is otherwise required, the Independent Directors deny the allegations of paragraph 100.

101.    To the extent the allegations contained in paragraph 101 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Wells Fargo's Board includes several standing committees including an Audit and Examination Committee, a Risk Committee, a Corporate Responsibility Committee, a Human Resource Committee, and a Governance and Nominating Committee; that these committees monitor specific aspects of Wells Fargo's business; and that these committees have their own charters.  The Independent Directors deny the remaining allegations of paragraph 101, including any characterizations of the referenced charters.

102.     The Independent Directors admit that the referenced Wells Fargo directors served on the referenced committees during all or part of the Relevant Period, as defined by the Complaint.

103.     To the extent the allegations contained in paragraph 103 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that the alleged Audit and Examination Committee membership was accurate as of the date this action was filed, and that Plaintiffs in paragraph 103 purport to quote the Audit and Examination Committee Charter but deny any characterizations of those quotations and deny that those quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the Audit and Examination Committee Charter for its content.  The Independent Directors deny the remaining allegations of paragraph 103, including that the list of Audit and Examination Committee current members is currently accurate.

104.     To the extent the allegations contained in paragraph 104 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Plaintiffs in paragraph 104 purport to quote the Audit and Examination Committee Charter but deny any characterizations of those quotations and deny that those quotations are accurate, complete, and unedited, and deny the emphasis placed on certain portions of the quoted language in paragraph 104.  The Independent Directors respectfully refer the Court to the Audit and Examination Committee Charter for its content.  The Independent Directors deny the remaining allegations of paragraph 104.

105.     To the extent the allegations contained in paragraph 105 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Plaintiffs in paragraph 105 purport to quote the Audit and Examination Committee Charter but deny any characterizations of those quotations and deny that those quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the Audit and Examination Committee Charter for its content.

106.     To the extent the allegations contained in paragraph 106 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the

Independent Directors admit that the alleged Risk Committee membership was accurate as of the date this action was filed, and that Plaintiffs in paragraph 106 purport to quote the Risk Committee Charter but deny any characterizations of those quotations and deny that those quotations are accurate, complete, and unedited, and deny the emphasis placed on certain portions of the quoted language in paragraph 106.  The Independent Directors respectfully refer the Court to the Risk Committee Charter for its content.  The Independent Directors deny the remaining allegations of paragraph 106, including that the list of Risk Committee current members is currently accurate.

107.    To the extent the allegations contained in paragraph 107 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that the alleged Human Resources Committee membership was accurate as of the date this action was filed, and that Plaintiffs in paragraph 107 purport to quote the Human Resources Committee Charter but deny any characterizations of those quotations and deny that those quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the Human Resources Committee Charter for its content.  The Independent Directors deny the remaining allegations of paragraph 107, including that the list of Human Resources Committee current members is currently accurate.

108.    To the extent the allegations contained in paragraph 108 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Plaintiffs in paragraph 108 purport to quote Wells Fargo's 2016 Annual Proxy Statement but deny any characterizations of those quotations and deny that those quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the 2016 Annual Proxy Statement for its content.  The Independent Directors deny the remaining allegations of paragraph 108.

109.    To the extent the allegations contained in paragraph 109 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that the alleged Corporate Responsibility Committee membership was accurate as of the date this action was filed, and that Plaintiffs in paragraph 109 purport to quote the Corporate Responsibility Committee Charter but deny any characterizations of those

1  quotations and deny that those quotations are accurate, complete, and unedited.  The Independent

2  Directors respectfully refer the Court to the Corporate Responsibility Committee Charter for its

3  content and deny the remaining allegations of paragraph 109, including that the list of Corporate

4  Responsibility Committee current members is currently accurate.

5         110.    To the extent the allegations contained in paragraph 110 constitute a legal

6  conclusion, no responsive pleading is required.  To the extent a response is required, the

7  Independent Directors admit that the alleged Governance and Nominating Committee membership

8  was accurate as of the date this action was filed, and that Plaintiffs in paragraph 110 purport to

9  quote the Governance and Nominating Committee Charter but deny any characterizations of those

10  quotations and deny that those quotations are accurate, complete, and unedited.  The Independent

11  Directors respectfully refer the Court to the Governance and Nominating Committee Charter for

12  its content and deny the remaining allegations of paragraph 110, including that the list of

13  Governance and Nominating Committee current members is currently accurate.

14         111.    The Independent Directors admit that Plaintiffs in paragraph 111 purport to quote

15  and paraphrase Wells Fargo's 2014 Annual Proxy Statement, including the Board's

16  recommendation within that document regarding the vote on a shareholder proposal, but deny any

17  characterizations of that recommendation and deny that quotations are accurate, complete, and

18  unedited.  The Independent Directors respectfully refer the Court to the 2014 Annual Proxy

19  Statement for its content and deny the remaining allegations of paragraph 111.

20         112.    The Independent Directors admit that the referenced Wells Fargo directors served

21  on the Governance and Nominating Committee during all or part of the Relevant Period, as

22  defined by the Complaint, and that Plaintiffs in paragraph 112 purport to quote the Governance

23  and Nominating Committee Charter.  The Independent Directors deny any characterizations of

24  those quotations and deny that those quotations are accurate, complete, and unedited.  The

25  Independent Directors respectfully refer the Court to the Governance and Nominating Committee

26  Charter for its content.

27         113.    The Independent Directors admit that Plaintiffs in paragraph 113 purport to quote

28  Wells Fargo's Corporate Governance Guidelines but deny any characterizations of those

quotations and deny that those quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the Corporate Governance Guidelines for its content.

114.     The Independent Directors admit that Plaintiffs in paragraph 114 purport to quote Wells Fargo's Corporate Governance Guidelines but deny any characterizations of those quotations and deny that those quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the Corporate Governance Guidelines for its content.

115.     To the extent the allegations contained in paragraph 115 constitute a legal conclusion, no responsive pleading is required.  The Independent Directors admit that Plaintiffs in paragraph 115 purport to quote Wells Fargo's Corporate Governance Guidelines but deny any characterizations of those quotations and deny that those quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the Corporate Governance Guidelines for its content.  To the extent a response is otherwise required, the Independent Directors deny the allegations in paragraph 115.

116.     To the extent the allegations contained in paragraph 116 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Wells Fargo issued proxy statements prior to each annual and special shareholder meeting, and filed the information in those proxy statements with the SEC prior to soliciting a shareholder vote on the election of directors and the approval of other corporate action.  To the extent a response is otherwise required, the Independent Directors deny the allegations in paragraph 116.

117.     The Independent Directors admit that Plaintiffs in paragraph 117 purport to quote Wells Fargo's 2016 Annual Proxy Statement but deny any characterizations of those quotations and deny that those quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the 2016 Annual Proxy Statement for its content.  To the extent a response is otherwise required, the Independent Directors deny the allegations in paragraph 117.

118.     The Independent Directors admit that Plaintiffs in paragraph 118 purport to quote Wells Fargo's 2016 Annual Proxy Statement and paraphrase other of the Company's proxy statements and its Code of Ethics but deny any characterizations in those paraphrases or of those

1  quotations and deny that quotations are accurate, complete, and unedited.  The Independent

2  Directors respectfully refer the Court to the referenced documents for their content.

3          119.    The Independent Directors admit that Plaintiffs in paragraph 119 purport to quote

4  Wells Fargo's 2015 Annual Proxy Statement and describe certain other of the Company's proxy

5  statements, including concerning the Board's recommendations within those documents regarding

6  the vote on a shareholder proposal, but deny any characterizations of those recommendations and

7  deny that quotations are accurate, complete, and unedited.  The Independent Directors respectfully

8  refer the Court to the 2005–2016 Annual Proxy Statements for their content and deny the

9  remaining allegations of paragraph 119.

10         120.    The Independent Directors admit that on March 18, 2014, Wells Fargo filed its

11 2014 Annual Proxy Statement in advance of the stockholder meeting that was held April 29, 2014,

12 and that Plaintiffs in paragraph 120 purport to quote Wells Fargo's 2014 Annual Proxy Statement.

13 The Independent Directors deny any characterizations of the document or quotations from it and

14 deny that quotations are accurate, complete, and unedited, and deny the emphasis placed on

15 certain portions of the quoted language in paragraph 120.  The Independent Directors respectfully

16 refer the Court to the 2014 Annual Proxy Statement for its content and deny the remaining

17 allegations of paragraph 120.

18         121.    The Independent Directors admit that on March 17, 2015, Wells Fargo filed its

19 2015 Annual Proxy Statement in advance of the stockholder meeting that was held April 28, 2015,

20 and that Plaintiffs in paragraph 121 purport to quote Wells Fargo's 2015 Annual Proxy Statement.

21 The Independent Directors deny any characterizations of the document or quotations from it and

22 deny that quotations are accurate, complete, and unedited.  The Independent Directors respectfully

23 refer the Court to the 2015 Annual Proxy Statement for its content and deny the remaining

24 allegations of paragraph 121.

25         122.    The Independent Directors admit that on March 16, 2016, Wells Fargo filed its

26 2016 Annual Proxy Statement in advance of the stockholder meeting that was held April 26, 2016,

27 and that Plaintiffs in paragraph 122 purport to quote Wells Fargo's 2016 Annual Proxy Statement.

28 The Independent Directors deny any characterizations of the document or quotations from it and

deny that quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the 2016 Annual Proxy Statement for its content and deny the remaining allegations of paragraph 122.

123.    To the extent the allegations contained in paragraph 123 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 123.

124.    The Independent Directors admit that Plaintiffs in paragraph 124 purport to quote a 2013 *Los Angeles Times* article but deny any characterizations of the quotations and deny that the quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the *Los Angeles Times* article for its content.  The Independent Directors deny the remaining allegations of paragraph 124.

125.    The Independent Directors admit that Plaintiffs in paragraph 125 purport to quote Wells Fargo's 1999 Annual Report but deny any characterizations of those quotations and deny that quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the 1999 Annual Report for its content and deny the remaining allegations of paragraph 125.

126.    The Independent Directors admit that Plaintiffs in paragraph 126 purport to quote Wells Fargo's 2006 Annual Report but deny any characterizations of those quotations and deny that the quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the 2006 Annual Report for its content and deny the remaining allegations of paragraph 126.

127.    The Independent Directors admit that Plaintiffs in paragraph 127 purport to quote Wells Fargo's 2007 Annual Report but deny any characterizations of those quotations and deny that the quotations are accurate, complete, and unedited, and deny the emphasis placed on certain portions of the quoted language in paragraph 127.  The Independent Directors respectfully refer the Court to the 2007 Annual Report for its content.

128.    The Independent Directors admit that Plaintiffs in paragraph 128 purport to quote a transcript of Wells Fargo's 2010 Investor Conference held on May 13, 2010 but deny any

1    characterizations of those quotations and deny that the quotations are accurate, complete, and

2    unedited, and deny the emphasis placed on certain portions of the quoted language in paragraph

3    128. The Independent Directors respectfully refer the Court to the 2010 Investor Conference

4    transcript for its content and deny the remaining allegations of paragraph 128. The Independent

5    Directors are without knowledge or information sufficient to form a belief as to the truth of the

6    remaining allegations of paragraph 128, and on that basis deny them.

7          129. The Independent Directors admit that Plaintiffs in paragraph 129 purport to quote a

8    transcript of Wells Fargo's 2010 Investor Conference held on May 13, 2010, at which Defendant

9    Carrie L. Tolstedt spoke, but deny any characterizations of those quotations and deny that the

10   quotations are accurate, complete, and unedited. The Independent Directors respectfully refer the

11   Court to the 2010 Investor Conference transcript for its content and deny the remaining allegations

12   of paragraph 129.

13         130. The Independent Directors admit that Plaintiffs in paragraph 130 purport to quote

14   Wells Fargo's 2010 Annual Report but deny any characterizations of those quotations and deny

15   that the quotations are accurate, complete, and unedited. The Independent Directors respectfully

16   refer the Court to the 2010 Annual Report for its content and deny the remaining allegations of

17   paragraph 130.

18         131. The Independent Directors admit that Wells Fargo filed a Form 10-Q with the SEC

19   on May 6, 2011, and that Plaintiffs in paragraph 131 purport to quote from it but deny any

20   characterizations of those quotations and deny that the quotations are accurate, complete, and

21   unedited, and deny the emphasis placed on certain portions of the quoted language in paragraph

22   131. The Independent Directors respectfully refer the Court to 10-Q filed May 6, 2011, for its

23   content and deny the remaining allegations of paragraph 131.

24         132. The Independent Directors admit that Plaintiffs in paragraph 132 purport to quote

25   Wells Fargo's 2013 Annual Report but deny any characterizations of those quotations and deny

26   that the quotations are accurate, complete, and unedited. The Independent Directors respectfully

27   refer the 2013 Annual Report for its content and deny the remaining allegations of paragraph 132.

28         133. The Independent Directors admit that Wells Fargo filed a Form 10-K with the SEC

on February 26, 2014; that this Form 10-K was attached as an exhibit the Company's 2013 Annual Report; and that Plaintiffs in paragraph 133 purport to quote from the 2013 Annual Report. The Independent Directors deny any characterizations of those quotations and deny that the quotations are accurate, complete, and unedited, and deny the emphasis placed on certain portions of the quoted language in paragraph 133. The Independent Directors respectfully refer the Court to Wells Fargo's 2013 Annual Report for its content and deny the remaining allegations of paragraph 133.

134.    The Independent Directors admit that Plaintiffs in paragraph 134 purport to quote Wells Fargo's 2013 Annual Report but deny any characterizations of those quotations and deny that the quotations are accurate, complete, and unedited, and deny the emphasis placed on certain portions of the quoted language in paragraph 134. The Independent Directors respectfully refer the Court to the 2013 Annual Report for its content and deny the remaining allegations of paragraph 134.

135.    The Independent Directors admit that Plaintiffs in paragraph 135 purport to quote from the Risk Factors enumerated in Wells Fargo's 2013 Form 10-K and Annual Report but deny any characterizations of those quotations and deny that the quotations are accurate, complete, and unedited, and deny the emphasis placed on certain portions of the quoted language in paragraph 135. The Independent Directors respectfully refer the 2013 Form 10-K and Annual Report for their content and deny the remaining allegations of paragraph 135.

136.    The Independent Directors admit that Plaintiffs in paragraph 136 purport to paraphrase and quote a transcript of Wells Fargo's 2014 Investor Day Conference held on May 20, 2014, at which Defendants John G. Stumpf and John R. Shrewsberry spoke, but deny any characterizations of the document and deny that the quotations are accurate, complete, and unedited. The Independent Directors respectfully refer the Court to the 2014 Investor Day Conference transcript for its content.

137.    The Independent Directors admit that Defendant Carrie L. Tolstedt spoke at the same 2014 Investor Day Conference, held on May 20, 2014, and that Plaintiffs in paragraph 137 purport to paraphrase and quote a transcript of that conference but deny any characterizations of

the document and deny that the quotations are accurate, complete, and unedited, and deny the emphasis placed on certain portions of the quoted language in paragraph 137.  The Independent Directors respectfully refer the Court to the 2014 Investor Day Conference transcript for its content.

138.    The Independent Directors admit that Defendant Timothy J. Sloan spoke at the same 2014 Investor Day Conference, held on May 20, 2014, and that Plaintiffs in paragraph 138 purport to paraphrase and quote a transcript of that conference but deny any characterizations of the document and deny that quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the 2014 Investor Day Conference transcript for its content.

139.    The Independent Directors admit that Plaintiffs in paragraph 139 purport to quote a presentation by Defendant John R. Shrewsberry at the Barclays Capital 2014 Global Financial Services Conference held on September 10, 2014, but deny any characterizations of those quotations and deny that the quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the Barclays Capital 2014 Global Financial Services Conference transcript for its content.

140.    The Independent Directors admit that Wells Fargo's practice of cross-selling was referenced in public statements and filings during the Relevant Period, as defined in the Complaint, but deny any characterizations of those references, and deny the remaining allegations of paragraph 140.

141.    The Independent Directors admit that Plaintiffs in paragraph 141 purport to quote Wells Fargo's 2014 Annual Report but deny any characterizations of those quotations and deny that quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the 2014 Annual Report for its content and deny the remaining allegations of paragraph 141.

142.    The Independent Directors admit that Wells Fargo publicly disclosed certain cross-sell numbers and that Plaintiffs in paragraph 142 purport to paraphrase and quote Wells Fargo's 2010 Annual Report, but deny any characterizations in those paraphrases and of those quotations

and deny that quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the 2010 Annual Report for its content and deny the remaining allegations of paragraph 142.

143.    The Independent Directors admit that Plaintiffs in paragraph 143 purport to quote Wells Fargo's Q1 2011 Form 10-Q but deny any characterizations of that quotation and deny that that quotation is accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the Company's Q1 2011 Form 10-Q for its content.

144.    The Independent Directors admit that Plaintiffs in paragraph 144 purport to quote from or paraphrase Wells Fargo's 2011, 2012, 2013, 2014, and 2015 Annual Reports, but deny any characterizations of that quotation and deny that that quotation is accurate, complete, and unedited, and the Independent Directors respectfully refer the Court to the Annual Reports for their content.

145.    The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 145, and on that basis deny them.  To the extent Plaintiffs purport to quote from the transcript of Wells Fargo's Q2 2013 Earnings Conference Call, the Independent Directors respectfully refer the Court to the transcript for its content.

146.    The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 146, and on that basis deny them.  To the extent Plaintiffs purport to paraphrase the complaint filed on May 4, 2015, by the Los Angeles City Attorney, the Independent Directors respectfully refer the Court to the referenced complaint for its content.

147.    The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 147, and on that basis deny them.  To the extent Plaintiffs purport to quote and paraphrase a July 1, 2008 Store Manager Incentive Plan, the Independent Directors respectfully refer the Court to the referenced document for its content.

148.    The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 148, and on that basis deny them.  To the

1    extent Plaintiffs purport to paraphrase the complaint filed on December 27, 2016, in the Northern

2    District of California, the Independent Directors respectfully refer the Court to the referenced

3    complaint for its content.

4         149.    The Independent Directors are without knowledge or information sufficient to form

5    a belief as to the truth of the allegations of paragraph 149, and on that basis deny them.  To the

6    extent Plaintiffs purport to paraphrase a declaration filed in connection with the Los Angeles City

7    Attorney's suit against Wells Fargo, the Independent Directors respectfully refer the Court to the

8    referenced declaration for its content.

9         150.    The Independent Directors deny the allegations of paragraph 150.

10        151.    The Independent Directors admit that Wells Fargo offered a service called

11   EthicsLine for employees to report ethics and compliance concerns online or by phone to third-

12   party interviewers, who then provided a summary of the information to Wells Fargo (and at certain

13   times Wells Fargo's Office of Global Ethics and Integrity) for assessment and referral to the

14   appropriate review team.  The Independent Directors further admit that Plaintiffs purport to quote

15   from a 2010 Wells Fargo Team Member Handbook, but deny any characterizations of that

16   quotation and deny that that quotation is accurate, complete, and unedited, and respectfully refer

17   the Court to the referenced document for its content.  The Independent Directors deny the

18   remaining allegations of paragraph 151.

19        152.    The Independent Directors admit that Plaintiffs purport to paraphrase and quote

20   from a 2010 Wells Fargo Team Member Handbook, but deny any characterizations of that

21   document and deny that that quotation is accurate, complete, and unedited, and deny the emphasis

22   placed on certain portions of the quoted language in paragraph 152, and respectfully refer the

23   Court to the referenced document for its content.  The Independent Directors deny the remaining

24   allegations of paragraph 152.

25        153.    To the extent the allegations contained in paragraph 153 constitute a legal

26   conclusion, no responsive pleading is required.  To the extent a response is required, the

27   Independent Directors admit that Plaintiffs purport to quote from Wells Fargo's Code of Ethics

28   and Business Conduct, respectfully refer the Court to the referenced document for its content, and

1    deny the remaining allegations of paragraph 153.

