UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No. 3:16-cv-05541-JST<br><br>(Consolidated with Nos. 3:16-cv-05592; 3:16-cv-05745; 3:16-cv-05817; 3:16-cv-05915; 3:16-cv-06262; 3:16-cv-06624; and 3:16-cv-06631)<br><br>**ORDER GRANTING MOTION TO CONSOLIDATE**<br><br>Re: ECF No. 204 |

Now before the Court is Plaintiffs Fire and Police Pension Association of Colorado and the City of Birmingham Retirement and Relief System's (the "Lead Plaintiffs") motion to consolidate the related shareholder derivative action *Hannon v. Loughlin*, No. 3:17-cv-07236-JST (N.D. Cal. filed Dec. 20, 2017) (*Hannon II*)[1] with *In re Wells Fargo & Co. Shareholder Derivative Litigation*, Lead Case No. 3:16-cv-05541-JST (N.D. Cal.), for all purposes (the "Motion").

The threshold question of whether the actions should be consolidated at all is easy. As Hannon concedes, his claims against Wells Fargo are substantially similar, and in some cases identical, to those brought in the Consolidated Action. *See* ECF No. 207 at 8 ("Both *Hannon* and the Consolidated Action are shareholder derivative actions brought on behalf of Wells Fargo and seek damages and injunctive relief against defendants who perpetrated, between 2011 and 2016, a massive scheme…to open accounts, including credit card accounts, for customers without their authorization."). Thus, the Court concludes that the cases "involve a common question of law or fact" sufficient to satisfy Rule 42 of the Federal Rules of Civil Procedure.

---

[1] The same plaintiff and plaintiff's counsel previously filed another case against Wells Fargo which the Court consolidated with the lead case. *Hannon v. Loughlin*, No. 3:16-cv-06624 (N.D. Cal. filed Nov. 15, 2016).

United States District Court
Northern District of California

Mr. Hannon and his counsel request that if the Court does consolidate the cases, it permit them to litigate any claims against American Express. Weighing the equities, the Court concludes they point against granting the request. First, it would effectively create another lead counsel, at least for some purposes, thereby undermining the goals of the lead counsel mechanism: "to control the management of the litigation as a whole . . . and decide what claims to assert on behalf of the class." *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.* (*BofA I*), No. 09 MDL 2058 (DC), 2010 WL 1438980, at *2–3 (S.D.N.Y. Apr. 9, 2010) (consolidating later-filed cases despite the presence of additional claims not alleged in the previously consolidated cases). Second, there is good reason to believe that *Hannon II*'s counsel's dominant purpose in adding claims against American Express was simply to escape the Court's prior order of consolidation and enlarge their role in the litigation. The same plaintiff, and the same plaintiff's counsel, previously agreed to consolidation, and now bring claims against American Express based on information that was publicly available when they filed their first complaint. Lastly, no substantive right of any party will be injured by consolidating the cases for all purposes. Lead Counsel has acknowledged that they will not pursue the American Express claims at this time if the cases are consolidated because they have insufficient information as of now to believe they are meritorious. If discovery later shows that the claims have merit, however, Lead Counsel will have a strong economic incentive to bring them. "Lead Plaintiffs surely have incentive to bring these claims if there is a meritorious basis for doing so. Lead Plaintiffs should be given the opportunity to make this decision." *Bank of Am. Corp. Sec, Litig.*, 2010 WL 1438980, at *2.

Therefore, having considered the Lead Plaintiffs' Motion and finding good cause, the Court GRANTS Lead Plaintiffs' Motion to Consolidate Related Shareholder Derivative Actions, and ORDERS that the following cases be consolidated for all purposes:

*In re Wells Fargo & Co. Shareholder Derivative Litigation*,
No. 3:16-cv-05541-JST (Lead Case); and

*Hannon v. Loughlin et al.*, No. 3:17-cv-07236-JST

/ / /

/ / /

2

Mr. Hannon's request that he and his counsel be permitted to prosecute any American-Express derivative claims separately is denied.

**IT IS SO ORDERED.**

Dated: May 2, 2018

_____
JON S. TIGAR
United States District Judge