Richard M. Heimann (063607)
rheimann@lchb.com
Katherine C. Lubin (259826)
kbenson@lchb.com
Michael K. Sheen (288284)
msheen@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008

*Attorneys for Co-Lead Plaintiff Fire
& Police Pension Association of
Colorado and Co-Lead Counsel*

Maya Saxena (*pro hac vice*)
msaxena@saxenawhite.com
Joseph E. White, III (*pro hac vice*)
jwhite@saxenawhite.com
Lester R. Hooker (241590)
lhooker@saxenawhite.com
Adam D. Warden (*Pro hac vice*)
awarden@saxenawhite.com
Dianne M. Anderson (286199)
danderson@saxenawhite.com
SAXENA WHITE P.A.
150 East Palmetto Park Road, Suite 600
Boca Raton, FL  33432
Telephone:  (561) 394-3399
Facsimile:  (561) 394-3382

*Attorneys for Co-Lead Plaintiff The City of
Birmingham Retirement and Relief System and Co-
Lead Counsel*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION | Lead Case No. 3:16-cv-05541-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>The Honorable Jon S. Tigar<br><br>Date:  August 10, 2018<br>Time: 1:30 p.m.<br>Courtroom: Courtroom 9, 19th Floor |

The parties in the above-captioned consolidated derivative action hereby submit this Joint Case Management Statement in advance of the Telephonic Case Management Conference on August 10, 2018 at 1:30 p.m.

## I.   Telephone Number for Conference

Lead Plaintiffs will initiate the conference call using the following dial-in:

Dial-In: 1-888-330-1716

Passcode: 5168552

## II.   Status of Discovery

### A.   Discovery Propounded by Plaintiffs

#### 1.   Discovery from Nominal Defendant Wells Fargo

Plaintiffs served their First Set of Document Requests on Wells Fargo on November 3, 2017, and Wells Fargo served objections and responses to the Requests on December 15, 2017. Plaintiffs served their Second Set of Document Requests on Wells Fargo on March 12, 2018, and Wells Fargo served objections and responses to those Requests on April 11, 2018.

The parties have met and conferred extensively regarding those Requests and, as of July 2, 2018, have agreed upon a comprehensive set of search parameters (including more than 50 custodians and hundreds of search terms), subject to potential further meet-and-confer discussions based on information produced in discovery.

Wells Fargo has begun producing documents in response to those Requests.  To date, Wells Fargo has produced approximately 255,000 pages of documents to Plaintiffs.  Wells Fargo anticipates making approximately six to eight additional productions over the coming weeks in advance of the substantial completion deadline of September 14, 2018.

#### 2.   Discovery from Individual Defendants

Plaintiffs served their First Set of Document Requests on the Individual Defendants on May 9, 2018, and the Individual Defendants served responses and objections to the Requests on June 8, 2018.  The Director Defendants served a single set of responses and objections, and each of the Officer Defendants (Defendants Stumpf, Sloan, Tolstedt, Shrewsberry, and Loughlin) served separate responses and objections to Plaintiffs' Requests.  On July 6, 2018, Plaintiffs sent

1    substantially similar letters to each of the Officer Defendants seeking additional information with

2    regard to their responses and objections.  Specifically, Plaintiffs requested among other things

3    that the Officer Defendants confirm that they (i) are continuing to preserve all relevant

4    documents, and (ii) conducted certain searches for information through the present day.  Plaintiffs

5    also requested that the Officer Defendants provide additional information about the manner in

6    which they searched for responsive information.  The letters requested dates to set up meet-and-

7    confer calls to discuss these issues and the Officer Defendants' objections and responses.

8    Plaintiffs' and the Officer Defendants' meet-and-confer discussions remain ongoing.

9                                 **a.       Director Defendants**

10          Plaintiffs and the Director Defendants met and conferred on June 21 and July 19, 2018

11   regarding the Director Defendants' response to Plaintiffs' Requests for Production.  The parties

12   are close to agreement on custodians and search terms, and anticipate resolving any outstanding

13   issues by the August 10 conference.

