Richard M. Heimann (063607)
*rheimann@lchb.com*
Katherine C. Lubin (259826)
*kbenson@lchb.com*
Michael K. Sheen (288284)
*msheen@lchb.com*
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008

*Attorneys for Co-Lead Plaintiff Fire & Police Pension
Association of Colorado and Co-Lead Counsel*

Maya Saxena (*Pro hac vice*)
*msaxena@saxenawhite.com*
Joseph E. White, III (*Pro hac vice*)
*jwhite@saxenawhite.com*
Lester R. Hooker (241590)
*lhooker@saxenawhite.com*
SAXENA WHITE P.A.
150 East Palmetto Park Road, Suite 600
Boca Raton, FL  33432
Telephone:  (561) 394-3399
Facsimile:  (561) 394-3382

*Attorneys for Co-Lead Plaintiff The City of Birmingham
Retirement and Relief System and Co-Lead Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS. | Lead Case No. 3:16-cv-05541-JST<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL<br><br>The Honorable Jon S. Tigar |

Pursuant to the Court's Order of April 7, 2020 (ECF No. 312) (the "Final Approval Order"), on the application of the Parties for approval of the settlement set forth in the Stipulation and Agreement of Compromise, Settlement and Release, executed on February 26, 2019 (the "Stipulation" or "Settlement"); and the Court having considered all papers filed and proceedings held herein, and otherwise being fully informed, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED,** this  20th  day of  April  , 2020, that:

1.       This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the meanings as set forth in the Stipulation.

2.       Notice has been given to shareholders of Wells Fargo & Company ("Wells Fargo" or the "Company") pursuant to and in the manner directed by the Court's Order of May 14, 2019 (the "Preliminary Approval Order"); proof of publication of the required notice was filed with the Court; and a full opportunity to be heard has been afforded to all parties, Wells Fargo shareholders and other interested persons.  The form and manner of the notice provided is hereby confirmed to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23.1, due process and applicable law, and it is further determined that all Wells Fargo shareholders are bound by the Final Judgment and Order of Dismissal herein.

3.       The Court reconfirms that, for settlement purposes only, the Derivative Action is properly maintained as a shareholder derivative action on behalf of Wells Fargo, and that Co-Lead Plaintiffs fairly and adequately represented the interests of Wells Fargo and its shareholders. Co-Lead Counsel is authorized to act on behalf of Wells Fargo shareholders with respect to all acts required by the Stipulation or such other acts which are reasonably necessary to consummate the Settlement set forth in the Stipulation.

4.       In accordance with the Final Approval Order, the Settlement has been found to be fair, reasonable and adequate, and is hereby approved in all respects pursuant to Federal Rule of Civil Procedure 23.1.  The Parties are hereby authorized and directed to comply with and to

consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Final Judgment and Order of Dismissal in the Derivative Action.  The Court finds that this Final Judgment and Order of Dismissal is a final judgment and should be entered in accordance with Federal Rule of Civil Procedure 58.

5.      This Court has jurisdiction over the subject matter of the Derivative Action, including all matters necessary to effectuate the Settlement and this Final Judgment and over all parties to the Derivative Action.

6.      The Derivative Action and the Released Claims are hereby dismissed on the merits with prejudice as to all Defendants in the Derivative Action and against all Released Parties on the merits and, except as may be awarded by the Court as contemplated below in Paragraph 14, without fees or costs.

7.      "Released Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims, whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule, brought or that could be brought derivatively or otherwise by or on behalf of Wells Fargo against any of the Released Parties, which now or hereafter are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that are, were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved or referred to in the Derivative Action and relate to, directly or indirectly, the subject matter of the Derivative Action in any court, tribunal, forum or proceeding, including, without limitation, any and all claims by or on behalf of Wells Fargo which are based upon, arise out of, relate in any

[PROPOSED] FINAL JUDGMENT &
ORDER OF DISMISSAL
LEAD CASE NO: 3:16-CV-05541-JST

way to, or involve, directly or indirectly: (i) Improper Sales Practices; or (ii) any of the allegations in any complaint or amendment(s) thereto filed in (x) the Derivative Action or (y) any action described in Section II.C of the Stipulation, with the exception, as described therein, of the CPI Allegations in the *Connecticut Laborers* Action.  "Released Claims" does not include (1) claims to enforce the Settlement; (2) any direct claims on behalf of present or former Wells Fargo shareholders (*i.e.*, not derivative claims) that are or were being prosecuted in *Hefler v. Wells Fargo & Co.*, No. 3:16-cv-05479-JST (N.D. Cal.); and (3) any claims in connection with the D&O Policies or reinsurance of D&O coverage that the Individual Defendants or Wells Fargo may have against any of the Insurers, except as set forth in the Insurance Agreement.

