# EXHIBIT A

Patrick Ridley
Kristen M. Frost
Ridley, McGreevy & Winocur, P.C.
303 16th St. Mall #200
Denver, CO 80202
303-629-9700
 ridley@ridleylaw.com
frost@ridleylaw.com

*Counsel for Shareholder/Objector Kevin Fisher*

Theodore H. Frank (SBN 196332)
Hamilton Lincoln Law Institute
Center  For Class  Action Fairness
1629 K Street NW, Suite 300
Washington, DC 20006
703-203-384
 ted.frank@hlli.org

*Counsel for Objector John Cashman*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION | ) Lead Case No. 16-cv-5541 JST<br>)<br>)<br>) **DECLARATION OF PATRICK L. RIDLEY**<br>) **IN SUPPORT OF MOTION FOR**<br>) **ATTORNEY FEES**<br>)<br>)<br>)<br>)<br>) |

I, Patrick L. Ridley, declare as follows:

1.     I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.     I am an attorney for objector Kevin Fisher in this matter.

3.     I am an attorney with the law firm of Ridley, McGreevy & Winocur, P.C., a litigation boutique located in Denver, Colorado that engages in criminal defense, civil litigation, internal investigations, regulatory matters and whistleblower cases.

4.     I have met (telephonically) and conferred with counsel for Wells Fargo for the purpose of attempting to resolve the issues raised in this motion.  Wells Fargo opposes this motion for attorney fees.  I have also conferred via email with Lead Plaintiffs' Counsel regarding this motion and counsel has indicated that he is not prepared to take a position on this motion without documentation from the related state court case.  I have informed counsel that the requested documents do not exist.

**Counsel's Skill, Efficiency and Lodestar**

5.     In terms of counsel's skill and experience, I graduated from University of Denver Law School in 1987, having served as the editor-in-chief of the Law Review.  I clerked for the Honorable William E. Erickson on the Colorado Supreme Court.  I then worked for a litigation boutique in Denver, Colorado on complex litigation cases, including antitrust, securities fraud, and derivative cases.  I worked at for the Colorado State Public Defender's Office for three years. For the last 23 years I have been in private practice in Denver, Colorado, representing individuals and entities in a wide array of cases including capital litigation, federal and state securities, federal tax fraud and evasion, alleged Ponzi Schemes, computer fraud and theft in state and federal court, congressional redistricting, bank fraud, money laundering, and wire fraud.  I have conducted numerous internal investigations.  I have represented  whistleblowers before the SEC and the IRS.

Case No. 3:16-cv-05541-JST

IN RE WELLS FARGO & COPMANY SHAREHOLDER DERIVATIVE LITIGATION

I am a Fellow of the American College of Trial Lawyers.  In 2017 and 2019, Best Lawyers named me Lawyer of the Year, Criminal Defense White Collar in Denver, Colorado.

6.      Kristen Frost is a licensed attorney in Illinois, Colorado and Virginia and has been practicing as a litigator and trial lawyer for sixteen years.  Ms. Frost graduated from DePaul University College of Law in Chicago, Illinois in 2003.  After her graduation from law school, Ms. Frost completed a fellowship in international criminal law and human rights at the Siracusa Institute in Siracusa, Italy.   Ms. Frost then practiced law in Chicago, Illinois, for several years focusing on criminal defense litigation in both state and federal matters and eventually moved to Colorado and worked for the Colorado State Public Defender's.  In 2010, Ms. Frost joined Ridley, McGreevy & Winocur, P.C. in Denver, Colorado and is currently a partner at that firm where she represents corporations and individuals in various types of federal and state criminal matters. During this time, Ms. Frost has worked on trial and appellate matters, post-convictions cases and administrative matters.  Throughout her career, Ms. Frost has been tried over 40 jury trials and has served as lead trial counsel in numerous state cases with various types of charges and in federal jury trials involving white collar allegations of securities fraud, wire fraud and tax fraud.    Ms. Frost has also tried several civil matters and has litigated in administrative hearings.  Ms. Frost has litigated appellate matters before the Illinois Court of Appeals, the Colorado Court of Appeals and the U.S Court of Appeals for the Seventh Circuit.   Ms. Frost has represented whistleblowers before the IRS and has worked on international law matters involving extradition issues.  Ms. Frost has been recognized in Super Lawyers and Best Lawyers in America.

