Theodore H. Frank (SBN 196332)
HAMILTON LINCOLN LAW INSTITUTE
  CENTER FOR CLASS ACTION FAIRNESS
1629 K Street NW, Suite 300
Washington, DC 20006
Voice: 703-203-3848
Email: ted.frank@hlli.org

*Attorney for Objector John Cashman*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION,<br><br>This Document Relates to:<br>ALL ACTIONS | Case No. 3:16-cv-05541-JST<br><br>DECLARATION OF THEODORE H. FRANK IN SUPPORT OF MOTION FOR ATTORNEYS' FEES |
|---|---|

I, Theodore H. Frank, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I am an attorney for objector John Cashman in this matter.

3. I am an attorney with the non-profit Hamilton Lincoln Law Institute's ("HLLI") Center for Class Action Fairness ("CCAF"). CCAF has been a part of HLLI since January 2019, and has existed either independently or under other organizations' umbrellas since 2009.

4. CCAF's mission is to litigate on behalf of class members against unfair class action procedures and settlements. CCAF's work in this and other cases has won class members hundreds of millions of dollars and has received national acclaim. *See, e.g.*, Andrea Estes, *Judge Orders Boston law firm to repay millions in inflated legal fees*, BOSTON GLOBE (Mar. 1, 2020); *9th Circ. Judge Sees 'Obvious Error' in $45M Battery Deals*, https://www.law360.com/articles/1193395/9th-circ-judge-sees-obvious-error-in-45m-battery-deals, LAW360 (Aug. 28, 2019); Perry Cooper, *Smart Phone Battery Deal Approval Lacked Detail, 9th Cir. Says,* https://news.bloomberglaw.com/class-action/smart-phone-battery-deal-approval-lacked-detail-9th-cir-says, BLOOMBERG LAW (Sept. 16, 2019); Adam Liptak, *When Lawyers Cut Their Clients Out of the Deal*, N.Y. TIMES (Aug. 13, 2013) (naming CCAF's founder Ted Frank "the leading critic of abusive class action settlements").

5. CCAF has been successful, winning reversal or remand in over a dozen federal appeals decided to date. *E.g., Frank v. Gaos*, 139 S. Ct. 1041 (2019); *In re Lithium Ion Batteries Antitrust Litig.*, 777 Fed. Appx. 221 (9th Cir. 2019) (unpublished); *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316 (3d Cir. 2019); *In re EasySaver Rewards Litig.*, 906 F.3d 747 (9th Cir. 2018); *In re Subway Footlong Mktg. Litig.*, 869 F.3d 551 (7th Cir. 2017); *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608 (8th Cir. 2017); *In re Walgreen Co. Stockholder Litig.*, 832 F.3d 718 (7th Cir. 2016); *In re EasySaver Rewards Litig.*, 599 Fed. Appx. 274 (9th Cir. 2015) (unpublished); *In re BankAmerica Corp. Secs. Litig.*, 775 F.3d 1060 (8th Cir. 2015); *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014); *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014); *In re MagSafe Apple Power Adapter*

Case No. 3:16-cv-05541-JST

IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION

*Litig.*, 571 Fed. Appx. 560 (9th Cir. 2014) (unpublished); *In re Dry Max Pampers Litig.*, 724 F.3d 713 (6th Cir. 2013); *In re HP Inkjet Printer Litigation*, 716 F.3d 1173 (9th Cir. 2013); *In re Baby Products Antitrust Litigation*, 708 F.3d 163 (3d Cir. 2013); *Dewey v. Volkswagen*, 681 F.3d 170 (3d Cir. 2012); *Robert F. Booth Trust v. Crowley*, 687 F.3d 314 (7th Cir. 2012); *Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011).

6. The CCAF attorneys representing Mr. Cashman, including myself, are paid on a salary basis that does not vary with the result in any case. We do not receive a contingent bonus based on success in any case, a structure that would be contrary to the I.R.S. restrictions on public interest law firms.

