1  Theodore H. Frank (SBN 196332)
   HAMILTON LINCOLN LAW INSTITUTE
2  CENTER FOR CLASS ACTION FAIRNESS
   1629 K Street NW, Suite 300
3  Washington, DC 20006
4  703-203-3848
   ted.frank@hlli.org
5
   *Attorneys for Objector John Cashman*
6

7                   UNITED STATES DISTRICT COURT
8                   NORTHERN DISTRICT OF CALIFORNIA
9

10 | IN RE WELLS FARGO & COMPANY              | Case No. 4:16-cv-05541-JST
11 | SHAREHOLDER DERIVATIVE LITIGATION,        |
12 |                                           | **John Cashman's Response to Plaintiffs' Motion for Sanctions Against Kevin Fisher and His Counsel**
13 | This Document Relates to: ALL ACTIONS     |
14 |                                           | Judge:      Hon. Jon S. Tigar
15 |                                           | Courtroom:  6, 2nd Floor (Oakland)
   |                                           | Date:       Filed without hearing date
16 |                                           |             per shelter-in-place order

Case No. 4:16-cv-05541-JST
IN RE WELLS FARGO & COMPANY SHAREHOLDER DERIVATIVE LITIGATION

Cashman briefly responds to plaintiffs' motion for sanctions against Fisher and his counsel (Dkt. 329) to make two points.

*First*, discovery is not necessary to determine whether there is objector blackmail. The only discovery conducted in *Pearson v. Target*, 2019 WL 4597367 (N.D. Ill.), the only case plaintiffs cite for the need for discovery, was for the secret agreements between the objectors and the settling parties—and that information is already in the record here. Dkt. 327-7.

The question of objector blackmail is an objective legal question: did the agreement meet the standards for court approval under Fed. R. Civ. Proc. 23(e)(5)(B), or did it not? (Not once do plaintiffs mention Rule 23(e)(5)(B) or the Advisory Committee Notes associated with it—even though class counsel's name partner has co-written an article about the subject. Elizabeth J. Cabraser & Adam N. Steinman, *What Is a Fair Price for Objector Blackmail? Class Action Objectors and the 2018 Amendments to Rule 23*, 24 Lewis & Clark L. Rev. 549 (2020).) The agreement between Wells Fargo and Fisher speaks for itself, the subjective characterizations of the negotiations are irrelevant, and the Court can determine on the papers whether the agreement was for the benefit of shareholders or for the benefit of Fisher at the expense of shareholders. Discovery adds nothing to this inquiry, other than permitting plaintiffs to vindictively harass the objectors and multiply and delay proceedings.

*Second*, though the motion and order seek sanctions against Fisher, it makes unfounded and baseless insinuations against Cashman, asking for a fishing expedition to determine whether "Cashman and Frank knowingly benefited from the 'objector blackmail' Frank claims to abhor." But Cashman and Frank received no benefit from the agreement. Under the local rules, Wells Fargo's response to Cashman's May 4 motion for attorneys' fees was due on May 18. Wells Fargo filed no response on May 18, and forfeited any opposition. The Fisher-Wells Fargo agreement was not executed until May 29. Dkt. 327-7. Any provision in that agreement purporting to bind Wells Fargo with respect to Cashman's request for fees—which Cashman had no part in negotiating—was excess verbiage, because Wells Fargo had already forfeited the right to oppose the fee request.

Nevertheless, in an excess abundance of caution, counsel for Cashman approached counsel for Wells Fargo, expressly disclaimed any benefit from the Fisher-Wells Fargo agreement, and further repeatedly offered to Wells Fargo to stipulate to Wells Fargo being allowed to file a late opposition to Cashman's fee request.

Wells Fargo declined, because it does not oppose Cashman's fee request or wish to file a response. *See* Exhibit 1, June 22 email chain from Theodore H. Frank to Christopher Vapiano; Exhibit 2, June 22 email chain from Christopher Vapiano to Theodore H. Frank. Cashman's right to attorneys' fees in this case is unambiguous, and Wells Fargo is rationally choosing not to spend attorney resources opposing a reasonable, and small, fee request of $250,000.

Cashman's counsel's record opposing objector blackmail is beyond dispute, and class counsel's baseless insinuations demonstrate that their request for discovery is not in good faith. Cashman's fee request is orthogonal to any dispute between class counsel and Fisher, and has nothing to do with the Wells Fargo-Fisher agreement from which Cashman received no benefit—especially when he also disclaimed any hint of a benefit. The Court can rule on the pending motion for Cashman's fees without regard to the dispute over the merits of the Wells Fargo-Fisher agreement.

## CONCLUSION

The Court can determine the propriety of the Fisher-Wells Fargo agreement without additional discovery. Cashman received no benefit from the Fisher-Wells Fargo agreement, and there is no reason to delay any ruling on his fee request.

Dated: June 26, 2020           Respectfully submitted,

                               */s/ Theodore H. Frank*
                               Theodore H. Frank (SBN 196332)
                               HAMILTON LINCOLN LAW INSTITUTE
                               CENTER FOR CLASS ACTION FAIRNESS
                               1629 K Street NW, Suite 300
                               Washington, DC 20006
                               Voice: 703-203-3848
                               Email: ted.frank@hlli.org

                               *Attorneys for Objector John Cashman*

## PROOF OF SERVICE

I hereby certify that on this day I electronically filed the foregoing Objector Cashman's Reply in Support of Objectors' Motion for Attorneys' Fees using the CM/ECF filing system thus effectuating service of such filing on all ECF registered attorneys in this case.

DATED this 26th day of June, 2020.

*/s/ Theodore H. Frank*
Theodore H. Frank