2           154.    The Independent Directors admit that the Board's Audit and Examination

3    Committee received certain high-level information on EthicsLine between 2011 and 2013, and

4    that Plaintiffs purport to quote Defendant John G. Stumpf's testimony before the House Financial

5    Services Committee regarding the same, but deny any characterizations of those quotations and

6    deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to

7    the referenced testimony for its content.  The Independent Directors deny the remaining

8    allegations of paragraph 154.

9           155.    The Independent Directors admit that the Audit and Examination Committee

10   received certain information pertaining to Wells Fargo's Internal Investigations group, EthicsLine,

11   and suspicious activity reporting from at least 2011, including that certain of the reports discussed

12   increases in sales integrity issues, and that Plaintiffs purport to quote Defendant John G. Stumpf's

13   and Wells Fargo's November 2016 written responses to questions posed by the Senate Banking

14   Committee regarding the same, but deny any characterizations of that quotation and respectfully

15   refer the Court to the referenced responses for their content.  The Independent Directors deny the

16   remaining allegations of paragraph 155.

17          156.    The Independent Directors admit that the Risk Committee received reports from

18   management regarding certain noteworthy risks, which later at certain times included sales

19   conduct and practice issues affecting customers and management's efforts to address those risks,

20   that the Human Resources Committee later at certain times received reports advising the

21   committee that management was monitoring the sales practices issues, and that Plaintiffs purport

22   to quote Defendant John G. Stumpf's and Wells Fargo's November 2016 written responses to

23   questions posed by the Senate Banking Committee regarding the same, but deny any

24   characterizations of that quotation and respectfully refer the Court to the referenced responses for

25   their content.  The Independent Directors deny the remaining allegations of paragraph 156.

26          157.    The Independent Directors admit that the Board at some point discussed sales

27   integrity issues, and that Plaintiffs purport to quote Defendant John G. Stumpf's and Wells

28   Fargo's November 2016 written responses to questions posed by the Senate Banking Committee

1  regarding the same, but deny any characterizations of that quotation and respectfully refer the

2  Court to the referenced responses for their content.  The Independent Directors are without

3  knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to

4  Defendant John G. Stumpf's knowledge, and on that basis deny them.  The Independent Directors

5  deny the remaining allegations of paragraph 157.

6       158.  The Independent Directors are without knowledge or information sufficient to form

7  a belief as to the truth of the allegations of paragraph 158, and on that basis deny them.  To the

8  extent Plaintiffs purport to quote and paraphrase a July 1, 2008 Store Manager Incentive Plan and

9  excerpt an EthicsLine complaint, the Independent Directors respectfully refer the Court to the

10  referenced documents for their content.

11       159.  The Independent Directors are without knowledge or information sufficient to form

12  a belief as to the truth of the allegations of paragraph 159, and on that basis deny them, except

13  that, to the extent Plaintiffs reference paragraphs 154 to 157 of the Complaint, the Independent

14  Directors incorporate their responses to the same in response to paragraph 159.

15       160.  The Independent Directors admit that the Sales and Service Conduct Oversight

16  Team ("SSCOT") began certain proactive monitoring processes in or around 2011.  To the extent

17  that Plaintiffs in paragraph 160 purport to quote from a transcript of a Senate Committee on

18  Banking, Housing, and Urban Affairs hearing held on September 20, 2016, the Independent

19  Directors respectfully refer the Court to the referenced transcript for its content.

20       161.  The Independent Directors admit that in or around 2012 SSCOT, which undertook

21  certain proactive monitoring practices, began to report to the risk function within the Community

22  Bank.  To the extent that Plaintiffs in paragraph 161 purport to quote Defendant John G. Stumpf's

23  and Wells Fargo's November 2016 written responses to questions posed by the Senate Banking

24  Committee, the Independent Directors respectfully refer the Court to the referenced document for

25  its content.

26       162.  To the extent that Plaintiffs in paragraph 162 purport to quote and/or paraphrase

27  from a transcript of a Senate Committee on Banking, Housing, and Urban Affairs hearing held on

28  September 20, 2016, and Defendant John G. Stumpf's and Wells Fargo's November 2016 written

responses to questions posed by the Senate Banking Committee, the Independent Directors respectfully refer the Court to the referenced document and transcript for their content. The Independent Directors admit that the term "simulated funding" was used to describe the practice of creating an account for a customer and then funding it without the customer's knowledge or consent, to make it appear as if the customer had funded it, and that analyses and investigations of this practice were conducted internally by Wells Fargo in 2013 and that employees were terminated for engaging in the practice.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 162, and on that basis deny them.

163.    The Independent Directors admit that the *Los Angeles Times* published an article on December 21, 2013, about Wells Fargo, and that Plaintiffs purport in paragraph 163 to quote from the article, but deny any characterizations of the article, deny that the quotations contained in paragraph 163 are accurate, complete, and unedited, and respectfully refer the Court to the article for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 163, and on that basis deny them.

164.    The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164, and on that basis deny them.  To the extent Plaintiffs purport in paragraph 164 to quote from the December 21, 2013, *Los Angeles Times* article, the Independent Directors deny any characterizations of the article, deny that the quotations contained in paragraph 164 are accurate, complete, and unedited, and respectfully refer the Court to the article for its content.

165.    The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165, and on that basis deny them.  To the extent Plaintiffs purport in paragraph 165 to quote from the December 21, 2013, *Los Angeles Times* article, the Independent Directors deny any characterizations of the article, deny that the quotations contained in paragraph 165 are accurate, complete, and unedited, and respectfully refer the Court to the article for its content.

166.    The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 166, and on that basis deny them.  To the extent Plaintiffs purport in paragraph 166 to quote from the December 21, 2013, *Los Angeles Times* article, the Independent Directors deny any characterizations of the article, deny that the quotations contained in paragraph 166 are accurate, complete, and unedited, and respectfully refer the Court to the article for its content.

167.    The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167, and on that basis deny them.  To the extent Plaintiffs purport in paragraph 167 to quote from the December 21, 2013, *Los Angeles Times* article, the Independent Directors deny any characterizations of the article, deny that the quotations contained in paragraph 167 are accurate, complete, and unedited, and respectfully refer the Court to the article for its content.

168.    The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 168, and on that basis deny them.  To the extent Plaintiffs purport in paragraph 168 to quote from the December 21, 2013, *Los Angeles Times* article, the Independent Directors deny any characterizations of the article, deny that the quotations contained in paragraph 168 are accurate, complete, and unedited, and respectfully refer the Court to the article for its content.

169.    The Independent Directors admit that Plaintiffs purport in paragraph 169 to paraphrase a transcript of Defendant John G. Stumpf's testimony before the House Financial Services Committee, but deny any characterizations of his testimony and respectfully refer the Court to the referenced transcript for its content.

170.    The Independent Directors admit that Defendant John G. Stumpf addressed sales practices issues during a town hall meeting in Hollywood, Florida following the December 2013 *Los Angeles Times* story, and that Plaintiffs purport in paragraph 170 to paraphrase a transcript of that meeting, but deny any characterizations of the document, and respectfully refer the Court to the referenced transcript for its content.  The Independent Directors deny the remaining allegations of paragraph 170.

1    171.   To the extent the allegations contained in paragraph 171 constitute a legal

2    conclusion, no responsive pleading is required.  To the extent a response is required, the

3    Independent Directors admit that the Los Angeles City Attorney filed a lawsuit against Wells

4    Fargo on May 4, 2015, and that a consumer class action was filed the same month.  The

5    Independent Directors deny the remaining allegations of paragraph 171.

6    172.   The Independent Directors admit that Plaintiffs purport in paragraph 172 to

7    paraphrase and quote Los Angeles City Attorney Michael Feuer's written testimony before the

8    Senate Banking Committee, but deny any characterizations of his testimony, deny that the

9    testimony quoted in paragraph 172 is accurate, complete, and unedited, and respectfully refer the

10   Court to the referenced transcript for its content.  The Independent Directors are without

11   knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

12   paragraph 172, and on that basis deny them.

13   173.   The Independent Directors admit that the Los Angeles City Attorney filed a civil

14   enforcement action in May 2015 against Wells Fargo and that Plaintiffs purport in paragraph 173

15   to paraphrase the complaint in that action, but deny any characterizations of the complaint and

16   respectfully refer the Court to the referenced complaint for its content.  The Independent Directors

17   are without knowledge or information sufficient to form a belief as to the truth of the remaining

18   allegations of paragraph 173, and on that basis deny them.

19   174.   The Independent Directors admit that Plaintiffs purport in paragraph 174 to

20   paraphrase the complaint in the Los Angeles City Attorney's May 2015 civil enforcement action

21   against Wells Fargo but deny any characterizations of the complaint and respectfully refer the

22   Court to the referenced complaint for its content.  The Independent Directors are without

23   knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

24   paragraph 174, and on that basis deny them.

25   175.   The Independent Directors are without knowledge or information sufficient to form

26   a belief as to the truth of the allegations of paragraph 175, and on that basis deny them.

27   176.   The Independent Directors admit that Plaintiffs purport in paragraph 176 to

28   paraphrase the complaint in the Los Angeles City Attorney's May 2015 civil enforcement action

1   against Wells Fargo but deny any characterizations of the complaint and respectfully refer the

2   Court to the referenced complaint for its content.  The Independent Directors are without

3   knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

4   paragraph 176, and on that basis deny them.

5          177.    The Independent Directors admit that Plaintiffs purport in paragraph 177 to quote

6   Los Angeles City Attorney Michael Feuer's written testimony before the Senate Banking

7   Committee, but deny any characterizations of his testimony, deny that the testimony quoted in

8   paragraph 177 is accurate, complete, and unedited, and deny the emphasis placed on certain

9   portions of the quoted language in paragraph 177, and respectfully refer the Court to the

10  referenced written testimony for its content.  The Independent Directors are without knowledge or

11  information sufficient to form a belief as to the truth of the remaining allegations of paragraph

12  177, and on that basis deny them.

13         178.    The Independent Directors are without knowledge or information sufficient to form

14  a belief as to the truth of the allegations of paragraph 178, and on that basis deny them.

15         179.    The Independent Directors admit that a purported consumer class action was filed

16  in May 2015 against Wells Fargo in the United States District Court for the Northern District of

17  California and that Plaintiffs purport in paragraph 179 to paraphrase the complaint and supporting

18  testimony in that action, but deny any characterizations of the complaint or testimony and

19  respectfully refer the Court to the referenced complaint and testimony for its content.  The

20  Independent Directors are without knowledge or information sufficient to form a belief as to the

21  truth of the remaining allegations of paragraph 179, and on that basis deny them.

22         180.    The Independent Directors admit that Plaintiffs purport in paragraph 180 to

23  paraphrase the purported consumer class action complaint filed in May 2015 but deny any

24  characterizations of the complaint and respectfully refer the Court to the referenced complaint for

25  its content.  The Independent Directors are without knowledge or information sufficient to form a

26  belief as to the truth of the remaining allegations of paragraph 180, and on that basis deny them.

27         181.    The Independent Directors admit that Plaintiffs purport in paragraph 181 to

28  paraphrase the purported consumer class action complaint filed in May 2015 but deny any

1    characterizations of the complaint and respectfully refer the Court to the referenced complaint for

2    its content.  The Independent Directors are without knowledge or information sufficient to form a

3    belief as to the truth of the remaining allegations of paragraph 181, and on that basis deny them.

4         182.    The Independent Directors admit that Plaintiffs purport in paragraph 182 to

5    paraphrase the purported consumer class action complaint filed in May 2015 but deny any

6    characterizations of the complaint and respectfully refer the Court to the referenced complaint for

7    its content.  The Independent Directors are without knowledge or information sufficient to form a

8    belief as to the truth of the remaining allegations of paragraph 182, and on that basis deny them.

9         183.    The Independent Directors understand that the OCC takes the position that its

10   supervisory communications with Wells Fargo are privileged and confidential supervisory

11   information (with the privilege owned and controlled by the OCC), and that no response is

12   permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

13   paragraph 183 by stating that they lack knowledge or information sufficient to form a belief as to

14   the truth of the allegations and on that basis deny them and refer to the referenced document for its

15   content.

16        184.    The Independent Directors are without knowledge or information sufficient to form

17   a belief as to the truth of the allegations of paragraph 184, and on that basis deny them.  To the

18   extent Plaintiffs in paragraph 184 purport to cite a transcript of former CFPB Director Richard

19   Cordray's testimony before the Senate Banking Committee, the Independent Directors respectfully

20   refer the Court to the transcript for its content.

21        185.    The Independent Directors admit that Plaintiffs purport in paragraph 185 to quote

22   and paraphrase a December 18, 2014, news release by the Financial Industry Regulatory

23   Authority, but deny any characterizations of that news release and respectfully refer the Court to

24   the news release for its content.

25        186.    The Independent Directors admit that Board members were informed of the filings

26   of the Los Angeles City Attorney's lawsuit and the Northern District of California consumer class

27   action, both filed in May 2015, and of a FINRA fine relating to anti-money laundering

28   compliance.  The Independent Directors understand that the OCC takes the position that its

1   supervisory communications with Wells Fargo are privileged and confidential supervisory

2   information (with the privilege owned and controlled by the OCC), and that no response

3   pertaining to OCC communications is permitted or appropriate.  Accordingly, the Independent

4   Directors respond to the allegations of paragraph 186 pertaining to OCC communications by

5   stating that they lack knowledge or information sufficient to form a belief as to the truth of the

6   allegations and on that basis deny them and refer to the referenced document for its content. The

7   Independent Directors deny the remaining allegations of paragraph 186.

8          187.    The Independent Directors admit that Plaintiffs purport in paragraph 187 to quote

9   and paraphrase the Audit and Examination Committee Charter, but deny any characterizations of

10  that document, deny that the language quoted in paragraph 187 is accurate, complete, and

11  unedited, and respectfully refer the Court to the referenced document for its content.  The

12  Independent Directors deny the remaining allegations of paragraph 187.

13         188.    To the extent the allegations contained in paragraph 188 constitute a legal

14  conclusion, no responsive pleading is required.  To the extent a response is required, the

15  Independent Directors deny the allegations of paragraph 188.

16         189.    The Independent Directors admit that Plaintiffs purport in paragraph 189 to quote

17  the Corporate Responsibility Committee Charter, but deny any characterizations of that document,

18  deny that the language quoted in paragraph 189 is accurate, complete, and unedited, and

19  respectfully refer the Court to the referenced document for its content.  The Independent Directors

20  deny the remaining allegations of paragraph 189.

21         190.    To the extent the allegations contained in paragraph 190 constitute a legal

22  conclusion, no responsive pleading is required.  To the extent a response is required, the

23  Independent Directors deny the allegations of paragraph 190.

24         191.    To the extent the allegations contained in paragraph 191 constitute a legal

25  conclusion, no responsive pleading is required.  To the extent a response is required, the

26  Independent Directors admit that Plaintiffs in paragraph 191 purport to paraphrase or quote the

27  Corporate Responsibility Committee Charter and the Los Angeles City Attorney's complaint, but

28  deny any characterizations of those documents, deny that the language quoted in paragraph 191 is

accurate, complete, and unedited, and respectfully refer the Court to the referenced documents for their content.  The Independent Directors deny the remaining allegations of paragraph 191.

192.    To the extent the allegations contained in paragraph 192 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 192.

193.    The Independent Directors admit that Plaintiffs purport in paragraph 193 to quote a transcript of the May 2015 Barclays America Select Conference, but deny any characterizations of the quoted language, deny that the transcript quoted in paragraph 193 is accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 193, and respectfully refer the Court to the referenced document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 193, and on that basis deny them.

194.    To the extent the allegations contained in paragraph 194 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Plaintiffs purport in paragraph 194 to quote a transcript of the May 2015 Barclays America Select Conference, but deny any characterizations of the quoted language, deny that the transcript quoted in paragraph 194 is accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 194, and respectfully refer the Court to the referenced document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 194, and on that basis deny them.

195.    The Independent Directors admit that Plaintiffs purport in paragraph 195 to quote a transcript of the November 2015 Bank of America Merrill Lynch Banking and Financial Services Conference, but deny any characterizations of the quoted language, deny that the transcript quoted in paragraph 195 is accurate, complete, and unedited and respectfully refer the Court to the referenced document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 195, and on that basis deny them.

196.     The Independent Directors admit that Wells Fargo utilized an EthicsLine for the reporting of unlawful conduct.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 196 pertaining to Defendant John G. Stumpf and the other Defendants, and on that basis deny them.  The Independent Directors deny the remaining allegations of paragraph 196.

197.     The Independent Directors admit that Plaintiffs purport in paragraph 197 to quote and paraphrase a September 2016 *New York Times* article, but deny any characterizations of the article, deny that the language quoted in paragraph 197 is accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 197, and on that basis deny them.

198.     The Independent Directors admit that Plaintiffs purport in paragraph 198 to paraphrase a September 2016 CNN Money article, but deny any characterizations of the article and respectfully refer the Court to the referenced document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 198, and on that basis deny them.

199.     The Independent Directors admit that Plaintiffs purport in paragraph 199 to quote and paraphrase a September 2016 CNN Money article, but deny any characterizations of the article, deny that the language quoted in paragraph 199 is accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 199, and on that basis deny them.

200.     The Independent Directors admit that Defendant John G. Stumpf testified before the Senate Banking Committee on September 20, 2016, and that Plaintiffs purport in paragraph 200 to quote and paraphrase a transcript of Mr. Stumpf's testimony, but deny any characterizations of the article, deny that the language quoted in paragraph 200 is accurate, complete, and unedited, and respectfully refer the Court to the referenced transcript for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the

1    remaining allegations of paragraph 200, and on that basis deny them.

2        201.    The Independent Directors admit that Plaintiffs purport in paragraph 201 to quote

3    and paraphrase a September 2016 *New York Times* article, but deny any characterizations of the

4    article, deny that the language quoted in paragraph 201 is accurate, complete, and unedited, and

5    respectfully refer the Court to the referenced document for its content.  The Independent Directors

6    are without knowledge or information sufficient to form a belief as to the truth of the remaining

7    allegations of paragraph 201, and on that basis deny them.

8        202.    The Independent Directors admit that Plaintiffs purport in paragraph 202 to

9    paraphrase a September 2016 *New York Times* article, but deny any characterizations of the article

10   and respectfully refer the Court to the referenced document for its content.  The Independent

11   Directors are without knowledge or information sufficient to form a belief as to the truth of the

12   remaining allegations of paragraph 202, and on that basis deny them.

13       203.    The Independent Directors admit that Plaintiffs purport in paragraph 203 to

14   paraphrase a September 2016 *New York Times* article, but deny any characterizations of the article

15   and respectfully refer the Court to the referenced document for its content.  The Independent

16   Directors are without knowledge or information sufficient to form a belief as to the truth of the

17   remaining allegations of paragraph 203, and on that basis deny them, except that the Independent

18   Directors admit the allegations of footnote 111, which accompanies paragraph 203.

19       204.    The Independent Directors admit that Plaintiffs purport in paragraph 204 to quote

20   and paraphrase a September 2016 CNN Money article, but deny any characterizations of the

21   article, deny that the language quoted in paragraph 204 is accurate, complete, and unedited, and

22   respectfully refer the Court to the referenced document for its content.  The Independent Directors

23   are without knowledge or information sufficient to form a belief as to the truth of the remaining

24   allegations of paragraph 204, and on that basis deny them.

25       205.    The Independent Directors admit that Plaintiffs purport in paragraph 205 to quote

26   and paraphrase an April 3, 2015, letter addressed to the Board, but deny any characterizations of

27   the letter, deny that the language quoted in paragraph 205 is accurate, complete, and unedited, and

28   respectfully refer the Court to the referenced document for its content.  The Independent Directors

1   are without knowledge or information sufficient to form a belief as to the truth of the remaining

2   allegations of paragraph 205, and on that basis deny them.

3        206.   The Independent Directors admit that Plaintiffs purport in paragraph 206 to quote

4   and paraphrase an alleged email by the Wells Fargo employee referenced in paragraph 205, sent to

5   Wells Fargo's Board Communications Mailbox but not actually received by Board members, but

6   deny any characterizations of the email, deny that the language quoted in paragraph 206 is

7   accurate, complete, and unedited, and respectfully refer the Court to the referenced document for

8   its content.  The Independent Directors are without knowledge or information sufficient to form a

9   belief as to the truth of the remaining allegations of paragraph 206, and on that basis deny them.