14                                **b.       Defendant Stumpf**

15          Defendant Stumpf responded to Plaintiffs' July 6 letter on August 3, 2018.   Among other

16   things, Defendant Stumpf's counsel explained that to the extent he maintained Wells Fargo-

17   related emails, or other files, including files on his Wells Fargo-issued laptop and cell phone

18   leading up to his October 12, 2016 retirement, such files are in Wells Fargo's possession, custody,

19   or control.  The parties anticipate scheduling a meet and confer in the coming week.

20                                **c.       Defendant Sloan**

21          Plaintiffs and Defendant Sloan met and conferred by telephone on August 2, 2018,

22   regarding Plaintiffs' July 6 letter.  Counsel for Sloan represented and will confirm in writing that

23   Defendant Sloan has no responsive documents in his possession, custody, or control, in part

24   because he did not own any personal electronic devices that stored such documents, did not use

25   his personal email account for work-related matters, and did not keep at home hard copy

26   documents related to matters at issue in this case.

27                                **d.       Defendant Tolstedt**

28          Plaintiffs and Defendant Tolstedt met and conferred by telephone on July 24, 2018,

1    regarding Plaintiffs' July 6 letter.  The parties are close to agreement on search terms and

2    continue to discuss the relevant time period for searches.  The parties anticipate resolving any

3    outstanding issues by the August 10 conference.  Defendant Tolstedt anticipates beginning

4    production of documents by late August.

5                                  **e.      Defendant Shrewsberry**

6          To date, Defendant Shrewsberry has not provided a response to Plaintiffs' July 6 letter.

7    Defendant Shrewsberry's counsel has indicated that such a response is forthcoming.  Plaintiffs

8    anticipate that the parties will meet and confer thereafter.

9                                  **f.      Defendant Loughlin**

10         Plaintiffs and Defendant Loughlin met and conferred by telephone on July 31, 2018,

11   regarding Plaintiffs' July 6 letter.  Counsel represented that Defendant Loughlin has no

12   responsive electronic documents in his possession, custody, or control, in part because he did not

13   own any personal electronic devices that stored such documents and did not use his personal

14   email account until shortly before his retirement from Wells Fargo in July 2018.  Defendant

15   Loughlin has, however, identified 400 to 500 pages of relevant hard copy documents in his home

16   and anticipates producing those documents to Plaintiffs by late August.

17                            **3.      Discovery from Third Parties**

18         Plaintiffs served third party subpoenas on the following entities in July 2018:  American

19   Express and PricewaterhouseCoopers.  Plaintiffs are conferring with American Express with

20   respect to the subpoena.  Plaintiffs have not yet heard from Pricewaterhouse Coopers.  Plaintiffs

21   will promptly produce any documents obtained from third parties to Defendants.

22         Plaintiffs served third party subpoenas on the following entities on August 7, 2018:

23   Accenture, Mercer, McKinsey, Frederic W. Cook and FTI.

24         **B.      Discovery Propounded by Defendants**

25         Defendants have not propounded discovery on Plaintiffs or third parties to date.

26   **III.   Other Discovery Issues that Are the Subject of Meet-and-Confer Discussions**

27         **A.      Plaintiffs' Position on the Time Period for Production from Defendants**

28         Consistent with the Relevant Period alleged in the Complaint (January 1, 2011 through the

1    present), Plaintiffs' document requests seek documents through the present from all Defendants.

2    As Plaintiffs explained on meet and confer calls and correspondence, documents dated after the

3    initiation of the derivative lawsuits are relevant to both liability and damages.  In particular, the

4    Oversight Committee, of which several Director Defendants were members, was formed in late

5    September 2016 and its work continued until release of the report in April 2017.  Further, in

6    February 2018, many of the Director Defendants were party to a consent order with the Federal

7    Reserve that restricts the Company's growth, and that order arises from the activity alleged in the

8    Complaint.  Plaintiffs believe the parties are close to reaching an impasse on this issue, and if so

9    will promptly bring it to the Court's attention.  With respect to the Director Defendants, Plaintiffs

10   will continue to meet and confer concerning discovery of documents post-dating September 2016

11   in light of the Director Defendants' acknowledgement that discovery of certain documents

12   created after that date might be appropriate subject to reasonable limitations on scope.  Plaintiffs

13   are open to discussing the relevance of such documents at the August 10 conference.