8.      "Released Parties" means (i) the Individual Defendants; (ii) Wells Fargo, as the Nominal Defendant; (iii) American Express; and (iv) the Related Parties.  "Related Parties" means (i) as to Wells Fargo, Wells Fargo's past or present directors and officers, employees, agents, attorneys, personal or legal representatives, consultants, experts, predecessors, successors, parents, subsidiaries, affiliates, divisions, joint ventures, assigns, general or limited partners or partnerships, limited liability companies, any entity in which Wells Fargo has a controlling interest, and all past or present officers, directors and employees of Wells Fargo's current and former subsidiaries and affiliates, the foregoing to include any Person insured under the D&O Policies, and (ii) as to the Individual Defendants (1) each spouse, immediate family member, heir, executor, estate, administrator, agent, attorney, accountant, auditor, bank, insurer (including the Insurers), co-insurer, re-insurer, advisor, consultant, expert, or affiliate of any of them, (2) any trust in respect of which any Individual Defendant, or any spouse or family member thereof serves as a settlor, beneficiary or trustee, and (3) any entity in which an Individual Defendant, or any spouse or immediate family member thereof, holds a controlling interest or for which an Individual Defendant has served as an employee, director, officer, managing director, advisor, general partner, limited partner, or member and any collective investment vehicle which is advised or managed by any of them; provided, however, that the releases set forth in this Final Judgment and Order of Dismissal shall in no event release any claims in connection with the

1  D&O Policies or reinsurance of D&O coverage that the Individual Defendants or Wells Fargo

2  may have against any of the Insurers, except as set forth in the Insurance Agreement.

3       9.      As of the Final Date, Co-Lead Plaintiffs and Wells Fargo (on behalf of itself and

4  each of its Related Parties) and, by operation of law, Wells Fargo's shareholders, shall be deemed

5  to have, and by operation of this Judgment shall have, finally, fully, and forever released,

6  relinquished, settled and discharged each and all of the Released Parties from and with respect to

7  any and all of the Released Claims, and will be forever barred and enjoined from commencing,

8  instituting or prosecuting any action or proceeding, in any forum, asserting any of the Released

9  Claims against any of the Released Parties.

10       10.     As of the Final Date, the Director and Officer Defendants, individually and

11  collectively, shall and hereby do completely, fully, finally and forever release, relinquish, settle,

12  and discharge each and all of the Co-Lead Plaintiffs, Co-Lead Counsel and all other plaintiffs'

13  counsel from and with respect to any and all claims arising out of or relating to the initiation,

14  prosecution, and resolution of the Derivative Action, excepting any claim to enforce the

15  Stipulation or Settlement.  Co-Lead Plaintiffs have expressly reserved, retained and do not release

16  any and all direct claims on behalf of present or former Wells Fargo shareholders including (1)

17  claims to enforce this Settlement, and (2) any direct claims on behalf of present or former Wells

18  Fargo shareholders (*i.e.*, not derivative claims) that are or were being prosecuted in *Hefler v.*

19  *Wells Fargo & Co.*, No. 3:16-cv-05479-JST (N.D. Cal.).

20       11.     The Released Claims include any claims of Co-Lead Plaintiffs or Wells Fargo or

21  any Wells Fargo shareholder that he, she or it does not know or suspect exist in his, her or its

22  favor at the time of the release of the Released Claims as against the Released Parties, including

23  without limitation those which, if known, might have affected the decision to enter into or to

24  object to the Settlement ("Unknown Claims").  With respect to any and all Released Claims, and

25  although the Settlement provides for a specific release of the Released Parties, the Parties

26  stipulate and agree that, upon the Effective Date, Co-Lead Plaintiffs, Wells Fargo, and each of the

27  current Wells Fargo shareholders shall be deemed to have, and by operation of this Final

28

1   Judgment and Order of Dismissal shall have, waived the provisions, rights and benefits of

2   California Civil Code § 1542, which provides:

3   **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
    THAT THE CREDITOR OR RELEASING PARTY DOES**

4   **NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
    FAVOR AT THE TIME OF EXECUTING THE RELEASE**

5   **AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
    MATERIALLY AFFECTED HIS OR HER SETTLEMENT**

6   **WITH THE DEBTOR OR RELEASED PARTY.**

7   Co-Lead Plaintiffs, Wells Fargo, and each of the current Wells Fargo shareholders shall be

8   deemed to have, and by operation of this Final Judgment and Order of Dismissal shall have,

9   waived any and all provisions, rights and benefits conferred by any law of any jurisdiction, state

10  or territory of the United States, or principle of common law, which is similar, comparable or

11  equivalent to California Civil Code § 1542.  Any of Co-Lead Plaintiffs, Wells Fargo, or the

12  current Wells Fargo shareholders may hereafter discover facts in addition to or different from

13  those which he, she or it now knows or believes to be true with respect to the Released Claims

14  but, upon the Court's entry of this Final Judgment and Order of Dismissal, Co-Lead Plaintiffs,

15  Wells Fargo, and each of the current Wells Fargo shareholders shall be deemed to have, and by

16  operation of this Final Judgment and Order of Dismissal shall have, fully, finally, and forever

17  settled and released any and all Released Claims known or unknown, suspected or unsuspected,

18  contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which

19  now exist, or heretofore have existed upon any theory of law or equity now existing or coming

20  into existence in the future, including, but not limited to, conduct which is negligent, intentional,

21  with or without malice, or a breach of any duty, law or rule, without regard to the subsequent

22  discovery or existence of such different or additional facts.  The Parties shall be deemed by

23  operation of this Final Judgment and Order of Dismissal to have acknowledged that the foregoing

24  waivers were separately bargained for and are key elements of the Settlement of which this

25  release is a part.