7.      Fisher's attorneys litigated this case efficiently with 154.7 hours of attorney time in their requested lodestar. This time includes the time spent on researching and preparing the objection, preparing for and attending the fairness hearing, and various other filings in the district court.   I personally spent time reviewing the docket both in this case and in a state court proceeding; reviewing plaintiff's counsel's fee request,  declarations and exhibits; researching recent regulatory actions taken against Wells Fargo and the timing of clawbacks and corporate

reforms, drafting the objection and accompanying declaration, preparing for and attending the fairness hearing, and monitoring the litigation and communicating with the client.  I billed over 87 hours to this case. I do my best to keep time contemporaneously but often reconstruct my time at the end of the week. I do so by reviewing emails, calendar entries, phone records and time of entries of colleagues who work on the same matter.  I seek a $700/hour billing rate for my time, as a practitioner for more than 30 years out of law school. This rate compares favorably to the premium rate of class counsel's most experienced senior partner timekeepers. *See* ECF No. 278-7 at 7 (claiming rates of $900 to $1075/hr for three senior partners). It is significantly lower that the effective hourly rate I have been paid in other contexts, *e.g*., whistleblower cases involving securities violations.

8.      Ms. Frost keeps her time contemporaneously on a daily basis through a recording system that she uses and rarely has to reconstruct her time at the end of a billing cycle.   Ms. Frost recorded her time contemporaneously in this matter and billed over 67 hours in this matter.  Ms. Frost seeks a $600/hour billing rate for her time, which as a practitioner with her background and 16 years of experience is a reasonable rate that compares favorably to, and less than, the rate for a practitioner 11-19 years out of law school.   *See* http://www.laffeymatrix.com/see.html.   This rate also compares favorably to the rate of class counsel's junior partners. *See* ECF No. 278-7 at 7 (claiming rate of $775 for junior partner Daniel Chiplock).

9.      Fisher's attorneys' requested loadstar is:

| Attorney name | Hours | Rate | Lodestar |
|---|---|---|---|
| Patrick L. Ridley | 87.4 | $700.00 | $61,180 |
| Kristen M. Frost | 67.3 | $600.00 | $43,080 |
|  | 154.7 |  | $104,260 |

**TOTAL.  $ 104,260**

Case No. 3:16-cv-05541-JST

IN RE WELLS FARGO & COPMANY SHAREHOLDER DERIVATIVE LITIGATION

10.     I believe this case was litigated efficiently. The total lodestar for Fisher is $104,260. (Fisher does not seek reimbursement of travel or other expenses in excess of $3,000)  Thus an award of $250,000 in attorneys' fees represents a multiplier of 2.39 of lodestar, which is reasonable in the Ninth Circuit when used as a crosscheck of a percentage-based award, and less than the 2.77 multiplier awarded to class counsel in a case all but certain to settle. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 & n.6 (9th Cir. 2002) (finding 1.0-4.0 to be generally the "range of multipliers applied in common fund cases"). It is also reasonable in terms of the risk we incur, as we recover fees for objections less than one time in four.

11.     Fisher is relying on the percentage-of-the-benefit approach to justify its fees, so it is not including detailed time entries in its submission, which may require substantial time-consuming redaction to avoid breaching attorney-client privilege and work-product protections. If the Court so requests, we will provide this data *in camera,* if they are at issue.   This procedure was endorsed by the Third Circuit in *In re Rite Aid Corp. Sec. Litig.,* 396 F.3d 294, 306-307 (#d Cir. 2005) and is consistent with N.D. Cal. Civil L.R. 54-5(b)(2), which permits the Court to "require production of an abstract or of the contemporary time records for inspection, including *in camera* inspection, as the Judge deems appropriate."   However, we believe the fee should be awarded on the basis of a percentage of the class benefit achieved.  If the Court believes such records would be helpful, we hope it would also require class counsel to produce its time records as well for purpose of an accurate comparison.

12.     Fisher's attorneys had a duty to review the class certification, settlement and fee award holistically to ensure they were making the best objections and to conduct a good-faith review of the relevant case filings and case law, with much of this work overlapping among the issues.

13.     Fisher does not seek reimbursement for any expenses in this case, including the cost of travel, lodging, meals and transportation, which amount to in excess of $3,000.

Case No. 3:16-cv-05541-JST

IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION

5

14.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 4, 2020, in Denver, Colorado.

*/s/ Patrick L. Ridley*
Patrick L. Ridley

Case No. 3:16-cv-05541-JST

IN RE WELLS FARGO & COPMANY SHAREHOLDER DERIVATIVE LITIGATION

6