## Objector Attorney Award

7. Tax law limits the amount that HLLI can receive in attorneys' fees over a five-year period to no more than 50% of its total annual expenses on its legal program.

8. CCAF attorneys have billed thousands of hours in dozens of cases where no fees were paid to CCAF, even in cases where CCAF was successful on appeal or at the district-court level.

9. CCAF regularly passes up the opportunity to seek fees to which it is legally entitled. In *Classmates.com*, for example, CCAF did not make a fee request and instead asked the district court to award money to the class; the court subsequently found that an award of $100,000 "if anything" "would have undercompensated CCAF." *In re Classmates.com*, No. 09-cv-0045-RAJ, 2012 WL 3854501, at *11 (W.D. Wash. June 15, 2012).

## Counsel's Skill, Efficiency, and Lodestar

10. In terms of counsel's skill and experience, I graduated from University of Chicago Law School in 1994 with high honors and as a member of Order of the Coif and Law Review, and where I had an Olin Fellowship in Law & Economics and a Public Service Scholarship. I clerked for the Honorable Frank H. Easterbrook of the Seventh Circuit. I worked in prominent "Big Law"

firms in Washington, DC, and Los Angeles, CA, for ten years, handling complex litigation for plaintiffs and defendants. I've successfully argued in the Supreme Court, and have argued in the federal courts of appeals dozens of times, including winning an antitrust appeal in the Seventh Circuit arguing before a panel that included Judges Posner and Easterbrook. I also served as the first head of the AEI Legal Center for the Public Interest, and have testified before federal and state legislative subcommittees about class actions, class-action settlements, and *cy pres*. I founded CCAF in 2009, co-founded HLLI in 2019, and have won national acclaim for my non-profit work from the New York Times, Wall Street Journal, Forbes, the ABA Journal, and several legal publications. I am an elected member of the American Law Institute. I have spoken about class action settlements across the country, including, *inter alia*, to law-school symposiums; tp the ABA Annual National Institute on Class Actions; to the Federalist Society National Lawyers Convention; to the DRI Corporate Counsel Roundtable; to numerous law firms, lawyer chapters, and to student groups at law schools; to the Advisory Committee on Amendments to Rule 23; and in television, radio, and podcast appearances.

11. Anna St. John is a 2006 graduate of Columbia Law School, where she was a James Kent Scholar. After law school, she served as a law clerk for the Honorable Rhesa H. Barksdale on the U.S. Court of Appeals for the Fifth Circuit, and worked as an associate in the Washington, DC, office of Covington & Burling LLP. While at Covington, she managed complex insurance litigation on behalf of policyholders and white collar investigations, in connection with which she engaged in nearly all forms of written and document discovery, deposed and defended dozens of witnesses, and authored various motions and briefs in state and federal courts. From October 2014 until the present, she has served as Deputy General Counsel to The Washington Ballet. In March 2015, she joined CCAF. Since joining CCAF, she has argued numerous cases in federal district and appellate courts.

Case No. 3:16-cv-05541-JST

IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION

12. Adam Schulman is a 2010 graduate of Georgetown University Law Center. Upon graduation, he served as a fellow at the Student Press Law Center. Thereafter, he joined CCAF in 2011. Since then he has made numerous appearances in federal district and appellate courts.

13. Frank Bednarz is a 2009 graduate of University of Chicago Law School who previously served as an associate at Goodwin Procter LLP in Boston, Massachusetts. Bednarz joined CCAF in May 2016, and has worked almost exclusively within class action litigation since then. He has contributed to several appeals and has appeared before numerous district courts, including for three days of evidentiary hearings in *Ark. Teacher Ret. Sys. v. State St. Bank*, No. 11-cv-10230-MLW, where the district court partially adopted CCAF's recommendation to reduce an excessive attorneys' fee award by a larger amount than had been recommended by a court-appointed Special Master. 2020 WL 949885, 2020 U.S. Dist. LEXIS 33552 (Feb. 27, 2020 D. Mass.).