10        207.   The Independent Directors admit that Plaintiffs purport in paragraph 207 to quote

11   and paraphrase the alleged email referenced in paragraph 206, sent to Wells Fargo's Board

12   Communications Mailbox but not actually received by Board members, but deny any

13   characterizations of the email, deny that the language quoted in paragraph 207 is accurate,

14   complete, and unedited, and respectfully refer the Court to the referenced document for its content.

15   The Independent Directors are without knowledge or information sufficient to form a belief as to

16   the truth of the remaining allegations of paragraph 207, and on that basis deny them.

17        208.   To the extent the allegations contained in paragraph 208 constitute a legal

18   conclusion, no responsive pleading is required.  To the extent a response is required, the

19   Independent Directors deny the allegations of paragraph 208.  Additionally, the Independent

20   Directors are without knowledge or information sufficient to form a belief as to the truth of the

21   allegations of footnote 114, which accompanies paragraph 208, and on that basis deny them.  To

22   the extent that Plaintiffs in that footnote purport to paraphrase a February 2017 *San Francisco*

23   *Chronicle* article, the Independent Directors respectfully refer the Court to the article for its

24   content.

25        209.   The Independent Directors admit that the Board's Audit and Examination

26   Committee received certain high-level information pertaining to Wells Fargo's Internal

27   Investigations group, EthicsLine, and suspicious activity reporting from at least 2011, including

28   that certain of the reports discussed increases in sales integrity issues; that the Risk Committee

received reports from management regarding certain noteworthy risks, which later at certain times included sales conduct and practice issues affecting customers and management's efforts to address those risks; that the Human Resources Committee later at certain times received reports advising the committee that management was monitoring the sales practices issues; and that the Board at some point discussed sales integrity issues.  The Independent Directors further admit that Plaintiffs in paragraph 209 purport to quote or paraphrase a transcript of Defendant John G. Stumpf's September 2016 testimony before the House Financial Services Committee and his Wells Fargo's November 2016 written responses to questions posed by the Senate Banking Committee, but deny any characterizations of those documents, deny that the language quoted in paragraph 209 is accurate, complete, and unedited, and respectfully refer the Court to the referenced documents for their content.  The Independent Directors deny the remaining allegations of paragraph 209.

210.    The Independent Directors admit Plaintiffs in paragraph 210 purport to quote or paraphrase Defendant John G. Stumpf's and Wells Fargo's November 2016 written responses to questions posed by the Senate Banking Committee, but deny any characterizations of those responses, deny that the language quoted in paragraph 210 is accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 210, and respectfully refer the Court to the referenced document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 210, and on that basis deny them.

211.    The Independent Directors admit Plaintiffs in paragraph 211 purport to quote or paraphrase a September 2007 letter allegedly sent to Defendant John G. Stumpf, but deny any characterizations of that letter, deny that the language quoted in paragraph 211 is accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 211, and on that basis deny them.

212.    To the extent the allegations contained in paragraph 212 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the

1   Independent Directors admit Plaintiffs in paragraph 212 purport to quote or paraphrase findings by

2   the DOL, but deny any characterizations of those findings, deny that the language quoted in

3   paragraph 212 is accurate, complete, and unedited, and respectfully refer the Court to the

4   referenced findings for their content.  The Independent Directors are without knowledge or

5   information sufficient to form a belief as to the truth of the remaining allegations of paragraph

6   212, and on that basis deny them.

7          213.   The Independent Directors admit Plaintiffs in paragraph 213 purport to paraphrase

8   a complaint filed in Montana federal court in 2009, but deny any characterizations of that

9   complaint, and respectfully refer the Court to the referenced document for its content.  The

10  Independent Directors are without knowledge or information sufficient to form a belief as to the

11  truth of the remaining allegations of paragraph 213, and on that basis deny them.

12         214.   The Independent Directors admit Plaintiffs in paragraph 214 purport to paraphrase

13  a complaint filed in the Northern District of California in 2010, but deny any characterizations of

14  that complaint, and respectfully refer the Court to the referenced document for its content.  The

15  Independent Directors are without knowledge or information sufficient to form a belief as to the

16  truth of the remaining allegations of paragraph 214, and on that basis deny them.

17         215.   The Independent Directors admit Plaintiffs in paragraph 215 purport to quote an

18  order filed in the action described in paragraph 214, but deny any characterizations of that order,

19  and respectfully refer the Court to the referenced filing for its content.  The Independent Directors

20  admit that the 2010 action Plaintiffs purport to describe has not been explicitly referenced in Wells

21  Fargo's public filings.

22         216.   The Independent Directors admit that Plaintiffs purport in paragraph 216 to

23  paraphrase a 2016 *New York Times* article, but deny any characterizations of the article and

24  respectfully refer the Court to the referenced document for its content.  The Independent Directors

25  are without knowledge or information sufficient to form a belief as to the truth of the remaining

26  allegations of paragraph 216, and on that basis deny them.

27         217.   The Independent Directors admit Plaintiffs in paragraph 217 purport to paraphrase

28  a complaint filed in South Carolina on October 25, 2012, but deny any characterizations of that

1    complaint, and respectfully refer the Court to the referenced document for its content. The

2    Independent Directors are without knowledge or information sufficient to form a belief as to the

3    truth of the remaining allegations of paragraph 217, and on that basis deny them.

4          218.    The Independent Directors admit Plaintiffs in paragraph 218 purport to paraphrase

5    a complaint filed in San Mateo County on October 3, 2013, but deny any characterizations of that

6    complaint, and respectfully refer the Court to the referenced document for its content. The

7    Independent Directors are without knowledge or information sufficient to form a belief as to the

8    truth of the remaining allegations of paragraph 218, and on that basis deny them.

9          219.    The Independent Directors deny the allegations of paragraph 219.

10          220.    The Independent Directors understand that the OCC takes the position that its

11    supervisory communications with Wells Fargo are privileged and confidential supervisory

12    information (with the privilege owned and controlled by the OCC), and that no response is

13    permitted or appropriate. Accordingly, the Independent Directors respond to the allegations of

14    paragraph 220 by stating that they lack knowledge or information sufficient to form a belief as to

15    the truth of the allegations and on that basis deny them and refer to the referenced document for its

16    content.

17          221.    The Independent Directors understand that the OCC takes the position that its

18    supervisory communications with Wells Fargo are privileged and confidential supervisory

19    information (with the privilege owned and controlled by the OCC), and that no response is

20    permitted or appropriate. Accordingly, the Independent Directors respond to the allegations of

21    paragraph 221 by stating that they lack knowledge or information sufficient to form a belief as to

22    the truth of the allegations and on that basis deny them and refer to the referenced document for its

23    content.

24          222.    The Independent Directors understand that the OCC takes the position that its

25    supervisory communications with Wells Fargo are privileged and confidential supervisory

26    information (with the privilege owned and controlled by the OCC), and that no response is

27    permitted or appropriate. Accordingly, the Independent Directors respond to the allegations of

28    paragraph 222 by stating that they lack knowledge or information sufficient to form a belief as to

1   the truth of the allegations and on that basis deny them and refer to the referenced document for its

2   content.

3          223.    The Independent Directors understand that the OCC takes the position that its

4   supervisory communications with Wells Fargo are privileged and confidential supervisory

5   information (with the privilege owned and controlled by the OCC), and that no response is

6   permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

7   paragraph 223 by stating that they lack knowledge or information sufficient to form a belief as to

8   the truth of the allegations and on that basis deny them and refer to the referenced document for its

9   content.

10          224.    The Independent Directors understand that the OCC takes the position that its

11   supervisory communications with Wells Fargo are privileged and confidential supervisory

12   information (with the privilege owned and controlled by the OCC), and that no response is

13   permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

14   paragraph 224 by stating that they lack knowledge or information sufficient to form a belief as to

15   the truth of the allegations and on that basis deny them and refer to the referenced document for its

16   content.

17          225.    The Independent Directors understand that the OCC takes the position that its

18   supervisory communications with Wells Fargo are privileged and confidential supervisory

19   information (with the privilege owned and controlled by the OCC), and that no response is

20   permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

21   paragraph 225 by stating that they lack knowledge or information sufficient to form a belief as to

22   the truth of the allegations and on that basis deny them and refer to the referenced document for its

23   content.

24          226.    The Independent Directors understand that the OCC takes the position that its

25   supervisory communications with Wells Fargo are privileged and confidential supervisory

26   information (with the privilege owned and controlled by the OCC), and that no response is

27   permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

28   paragraph 226 by stating that they lack knowledge or information sufficient to form a belief as to

1    the truth of the allegations and on that basis deny them and refer to the referenced document for its

2    content..

3         227.    The Independent Directors understand that the OCC takes the position that its

4    supervisory communications with Wells Fargo are privileged and confidential supervisory

5    information (with the privilege owned and controlled by the OCC), and that no response is

6    permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

7    paragraph 227 by stating that they lack knowledge or information sufficient to form a belief as to

8    the truth of the allegations and on that basis deny them and refer to the referenced document for its

9    content.

10        228.    The Independent Directors understand that the OCC takes the position that its

11   supervisory communications with Wells Fargo are privileged and confidential supervisory

12   information (with the privilege owned and controlled by the OCC), and that no response is

13   permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

14   paragraph 228 by stating that they lack knowledge or information sufficient to form a belief as to

15   the truth of the allegations and on that basis deny them and refer to the referenced document for its

16   content.

17        229.    The Independent Directors understand that the OCC takes the position that its

18   supervisory communications with Wells Fargo are privileged and confidential supervisory

19   information (with the privilege owned and controlled by the OCC), and that no response is

20   permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

21   paragraph 229 by stating that they lack knowledge or information sufficient to form a belief as to

22   the truth of the allegations and on that basis deny them and refer to the referenced document for its

23   content.

24        230.    The Independent Directors understand that the OCC takes the position that its

25   supervisory communications with Wells Fargo are privileged and confidential supervisory

26   information (with the privilege owned and controlled by the OCC), and that no response is

27   permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

28   paragraph 230 by stating that they lack knowledge or information sufficient to form a belief as to

1  the truth of the allegations and on that basis deny them and refer to the referenced document for its

2  content.

3  231.   The Independent Directors understand that the OCC takes the position that its

4  supervisory communications with Wells Fargo are privileged and confidential supervisory

5  information (with the privilege owned and controlled by the OCC), and that no response is

6  permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

7  paragraph 231 by stating that they lack knowledge or information sufficient to form a belief as to

8  the truth of the allegations and on that basis deny them and refer to the referenced document for its

9  content.

10  232.   The Independent Directors understand that the OCC takes the position that its

11  supervisory communications with Wells Fargo are privileged and confidential supervisory

12  information (with the privilege owned and controlled by the OCC), and that no response is

13  permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

14  paragraph 232 by stating that they lack knowledge or information sufficient to form a belief as to

15  the truth of the allegations and on that basis deny them and refer to the referenced document for its

16  content.

17  233.   The Independent Directors understand that the OCC takes the position that its

18  supervisory communications with Wells Fargo are privileged and confidential supervisory

19  information (with the privilege owned and controlled by the OCC), and that no response is

20  permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

21  paragraph 233 by stating that they lack knowledge or information sufficient to form a belief as to

22  the truth of the allegations and on that basis deny them and refer to the referenced document for its

23  content.

24  234.   The Independent Directors understand that the OCC takes the position that its

25  supervisory communications with Wells Fargo are privileged and confidential supervisory

26  information (with the privilege owned and controlled by the OCC), and that no response is

27  permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

28  paragraph 234 by stating that they lack knowledge or information sufficient to form a belief as to

1    the truth of the allegations and on that basis deny them and refer to the referenced document for its

2    content.

3            235.    The Independent Directors understand that the OCC takes the position that its

4    supervisory communications with Wells Fargo are privileged and confidential supervisory

5    information (with the privilege owned and controlled by the OCC), and that no response is

6    permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

7    paragraph 235 by stating that they lack knowledge or information sufficient to form a belief as to

8    the truth of the allegations and on that basis deny them and refer to the referenced document for its

9    content.

10           236.    The Independent Directors admit that the OCC issued a consent order in September

11   2016, and that Plaintiffs in paragraph 236 purport to quote and paraphrase that document, but deny

12   any characterizations of the document, and respectfully refer the Court to the referenced document

13   for its content.  The Independent Directors deny the remaining allegations of paragraph 236.

14           237.    The Independent Directors understand that the OCC takes the position that its

15   supervisory communications with Wells Fargo are privileged and confidential supervisory

16   information (with the privilege owned and controlled by the OCC), and that no response is

17   permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of

18   paragraph 237 by stating that they lack knowledge or information sufficient to form a belief as to

19   the truth of the allegations and on that basis deny them and refer to the referenced document for its

20   content.

21           238.    To the extent the allegations contained in paragraph 238 constitute a legal

22   conclusion, no responsive pleading is required.  To the extent a response is required, the

23   Independent Directors admit that the referenced Wells Fargo directors served on the Governance

24   and Nominating Committee during all or part of the Relevant Period, as defined by the Complaint,

25   and respectfully refer the Court to Wells Fargo's Governance and Nominating Committee Charter,

26   which Plaintiffs purport to quote, for its content.  The Independent Directors deny the remaining

27   allegations of paragraph 238.

28           239.    The Independent Directors deny the allegations of paragraph 239.

240.     The Independent Directors admit that Plaintiffs in paragraph 240 purport to quote Wells Fargo's 2016 Annual Proxy Statement and describe certain other of the Company's proxy statements, including concerning the Board's recommendations within those documents regarding the vote on a shareholder proposal, but deny any characterizations of those recommendations and deny that quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the 2005–2016 Annual Proxy Statements for their content and deny the remaining allegations of paragraph 240.

241.     The Independent Directors admit that Plaintiffs in paragraph 241 purport to quote Wells Fargo's 2016 Annual Proxy Statement, but deny any characterizations of those quotations, and deny that quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the 2016 Annual Proxy Statement for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 241, and on that basis deny them.

242.     The Independent Directors admit that Plaintiffs in paragraph 242 purport to quote Wells Fargo's 2016 Annual Proxy Statement, but deny any characterizations of those quotations, and deny that quotations are accurate, complete, and unedited.  The Independent Directors respectfully refer the Court to the 2016 Annual Proxy Statement for its content.  The Independent Directors deny the remaining allegations of paragraph 242.

243.     The Independent Directors admit that the Board recommended that shareholders vote against the referenced shareholder proposal in each proxy statement from 2005 to 2016, but deny any characterizations of those recommendations, and respectfully refer the Court to the 2005–2016 Annual Proxy Statements for their content.

244.     The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 244, and on that basis deny them.  To the extent Plaintiffs purport in paragraph 244 to quote or paraphrase a January 2017 *Wall Street Journal* article and a February 2017 letter from U.S. Senators to Defendant Timothy J. Sloan, the Independent Directors respectfully refer the Court to those documents for their content.

245.     To the extent the allegations contained in paragraph 245 constitute a legal

1   conclusion, no responsive pleading is required.  To the extent a response is required, the

2   Independent Directors deny the allegations of paragraph 245.

3        246.    To the extent the allegations contained in paragraph 246 constitute a legal

4   conclusion, no responsive pleading is required.  To the extent a response is required, the

5   Independent Directors admit that Plaintiffs in paragraph 246 purport to paraphrase a September

6   2016 consent order issued by the CFPB but deny any characterizations of that document, and

7   respectfully refer the Court to the consent order for its content.  The Independent Directors deny

8   the remaining allegations of paragraph 246.

9        247.    The Independent Directors admit that Plaintiffs in paragraph 247 purport to

10  paraphrase and quote, respectively, transcripts of a September 29, 2016, House Financial Services

11  Committee hearing and a September 20, 2016, Senate Banking Committee hearing, but deny any

12  characterizations of those documents.  The Independent Directors respectfully refer the Court to

13  the transcripts for their content.  The Independent Directors admit that certain records of the

14  Company indicate that nearly 1,000 employees in the Company's retail banking sector were

15  terminated for improper sales practices in 2011.  The Independent Directors deny the remaining

16  allegations of paragraph 247.

17       248.    To the extent the allegations contained in paragraph 248 constitute a legal

18  conclusion, no responsive pleading is required.  To the extent a response is required, the

19  Independent Directors admit that Plaintiffs in paragraph 248 purport to paraphrase a November 3,

20  2016, letter from U.S. Senators to Defendant Timothy J. Sloan, but deny any characterizations of

21  that letter.  The Independent Directors are without knowledge or information sufficient to form a

22  belief as to the truth of the remaining allegations of paragraph 248, and on that basis deny them.

23       249.    To the extent the allegations contained in paragraph 249 constitute a legal

24  conclusion, no responsive pleading is required.  To the extent a response is required, the

25  Independent Directors admit that Plaintiffs in paragraph 249 purport to paraphrase a November 3,

26  2016, letter from U.S. Senators to Defendant Timothy J. Sloan, but deny any characterizations of

27  that letter.  The Independent Directors are without knowledge or information sufficient to form a

28  belief as to the truth of the remaining allegations of paragraph 249, and on that basis deny them.

250.     The Independent Directors admit that Plaintiffs in paragraph 250 purport to quote and paraphrase a November 3, 2016, letter from U.S. Senators to Defendant Timothy J. Sloan, but deny any characterizations of that letter.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 250, and on that basis deny them.

251.     To the extent the allegations contained in paragraph 251 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Plaintiffs in paragraph 251 purport to quote and paraphrase a November 3, 2016, letter from U.S. Senators to Defendant Timothy J. Sloan, but deny any characterizations of that letter.  The Independent Directors deny the remaining allegations of paragraph 251.

252.     The Independent Directors admit that Plaintiffs in paragraph 252 purport to paraphrase a November 3, 2016, letter from U.S. Senators to Defendant Timothy J. Sloan, but deny any characterizations of that letter.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 252, and on that basis deny them.

253.     The Independent Directors admit that in or about August 2015 Wells Fargo through counsel engaged independent consultants to review matters relating to sales practices, including PwC to attempt to quantify the financial harm to customers stemming from potentially unauthorized accounts.  The Independent Directors deny the remaining allegations of paragraph 253.

254.     The Independent Directors admit that in or about August 2015 Wells Fargo through counsel engaged PwC to attempt to quantify the financial harm to customers stemming from potentially unauthorized accounts, and that Plaintiffs in paragraph 254 purport to quote a transcript of a September 20, 2016, Senate Banking Committee hearing, but deny any characterizations of those quotations and that quotations are accurate, complete, and unedited, and respectfully refer the Court to the transcript for its content.  The Independent Directors deny the remaining allegations of paragraph 254.

255.     The Independent Directors admit that in or about August 2015 Wells Fargo through counsel engaged PwC to attempt to quantify the financial harm to customers stemming from potentially unauthorized accounts, that in February 2016 Wells Fargo began remediating deposit and credit card customers, and that Plaintiffs in paragraph 255 purport to quote a transcript of a September 20, 2016, Senate Banking Committee hearing, but deny any characterizations of those quotations and that quotations are accurate, complete, and unedited, and respectfully refer the Court to the transcript for its content.  The Independent Directors deny the remaining allegations of paragraph 255.

256.     The Independent Directors admit that PwC's review was initiated more than 18 months after the December 2013 *Los Angeles Times* article, following the filing of the legal actions referenced in paragraph 256.  The Independent Directors deny the remaining allegations of paragraph 256.

257.     The Independent Directors admit that Wells Fargo has remediated affected customers and that PwC's findings were not publicly disclosed before September 2016.  The Independent Directors deny the remaining allegations of paragraph 257.

258.     The Independent Directors admit that Defendant John G. Stumpf testified before the Senate Banking Committee on September 20, 2016, and that Plaintiffs in paragraph 258 purport to quote from a transcript of that hearing, but deny any characterizations of those quotations, and deny that quotations are accurate, complete, and unedited and respectfully refer the Court to the referenced transcript for its content.  The Independent Directors deny the remaining allegations of paragraph 258.