14              **B.**      **Defendants' Position on the Time Period for Document Discovery**

15              Defendants understand that there is not presently a dispute ripe for the Court's

16   consideration.  As noted above, the parties are either presently engaged in meet-and-confer efforts

17   on this and other topics (all individual Defendants) or have concluded their meet-and-confer

18   discussions and have already agreed upon the time period for searches on a Request-specific basis

19   (Wells Fargo).

20              As it concerns the Company, Plaintiffs and Wells Fargo engaged in extensive, months-

21   long meet-and-confer efforts that culminated in their agreement last month on a comprehensive

22   33-page search protocol that groups Plaintiffs' Requests into numerous categories and sets forth

23   custodians, search terms, and agreed-upon time periods for each category.  For nearly all

24   categories, Plaintiffs and Wells Fargo agreed that the appropriate end date for searches is

25   October 31, 2016, more than a month after the first complaint was filed in this consolidated

26   action.  That time period covers all categories of Requests that relate to potential liability.  For

27   several specific categories of documents, which include those Requests concerning potential

28   damages and certain remedial actions, Wells Fargo has agreed to search through May 2018, some

1    20 months after inception of this consolidated action.  While Wells Fargo appreciates that specific

2    documents identified through discovery may lead to follow-up meet-and-confer discussions,

3    Plaintiffs have identified no reason to revisit at this time the comprehensive discovery protocol

4    that they agreed to just last month.

5          Individual Defendants continue to meet and confer with Plaintiffs on their request for

6    documents created after the date of the Complaint.  (As set forth above, this request principally

7    concerns the Director Defendants.)  The Director Defendants believe that even if the parties are

8    unable to reach a complete agreement, they will at least be able to significantly narrow their

9    differences.  All of Plaintiffs' claims relate to conduct that occurred entirely before the filing of

10   the complaint in September 2016.  The Director Defendants maintain that an obligation to search

11   for, review and produce documents for all 68 of Plaintiffs' Requests for the period after the filing

12   of the complaint, with an unbounded timeframe, would create a disproportionate burden in

13   relation to Plaintiffs' need for discovery, especially in light of the potentially large number of

14   privileged documents from this period that the Director Defendants have in their possession,

15   custody, or control.   Discovery of certain documents created after September 2016 may be

16   appropriate, but any search must be reasonably limited in scope, both with regard to subject

17   matter and timeframe.  The Director Defendants are hopeful that, with additional time to meet and

18   confer, a solution amenable to all parties can be reached with regard to the scope and timeframe

19   of any search.  Should the parties be unable to reach a compromise, they will bring the dispute to

20   the Court's attention promptly.

21       **C.**    **Depositions**

22         Given that there are 20 Defendants in the case, the parties agree that more than the ten

23   depositions contemplated by Fed. R. Civ. P 30(a)(2) may be warranted.  Plaintiffs have not

24   identified nor confirmed the precise number of any additional deponents, and the timing of any

25   such decision will depend on whether Defendants are able to meet the substantial completion

26   deadline of September 14, 2018, and the scope of the production at the end of the substantial

27   completion period.  Plaintiffs currently project that they will need at least 40 fact witness

28   depositions.  As soon as Plaintiffs determine the scope of the deposition effort, the parties will

1   promptly initiate the meet and confer process and, if necessary, raise the issue with the Court.

2        Defendants believe that such a large number of depositions — an average of more than

3   2.5 depositions per week before considering any depositions noticed by Defendants — will be

4   extremely difficult to complete in the currently scheduled fact deposition period, which stretches

5   over the fall and winter holidays and would impose significant burden in terms of preparation and

6   costs of counsel to attend.  Plaintiffs acknowledged at the case management conference held July

7   18, 2018[1] that that the parties will need to confer regarding the current schedule.   Defendants will

8   promptly meet and confer on this issue when Plaintiffs are prepared to present their proposal and

9   Defendants reserve their position in the meantime.

10        **D.    Discovery Schedule**

11        The parties continue to meet and confer regarding production of documents.  Plaintiffs

12  anticipate having a better idea about whether the discovery schedule will need to be modified in

13  early-September, as the deadline for substantial completion of document production approaches.