26          12.     Co-Lead Plaintiffs, Wells Fargo and each and every Wells Fargo shareholder are

27  hereby permanently barred and enjoined from asserting, commencing, prosecuting, assisting,

28  instigating, continuing or in any way participating in the commencement or prosecution of any

1   action, whether directly, representatively, derivatively or in any other capacity, asserting any of

2   the Released Claims that are released pursuant to this Final Judgment and Order of Dismissal or

3   under the Stipulation.

4          13.    The existence of the Stipulation, its contents and any negotiations, statements or

5   proceedings in connection therewith will not be argued to be, and will not be construed or deemed

6   to be, a presumption, concession or admission by any of the Released Parties or any other Person

7   of any fault, liability or wrongdoing as to any facts or claims alleged or asserted in the Derivative

8   Action or any of the actions listed in Section II.C of the Stipulation; or that Wells Fargo, Co-Lead

9   Plaintiffs or Co-Lead Counsel, any present or former shareholders of Wells Fargo or any other

10  Person, have suffered any damage attributable in any manner to any of the Released Parties.  Nor

11  shall the existence of this Stipulation and its contents or any negotiations, statements or

12  proceedings in connection therewith be construed as a presumption, concession or admission by

13  Co-Lead Plaintiffs or Co-Lead Counsel of any lack of merit of the Released Claims, or that Wells

14  Fargo has not suffered cognizable damages caused by Defendants.  The existence of the

15  Stipulation, its contents or any negotiations, statements or proceedings in connection therewith,

16  shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked or

17  otherwise used by any Person for any purpose in the Derivative Action or otherwise, except as

18  may be necessary to effectuate the Settlement.  This provision shall remain in force in the event

19  that the Settlement is terminated for any reason whatsoever.  Notwithstanding the foregoing, any

20  of the Released Parties may file the Stipulation or any judgment or order of the Court related

21  hereto in any other action that has or may in the future be brought against them, in order to

22  support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, release,

23  good-faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue

24  preclusion or similar defense or counterclaim, or as necessary for any of the Released Parties to

25  pursue their rights under any insurance policy.

26         14.    In accordance with the Final Approval Order, Co-Lead Counsel's Fee Application

27  has been granted in part.  Co-Lead Counsel are hereby awarded attorneys' fees in the amount of

28

1  $52.8 million, which shall be paid to Co-Lead Counsel pursuant to the terms and conditions of the

2  Stipulation.

3      15.     In accordance with the Final Approval Order, Co-Lead Plaintiffs' application for

4  Reimbursement Awards has been granted.  Co-Lead Plaintiffs' Reimbursement Awards in the

5  amount of $25,000 to each Co-Lead Plaintiff are granted and payable out of Co-Lead Counsel's

6  attorneys' fees.

7      16.     The effectiveness of this Final Judgment and Order of Dismissal and the

8  obligations of Co-Lead Plaintiffs, Co-Lead Counsel, Wells Fargo, Wells Fargo shareholders and

9  Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any

10  appeal or other matter that relates solely to the issue of Reimbursement Awards or attorneys' fees

11  or expenses.

12      17.     The Court further orders, adjudges and decrees that all other relief be, and is

13  hereby, denied, and that this Final Judgment and Order of Dismissal disposes of all the claims and

14  all the parties in the above-styled and numbered shareholder derivative action.

15      18.     Without affecting the finality of this Final Judgment and Order of Dismissal in any

16  way, this Court retains jurisdiction over all matters relating to the administration and

17  consummation of the Settlement and all Parties hereto for the purpose of construing, enforcing

18  and administering the Settlement.  Without further order of the Court, the Parties may agree to

19  reasonable extensions of time to carry out any of the provisions of the Stipulation.

20      19.     The Court finds that the Derivative Action was filed, prosecuted, defended, and

21  settled in good faith, and that during the course of the Derivative Action, the Parties and their

22  respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure

23  11.

24      20.     In the event that the Settlement does not become effective in accordance with the

25  terms of the Stipulation or the Effective Date does not occur, then this Final Judgment and Order

26  of Dismissal shall be rendered null and void to the extent provided by and in accordance with the

27  Stipulation and shall be vacated, and, in such event, all orders entered and releases delivered in

28

1  connection herewith shall be null and void to the extent provided for and in accordance with the

2  Stipulation.

3       **IT IS SO ORDERED.**

4

Dated:   April 20, 2020

5                                              THE HONORABLE JON S. TIGAR

6                                              UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28