14. In terms of counsel's efficiency, Cashman's attorneys litigated this case efficiently with 114.5 hours of attorney time in their requested lodestar. This time includes the time spent on the objection, fairness hearing, and various ancillary filings in the district court, but excludes any time spent on this fee motion. I view Cashman's total lodestar as a reasonable expenditure of time for reviewing the docket and detailed fee request in this case, researching and drafting the objection and accompanying declarations, preparing for and attending the fairness hearing, researching and drafting a response to the order to show cause, and monitoring the litigation and communicating with the client. The nature of the fee objection required us to be familiar with and review related litigation in other courts and extensive filings in this case and before the SEC. For example, class counsel's fee application, supporting declaration and exhibits totaled well over 800 pages, and CCAF junior attorneys reviewed dozens of docket entries in ensuring that the settlement itself was not objectionable.

15. The risk of nonpayment was high: Because CCAF does not and cannot agree to *quid pro quo* settlements to withdraw appeals or objections in exchange for cash payment, CCAF could only receive payment if there is a court award after its objection was successful. While CCAF

Case No. 3:16-cv-05541-JST

IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION

ultimately prevails in the majority of its objections, it is less than half of the time that there ends up being improved pecuniary benefit to the class, as opposed to good precedent that will benefit future class members in future class litigation and settlements. For example, in several of the appeals CCAF has won, we generated substantive precedent that courts have used to benefit class members and shareholders in numerous other settlements, but class members in those particular settlements did not receive improved pecuniary benefit entitling CCAF to attorneys' fees. And even when we win a material improvement in a settlement, CCAF does not seek attorneys' fees unless our role in the improvement is unambiguous and quantifiable, lest we generate an opinion criticizing us for our fee request. Opinions criticizing us become a greater risk when, as was the case here, class counsel aggressively make false accusations about us that the court might adopt. *E.g.*, Dkt. 309; Dkt. 287 at 1 (criticizing Cashman's counsel by name).

16. I billed over 25.1 hours to this case. I have conservatively reconstructed my time from contemporaneous email records and Word documents, which substantially understates my time because it does not include substantial time spent in phone calls and meetings that were not memorialized in emails, and does not include any time between March, when CCAF attorneys learned of the settlement and began researching the objection, and July 7. As part of that conservative approach, I did not bill more than seven hours in any one day, though my travel and preparation time on July 31 for the August 1 hearing was necessarily greater than that. I was the lead attorney and client contact for Cashman with all supervisory responsibilities for the attorneys doing the bulk of the work throughout the district-court proceedings. I substantially edited the objection and my declaration, prepared for and appeared at the fairness hearing, researched and drafted the response to the order to show cause, and monitored filings. In accordance with the Adjusted Laffey Matrix, I seek an $899/hour billing rate for my time, as a practitioner more than 20 years out of law school. *See* http://www.laffeymatrix.com/see.html. This rate compares favorably to the premium rate of class counsel's most experienced senior partner timekeepers. *See* Dkt. 278-7 at 7 (claiming rates of $900 to $1075/hr for three senior partners). It is also consistent with an offer I received and

Case No. 3:16-cv-05541-JST

IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION

turned down in the summer of 2019 to work on a private client's appeal in the Eighth Circuit for $900/hour.

17. Ms. St. John billed 2.6 lodestar hours to the case, keeping her time through recordkeeping software. These hours were primarily spent editing the work of Messrs. Bednarz and Schulman shortly before the objection deadline. In accordance with the Adjusted Laffey Matrix, Cashman seeks an $747/hour billing rate for Ms. St. John, a practitioner 11-19 years out of law school. *See* http://www.laffeymatrix.com/see.html. This rate compares favorably to the rate of class counsel's junior partners. *See* Dkt. 278-7 at 7 (claiming rate of $775 for junior partner Daniel Chiplock).