259.     The Independent Directors deny the allegations of paragraph 259.

260.     The Independent Directors admit that Mr. Stumpf testified before the House Financial Services Committee on September 29, 2016, and that Plaintiffs in paragraph 260 purport to paraphrase a transcript of that hearing, but deny any characterizations of those quotations, and deny that quotations are accurate, complete, and unedited and respectfully refer the Court to the referenced transcript for its content.  The Independent Directors deny the remaining allegations of paragraph 260.

261.     The Independent Directors admit that the Board's Audit and Examination Committee received certain information pertaining to Wells Fargo's Internal Investigations group, EthicsLine, and suspicious activity reporting from at least 2011, including that certain of the reports discussed increases in sales integrity issues; that the Risk Committee received reports from management regarding certain noteworthy risks, which later at certain times included sales conduct and practice issues affecting customers and management's efforts to address those risks; that the Human Resources Committee later at certain times received reports advising the committee that management was monitoring the sales practices issues; and that the Board at some point discussed sales integrity issues.  The Independent Directors further admit that Plaintiffs in paragraph 261 purport to quote Defendant John G. Stumpf's and Wells Fargo's November 2016 written responses to questions posed by the Senate Banking Committee, but deny any characterizations of those documents, deny that the language quoted in paragraph 261 is accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 261, and respectfully refer the Court to the referenced documents for their content.

262.     The Independent Directors admit that Plaintiffs purport in paragraph 262 to quote a transcript of Defendant John G. Stumpf's testimony before the House Financial Services Committee, but deny any characterizations of that document, deny that the quotation is accurate, complete, and unedited, and respectfully refer the Court to the transcript for its content.

263.     The Independent Directors deny the allegations of paragraph 263.

264.     The Independent Directors admit that Plaintiffs purport in paragraph 264 to quote Wells Fargo's 2016 Annual Proxy Statement, but deny any characterizations of that document, deny that quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 264, and respectfully refer the Court to the document for its content.

265.     The Independent Directors admit that Plaintiffs purport in paragraph 265 to paraphrase and quote Wells Fargo's 2016 Annual Proxy Statement, but deny any characterizations of that document, deny that quotations are accurate, complete, and unedited, and respectfully refer the Court to the document for its content.

266.    The Independent Directors admit that Plaintiffs purport in paragraph 266 to paraphrase and quote Wells Fargo's 2016 Annual Proxy Statement, but deny any characterizations of that document, deny that quotations are accurate, complete, and unedited, and respectfully refer the Court to the document for its content.  The Independent Directors deny the remaining allegations of paragraph 266.

267.    The Independent Directors admit that Plaintiffs purport in paragraph 267 to paraphrase and quote Wells Fargo's 2016 Annual Proxy Statement, including proposals enumerated therein, but deny any characterizations of that document, deny that quotations are accurate, complete, and unedited, and respectfully refer the Court to the document for its content.  The Independent Directors deny the remaining allegations of paragraph 267.

268.    The Independent Directors admit that Plaintiffs purport in paragraph 268 to paraphrase and quote Wells Fargo's 2014 Annual Proxy Statement, but deny any characterizations of that document, deny that quotations are accurate, complete, and unedited, and respectfully refer the Court to the document for its content.  The Independent Directors deny the remaining allegations of paragraph 268.

269.    The Independent Directors admit that Plaintiffs purport in paragraph 269 to paraphrase and quote Wells Fargo's 2015 Annual Proxy Statement, but deny any characterizations of that document, deny that quotations are accurate, complete, and unedited, and respectfully refer the Court to the document for its content.  The Independent Directors deny the remaining allegations of paragraph 269.

270.    The Independent Directors admit that Plaintiffs purport in paragraph 270 to paraphrase and quote Wells Fargo's 2016 Annual Proxy Statement, but deny any characterizations of that document, deny that quotations are accurate, complete, and unedited, and respectfully refer the Court to the document for its content.

271.    To the extent the allegations contained in paragraph 271 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 271.

272.    To the extent the allegations contained in paragraph 272 constitute a legal

1   conclusion, no responsive pleading is required.  To the extent a response is required, the

2   Independent Directors deny the allegations of paragraph 272.

3   273.   The Independent Directors admit that Wells Fargo's 2014 Annual Proxy Statement

4   was filed on March 18, 2014, that Defendant James H. Quigley signed Wells Fargo's 2014 Form

5   10-K on behalf of himself and all other then-current Independent Directors, who duly executed

6   powers of attorney empowering him to so sign,, that the Company's Audit and Examination

7   Committee approved a resolution recommending to the Board that the Company's 2014 audited

8   financial statements be included in the Form 10-K, and that Plaintiffs purport in paragraph 273 to

9   paraphrase that filing, but deny any characterizations of the document, and respectfully refer the

10  Court to the document for its content.  The Independent Directors deny the remaining allegations

11  of paragraph 273.

12   274.   The Independent Directors admit that Plaintiffs purport in paragraph 274 to quote

13  Wells Fargo's 2014 Annual Proxy Statement, but deny any characterizations of that document,

14  deny that quotations are accurate, complete, and unedited, deny the emphasis placed on certain

15  portions of the quoted language in paragraph 274, and respectfully refer the Court to the document

16  for its content.

17   275.   The Independent Directors admit that Plaintiffs purport in paragraph 275 to quote

18  Wells Fargo's 2014 Annual Proxy Statement, but deny any characterizations of that document,

19  deny that quotations are accurate, complete, and unedited, deny the emphasis placed on certain

20  portions of the quoted language in paragraph 275, and respectfully refer the Court to the document

21  for its content.

22   276.   The Independent Directors admit that Plaintiffs purport in paragraph 276 to quote

23  Wells Fargo's 2014 Annual Proxy Statement, but deny any characterizations of that document,

24  deny that quotations are accurate, complete, and unedited, deny the emphasis placed on certain

25  portions of the quoted language in paragraph 276, and respectfully refer the Court to the document

26  for its content.

27   277.   The Independent Directors admit that Plaintiffs purport in paragraph 277 to

28  paraphrase Wells Fargo's 2014 Annual Proxy Statement, but deny any characterizations of that

1   document, and respectfully refer the Court to the document for its content.

2       278.    The Independent Directors admit that Plaintiffs purport in paragraph 278 to

3   paraphrase Wells Fargo's 2014 Annual Proxy Statement, but deny any characterizations of that

4   document, and respectfully refer the Court to the document for its content.  The Independent

5   Directors deny the remaining allegations of paragraph 278.

6       279.    To the extent the allegations contained in paragraph 279 constitute a legal

7   conclusion, no responsive pleading is required.  To the extent a response is required, the

8   Independent Directors deny the allegations of paragraph 279.

9       280.    The Independent Directors admit that Plaintiffs purport in paragraph 280 to quote

10  Wells Fargo's 2014 Annual Proxy Statement, but deny any characterizations of that document,

11  deny that quotations are accurate, complete, and unedited, deny the emphasis placed on certain

12  portions of the quoted language in paragraph 280, and respectfully refer the Court to the document

13  for its content.  The Independent Directors deny the remaining allegations of paragraph 280.

14      281.    To the extent the allegations contained in paragraph 281 constitute a legal

15  conclusion, no responsive pleading is required.  To the extent a response is required, the

16  Independent Directors admit that Plaintiffs purport in paragraph 281 to paraphrase Wells Fargo's

17  2014 Annual Proxy Statement, but deny any characterizations of that document, and respectfully

18  refer the Court to the document for its content.  The Independent Directors deny the remaining

19  allegations of paragraph 281.

20      282.    To the extent the allegations contained in paragraph 282 constitute a legal

21  conclusion, no responsive pleading is required.  To the extent a response is required, the

22  Independent Directors deny the allegations of paragraph 282.

23      283.    The Independent Directors admit that Plaintiffs purport in paragraph 283 to quote

24  Wells Fargo's 2014 Annual Proxy Statement, but deny any characterizations of that document,

25  deny that quotations are accurate, complete, and unedited, deny the emphasis placed on certain

26  portions of the quoted language in paragraph 283, and respectfully refer the Court to the document

27  for its content.

28      284.    To the extent the allegations contained in paragraph 284 constitute a legal

conclusion, no responsive pleading is required. To the extent a response is required, the Independent Directors admit that Plaintiffs purport in paragraph 284 to paraphrase Wells Fargo's 2014 Annual Proxy Statement, but deny any characterizations of that document, and respectfully refer the Court to the document for its content. The Independent Directors deny the remaining allegations of paragraph 284.

285. To the extent the allegations contained in paragraph 285 constitute a legal conclusion, no responsive pleading is required. To the extent a response is required, the Independent Directors deny the allegations of paragraph 285.

286. The Independent Directors admit that Wells Fargo's 2015 Annual Proxy Statement was filed on March 17, 2015, that Defendant James H. Quigley signed Wells Fargo's 2015 Form 10-K on behalf of himself and all other then-current Independent Directors, who duly executed powers of attorney empowering him to so sign, that the Company's Audit and Examination Committee approved a resolution recommending to the Board that the Company's 2015 audited financial statements be included in the Form 10-K, and that Plaintiffs purport in paragraph 286 to paraphrase that filing, but deny any characterizations of the document, and respectfully refer the Court to the document for its content. The Independent Directors deny the remaining allegations of paragraph 286.

287. The Independent Directors admit that Plaintiffs purport in paragraph 287 to quote Wells Fargo's 2015 Annual Proxy Statement, but deny any characterizations of that document, deny that quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 287, and respectfully refer the Court to the document for its content.

288. The Independent Directors admit that Plaintiffs purport in paragraph 288 to quote Wells Fargo's 2015 Annual Proxy Statement, but deny any characterizations of that document, deny that quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 288, and respectfully refer the Court to the document for its content.

289. To the extent the allegations contained in paragraph 289 constitute a legal

1   conclusion, no responsive pleading is required.  To the extent a response is required, the

2   Independent Directors admit that Plaintiffs purport in paragraph 289 to paraphrase Wells Fargo's

3   2015 Annual Proxy Statement, but deny any characterizations of that document, and respectfully

4   refer the Court to the document for its content.  The Independent Directors deny the remaining

5   allegations of paragraph 289.

6           290.    The Independent Directors admit that Plaintiffs purport in paragraph 290 to

7   paraphrase Wells Fargo's 2015 Annual Proxy Statement, but deny any characterizations of that

8   document, and respectfully refer the Court to the document for its content.  The Independent

9   Directors deny the remaining allegations of paragraph 290.

10          291.    To the extent the allegations contained in paragraph 291 constitute a legal

11  conclusion, no responsive pleading is required.  To the extent a response is required, the

12  Independent Directors deny the allegations of paragraph 291.

13          292.    The Independent Directors admit that Plaintiffs purport in paragraph 292 to quote

14  Wells Fargo's 2015 Annual Proxy Statement, but deny any characterizations of that document,

15  deny that quotations are accurate, complete, and unedited, deny the emphasis placed on certain

16  portions of the quoted language in paragraph 292, and respectfully refer the Court to the document

17  for its content.

18          293.    To the extent the allegations contained in paragraph 293 constitute a legal

19  conclusion, no responsive pleading is required.  To the extent a response is required, the

20  Independent Directors admit that Plaintiffs purport in paragraph 293 to paraphrase Wells Fargo's

21  2015 Annual Proxy Statement, but deny any characterizations of that document, and respectfully

22  refer the Court to the document for its content.  The Independent Directors deny the remaining

23  allegations of paragraph 293.

24          294.    To the extent the allegations contained in paragraph 294 constitute a legal

25  conclusion, no responsive pleading is required.  To the extent a response is required, the

26  Independent Directors deny the allegations of paragraph 294.

27          295.    The Independent Directors admit that Plaintiffs purport in paragraph 295 to quote

28  Wells Fargo's 2015 Annual Proxy Statement, but deny any characterizations of that document,

1    deny that quotations are accurate, complete, and unedited, deny the emphasis placed on certain

2    portions of the quoted language in paragraph 295, and respectfully refer the Court to the document

3    for its content.

4            296.    To the extent the allegations contained in paragraph 296 constitute a legal

5    conclusion, no responsive pleading is required.  To the extent a response is required, the

6    Independent Directors admit that Plaintiffs purport in paragraph 296 to paraphrase Wells Fargo's

7    2015 Annual Proxy Statement, but deny any characterizations of that document, and respectfully

8    refer the Court to the document for its content.  The Independent Directors deny the remaining

9    allegations of paragraph 296.

10           297.    To the extent the allegations contained in paragraph 297 constitute a legal

11   conclusion, no responsive pleading is required.  To the extent a response is required, the

12   Independent Directors deny the allegations of paragraph 297.

13           298.    The Independent Directors admit that Wells Fargo's 2016 Annual Proxy Statement

14   was filed on March 16, 2016, that Defendant James H. Quigley signed Wells Fargo's 2016 Form

15   10-K on behalf of himself and all other then-current Independent Directors, who duly executed

16   powers of attorney empowering him to so sign, that the Company's Audit and Examination

17   Committee approved a resolution recommending to the Board that the Company's 2016 audited

18   financial statements be included in the Form 10-K, and that Plaintiffs purport in paragraph 298 to

19   paraphrase that filing, but deny any characterizations of the document, and respectfully refer the

20   Court to the document for its content.

21           299.    The Independent Directors admit that Plaintiffs purport in paragraph 299 to quote

22   Wells Fargo's 2016 Annual Proxy Statement, but deny any characterizations of that document,

23   deny that quotations are accurate, complete, and unedited, deny the emphasis placed on certain

24   portions of the quoted language in paragraph 299, and respectfully refer the Court to the document

25   for its content.

26           300.    The Independent Directors admit that Plaintiffs purport in paragraph 300 to quote

27   Wells Fargo's 2016 Annual Proxy Statement, but deny any characterizations of that document,

28   deny that quotations are accurate, complete, and unedited, deny the emphasis placed on certain

portions of the quoted language in paragraph 300, and respectfully refer the Court to the document

for its content.

301.    To the extent the allegations contained in paragraph 301 constitute a legal

conclusion, no responsive pleading is required.  To the extent a response is required, the

Independent Directors admit that Plaintiffs purport in paragraph 301 to paraphrase Wells Fargo's

2016 Annual Proxy Statement, but deny any characterizations of that document, and respectfully

refer the Court to the document for its content.  The Independent Directors deny the remaining

allegations of paragraph 301.

302.    The Independent Directors admit that Plaintiffs purport in paragraph 302 to

paraphrase Wells Fargo's 2016 Annual Proxy Statement, but deny any characterizations of that

document, and respectfully refer the Court to the document for its content.  The Independent

Directors deny the remaining allegations of paragraph 302.

303.    The Independent Directors admit that the 2016 Annual Proxy Statement does not

make reference to the action filed by the Los Angeles City Attorney against Wells Fargo.  The

Independent Directors deny the remaining allegations of paragraph 303.

304.    To the extent the allegations contained in paragraph 304 constitute a legal

conclusion, no responsive pleading is required.  To the extent a response is required, the

Independent Directors deny the allegations of paragraph 304.

305.    To the extent the allegations contained in paragraph 305 constitute a legal

conclusion, no responsive pleading is required.  To the extent a response is required, the

Independent Directors deny the allegations of paragraph 305.

306.    The Independent Directors admit that Plaintiffs purport in paragraph 306 to quote

Wells Fargo's 2016 Annual Proxy Statement, but deny any characterizations of that document,

deny that quotations are accurate, complete, and unedited, deny the emphasis placed on certain

portions of the quoted language in paragraph 306, and respectfully refer the Court to the document

for its content.

307.    To the extent the allegations contained in paragraph 307 constitute a legal

conclusion, no responsive pleading is required.  To the extent a response is required, the

1   Independent Directors admit that Plaintiffs purport in paragraph 307 to paraphrase Wells Fargo's

2   2016 Annual Proxy Statement, but deny any characterizations of that document, and respectfully

3   refer the Court to the document for its content.  The Independent Directors deny the remaining

4   allegations of paragraph 307.

5       308.    To the extent the allegations contained in paragraph 308 constitute a legal

6   conclusion, no responsive pleading is required.  To the extent a response is required, the

7   Independent Directors deny the allegations of paragraph 308.

8       309.    The Independent Directors admit that Plaintiffs purport in paragraph 309 to quote

9   Wells Fargo's 2016 Annual Proxy Statement, but deny any characterizations of that document,

10  deny that quotations are accurate, complete, and unedited, and respectfully refer the Court to the

11  document for its content.

12      310.    To the extent the allegations contained in paragraph 310 constitute a legal

13  conclusion, no responsive pleading is required.  To the extent a response is required, the

14  Independent Directors admit that Plaintiffs purport in paragraph 310 to paraphrase Wells Fargo's

15  2016 Annual Proxy Statement, but deny any characterizations of that document, and respectfully

16  refer the Court to the document for its content.  The Independent Directors deny the remaining

17  allegations of paragraph 310.

18      311.    To the extent the allegations contained in paragraph 311 constitute a legal

19  conclusion, no responsive pleading is required.  To the extent a response is required, the

20  Independent Directors deny the allegations of paragraph 311.

21      312.    To the extent the allegations contained in paragraph 312 constitute a legal

22  conclusion, no responsive pleading is required.  To the extent a response is required, the

23  Independent Directors deny the allegations of paragraph 312.

24      313.    The Independent Directors deny the allegations of paragraph 313.

25      314.    The Independent Directors admit that the Board has authorized Wells Fargo to

26  repurchase its own shares of common stock, and that several such share repurchases were

27  authorized during the Relevant Period, as defined in the Complaint.  The Independent Directors

28  are without knowledge or information sufficient to form a belief as to the truth the remaining

allegations of paragraph 314, and on that basis deny them.

315.    The Independent Directors admit that the Board authorized the repurchase of 200 million shares of Wells Fargo stock in March 2011; 200 million shares of Wells Fargo stock in October 2012; 350 million shares of Wells Fargo stock in 2014; and 350 million shares of Wells Fargo stock in January 2016, and that those authorizations represented approximately 3.8%, 3.8%, 6.6%, and 6.9% of the Company's then-outstanding shares, respectively.  The Independent Directors deny the remaining allegations of paragraph 315.

316.    The Independent Directors admit that the share repurchase figures Plaintiffs purport to excerpt in paragraph 316 accurately reflect the figures publicly disclosed by Wells Fargo, except that the Independent Directors deny that the figures corresponding to November 2014 and October 2015 accurately reflect publicly filed figures, and deny that Wells Fargo repurchased between October 2011 and September 2016 approximately 772 million shares of stock, or that it paid over $35 billion for them.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth the remaining allegations of paragraph 316, and on that basis deny them.

317.    To the extent the allegations contained in paragraph 317 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 317.

318.    The Independent Directors admit that the referenced Wells Fargo directors served on the Finance Committee and the Board, respectively, as of the dates referenced by Plaintiffs in paragraph 318, and that the Board authorized share repurchases in October 2012, March 2014, and January 2016.  Regarding the responsibilities of the Finance Committee described in paragraph 318, the Independent Directors respectfully refer the Court to Wells Fargo's Finance Committee Charter, which sets forth those responsibilities, for its content.  The Independent Directors deny the remaining allegations of paragraph 318.

319.    The Independent Directors admit that Plaintiffs in paragraph 319 purport to paraphrase and quote Wells Fargo's 2016 Annual Proxy Statement, but deny any characterizations of that document, deny that quotations are contained within that document, accurate, complete,

1   and unedited, and respectfully refer the Court to the document for its content.  The Independent

2   Directors deny the remaining allegations of paragraph 319.

3          320.    To the extent the allegations contained in paragraph 320 constitute a legal

4   conclusion, no responsive pleading is required.  To the extent a response is required, the

5   Independent Directors deny the allegations of paragraph 320, except that the Independent

6   Directors admit that Plaintiffs purport to quote a transcript of a September 20, 2016, Senate

7   Banking Committee hearing, and respectfully refer the Court to the transcript for its content.

8          321.    To the extent the allegations contained in paragraph 321 constitute a legal

9   conclusion, no responsive pleading is required.  To the extent a response is required, the

10  Independent Directors deny the allegations of paragraph 321.

11         322.    To the extent the allegations contained in paragraph 322 constitute a legal

12  conclusion, no responsive pleading is required.  To the extent a response is required, the

13  Independent Directors deny the allegations of paragraph 322, except that the Independent

14  Directors admit that Plaintiffs purport to quote a September 28, 2016, letter from certain U.S.

15  Senators to the SEC, and respectfully refer the Court to the letter for its content.

16         323.    To the extent the allegations contained in paragraph 323 constitute a legal

17  conclusion, no responsive pleading is required.  To the extent a response is required, the

18  Independent Directors deny the allegations of paragraph 323, except that the Independent

19  Directors admit that Plaintiffs purport to quote a September 28, 2016, letter from certain U.S.

20  Senators to the SEC, and respectfully refer the Court to the letter for its content.

21         324.    To the extent the allegations contained in paragraph 324 constitute a legal

22  conclusion, no responsive pleading is required.  To the extent a response is required, the

23  Independent Directors are without knowledge or information sufficient to form a belief as to the

24  truth of the remaining allegations of paragraph 324, and on that basis deny them, except that the

25  Independent Directors admit that Plaintiffs purport to quote a September 28, 2016, letter from

26  certain U.S. Senators to the SEC, and respectfully refer the Court to the letter for its content.

27         325.    To the extent the allegations contained in paragraph 325 constitute a legal

28  conclusion, no responsive pleading is required.  To the extent a response is required, the

1    Independent Directors are without knowledge or information sufficient to form a belief as to the

2    truth of the remaining allegations of paragraph 325, and on that basis deny them, except that the

3    Independent Directors admit that Plaintiffs purport to quote a September 28, 2016, letter from

4    certain U.S. Senators to the SEC, and respectfully refer the Court to the letter for its content.

5         326.    To the extent the allegations contained in paragraph 326 constitute a legal

6    conclusion, no responsive pleading is required.  To the extent a response is required, the

7    Independent Directors admit that Plaintiffs purport to quote a September 28, 2016, letter from

8    certain U.S. Senators to the SEC, and respectfully refer the Court to the letter for its content.  The

9    Independent Directors deny the remaining allegations of paragraph 326.

10        327.    The Independent Directors deny the allegations of paragraph 327.

11        328.    The Independent Directors admit that Plaintiffs purport in paragraph 328 to quote

12   Wells Fargo's Q3 2011 Form 10-Q, and to paraphrase (according to footnote 165, which

13   accompanies paragraph 328) all of the Company's filings during the Relevant Period, as defined

14   by the Complaint, but deny any characterizations of those documents, deny that the quotation are

15   accurate, complete, and unedited, and respectfully refer the Court to Wells Fargo's public filings

16   for their content.

17        329.    The Independent Directors admit that Plaintiffs purport in paragraph 329 to quote

18   Wells Fargo's 2011 Annual Report, and in footnote 167, which accompanies paragraph 329, to

19   quote the transcripts of earnings calls from Q3 2011, Q4 2011, Q1 2012, Q2 2012, Q3 2012, and

20   Q1 201.   The Independent Directors deny any characterizations of those documents, deny that the

21   quotation are accurate, complete, and unedited, deny the emphasis placed on certain portions of

22   the quoted language in paragraph 329, and respectfully refer the Court to the referenced

23   documents for their content.  The Independent Directors deny the remaining allegations of

24   paragraph 329.

25        330.    The Independent Directors admit that Plaintiffs purport in paragraph 330 to quote a

26   January 10, 2012, Morningstar analyst report, but deny any characterizations of that document,

27   deny that the quotations are contained in that document, accurate, complete, and unedited, deny

28   the emphasis placed on certain portions of the quoted language in paragraph 330, and respectfully

1   refer the Court to the referenced document for its content.  The Independent Directors deny the

2   remaining allegations of paragraph 330.

3          331.    The Independent Directors admit that Plaintiffs purport in paragraph 331 to quote a

4   transcript of a May 22, 2012, Wells Fargo Investor Day presentation, but deny any

5   characterizations of that document, deny that the quotations are accurate, complete, and unedited,

6   deny the emphasis placed on certain portions of the quoted language in paragraph 331, and

7   respectfully refer the Court to the referenced document for its content.

8          332.    The Independent Directors admit that Plaintiffs purport in paragraph 332 to quote a

9   transcript of a May 22, 2012, Wells Fargo Investor Day presentation, but deny any

10  characterizations of that document, deny that the quotations are accurate, complete, and unedited,

11  deny the emphasis placed on certain portions of the quoted language in paragraph 332, and

12  respectfully refer the Court to the referenced document for its content.

13         333.    The Independent Directors admit that Plaintiffs purport in paragraph 333 to quote

14  Wells Fargo's 2012 Form 10-K, and to paraphrase (according to footnote 169, which accompanies

15  paragraph 333) all of the Company's filings during the Relevant Period, as defined by the

16  Complaint but deny any characterizations of that document, deny that the quotations are accurate,

17  complete, and unedited, and respectfully refer the Court to Wells Fargo's public filings for their

18  content.  The Independent Directors deny the remaining allegations of paragraph 333.

19         334.    The Independent Directors admit that Plaintiffs purport in paragraph 334 to quote

20  Wells Fargo's Q3 2012 Form 10-Q, but deny any characterizations of that document, deny that the

21  quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of

22  the quoted language in paragraph 334, and respectfully refer the Court to the referenced document

23  for its content.  The Independent Directors deny the remaining allegations of paragraph 334.

24         335.    The Independent Directors admit that Plaintiffs purport in paragraph 335 to

25  paraphrase or quote the CFPB's September 2016 Consent Order and a transcript and presentation

26  from a February 13, 2013, Credit Suisse Financial Services Forum, but deny any characterizations

27  of those documents, deny that the quotations are accurate, complete, and unedited, deny the

28  emphasis placed on certain portions of the quoted language in paragraph 335, and respectfully

1    refer the Court to the referenced documents for their content.  The Independent Directors deny the

2    remaining allegations of paragraph 335.

3          336.    The Independent Directors admit that Plaintiffs purport in paragraph 336 to quote a

4    transcript of Wells Fargo's Q1 2013 earnings call, and, in footnote 171, which accompanies

5    paragraph 336, a transcript of the Company's Q2 2013 earnings call, but deny any

6    characterizations of those documents, deny that the quotations are accurate, complete, and

7    unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 336,

8    and respectfully refer the Court to the referenced documents for their content.  The Independent

9    Directors are without knowledge or information sufficient to form a belief as to the truth of the

10   remaining allegations of paragraph 336, and on that basis deny them.

11         337.    The Independent Directors admit that Plaintiffs purport in paragraph 337 to quote

12   an April 12, 2013, Morningstar analyst report, but deny any characterizations of that document,

13   deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain

14   portions of the quoted language in paragraph 337, and respectfully refer the Court to the

15   referenced document for its content.  The Independent Directors are without knowledge or

16   information sufficient to form a belief as to the truth of the remaining allegations of paragraph

17   337, and on that basis deny them.

18         338.    The Independent Directors admit that Plaintiffs purport in paragraph 338 to quote a

19   transcript of Barclays' May 21, 2013, Americas Select Franchise Conference, but deny any

20   characterizations of that document, deny that the quotations are accurate, complete, and unedited,

21   and respectfully refer the Court to the referenced document for its content.

22         339.    To the extent the allegations contained in paragraph 339 constitute a legal

23   conclusion, no responsive pleading is required.  To the extent a response is required, the

24   Independent Directors admit that Plaintiffs purport in paragraph 339 to quote a transcript of Wells

25   Fargo's Q2 2013 earnings call, but deny any characterizations of that document, deny that the

26   quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of

27   the quoted language in paragraph 339, and respectfully refer the Court to the referenced document

28   for its content.  The Independent Directors deny the remaining allegations of paragraph 339.

340.    The Independent Directors admit that Plaintiffs purport in paragraph 340 to quote a transcript of Wells Fargo's Q3 2013 earnings call, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 340, and respectfully refer the Court to the referenced document for its content.

341.    The Independent Directors admit that Plaintiffs purport in paragraph 341 to quote a transcript of Wells Fargo's Q4 2013 earnings call, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 341, and respectfully refer the Court to the referenced document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 341, and on that basis deny them.

342.    The Independent Directors admit that Plaintiffs purport in paragraph 342 to quote a transcript of or presentation from Goldman Sachs' December 10, 2013, Financial Services Conference, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.  The Independent Directors admit that the December 2013 Los Angeles Times article was published subsequent to the Goldman Sachs conference.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 342, and on that basis deny them.

343.    The Independent Directors admit that Plaintiffs purport in paragraph 343 to quote a January 14, 2014, Morningstar analyst report, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 343, and on that basis deny them.

344.    The Independent Directors admit that Plaintiffs purport in paragraph 344 to quote Wells Fargo's 2013 or 2014 Form 10-K, but deny any characterizations of those documents, deny

1   that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the

2   referenced documents for their content.  The Independent Directors deny the remaining allegations

3   of paragraph 344.

4          345.    The Independent Directors admit that Wells Fargo issued a press release on April

5   11, 2014, which Plaintiffs purport in paragraph 345 to quote, but deny any characterizations of

6   that document, deny that the quotations are accurate, complete, and unedited, and respectfully

7   refer the Court to the referenced document for its content.  The Independent Directors are without

8   knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

9   paragraph 345, and on that basis deny them.

10         346.    The Independent Directors admit that Plaintiffs purport in paragraph 346 to quote a

11  transcript of Wells Fargo's Q1 2014 earnings call, but deny any characterizations of that

12  document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the

13  Court to the transcript for its content.

14         347.    The Independent Directors admit that Plaintiffs purport in paragraph 347 to quote

15  Wells Fargo's Q1 2014 Form 10-Q, but deny any characterizations of that document, deny that the

16  quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of

17  the quoted language in paragraph 347, and respectfully refer the Court to the referenced document

18  for its content.

19         348.    The Independent Directors admit that Plaintiffs purport in paragraph 348 to quote

20  an April 30, 2014, Morningstar analyst report, but deny any characterizations of that document,

21  deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain

22  portions of the quoted language in paragraph 348, and respectfully refer the Court to the

23  referenced document for its content.

24         349.    The Independent Directors admit that Plaintiffs purport in paragraph 349 to quote a

25  transcript of Wells Fargo's May 20, 2014, Investor Day conference, and in footnote 176, which

26  accompanies paragraph 349, to paraphrase and quote a transcript of Barclays' September 10, 2014,

27  Global Financial Services Conference, but deny any characterizations of those documents, deny

28  that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the

1    referenced transcripts for their content.

2        350.    The Independent Directors admit that Plaintiffs purport in paragraph 350 to quote a

3    transcript of Wells Fargo's May 20, 2014, Investor Day conference, but deny any characterizations

4    of that document, deny that the quotations are accurate, complete, and unedited, deny the emphasis

5    placed on certain portions of the quoted language in paragraph 350, and respectfully refer the

6    Court to the referenced document for its content.

7        351.    The Independent Directors admit that Plaintiffs purport in paragraph 351 to quote a

8    transcript of Wells Fargo's May 20, 2014, Investor Day conference, but deny any characterizations

9    of that document, deny that the quotations are accurate, complete, and unedited, and respectfully

10   refer the Court to the referenced document for its content.

11       352.    The Independent Directors admit that Plaintiffs purport in paragraph 352 to quote a

12   May 21, 2014, UBS analyst report, but deny any characterizations of that document, deny that the

13   quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of

14   the quoted language in paragraph 352, and respectfully refer the Court to the referenced document

15   for its content.

16       353.    The Independent Directors admit that Plaintiffs purport in paragraph 353 to quote

17   Wells Fargo's Q3 2014 Form 10-Q, but deny any characterizations of that document, deny that the

18   quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced

19   document for its content.

20       354.    The Independent Directors admit that Plaintiffs purport in paragraph 354 to quote

21   and paraphrase a transcript of Wells Fargo's Q3 2014 earnings call, but deny any characterizations

22   of that document, deny that the quotations are accurate, complete, and unedited, and respectfully

23   refer the Court to the referenced document for its content.

24       355.    The Independent Directors admit that Plaintiffs purport in paragraph 355 to quote a

25   November 5, 2014, RBC Capital Markets analyst report, but deny any characterizations of that

26   document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the

27   Court to the referenced document for its content.  The Independent Directors are without

28   knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

1    paragraph 355, and on that basis deny them.

2            356.    The Independent Directors admit that Plaintiffs purport in paragraph 356 to quote

3    January 14, 2015, Morningstar analyst report, but deny any characterizations of that document,

4    deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to

5    the referenced document for its content.

6            357.    The Independent Directors admit that Plaintiffs purport in paragraph 357 to quote a

7    transcript of Wells Fargo's Q4 2014 earnings call, but deny any characterizations of that

8    document, deny that the quotations is accurate, complete, and unedited, and respectfully refer the

9    Court to the referenced document for its content.  The Independent Directors deny the remaining

10   allegations of paragraph 357.

11           358.    The Independent Directors admit that Defendant James H. Quigley signed Wells

12   Fargo's 2014 Form 10-K on behalf of himself and all other then-current Independent Directors,

13   who duly executed powers of attorney empowering him to so sign, and that the Company's Audit

14   and Examination Committee approved a resolution recommending to the Board that the

15   Company's 2015 audited financial statements be included in the Form 10-K.  The Independent

16   Directors further admit that Plaintiffs purport in paragraph 358 to quote either Wells Fargo's 2014

17   or 2015 Form 10-K, but deny any characterizations of those documents, deny that the quotations

18   are accurate, complete, and unedited, and respectfully refer the Court to the referenced documents

19   for their content.  The Independent Directors deny the remaining allegations of paragraph 358.

20           359.    The Independent Directors admit that Plaintiffs purport in paragraph 359 to quote

21   an April 14, 2015, Morningstar analyst report, but deny any characterizations of that document,

22   deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain

23   portions of the quoted language in paragraph 359, and respectfully refer the Court to the

24   referenced document for its content.

25           360.    The Independent Directors admit that Plaintiffs purport in paragraph 360 to quote

26   and paraphrase an April 2015 Morningstar analyst report, but deny any characterizations of that

27   document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the

28   Court to the referenced document for its content.

361.     The Independent Directors admit that members of the Board's Finance Committee recommended to the Board that it authorize the purchase by the Company of up to an additional 35 million shares of the Company's common stock; that the Board authorized the same in January 2016; that the directors referenced in paragraph 361 were members of the Finance Committee at the time such recommendation was made; and that the recommendation was made subsequent to the commencement of PwC's analysis of potentially unauthorized accounts in or around August 2015.  The Independent Directors admit that Plaintiffs purport to quote a January 26, 2016, press release, and respectfully refer the Court to the press release for its content.  The Independent Directors deny the remaining allegations of paragraph 361.

362.     The Independent Directors admit that Plaintiffs purport in paragraph 362 to quote either Wells Fargo's 2015 or 2016 Form 10-K, but deny any characterizations of the document, deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 362, and respectfully refer the Court to the referenced document for its content.  The Independent Directors deny the remaining allegations of paragraph 362.

363.     The Independent Directors admit that Plaintiffs purport in paragraph 363 to quote a transcript of Wells Fargo's May 24, 2016, Analyst Day, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 363, and on that basis deny them.

364.     The Independent Directors admit that Plaintiffs purport in paragraph 364 to quote and paraphrase a May 25, 2016, Evercore ISI analyst report, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.

365.     The Independent Directors admit that Wells Fargo held a conference call for analysts and investors on July 15, 2016, and that Plaintiffs purport in paragraph 365 to quote a transcript of that conference call and to paraphrase a transcript of Defendant John G. Stumpf's

1 | September 2016 testimony before the Senate Banking Committee, but deny any characterizations

2 | of those documents, deny that the quotations are accurate, complete, and unedited, and

3 | respectfully refer the Court to the referenced documents for their content.  The Independent

4 | Directors deny the remaining allegations of paragraph 365.

5 | 366.     The Independent Directors admit that Wells Fargo filed its Q2 2016 Form 10-Q on

6 | August 3, 2016, approximately one month prior to the date on which the OCC, the CFPB, and the

7 | Los Angeles City Attorney issued their respective consent orders, and that Plaintiffs purport in

8 | paragraph 366 to quote that Form 10-Q, but deny any characterizations of the document, deny that

9 | the quotations are accurate, complete, and unedited, and respectfully refer the Court to the

10 | referenced document for its content.  The Independent Directors understand that the OCC takes

11 | the position that its supervisory communications with Wells Fargo are privileged and confidential

12 | supervisory information (with the privilege owned and controlled by the OCC), and that no

13 | response is permitted or appropriate.  Accordingly, the Independent Directors respond to the

14 | allegations of paragraph 366 which pertain to a Supervisory Letter issued by the OCC by stating

15 | that they lack knowledge or information sufficient to form a belief as to the truth of the allegations

16 | and on that basis deny them and refer to the referenced document for its content. The Independent

17 | Directors deny the remaining allegations of paragraph 366.

18 | 367.     To the extent the allegations contained in paragraph 367 constitute a legal

19 | conclusion, no responsive pleading is required.  To the extent a response is required, the

20 | Independent Directors admit that as to each listed Form 10-K Wells Fargo's Audit and

21 | Examination Committee chair signed the 10-K on behalf of himself and all other then-current

22 | Independent Directors, who duly executed powers of attorney empowering him to so sign and that

23 | the paragraph 367 represents certain cross-sell metric figures as reported by Wells Fargo, and the

24 | corresponding publicly filed document and its date.  The Independent Directors deny the

25 | remaining allegations of paragraph 367.

26 | 368.     To the extent the allegations contained in paragraph 368 constitute a legal

27 | conclusion, no responsive pleading is required.  To the extent a response is required, the

28 | Independent Directors deny the allegations of paragraph 368.

369.     To the extent the allegations contained in paragraph 369 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Plaintiffs purport in paragraph 369 to quote a statement by the Comptroller of the Currency, but deny any characterizations of that statement, deny that the quotation is accurate, complete, and unedited, and respectfully refer the Court to the referenced statement for its content.  With respect to the allegations pertaining to the OCC, the Independent Directors understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, the Independent Directors respond to such allegations of paragraph 369 by stating that they lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them and refer to the referenced document for its content.   The Independent Directors deny the remaining allegations of paragraph 369.

370.     The Independent Directors admit that Plaintiffs purport in paragraph 370 to quote Wells Fargo's 2012, 2013, 2014, and 2015 Annual Reports and paraphrase the Company's 2013 Form 10-K, but deny any characterizations of those documents, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced documents for their content.  The Independent Directors deny the remaining allegations of paragraph 370.

371.     The Independent Directors admit that Plaintiffs purport in paragraph 371 to quote a transcript of Wells Fargo's May 22, 2012, Investor Day, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.

372.     The Independent Directors admit that Plaintiffs purport in paragraph 372 to quote Wells Fargo's 2013 Annual Report, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 372, and respectfully refer the Court to the referenced document for its content.

373.     The Independent Directors admit that Plaintiffs purport in paragraph 373 to quote

Wells Fargo's 2013 Annual Report, and to cite in an accompanying footnote the 2014 and 2015 Annual Reports, but deny any characterizations of those documents, deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 373, and respectfully refer the Court to the referenced documents for their content.  The Independent Directors deny the remaining allegations of paragraph 373.

374.    The Independent Directors admit that Plaintiffs purport in paragraph 374 to paraphrase Wells Fargo's 2014 Annual Report and 2014 Form 10-K, but deny any characterizations of those documents, and respectfully refer the Court to the referenced documents for their content.

375.    The Independent Directors admit that Plaintiffs purport in paragraph 375 to quote Wells Fargo's 2015 Annual Report, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 375, and respectfully refer the Court to the referenced document for its content.  The Independent Directors deny the remaining allegations of paragraph 375.

376.    The Independent Directors admit that Plaintiffs purport in paragraph 376 to quote Wells Fargo's 2015 Annual Report, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.

377.    To the extent the allegations contained in paragraph 377 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, to the extent Plaintiffs purport in paragraph 377 to reference OCC communications, the Independent Directors respond to the allegations of paragraph 377 by stating that they lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them and refer to the referenced document for its content.  The Independent Directors deny the remaining allegations of paragraph 377.

378.     To the extent the allegations contained in paragraph 378 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Plaintiffs purport in paragraph 378 to quote a September 28, 2016, letter from certain U.S. Senators to the SEC, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 378, and respectfully refer the Court to the referenced document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 378, and on that basis deny them.

379.     To the extent the allegations contained in paragraph 379 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that the Wells Fargo's CEO and CFO are charged with certifying pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") Wells Fargo's annual and quarterly reports, and that during the Relevant Period, as defined in the Complaint, Wells Fargo's CEO and CFO included Defendants John G. Stumpf, Timothy J. Sloan, and John R. Shrewsberry.  The Independent Directors further admit that Plaintiffs purport in paragraph 379 to quote the SOX certification included in Wells Fargo's 2015 Form 10-K, and to paraphrase in footnote 187 other such certifications, but deny any characterizations of those documents, deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 379, and respectfully refer the Court to the referenced documents for their content.

380.     The Independent Directors admit that Plaintiffs purport in paragraph 380 to quote Wells Fargo's 2015 Annual Report, and to paraphrase in footnote 188 other Annual Reports, but deny any characterizations of those documents, deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 380, and respectfully refer the Court to the referenced documents for their content.

381.     To the extent the allegations contained in paragraph 381 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the

1   Independent Directors deny the allegations of paragraph 381.

2       382.    To the extent the allegations contained in paragraph 382 constitute a legal

3   conclusion, no responsive pleading is required.  To the extent a response is required, the

4   Independent Directors are without knowledge or information sufficient to form a belief as to the

5   truth of the allegations of paragraph 382, and on that basis deny them.

6       383.    The Independent Directors are without knowledge or information sufficient to form

7   a belief as to the truth of the allegations of paragraph 383, and on that basis deny them.

8       384.    To the extent the allegations contained in paragraph 384 constitute a legal

9   conclusion, no responsive pleading is required.  To the extent a response is required, the

10  Independent Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations of paragraph 384 related to Defendant John G. Stumpf's share purchases

12  and sales, and on that basis deny them.  The Independent Directors deny the remaining allegations

13  of paragraph 384.

14      385.    To the extent the allegations contained in paragraph 385 constitute a legal

15  conclusion, no responsive pleading is required.  To the extent a response is required, the

16  Independent Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations of paragraph 385 related to Defendant John G. Stumpf's share purchases

18  and sales, and on that basis deny them.  The Independent Directors deny the remaining allegations

19  of paragraph 385.

20      386.    The Independent Directors are without knowledge or information sufficient to form

21  a belief as to the truth of the allegations of paragraph 386, and on that basis deny them.

22      387.    To the extent the allegations contained in paragraph 387 constitute a legal

23  conclusion, no responsive pleading is required.  To the extent a response is required, the

24  Independent Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations of paragraph 387 related to Defendant Carrie L. Tolstedt's share purchases

26  and sales, and on that basis deny them.  The Independent Directors deny the remaining allegations

27  of paragraph 387.

28      388.    The Independent Directors are without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations of paragraph 388, and on that basis deny them.

389.    To the extent the allegations contained in paragraph 389 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 389 related to Defendant Timothy J. Sloan's share purchases and sales, and on that basis deny them.  The Independent Directors deny the remaining allegations of paragraph 389.

390.    The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 390, and on that basis deny them.

391.    To the extent the allegations contained in paragraph 391 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 391 related to Defendant Michael J. Loughlin's share purchases and sales, and on that basis deny them.  The Independent Directors deny the remaining allegations of paragraph 391.

392.    To the extent the allegations contained in paragraph 392 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 392, and on that basis deny them.

393.    The Independent Directors admit that Plaintiffs purport in paragraph 393 to quote a June 19, 2015, *Financial Times* article, but deny any characterizations of that documents, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 393, and on that basis deny them.

394.    The Independent Directors admit that Plaintiffs purport in paragraph 394 to quote a June 16, 2015, *Financial Times* article, but deny any characterizations of that documents, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the

referenced document for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 394.

395.    To the extent the allegations contained in paragraph 395 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 395.

396.    To the extent the allegations contained in paragraph 396 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 396.

397.    To the extent the allegations contained in paragraph 397 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 397.

398.    To the extent the allegations contained in paragraph 398 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Wells Fargo was listed and actively traded on the New York Stock Exchange ("NYSE"), filed reports with the SEC and NYSE, and issued press releases.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 398.

399.    To the extent the allegations contained in paragraph 399 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 399 and on that basis deny them.

400.    To the extent the allegations contained in paragraph 400 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 400.

401.    To the extent the allegations contained in paragraph 401 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 401.

402.     To the extent the allegations contained in paragraph 402 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 402.

403.     To the extent the allegations contained in paragraph 403 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 403.

404.     To the extent the allegations contained in paragraph 404 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 404.

405.     To the extent the allegations contained in paragraph 405 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 405.

406.     To the extent the allegations contained in paragraph 406 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 406.

407.     The Independent Directors admit that Wells Fargo's common stock closed at $50.80 per share on August 31, 2016.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 407, and on that basis deny them.

408.     To the extent the allegations contained in paragraph 408 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that the CFPB, the OCC, and the Los Angeles City Attorney issued consent orders or entered settlements against Wells Fargo on or about September 8, 2016, and that Plaintiffs in paragraph 408 purport to paraphrase the content of those consent orders or settlements, but deny any characterizations of those documents, and respectfully refer the Court to the consent orders for their content.  The Independent Directors deny the remaining allegations of paragraph 408.

409.     The Independent Directors admit that Wells Fargo common stock closed at $49.90

on September 8, 2016, and at $43.75 on October 4, 2016, and that this change represents an approximately 12% decrease and that the number of shares times the amount of the decrease is over $30 billion.  The Independent Directors deny the remaining allegations of paragraph 409.

410.    To the extent the allegations contained in paragraph 410 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 410.

411.    The Independent Directors deny the allegations of paragraph 411.

412.    The Independent Directors admit the Los Angeles City Attorney, the CFPB, and the OCC issued respective consent orders against Wells Fargo on September 8, 2016; that Defendant John G. Stumpf testified before the Senate Banking Committee on September 20, 2016; and that Mr. Stumpf resigned from his position as Wells Fargo Chairman and CEO on October 12, 2016.  The Independent Directors further admit that Plaintiffs purport in paragraph 412 to paraphrase the settlement entered into and the consent orders issued respectively by the Los Angeles City Attorney, the CFPB, and the OCC and the transcript of the September 20, 2016, Senate Banking Committee hearing, but deny any characterizations of those documents, and respectfully refer the Court to the referenced documents for their content.  The Independent Directors deny the remaining allegations of paragraph 412.

413.    The Independent Directors admit that Plaintiffs in paragraph 413 purport to paraphrase press releases by the OCC, the CFPB, and the Los Angeles City Attorney and to quote a September 8, 2016, *New York Times* article, but deny any characterizations of those documents, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.

414.    The Independent Directors admit that Plaintiffs in paragraph 414 purport to quote a press release by the Los Angeles City Attorney, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.

415.    The Independent Directors admit that Plaintiffs in paragraph 415 purport to paraphrase a settlement between Wells Fargo and the Los Angeles City Attorney, but deny any

characterizations of that document, and respectfully refer the Court to the referenced document for its content.

416.   The Independent Directors admit that Plaintiffs in paragraph 416 purport to paraphrase a settlement between Wells Fargo and the Los Angeles City Attorney, but deny any characterizations of that document, and respectfully refer the Court to the referenced document for its content.

417.   The Independent Directors admit that Plaintiffs in paragraph 417 purport to paraphrase a settlement between Wells Fargo and the Los Angeles City Attorney, but deny any characterizations of that document, and respectfully refer the Court to the referenced document for its content.

418.   To the extent the allegations contained in paragraph 418 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Wells Fargo entered into a Consent Order with the CFPB on September 8, 2016, and that Plaintiffs in paragraph 418 purport to paraphrase the Consent Order, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.

419.   The Independent Directors admit that Plaintiffs in paragraph 419 purport to paraphrase the CFPB's September 8, 2016, Consent Order, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.  The Independent Directors deny the remaining allegations of paragraph 419.

420.   The Independent Directors admit that Plaintiffs in paragraph 420 purport to paraphrase the CFPB's September 8, 2016, Consent Order, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.  The Independent Directors deny the remaining allegations of paragraph 420.

421.   The Independent Directors admit that Plaintiffs in paragraph 421 purport to paraphrase CFPB Director Richard Cordray's September 20, 2016, written testimony before the

1   Senate Banking Committee, but deny any characterizations of that document, deny that the

2   quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced

3   document for its content.  The Independent Directors are without knowledge or information

4   sufficient to form a belief as to the truth of the remaining allegations of paragraph 421, and on that

5   basis deny them.

6          422.   The Independent Directors admit that Wells Fargo entered into a Consent Order

7   with the OCC on September 8, 2016, and that Plaintiffs in paragraph 422 purport to paraphrase the

8   Consent Order, but deny any characterizations of that document, deny that the quotations are

9   accurate, complete, and unedited, and respectfully refer the Court to the referenced document for

10  its content.

11         423.   The Independent Directors admit that Plaintiffs in paragraph 423 purport to

12  paraphrase the OCC's September 8, 2016, Consent Order, but deny any characterizations of those

13  documents, deny that the quotations are accurate, complete, and unedited, and respectfully refer

14  the Court to the referenced document for its content.

15         424.   The Independent Directors admit that on September 13, 2016, Wells Fargo

16  announced that it would eliminate all product sales goals in retail banking, effective January 1,

17  2017, and that Plaintiffs purport in paragraph 424 to paraphrase a September 13, 2016, Wells

18  Fargo press release and quote a January 13, 2017, Wells Fargo press release, but deny any

19  characterizations of those documents, deny that the quotations are accurate, complete, and

20  unedited, and respectfully refer the Court to the referenced documents for their content.

21         425.   The Independent Directors admit that Wells Fargo common stock closed at $49.90

22  on September 8, 2016, and at $45.43 on September 16, 2016, and that this change represents an

23  approximately 9% decrease.  The Independent Directors deny the remaining allegations of

24  paragraph 425.

25         426.   To the extent the allegations contained in paragraph 426 constitute a legal

26  conclusion, no responsive pleading is required.  To the extent a response is required, the

27  Independent Directors admit that, since September 8, 2016, certain governmental entities have

28  initiated investigations into the subject matter described in the OCC and CFPB consent orders and

the Los Angeles City Attorney settlement but deny the remaining allegations of paragraph 426.

427.    The Independent Directors admit that certain U.S. Senators on September 16, 2016, sent a letter to Defendant John G. Stumpf, copying members of the Human Resources Committee, and that Plaintiffs purport in paragraph 427 to paraphrase and quote that letter, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 427, and respectfully refer the Court to the referenced document for its content.

428.    The Independent Directors admit that Defendant John G. Stumpf testified before the Senate Banking Committee on September 20, 2016, and that Plaintiffs purport in paragraph 428 to paraphrase and quote a transcript of Mr. Stumpf's testimony, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 428, and respectfully refer the Court to the referenced document for its content.  The Independent Directors deny the remaining allegations of paragraph 428.

429.    The Independent Directors admit Plaintiffs purport in paragraph 429 to paraphrase and quote a transcript of Mr. Stumpf's September 20, 2016, testimony, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of the quoted language in paragraph 429, and respectfully refer the Court to the referenced document for its content.  The Independent Directors deny the remaining allegations of paragraph 429.

430.    The Independent Directors admit that the Board's Audit and Examination Committee received certain information pertaining to Wells Fargo's Internal Investigations group, EthicsLine, and suspicious activity reporting from at least 2011, including that certain of the reports discussed increases in sales integrity issues; that the Risk Committee received reports from management regarding certain noteworthy risks, which later at certain times included sales conduct and practice issues affecting customers and management's efforts to address those risks; that the Human Resources Committee later at certain times received reports advising the committee that management was monitoring the sales practices issues; and that the Board at some

point discussed sales integrity issues.  The Independent Directors further admit Plaintiffs purport in paragraph 430 to paraphrase and quote a transcript of Mr. Stumpf's September 20, 2016, testimony, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content. The Independent Directors deny the remaining allegations of paragraph 430.

431.     The Independent Directors admit Plaintiffs purport in paragraph 431 to paraphrase Mr. Stumpf's September 20, 2016, testimony, but deny any characterizations of that document, and respectfully refer the Court to the referenced document for its content.  The Independent Directors deny the remaining allegations of paragraph 431.

432.     The Independent Directors admit Plaintiffs purport in paragraph 432 to quote a transcript of Mr. Stumpf's September 20, 2016, testimony, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.  The Independent Directors deny the remaining allegations of paragraph 432.

433.     The Independent Directors admit Plaintiffs purport in paragraph 433 to quote a transcript of Mr. Stumpf's September 20, 2016, testimony, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.  The Independent Directors deny the remaining allegations of paragraph 433.

434.     To the extent the allegations contained in paragraph 434 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit Plaintiffs purport in paragraph 434 to quote a transcript of Mr. Stumpf's September 20, 2016, testimony, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.  The Independent Directors deny the remaining allegations of paragraph 434.

435.     To the extent the allegations contained in paragraph 435 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the

1    Independent Directors admit Plaintiffs purport in paragraph 435 to quote a transcript of Mr.

2    Stumpf's September 20, 2016, testimony, but deny any characterizations of that document, deny

3    that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the

4    referenced document for its content.  The Independent Directors deny the remaining allegations of

5    paragraph 435.

6         436.    The Independent Directors admit Plaintiffs purport in paragraph 436 to quote a

7    September 20, 2016, *Los Angeles Times* article, but deny any characterizations of that document,

8    deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to

9    the referenced document for its content.  The Independent Directors deny the remaining

10   allegations of paragraph 436.

11        437.    The Independent Directors admit that certain U.S. Senators on September 22, 2016,

12   sent a letter to Labor Secretary Tom Perez and DOL Wage and Hour Division Administrator

13   David Weil, and that Plaintiffs purport in paragraph 437 to quote that letter, but deny any

14   characterizations of that document, deny that the quotations are accurate, complete, and unedited,

15   and respectfully refer the Court to the referenced document for its content.  The Independent

16   Directors deny the remaining allegations of paragraph 437.

17        438.    The Independent Directors admit that Senator Elizabeth Warren on September 28,

18   2016, sent a letter to Defendant Stephen W. Sanger, and that Plaintiffs purport in paragraph 438 to

19   quote that letter, but deny any characterizations of that document, deny that the quotations are

20   accurate, complete, and unedited, and respectfully refer the Court to the referenced document for

21   its content.  The Independent Directors deny the remaining allegation of paragraph 438.

22        439.    The Independent Directors admit that the State of California took certain actions

23   with respect to Wells Fargo on September 28, 2016, and that Plaintiffs purports in paragraph 439

24   to paraphrase a letter from California State Treasurer John Chiang to the Wells Fargo Board, but

25   deny any characterizations of that document, deny that the quotations are accurate, complete, and

26   unedited, and respectfully refer the Court to the referenced document for its content.  The

27   Independent Directors deny the remaining allegations of paragraph 439.

28        440.    The Independent Directors admit that Defendant John G. Stumpf testified before

1   the House Financial Services Committee on September 29, 2016, and that Plaintiffs purport in

2   paragraph 440 to paraphrase and quote a transcript of Mr. Stumpf's testimony, but deny any

3   characterizations of that document, deny that the quotations are accurate, complete, and unedited,

4   deny the emphasis placed on certain portions of the quoted language in paragraph 440, and

5   respectfully refer the Court to the referenced document for its content.  The Independent Directors

6   deny the remaining allegations of paragraph 440.

7           441.    To the extent the allegations contained in paragraph 441 constitute a legal

8   conclusion, no responsive pleading is required.  To the extent a response is required, the

9   Independent Directors admit that Plaintiffs purport in paragraph 441 to paraphrase and quote a

10  September 29, 2016, letter from certain U.S. Senators to the SEC, but deny any characterizations

11  of that document, deny that the quotations are accurate, complete, and unedited, deny the emphasis

12  placed on certain portions of the quoted language in paragraph 441, and respectfully refer the

13  Court to the referenced document for its content.  The Independent Directors deny the remaining

14  allegations of paragraph 441.

15          442.    The Independent Directors admit that Defendant John G. Stumpf resigned from

16  Wells Fargo on October 12, 2016, and was replaced by Defendant Timothy J. Sloan as CEO and

17  by Defendant Stephen W. Sanger as Board Chair; that the Independent Directors had previously

18  determined with Mr. Stumpf's agreement that he would forfeit all of his outstanding unvested

19  equity awards, valued at approximately $41 million based on the closing share price on September

20  27, 2016, and that the Independent Directors announced said forfeiture on that day; and that Mr.

21  Stumpf confirmed during his September 29, 2016, Congressional testimony that he would forfeit

22  that amount.  The Independent Directors deny the remaining allegations of paragraph 442.

23          443.    The Independent Directors admit that on October 20, 2016, certain U.S. Senators

24  sent a letter to Defendant Stephen W. Sanger and that Plaintiffs purport in paragraph 443 to

25  paraphrase and quote the letter, but deny any characterizations of that document, deny that the

26  quotations are accurate, complete, and unedited, deny the emphasis placed on certain portions of

27  the quoted language in paragraph 443, and respectfully refer the Court to the referenced document

28  for its content.

444.     To the extent the allegations contained in paragraph 444 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that Plaintiffs purport in paragraph 444 to quote Wells Fargo's Code of Ethics and Business Conduct, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.  The Independent Directors deny the remaining allegations of paragraph 444.

445.     To the extent the allegations contained in paragraph 445 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 445.

446.     The Independent Directors admit that J.P. Morgan downgraded Wells Fargo stock on September 21, 2016, and that Plaintiffs purport in paragraph 446 to quote a statement made by J.P. Morgan analyst Vivek Juneja regarding that downgrade, but deny any characterizations of that statement, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.  The Independent Directors deny the remaining allegations of paragraph 446.

447.     The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 447, and on that basis deny them.

448.     The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 448, and on that basis deny them.

449.     The Independent Directors admit Plaintiffs purport in paragraph 449 to paraphrase and quote Wells Fargo's Q3 2016 Form 10-Q, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.

450.     The Independent Directors admit that October 2016 was the first month following the September 2016 consent order and settlement announcements and that Plaintiffs purport in paragraph 450 to paraphrase a November 17, 2016, press release, but deny any characterizations of that document, and respectfully refer the Court to the referenced document for its content.  The

1   Independent Directors deny the remaining allegations of paragraph 450.

2        451.   The Independent Directors admit Plaintiffs purport in paragraph 451 to paraphrase

3   a December 16, 2016, press release, but deny any characterizations of that document, and

4   respectfully refer the Court to the referenced document for its content.

5        452.   The Independent Directors admit Plaintiffs purport in paragraph 452 to paraphrase

6   a February 17, 2017, press release, but deny any characterizations of that document, and

7   respectfully refer the Court to the referenced document for its content.

8        453.   The Independent Directors admit Plaintiffs purport in paragraph 453 to quote a

9   Mini-Study of Wells Fargo by advisory firm CG42, but deny any characterizations of that

10  document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the

11  Court to the referenced document for its content.  The Independent Directors are without

12  knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

13  paragraph 453, and on that basis deny them.

14       454.   The Independent Directors admit Plaintiffs purport in paragraph 454 to paraphrase

15  a Mini-Study of Wells Fargo by advisory firm CG42, but deny any characterizations of that

16  document, and respectfully refer the Court to the referenced document for its content.

17       455.   The Independent Directors admit Plaintiffs purport in paragraph 455 to paraphrase

18  and quote a Mini-Study of Wells Fargo by advisory firm CG42, but deny any characterizations of

19  that document, deny that the quotations are accurate, complete, and unedited, and respectfully

20  refer the Court to the referenced document for its content.

21       456.   The Independent Directors admit Plaintiffs purport in paragraph 456 to paraphrase

22  and quote a Mini-Study of Wells Fargo by advisory firm CG42, but deny any characterizations of

23  that document, deny that the quotations are accurate, complete, and unedited, and respectfully

24  refer the Court to the referenced document for its content.

25       457.   The Independent Directors admit Plaintiffs purport in paragraph 457 to paraphrase

26  and quote a Mini-Study of Wells Fargo by advisory firm CG42, but deny any characterizations of

27  that document, deny that the quotations are accurate, complete, and unedited, and respectfully

28  refer the Court to the referenced document for its content.

458.     To the extent the allegations contained in paragraph 458 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit certain states and cities suspended certain business with Wells Fargo following the September 2016 consent orders and settlement.  To the extent Plaintiffs' allegations pertain to the tendencies of consumers of banking products, the Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 458, and on that basis deny them.  The Independent Directors deny the remaining allegations of paragraph 458.

459.     The Independent Directors admit that the State of California took certain actions with respect to Wells Fargo on September 28, 2016, and that Plaintiffs purport in paragraph 459 to paraphrase and quote a letter from California State Treasurer John Chiang to the Wells Fargo Board, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.

460.     The Independent Directors admit that Plaintiffs purports in paragraph 460 to paraphrase and quote a letter from California State Treasurer John Chiang to the Wells Fargo Board, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.

461.     The Independent Directors admit that Illinois's State Treasurer's office issued a press release on October 3, 2016, in which it announced certain actions with respect to Wells Fargo, and that Plaintiffs purport in paragraph 461 to paraphrase that press release, but deny any characterizations of that document, and respectfully refer the Court to the referenced document for its content.

462.     The Independent Directors admit that Ohio Governor John Kasich's office issued a press release on October 14, 2016, in which it announced certain actions with respect to Wells Fargo, and that Plaintiffs purport in paragraph 462 to quote that press release, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.

463.     The Independent Directors admit that Wells Fargo on October 17, 2016, was

removed for a period of one year from Massachusetts's approved list of underwriters.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 463, and on that basis deny them.

464.   The Independent Directors admit that New York Governor Andrew Cuomo's office issued a press release on October 11, 2016, and that Plaintiffs purport in paragraph 464 to paraphrase and quote that press release, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.

465.   The Independent Directors admit that the Pennsylvania Treasury office issued a press release on November 3, 2016, in which it announced certain actions with respect to Wells Fargo, and that Plaintiffs purport in paragraph 465 to paraphrase and quote that press release, but deny any characterizations of that document, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document for its content.

466.   The Independent Directors admit that the California State Senate's Committee on Banking and Financial Institutions on November 28, 2016, held an oversight hearing, that Wells Fargo did not send a representative to that hearing, and that Plaintiffs purport in paragraph 466 to quote a background paper related to that hearing and certain statements by the Committee's chairman, but deny any characterizations of that document or those statements, deny that the quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced document and statements for their content.  The Independent Directors deny the remaining allegations of paragraph 466.

467.   The Independent Directors admit that the cities of Chicago, Seattle, and Sacramento have announced certain actions with respect to Wells Fargo.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 467, and on that basis deny them.

468.   To the extent the allegations contained in paragraph 468 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the remaining allegations of paragraph 468.

469.     To the extent the allegations contained in paragraph 469 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that a consumer class action complaint was filed against Wells Fargo in the United States District Court for the District of Utah on September 16, 2016, and that Plaintiffs in paragraph 469 purport to paraphrase the complaint, but deny any characterizations of that action, and respectfully refer the Court to the referenced complaint for its content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 469, and on that basis deny them.

470.     The Independent Directors admit that a putative shareholder class action complaint was filed against Wells Fargo in the United States District Court for the Northern District of California on September 29, 2016, and that Plaintiffs in paragraph 470 purport to paraphrase the complaint, but deny any characterizations of that action, and respectfully refer the Court to the referenced complaint for its content.

471.     The Independent Directors admit that a class action complaint was filed against Wells Fargo in the United States District Court for the District of Minnesota on September 16, 2016, and that Plaintiffs in paragraph 471 purport to paraphrase the complaint, but deny any characterizations of that action, and respectfully refer the Court to the referenced complaint for its content.

472.     The Independent Directors admit that a class action complaint alleging violations of 18 U.S.C. § 1961 was filed against Wells Fargo in the United States District Court for the Northern District of California, and that Plaintiffs in paragraph 472 purport to paraphrase the complaint, but deny any characterizations of that action, and respectfully refer the Court to the referenced complaint for its content.

473.     The Independent Directors admit that the Department of Justice has undertaken formal or informal inquiries or investigations arising out of certain sales practices of the Company that were the subject of settlements with the OCC, CFPB, and Los Angeles City Attorney settlement, and that federal prosecutors have sought documents from Wells Fargo in connection with these inquiries or investigations.  The Independent Directors are without knowledge or

1   information sufficient to form a belief as to the truth of the remaining allegations of paragraph

2   473, and on that basis deny them.

3          474.    The Independent Directors admit that the Company has incurred costs in

4   connection with investigations of sales practices.  The Independent Directors are without

5   knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

6   paragraph 474, and on that basis deny them.

7          475.    The Independent Directors admit that on September 27, 2016, , the Independent

8   Directors announced that the Defendants John G. Stumpf and Carrie L. Tolstedt would forfeit $41

9   million and $19 million, respectively, in outstanding unvested equity awards, and that Plaintiffs in

10  paragraph 475 purport to quote a *Bloomberg* article regarding those forfeitures, but deny any

11  characterizations of that document, deny that the quotations are accurate, complete, and unedited,

12  and respectfully refer the Court to the referenced document for its content.  The Independent

13  Directors further admit that Mr. Stumpf testified before the House Committee on Financial

14  Services on September 29, 2016.  The Independent Directors deny the remaining allegations of

15  paragraph 475.

16         476.    To the extent the allegations contained in paragraph 476 constitute a legal

17  conclusion, no responsive pleading is required.  To the extent a response is required, the

18  Independent Directors admit that Plaintiffs in paragraph 476 purport to quote a *Bloomberg* article

19  regarding those forfeitures, but deny any characterizations of that document, deny that the

20  quotations are accurate, complete, and unedited, and respectfully refer the Court to the referenced

21  document for its content.  The Independent Directors are without knowledge or information

22  sufficient to form a belief as to the truth of the allegations of paragraph 476 relating to the

23  compensation of Defendants John G. Stumpf and Carrie L. Tolstedt and the nature of the public

24  reaction, and on that basis deny them.  The Independent Directors deny the remaining allegations

25  in paragraph 476.

26         477.    To the extent the allegations contained in paragraph 477 constitute a legal

27  conclusion, no responsive pleading is required.  To the extent a response is required, the

28  Independent Directors admit that Plaintiffs have not made a demand on the Board to institute this

1   action but deny the remaining allegations of paragraph 477.

2       478.    To the extent the allegations contained in paragraph 478 constitute a legal

3   conclusion, no responsive pleading is required.  To the extent a response is required, the

4   Independent Directors deny the allegations of paragraph 478.

5       479.    To the extent the allegations contained in paragraph 479 constitute a legal

6   conclusion, no responsive pleading is required.  To the extent a response is required, the

7   Independent Directors admit that Plaintiffs have not made a demand on the Board to institute this

8   action but deny the remaining allegations of paragraph 479.

9       480.    To the extent the allegations contained in paragraph 480 constitute a legal

10  conclusion, no responsive pleading is required.  To the extent a response is required, the

11  Independent Directors deny the allegations of paragraph 480.

12      481.    To the extent the allegations contained in paragraph 481 constitute a legal

13  conclusion, no responsive pleading is required.  To the extent a response is required, the

14  Independent Directors deny the allegations of paragraph 481.

15      482.    To the extent the allegations contained in paragraph 482 constitute a legal

16  conclusion, no responsive pleading is required.  To the extent a response is required, the

17  Independent Directors deny the allegations of paragraph 482.

18      483.    To the extent the allegations contained in paragraph 483 constitute a legal

19  conclusion, no responsive pleading is required.  To the extent a response is required, the

20  Independent Directors deny the allegations of paragraph 483.

21      484.    To the extent the allegations contained in paragraph 484 constitute a legal

22  conclusion, no responsive pleading is required.  To the extent a response is required, the

23  Independent Directors deny the allegations of paragraph 484.

24      485.    To the extent the allegations contained in paragraph 485 constitute a legal

25  conclusion, no responsive pleading is required.  To the extent a response is required, the

26  Independent Directors understand that the OCC takes the position that its supervisory

27  communications with Wells Fargo are privileged and confidential supervisory information (with

28  the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.

1    Accordingly, to the extent Plaintiffs purport in paragraph 485 to reference OCC communications,

2    the Independent Directors respond to the allegations of paragraph 485 by stating that they lack

3    knowledge or information sufficient to form a belief as to the truth of the allegations and on that

4    basis deny them and refer to the referenced document for its content.  The Independent Directors

5    deny the remaining allegations of paragraph 485.

6        486.    To the extent the allegations contained in paragraph 486 constitute a legal

7    conclusion, no responsive pleading is required.  To the extent a response is required, the

8    Independent Directors deny the allegations of paragraph 486.

9        487.    To the extent the allegations contained in paragraph 487 constitute a legal

10   conclusion, no responsive pleading is required.  To the extent a response is required, the

11   Independent Directors admit that the referenced Wells Fargo directors served on the Audit and

12   Examination Committee during all or part of the Relevant Period, as defined by the Complaint,

13   and respectfully refer the Court to Wells Fargo's Audit and Examination Committee Charter for

14   its content.  The Independent Directors deny the remaining allegations of paragraph 487.

15       488.    To the extent the allegations contained in paragraph 488 constitute a legal

16   conclusion, no responsive pleading is required.  To the extent a response is required, the

17   Independent Directors deny the allegations of paragraph 488.

18       489.    To the extent the allegations contained in paragraph 489 constitute a legal

19   conclusion, no responsive pleading is required.  To the extent a response is required, the

20   Independent Directors deny the allegations of paragraph 489.

21       490.    To the extent the allegations contained in paragraph 490 constitute a legal

22   conclusion, no responsive pleading is required.  To the extent a response is required, the

23   Independent Directors admit that the referenced Wells Fargo directors served on the Risk

24   Committee during all or part of the Relevant Period, as defined by the Complaint, and that

25   Plaintiffs purport in paragraph 490 to quote Wells Fargo's Risk Committee Charter, but deny any

26   characterizations of those quotations, deny that those quotations are accurate, complete, and

27   unedited, and respectfully refer the Court to that document for its content.  The Independent

28   Directors understand that the OCC takes the position that its supervisory communications with

1   Wells Fargo are privileged and confidential supervisory information (with the privilege owned and

2   controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, to the

3   extent Plaintiffs purport in paragraph 490 to reference OCC communications, the Independent

4   Directors respond to the allegations of paragraph 490 by stating that they lack knowledge or

5   information sufficient to form a belief as to the truth of the allegations and on that basis deny them

6   and refer to the referenced document for its content.  The Independent Directors deny the

7   remaining allegations of paragraph 490.

8       491.    To the extent the allegations contained in paragraph 491 constitute a legal

9   conclusion, no responsive pleading is required.  To the extent a response is required, the

10  Independent Directors admit that the referenced Wells Fargo directors served on the Risk

11  Committee during all or part of the Relevant Period, as defined by the Complaint, and that

12  Plaintiffs in paragraph 491 purport to paraphrase Wells Fargo's Corporate Responsibility

13  Committee Charter, but deny any characterizations of that document and respectfully refer the

14  Court to the document for its content.  The Independent Directors further admit that Plaintiffs in

15  paragraph 491 purport to quote a statement prepared for the September 20, 2016, Senate Banking

16  Committee hearing, but deny any characterizations of the quoted statement and the attribution

17  thereof, and deny that paragraph 491 contains an accurate, complete, and unedited quotation of the

18  statement.  The Independent Directors deny the remaining allegations in paragraph 491.

19      492.    To the extent the allegations contained in paragraph 492 constitute a legal

20  conclusion, no responsive pleading is required.  To the extent a response is required, the

21  Independent Directors admit that the referenced Wells Fargo directors served on the Human

22  Resources Committee during all or part of the Relevant Period, as defined by the Complaint, and

23  that Plaintiffs purport to paraphrase Wells Fargo's Human Resources Committee Charter, but deny

24  any characterizations of that document and respectfully refer the Court to the document for its

25  content.  The Independent Directors deny the remaining allegations in paragraph 492.

26      493.    To the extent the allegations contained in paragraph 493 constitute a legal

27  conclusion, no responsive pleading is required.  To the extent a response is required, the

28  Independent Directors admit that the referenced Wells Fargo directors served on the Governance

1  and Nominating Committee during all or part of the Relevant Period, as defined by the Complaint,

2  and that Plaintiffs purport in paragraph 493 to paraphrase Wells Fargo's Governance and

3  Nominating Committee Charter, but deny any characterizations of that document and respectfully

4  refer the Court to the document for its content.  The Independent Directors deny the remaining

5  allegations in paragraph 493.

6  494.    To the extent the allegations contained in paragraph 494 constitute a legal

7  conclusion, no responsive pleading is required.  To the extent a response is required, the

8  Independent Directors deny the allegations of paragraph 494.

9  495.    To the extent the allegations contained in paragraph 495 constitute a legal

10  conclusion, no responsive pleading is required.  To the extent a response is required, the

11  Independent Directors deny the allegations of paragraph 495.

12  496.    To the extent the allegations contained in paragraph 496 constitute a legal

13  conclusion, no responsive pleading is required.  To the extent a response is required, the

14  Independent Directors deny the allegations of paragraph 496.

15  497.    To the extent the allegations contained in paragraph 497 constitute a legal

16  conclusion, no responsive pleading is required.  To the extent a response is required, the

17  Independent Directors deny the allegations of paragraph 497.

18  498.    To the extent the allegations contained in paragraph 498 constitute a legal

19  conclusion, no responsive pleading is required.  To the extent a response is required, the

20  Independent Directors admit that Plaintiffs purport in paragraph 498 to quote from a transcript of a

21  House Financial Services Committee hearing held on September 29, 2016, but deny any

22  characterizations of the document, deny that paragraph 498 contains an accurate, complete, and

23  unedited quotation of the transcript, and respectfully refer the Court to the referenced transcript for

24  its content.  The Independent Directors deny the remaining allegations of paragraph 498.

25  499.    To the extent the allegations contained in paragraph 499 constitute a legal

26  conclusion, no responsive pleading is required.  To the extent a response is required, the

27  Independent Directors admit that Plaintiffs purport in paragraph 499 to paraphrase a complaint

28  filed in May 2015 by the Los Angeles City Attorney and respectfully refer the Court to that

complaint for its content.  The Independent Directors deny the remaining allegations of paragraph 499.

500.    To the extent the allegations contained in paragraph 500 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 500.

501.    To the extent the allegations contained in paragraph 501 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 501.

502.    The Independent Directors understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of paragraph 502 relating to the OCC by stating that they lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them and refer to the referenced documents for their content.  The Independent Directors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 502 and on that basis deny them.

503.    The Independent Directors understand that the OCC takes the position that its supervisory communications with Wells Fargo are privileged and confidential supervisory information (with the privilege owned and controlled by the OCC), and that no response is permitted or appropriate.  Accordingly, the Independent Directors respond to the allegations of paragraph 503 by stating that they lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them and refer to the referenced document for its content.

504.    The Independent Directors deny the allegations of paragraph 504.

505.    To the extent the allegations contained in paragraph 505 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 505.

506. To the extent the allegations contained in paragraph 506 constitute a legal conclusion, no responsive pleading is required. To the extent a response is required, the Independent Directors deny the allegations of paragraph 506.

507. To the extent the allegations contained in paragraph 507 constitute a legal conclusion, no responsive pleading is required. To the extent a response is required, the Independent Directors deny the allegations of paragraph 507.

508. The Independent Directors deny the allegations of paragraph 508.

509. To the extent the allegations contained in paragraph 509 constitute a legal conclusion, no responsive pleading is required. To the extent a response is required, the Independent Directors deny the allegations of paragraph 509.

510. To the extent the allegations contained in paragraph 510 constitute a legal conclusion, no responsive pleading is required. To the extent a response is required, the Independent Directors deny the allegations of paragraph 510.

511. To the extent the allegations contained in paragraph 511 constitute a legal conclusion, no responsive pleading is required. To the extent a response is required, the Independent Directors deny the allegations of paragraph 511.

512. To the extent the allegations contained in paragraph 512 constitute a legal conclusion, no responsive pleading is required. To the extent a response is required, the Independent Directors deny the allegations of paragraph 512.

513. The Independent Directors admit that the referenced Wells Fargo directors served on the Human Resources Committee during all or part of the Relevant Period, as defined by the Complaint, and respectfully refer the Court to Wells Fargo's Human Resources Committee Charter, which Plaintiffs purport to paraphrase in paragraph 513, for its content. The Independent Directors deny the remaining allegations of paragraph 513.

514. To the extent the allegations contained in paragraph 514 constitute a legal conclusion, no responsive pleading is required. To the extent a response is required, the Independent Directors admit that certain defendants' compensation was tied in part to Wells Fargo's financial success but deny the remaining allegations of paragraph 514.

515.     The Independent Directors admit that Plaintiffs purport in paragraph 515 to quote or paraphrase Wells Fargo's 2015 Annual Proxy Statement and the Human Resources Committee Charter, but deny any characterizations of the those documents, deny that paragraph 515 contains an accurate, complete, and unedited quotation of the 2015 Proxy Statement, and respectfully refer the Court to the documents for their content.  The Independent Directors deny the remaining allegations of paragraph 515.

516.     To the extent the allegations contained in paragraph 516 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that they announced on September 27, 2016, that the Board had determined that Wells Fargo would cause to be forfeited unvested equity awards to Defendants John G. Stumpf and Carrie L. Tolstedt, in the approximate amounts of $41 million and $19 million, respectively.  The Independent Directors further admit that Mr. Stumpf testified before the Senate Banking Committee on September 20, 2016, and before the House Financial Services Committee on September 29, 2016, and that Plaintiffs purport to quote or paraphrase the transcripts of those hearings, unidentified analyst notes, and a Wells Fargo press release dated September 28, 2016, and respectfully refer the Court to those documents for their content.  The Independent Directors deny the remaining allegations of paragraph 516.

517.     To the extent the allegations contained in paragraph 517 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 517.

518.     The Independent Directors deny the allegations of paragraph 518.

519.     The Independent Directors admit that Plaintiffs purport in paragraph 519 to quote from a transcript of a May 19, 2015, Barclays Americas Select Conference, but deny any characterizations of the quoted statement, deny that paragraph 519 contains an accurate, complete, and unedited quotation of the transcript, deny the emphasis placed on certain portions of the quoted language in paragraph 519, and respectfully refer the Court to the transcript for its content.

520.     The Independent Directors admit that Plaintiffs purport in paragraph 520 to quote from a transcript of a May 29, 2015, Sanford C. Bernstein Strategic Decisions Conference, but

deny any characterizations of the quoted statement, deny that paragraph 520 contains an accurate, complete, and unedited quotation of the transcript, deny the emphasis placed on certain portions of the quoted language in paragraph 520, and respectfully refer the Court to the transcript for its content.  The Independent Directors deny the remaining allegations of paragraph 520.

521.    The Independent Directors deny the allegations of paragraph 521.

522.    To the extent the allegations contained in paragraph 522 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 522.

523.    To the extent the allegations contained in paragraph 523 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 523.

524.    The Independent Directors incorporate by reference their responses to paragraphs 1 through 523, above.

525.    Because the allegations contained in paragraph 525 constitute a legal conclusion, no responsive pleading is required.

526.    To the extent the allegations contained in paragraph 526 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 526.

527.    To the extent the allegations contained in paragraph 527 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 527.

528.    To the extent the allegations contained in paragraph 528 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 528.

529.    To the extent the allegations contained in paragraph 529 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 529.

530.    To the extent the allegations contained in paragraph 530 constitute a legal

1   conclusion, no responsive pleading is required.  To the extent a response is required, the

2   Independent Directors deny the allegations of paragraph 530.

3        531.    To the extent the allegations contained in paragraph 531 constitute a legal

4   conclusion, no responsive pleading is required.  To the extent a response is required, the

5   Independent Directors admit that Plaintiffs in paragraph 531 purport to paraphrase Wells Fargo's

6   Code of Conduct and various committee charters, respectfully refer the Court to those documents

7   for their content, and otherwise deny the allegations of paragraph 531.

8        532.    To the extent the allegations contained in paragraph 532 constitute a legal

9   conclusion, no responsive pleading is required.  To the extent a response is required, the

10  Independent Directors deny the allegations of paragraph 532.

11       533.    To the extent the allegations contained in paragraph 533 constitute a legal

12  conclusion, no responsive pleading is required.  To the extent a response is required, the

13  Independent Directors admit that Wells Fargo's certificate of incorporation contains a provision

14  pursuant to 8 Del. C. § 102(b)(7) and that Plaintiffs purport to characterize that provision, but deny

15  any characterizations of the provision, deny that the quotations are accurate, complete, and

16  unedited, and respectfully refer the Court to the certificate of incorporation and 8 Del. C.

17  § 102(b)(7) for their content.  The Independent Directors deny the remaining allegations of

18  paragraph 533.

19       534.    To the extent the allegations contained in paragraph 534 constitute a legal

20  conclusion, no responsive pleading is required.  To the extent a response is required, the

21  Independent Directors deny the allegations of paragraph 534.

22       535.    Because the allegations contained in paragraph 535 constitute a legal conclusion,

23  no responsive pleading is required.

24       536.    To the extent the allegations contained in paragraph 536 constitute a legal

25  conclusion, no responsive pleading is required.  To the extent a response is required, the

26  Independent Directors deny the allegations of paragraph 536.

27       537.    To the extent the allegations contained in paragraph 537 constitute a legal

28  conclusion, no responsive pleading is required.  To the extent a response is required, the

1    Independent Directors deny the allegations of paragraph 537.

2        538.    The Independent Directors incorporate by reference their responses to paragraphs 1

3    through 537, above.

4        539.    To the extent the allegations contained in paragraph 539 constitute a legal

5    conclusion, no responsive pleading is required.  To the extent a response is required, the

6    Independent Directors deny the allegations of paragraph 539.

7        540.    To the extent Plaintiffs in paragraph 540 purport to characterize their claim and the

8    relief they seek, no responsive pleading is required.  To the extent the allegations contained in

9    paragraph 540 constitute a legal conclusion, no responsive pleading is required.  To the extent a

10   response is required, the Independent Directors deny the allegations of paragraph 540.

11       541.    The Independent Directors have no obligation to respond to this allegation because

12   Count III is not alleged against them.

13       542.    The Independent Directors have no obligation to respond to this allegation because

14   Count III is not alleged against them.

15       543.    The Independent Directors have no obligation to respond to this allegation because

16   Count III is not alleged against them.

17       544.    The Independent Directors have no obligation to respond to this allegation because

18   Count III is not alleged against them.

19       545.    The Independent Directors have no obligation to respond to this allegation because

20   Count III is not alleged against them.

21       546.    To the extent Plaintiffs in paragraph 546 purport to characterize their claim and the

22   relief they seek, no responsive pleading is required.  To the extent the allegations contained in

23   paragraph 546 constitute a legal conclusion, no responsive pleading is required.  To the extent a

24   response is required, the Independent Directors incorporate by reference their responses to

25   paragraphs 1 through 545, above.

26       547.    To the extent the allegations contained in paragraph 547 constitute a legal

27   conclusion, no responsive pleading is required.  To the extent a response is required, the

28   Independent Directors admit that Plaintiffs purport in paragraph 547 to quote SEC Rule 14a-9,

1    respectfully refer the Court to the cited rule for its content.

2        548.    To the extent the allegations contained in paragraph 548 constitute a legal

3    conclusion, no responsive pleading is required.  To the extent a response is required, the

4    Independent Directors admit that Plaintiffs in paragraph 548 purport to paraphrase Wells Fargo's

5    2014, 2015, and 2016 Annual Proxy Statements, and respectfully refer the Court to those

6    documents for their content.  The Independent Directors deny the remaining allegations of

7    paragraph 548.

8        549.    To the extent the allegations contained in paragraph 549 constitute a legal

9    conclusion, no responsive pleading is required.  To the extent a response is required, the

10   Independent Directors deny the allegations of paragraph 549.

11       550.    To the extent Plaintiffs in paragraph 550 purport to characterize their claim and the

12   relief they seek, no responsive pleading is required.  To the extent the allegations contained in

13   paragraph 550 constitute a legal conclusion, no responsive pleading is required.  To the extent a

14   response is required, the Independent Directors deny the allegations of paragraph 550.

15       551.    To the extent the allegations contained in paragraph 551 constitute a legal

16   conclusion, no responsive pleading is required.  To the extent a response is required, the

17   Independent Directors deny the allegations of paragraph 551.

18       552.    The Independent Directors incorporate by reference their responses to paragraphs 1

19   through 551, above.

20       553.    To the extent the allegations contained in paragraph 553 constitute a legal

21   conclusion, no responsive pleading is required.  To the extent a response is required, the

22   Independent Directors deny the allegations of paragraph 553.

23       554.    To the extent the allegations contained in paragraph 554 constitute a legal

24   conclusion, no responsive pleading is required.  To the extent a response is required, the

25   Independent Directors deny the allegations of paragraph 554.

26       555.    To the extent the allegations contained in paragraph 555 constitute a legal

27   conclusion, no responsive pleading is required.  To the extent a response is required, the

28   Independent Directors deny the allegations of paragraph 555.

556.    To the extent the allegations contained in paragraph 556 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 556.

557.    To the extent the allegations contained in paragraph 557 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors admit that they were directors of the Company during all or part of the Relevant Period, as defined in the Complaint, and deny the remaining allegations of paragraph 557.

558.    To the extent the allegations contained in paragraph 558 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 558.

559.    To the extent the allegations contained in paragraph 559 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 559.

560.    To the extent the allegations contained in paragraph 560 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 560.

561.    To the extent the allegations contained in paragraph 561 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 561.

562.    To the extent the allegations contained in paragraph 562 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 562.

563.    The Independent Directors have no obligation to respond to this allegation because Count VI is not alleged against them.

564.    The Independent Directors have no obligation to respond to this allegation because Count VI is not alleged against them.

565.    The Independent Directors have no obligation to respond to this allegation because

1    Count VI is not alleged against them.

2          566.    The Independent Directors have no obligation to respond to this allegation because

3    Count VI is not alleged against them.

4          567.    The Independent Directors have no obligation to respond to this allegation because

5    Count VI is not alleged against them.

6          568.    The Independent Directors have no obligation to respond to this allegation because

7    Count VI is not alleged against them.

8          569.    The Independent Directors incorporate by reference their responses to paragraphs 1

9    through 568, above.

10          570.    To the extent the allegations contained in paragraph 570 constitute a legal

11    conclusion, no responsive pleading is required.  To the extent a response is required, the

12    Independent Directors deny the allegations of paragraph 570

13          571.    To the extent Plaintiffs purport in paragraph 571 to characterize Wells Fargo's

14    clawback policy, the Independent Directors respectfully refer the Court to the policy for its

15    content.  The Independent Directors are without knowledge or information sufficient to form a

16    belief as to the truth of the remaining allegations of paragraph 571, and on that basis deny them.

17          572.    The Independent Directors are without knowledge or information sufficient to form

18    a belief as to the truth of the allegations of paragraph 572, and on that basis deny them.

19          573.    To the extent the allegations contained in paragraph 573 constitute a legal

20    conclusion, no responsive pleading is required.  To the extent a response is required, the

21    Independent Directors admit that Plaintiffs purport to paraphrase Section 29(b) of the Exchange

22    Act, and respectfully refer the Court to that provision for its content.

23          574.    To the extent the allegations contained in paragraph 574 constitute a legal

24    conclusion, no responsive pleading is required.  To the extent a response is required, the

25    Independent Directors deny the allegations of paragraph 574.

26          575.    To the extent the allegations contained in paragraph 575 constitute a legal

27    conclusion, no responsive pleading is required.  To the extent a response is required, the

28    Independent Directors deny the allegations of paragraph 575.

576.     To the extent Plaintiffs purport to characterize their claim and the relief they seek, no responsive pleading is required.  To the extent the allegations contained in paragraph 576 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 576.

577.     To the extent Plaintiffs purport to characterize their claim and the relief they seek, no responsive pleading is required.  To the extent the allegations contained in paragraph 577 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 577.

578.     To the extent Plaintiffs purport to characterize their claim and the relief they seek, no responsive pleading is required.  To the extent the allegations contained in paragraph 578 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 578.

579.     The Independent Directors have no obligation to respond to this allegation because Count VIII is not alleged against them.

580.     The Independent Directors have no obligation to respond to this allegation because Count VIII is not alleged against them.

581.     The Independent Directors have no obligation to respond to this allegation because Count VIII is not alleged against them.

582.     The Independent Directors have no obligation to respond to this allegation because Count VIII is not alleged against them.

583.     The Independent Directors have no obligation to respond to this allegation because Count VIII is not alleged against them.

584.     The Independent Directors incorporate by reference their responses to paragraphs 1 through 583, above.

585.     To the extent the allegations contained in paragraph 585 constitute a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Independent Directors deny the allegations of paragraph 585.

586.     To the extent the allegations contained in paragraph 586 constitute a legal

1  conclusion, no responsive pleading is required.  To the extent a response is required, the

2  Independent Directors deny the allegations of paragraph 586.

3       587.  To the extent the allegations contained in paragraph 587 constitute a legal

4  conclusion, no responsive pleading is required.  To the extent a response is required, the

5  Independent Directors deny the allegations of paragraph 587.

6       588.  To the extent the allegations contained in paragraph 588 constitute a legal

7  conclusion, no responsive pleading is required.  To the extent a response is required, the

8  Independent Directors deny the allegations of paragraph 588.

9       589.  The Independent Directors incorporate by reference their responses to paragraphs 1

10  through 588, above.

11       590.  To the extent the allegations contained in paragraph 590 constitute a legal

12  conclusion, no responsive pleading is required.  To the extent a response is required, the

13  Independent Directors deny the allegations of paragraph 590.

14       591.  To the extent the allegations contained in paragraph 591 constitute a legal

15  conclusion, no responsive pleading is required.  To the extent a response is required, the

16  Independent Directors deny the allegations of paragraph 591.

17       592.  To the extent the allegations contained in paragraph 592 constitute a legal

18  conclusion, no responsive pleading is required.  To the extent a response is required, the

19  Independent Directors deny the allegations of paragraph 592.

20       593.  The Independent Directors have no obligation to respond to this allegation because

21  Count XI is not alleged against them.

22       594.  The Independent Directors have no obligation to respond to this allegation because

23  Count XI is not alleged against them.

24       595.  The Independent Directors have no obligation to respond to this allegation because

25  Count XI is not alleged against them.

26       596.  The Independent Directors have no obligation to respond to this allegation because

27  Count XI is not alleged against them.

28

## AFFIRMATIVE DEFENSES

The Independent Directors set forth below their affirmative defenses.  Each defense is asserted as to all causes of action alleged against any of the Independent Directors.  By setting forth these affirmative defenses, the Independent Directors do not assume the burden of proving any fact, issue or element of a claim where such burden properly belongs to Plaintiffs.

As separate affirmative defenses, the Independent Directors allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Demand Not Futile)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not make a demand on the Board and demand was not excused as futile.  A majority of the members of the Board as of the date the complaint was filed are independent and disinterested and do not face a substantial likelihood of liability with respect to the claims asserted in this action.

## SECOND AFFIRMATIVE DEFENSE

### (Reasonable Investigation)

Plaintiffs' claims are barred, in whole or in part, because the Board conducted a reasonable, good-faith investigation under Delaware law and the conclusions reached are therefore protected under the business judgment rule and binding on all shareholders.

## THIRD AFFIRMATIVE DEFENSE

### (Section 102(b)(7) Exculpatory Clause)

Plaintiffs' claims are barred, in whole or in part, by Delaware General Corporation Law § 102(b)(7), by California Corporations Code § 204(a)(10), by Wells Fargo's bylaws and certificate of incorporation, and by other provisions of applicable law relating to the liabilities of directors of a Delaware corporation.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiffs' claims are barred, in whole or in part, because at all times mentioned in the Complaint and with respect to all matters therein contained, the Independent Directors acted in good faith with respect to all conduct alleged in the Complaint.

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Business Judgment Rule)

3      Plaintiffs' claims are barred, in whole or in part, because the Independent Directors'

4 actions were at all times a valid exercise of business judgment.

5

## SIXTH AFFIRMATIVE DEFENSE

6

### (Proper Role of Independent Directors)

7      Plaintiffs' claims are barred, in whole or in part, because the Independent Directors

8 appropriately performed their responsibilities as non-management directors and inquired and

9 received reports from management that it was responding to and addressing sales practice issues

10 by, among other things, increasing monitoring and oversight, terminating employees who had

11 engaged in misconduct, retaining experts and consultants for assistance, and modifying internal

12 practices to reduce unwarranted behaviors.

13

## SEVENTH AFFIRMATIVE DEFENSE

14

### (Reliance on Records, Management, and Experts)

15      Plaintiffs' claims are barred, in whole or in part, because the Independent Directors

16 reasonably and in good faith relied on the records of the Company; on information, opinions,

17 reports, or statements presented by the Company's officers or other employees; and on advice of

18 experts.

19

## EIGHTH AFFIRMATIVE DEFENSE

20

### (Reliance on Existing System of Controls)

21      Plaintiffs' claims are barred, in whole or in part, because the Independent Directors

22 reasonably and in good faith relied on a system of controls that was audited and about which they

23 received information from the Company's officers or other employees, and from experts.

24

## NINTH AFFIRMATIVE DEFENSE

25

### (Prior Knowledge)

26      Plaintiffs' claims are barred, in whole or in part, because the Company had actual or

27 constructive knowledge of all of the alleged omissions and misstatements, if any, and, therefore,

28 the Independent Directors are not subject to liability.

1

2

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Reliance)

Plaintiffs' claims are barred, in whole or in part, because the Company did not rely on any statements or omissions by the Independent Directors, and the Company at all times had superior knowledge to the Independent Directors.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statutory Securities Defenses)

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to meet the requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5 ("PSLRA").

## TWELFTH AFFIRMATIVE DEFENSE

### (Bespoke Caution or Forward-Looking Statements)

Plaintiffs' claims are barred, in whole or in part, because some or all of the alleged public disclosures bespoke caution or were forward-looking statements.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation and other applicable periods of repose.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Each cause of action is barred in whole or in part by the doctrine of laches. On information and belief, Plaintiffs had full knowledge of the allegedly wrongful acts that they challenge in the Complaint at (or soon after) the times at which they purportedly occurred. Plaintiffs then stood by for an unreasonable length of time without taking steps to set aside the acts or otherwise intervene on behalf of Wells Fargo, thereby intentionally relinquishing the right to do so.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Duty)**

Plaintiffs' claims are barred, in whole or in part, because the Independent Directors did not misrepresent any alleged fact or omit any alleged fact that they were under a duty to disclose, or fail to take any action that they were under a duty to take.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Breach of Duty Through Actions)**

Plaintiffs' claims are barred, in whole or in part, because the actions (or lack of action) alleged in the Complaint, if true, were reasonable based on the information known to the Independent Directors at all relevant times, as provided by the Company's officers and other employees.  At all relevant times the Independent Directors acted without intent to harm and without recklessness, and the Independent Directors believed, at the time the actions (or lack of action) alleged in the Complaint were taken (if at all), that those actions were correct and appropriate.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Breach of Duty Through Statements or Omissions)**

Plaintiffs' claims are barred, in whole or in part, because the statements alleged in the Complaint, if any were in fact made, did not contain untrue material facts and all statements alleged to have been made (if any) had a reasonable basis in fact and were immaterial.  At all relevant times the Independent Directors acted without intent to defraud and without recklessness, and the Independent Directors believed, at the time the statements alleged in the Complaint were made (if at all), that those statements were correct and not misleadingly incomplete.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Scienter)**

Plaintiffs' claims are barred, in whole or in part, because the Independent Directors did not act with the requisite scienter.  The Independent Directors had, based on reasonable and diligent oversight, reasonable grounds to believe, and did believe, at the time public statements were made that those statements were true and that there were no misstatements of material fact or omissions

of material fact that were necessary to make the statements therein not misleading, nor could the Independent Directors have become aware of any misstatements of material fact or omissions of material fact in the exercise of reasonable care.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Loss Causation)

Plaintiffs' claims are barred, in whole or in part, because the alleged losses were not actually or proximately caused by the Independent Directors or any alleged misstatement or omission.  Plaintiffs' claims against the Independent Directors are barred in whole or in part because of the lack of loss causation.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Causation)

Plaintiffs' claims are barred, in whole or in part, because the alleged actions or inaction on the part of the Independent Directors were not the cause of any alleged injury or loss suffered by Wells Fargo, and any such alleged damages or other injuries were caused solely by the acts or omissions of others over which the Independent Directors had no control.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Ratification, Acquiescence, Waiver, and Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of ratification, acquiescence, waiver, and/or estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Inequitable Conduct and Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of inequitable conduct and/or unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

Without the Independent Directors conceding that they have acted wrongly or negligently, or that any act of the Independent Directors caused harm to Wells Fargo, Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

1

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

#### (Lack of Ownership)

3      Plaintiffs' claims are barred, in whole or in part, by Delaware General Corporation Law §

4  327, by California Corporations Code § 800(b)(l), and by other provisions of applicable law

5  relating to derivative actions.

6

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

7

#### (Group Pleading)

8      Plaintiffs' claims are barred, in whole or in part, because the Independent Directors cannot

9  be held liable under the group pleading doctrine.

10

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

11

#### (No Injunctive Relief)

12      To the extent Plaintiffs purport to request injunctive relief, any such claim is barred

13  because Plaintiffs have an adequate remedy at law.

14

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

15

#### (No Entitlement to Fees)

16      Plaintiffs are not entitled to recover attorneys' fees, experts' fees, or other costs and

17  disbursements.

18

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

19

#### (Failure to Mitigate Damages)

20      As to each cause of action, without admitting that Wells Fargo was injured in any way or is

21  entitled to any damages, the Complaint fails to allege facts that establish Wells Fargo mitigated its

22  alleged injuries.

23

### TWENTY-NINTH AFFIRMATIVE DEFENSE

24

#### (Speculative Damages)

25      As to each cause of action, the alleged damages, if any, are speculative and because of the

26  impossibility of the ascertainment and allocation of the alleged damages.

27

28

---

## THIRTIETH AFFIRMATIVE DEFENSE

### (Setoff / Offsetting Benefit Doctrine)

To the extent that the Independent Directors' alleged conduct damaged Wells Fargo in any manner, that amount of damages, if any, must be offset against the value of the benefits the Independent Directors' alleged conduct conferred on Wells Fargo.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The Independent Directors adopt by reference any defense pled by any other defendant not expressly set forth herein to the extent applicable to the Independent Directors.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The Independent Directors reserve the right to assert such other additional defenses as may be appropriate at a later time.

## PRAYER FOR RELIEF

WHEREFORE, the Independent Directors pray for relief and judgment as set forth below.

1.  For judgment in their favor;

2.  That Plaintiffs take nothing by means of their Complaint;

3.  That Defendants be awarded costs to the maximum extent allowable by law; and

4.  For such other further relief as the Court deems just and proper.

## JURY DEMAND

A jury trial is demanded for all issues so triable.

Dated: January 8, 2018                    SHEARMAN & STERLING LLP


By: _____*Jaculin Aaron*_____
          Jaculin Aaron

*Attorneys for Defendants John D. Baker II, Elaine L. Chao, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique Hernandez, Jr., Donald M. James, Cynthia H. Milligan, Federico F. Peña, James H. Quigley, Judith M. Runstad, Stephen W. Sanger, Susan G. Swenson, and Suzanne M. Vautrinot*

---