14  As noted above, Defendants do not believe that the current schedule allows for Plaintiffs' current

15  intentions for a large number of depositions and any further fact discovery, including discovery

16  served by Plaintiffs this week.  The parties are open to discussing the schedule at the August 10

17  conference.

18
    Dated: August 7, 2018                    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
19

20                                           By:   */s/    Richard M. Heimann*

21

22

23

24

25  _____

    [1] *See* July 18, 2018 Case Mgm't Conf. Tr. at 7:24-8:5:
26        "Mr. Heimann:  Let me say that in preparing for the hearing today, I came to share the
          concerns that the defendants  expressed in their portion of the case management
27        presentation, and so I do think we're going to need to talk soon about whether or not the
          current schedule is realistic in view of the timing of the document production and the
28        numbers of depositions that it seems likely will be sought here."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Richard M. Heimann (063607)
rheimann@lchb.com
Katherine C. Lubin (259826)
kbenson@lchb.com
Michael K. Sheen (288284)
msheen@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008

Steven E. Fineman (140335)
sfineman@lchb.com
Daniel P. Chiplock (*Pro hac vice*)
dchiplock@lchb.com
Nicholas Diamand (*Pro hac vice*)
ndiamand@lchb.com
Michael J. Miarmi (*Pro hac vice*)
mmiarmi@lchb.com
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile:  (212) 355-9592

*Attorneys for Co-Lead Plaintiff Fire & Police Pension
Association of Colorado and Co-Lead Counsel*

Maya Saxena (*Pro hac vice*)
msaxena@saxenawhite.com
Joseph E. White, III (*Pro hac vice*)
jwhite@saxenawhite.com
Lester R. Hooker (241590)
lhooker@saxenawhite.com
Adam D. Warden (*Pro hac vice*)
awarden@saxenawhite.com
Dianne M. Anderson (286199)
danderson@saxenawhite.com
SAXENA WHITE P.A.
150 East Palmetto Park Road, Suite 600
Boca Raton, FL  33432
Telephone:  (561) 394-3399
Facsimile:  (561) 394-3382

Steven B. Singer (*Pro hac vice*)
ssinger@saxenawhite.com
Kyla Grant (*Pro hac vice*)
kgrant@saxenawhite.com
SAXENA WHITE P.A.
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile:  (888) 631-3611

*Attorneys for Co-Lead Plaintiff The City of Birmingham*

1    *Retirement and Relief System and Co-Lead Counsel*

2

3    SULLIVAN & CROMWELL LLP

     By:      /s/*Brendan P. Cullen*
4                                                    

5    Richard H. Klapper (*pro hac vice*)
     (klapperr@sullcrom.com)
6    SULLIVAN & CROMWELL LLP
     125 Broad Street
7    New York, New York 10004-2498
     Telephone: (212) 558-3555
8    Facsimile: (212) 291-9083

9    Brendan P. Cullen (SBN 194057)
     (cullenb@sullcrom.com)
10   Ryan J. McCauley (SBN 264913)
     (mccauleyr@sullcrom.com)
11   SULLIVAN & CROMWELL LLP
     1870 Embarcadero Road
12   Palo Alto, California 94303
     Telephone: (650) 461-5600
13   Facsimile: (650) 461-5700

14   Christopher M. Viapiano (*pro hac vice*)
     (viapianoc@sullcrom.com)
15   SULLIVAN & CROMWELL LLP
     1700 New York Avenue, N.W., Suite 700
16   Washington, D.C. 20006
     Telephone:      (202) 956-6985
17   Facsimile:      (202) 956-7056

18   Gilbert R. Serota (SBN 75305)
     (gilbert.serota@apks.com)
19   ARNOLD & PORTER KAYE SCHOLER LLP
     Three Embarcadero Center, Suite 10
20   San Francisco, California 94111
     Telephone: (415) 471-3170
21   Facsimile: (415) 471-3400

22   *Counsel for Nominal Defendant Wells Fargo & Company*

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOODWIN PROCTER LLP

By:   */s/Grant P. Fondo*
_____

Grant P. Fondo
(gfondo@goodwinlaw.com)
Lloyd Winawer
(lwinawer@goodwinlaw.com)
Nicholas A. Reider
(nreider@goodwinlaw.com)
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
Telephone: (650) 752-3100
Facsimile: (650) 853-1038

Richard M. Strassberg (*pro hac vice*)
(rstrassberg@goodwinlaw.com)
Daniel P. Roeser (*pro hac vice*)
(droeser@goodwinlaw.com)
GOODWIN PROCTER LLP
620 8th Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333

*Attorneys for Defendant John G. Stumpf*

CLARENCE DYER & COHEN LLP

By:   */s/Josh A. Cohen*

Nanci L. Clarence
(nclarence@clarencedyer.com)
Josh A. Cohen
(jcohen@clarencedyer.com)
CLARENCE DYER & COHEN LLP
899 Ellis Street
San Francisco, CA 94109
Telephone: (415) 749-1800
Facsimile: (415) 749-1694

*Attorneys for Defendant Timothy J. Sloan*

1    RAMSEY & EHRLICH LLP

2    By:    */s/Ismail Ramsey*

3    Miles Ehrlich
     (miles@ramsey-ehrlich.com)
4    Ismail Ramsey
     (izzy@ramsey-ehrlich.com)
5    RAMSEY & EHRLICH LLP
     803 Hearst Avenue
6    Berkeley, CA 94710
     Telephone: (510) 548-3600
7    Facsimile: (510) 291-3060

8    *Attorneys for Defendant John R. Shrewsberry*

9
     WILLIAMS & CONNOLLY LLP
10
     By:    */s/Enu A. Mainigi*
11
     Enu A. Mainigi (*pro hac vice*)
12   (emainigi@wc.com)
     WILLIAMS & CONNOLLY LLP
13   725 Twelfth Street, N.W.
     Washington D.C. 20005
14   Telephone: (202) 434-5000
     Facsimile: (202) 434-5029
15
     *Attorneys for Defendant Carrie Tolstedt*
16

17   ARGUEDAS, CASSMAN & HEADLEY, LLP

18   By:    */s/Ted W. Cassman*

19   Cristina C. Arguedas (Bar No. 87787)
     arguedas@achlaw.com
20   Ted W. Cassman (Bar No. 98932)
     cassman@achlaw.com
21   Laurel L. Headley (Bar No. 152306)
     headley@achlaw.com
22   803 Hearst Avenue
     Berkeley, CA 94710
23   (510) 845-3000 (Tel)
     (510) 845-3003 (Fax)
24
     *Attorneys for Defendant Michael Loughlin*
25

26   SHEARMAN & STERLING LLP

27   By:    */s/John F. Cove, Jr.*

28   John F. Cove, Jr.

john.cove@shearman.com
Emily V. Griffen
egriffen@shearman.com
Alethea M. Sargent
(alethea.sargent@shearman.com)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 616-1100
Facsimile: (415) 616-1199

Jaculin Aaron
(jaaron@shearman.com)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

*Attorneys for Defendants John D. Baker II, Elaine L. Chao, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique Hernandez, Jr., Donald M. James, Cynthia H. Milligan, Federico F. Peña, James H. Quigley, Stephen W. Sanger, Susan G. Swenson and Suzanne M. Vautrinot*

## <u>ATTESTATION PURSUANT TO GENERAL ORDER 45</u>

I, Richard M. Heimann, in compliance with General Order 45, Section X(B), hereby attest that I

obtained the concurrence of all of the above-listed counsel in filing this document.

DATED:  August 7, 2018                          */s/ Richard M. Heimann*

JOINT CASE MANAGEMENT STATEMENT
LEAD CASE NO. 3:16-CV-05541-JST