18. Mr. Bednarz billed 56.4 lodestar hours to the case, keeping his time through recordkeeping software. His work included primary responsibility for reviewing the fee application and settlement and related litigation, researching and drafting sections of the objection and declaration, and consulting on case strategy, editing filings, and helping Mr. Frank prepare for the fairness hearing. In accordance with the Adjusted Laffey Matrix, Cashman seeks an $661/hour billing rate for Mr. Bednarz, a practitioner 8-10 years out of law school. *See* http://www.laffeymatrix.com/see.html.

19. Mr. Schulman billed 55.5 lodestar hours to the case, keeping his time through recordkeeping software. His work included primary responsibility for researching and drafting sections of the objection and consulting on case strategy, editing filings, helping Mr. Frank prepare for the fairness hearing and argument in the Ninth Circuit. In accordance with the Adjusted Laffey Matrix, Cashman seeks an $661/hour billing rate for Mr. Schulman, a practitioner 8-10 years out of law school. *See* http://www.laffeymatrix.com/see.html.

Case No. 3:16-cv-05541-JST

IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION

20. Bednarz's attorneys' requested lodestar is:

| Attorney name | Hours | Rate | Lodestar |
|---|---:|---:|---:|
| Theodore H. Frank | 25.10 | $899.00 | $22,564.90 |
| Anna St. John | 2.60 | $747.00 | $1,942.20 |
| Frank Bednarz | 56.40 | $661.00 | $37,280.40 |
| Adam Schulman | 55.50 | $661.00 | $36,685.50 |
| | | | |
| **TOTAL** | **114.5** | | **$98,473.00** |

21. I believe this case was litigated efficiently. The total lodestar for Cashman—which reflects substantial deductions, including all of the time of a senior attorney, Melissa Holyoak—is $98,473.00. The requested $250,000 represents a multiplier of 2.54 of lodestar, reasonable in the Ninth Circuit when used as a crosscheck of a percentage-based award, and less than the 2.77 multiplier awarded to class counsel in a case all but certain to settle. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 & n.6 (9th Cir. 2002) (finding 1.0-4.0 to be generally the "range of multipliers applied in common fund cases"). It is also reasonable in terms of the risk we incur, as we recover fees for objections less than one time in four.

22. I am confident that Cashman's attorneys' efforts in challenging the fee request before this Court were more efficient than class counsel's efforts in making and defending that fee request.

23. CCAF is relying on the percentage-of-the-benefit approach to justify its fees, so it is not including detailed time entries in its submission, which may require substantial time-consuming redaction to avoid breaching attorney-client privilege and work-product protections. If the Court so requests, we will provide this data *in camera*, if they are at issue. This procedure was endorsed by the

Case No. 3:16-cv-05541-JST

IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION

Third Circuit in *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306-07 (3d Cir. 2005) and is consistent with N.D. Cal. Civil L.R 54-5(b)(2), which permits the Court to "require production of an abstract or of the contemporary time records for inspection, including *in camera* inspection, as the Judge deems appropriate." However, we believe the fee should be awarded on the basis of a percentage of the class benefit achieved. If the Court believes such records would be helpful, we hope it would also require class counsel to produce its time records as well for purpose of an accurate comparison.

24. Cashman's attorneys had a duty to review the class certification, settlement, and fee award holistically to ensure they were making the best objections and to conduct a good-faith review of the relevant case filings and case law, with much of this work overlapping among the issues.

25. Cashman does not seek separate reimbursement for any expenses that he might be entitled to for proceedings in this court, including over a thousand dollars of travel and accommodation expenses, printing, postage, and legal research costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 4, 2020, in Ennis, Texas.

*/s/ Theoodore H. Frank*
Theodore H. Frank

Case No. 3:16-cv-05541-JST

IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION